UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SWISSLOG HOLDING AG,<br>SWISSLOG MANAGEMENT AG,<br>TRANSLOGIC CORPORATION, and<br>SWISSLOG NORTH AMERICA,<br><br>    Defendants. | CA No. 06-028 (KAJ) |

**DEFENDANT TRANSLOGIC CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

  Defendant Translogic Corporation ("Translogic"), by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint (the "Complaint") and for its Counterclaims, admits denies and alleges as follows:

  1. Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 , and therefore denies them, except that Translogic admits on information and belief, that plaintiff is a Pennsylvania corporation with a principal place of business in Cranberry Township, PA.

  2. Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies them.

  3. Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies them.

4. Translogic denies allegations set forth in paragraph 4, except admits that Translogic is a Delaware Corporation with its principal place of business at 10825 E 47th Avenue, Denver, Colorado.

5. Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and therefore denies them.

6. Translogic denies the allegations set forth in paragraph 6, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

7. Translogic admits that the Complaint refers to Swisslog Holding AG, Swisslog Management AG, Translogic and Swisslog North America collectively as "Swisslog."

8. Translogic admits the allegations set forth in paragraph 8 to the extent that plaintiff alleges that this action purports to be one for patent infringement and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Translogic admits the allegations set forth in Paragraph 9 to the extent that plaintiff alleges that venue is proper in this Court over Translogic under 28 U.S.C. §§ 1391(b) and 1400(b) and is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to venue being proper with respect to defendants Swisslog North America, Swisslog Holding AG and/or Swisslog

Management AG.

10.  Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore denies them.

11.  Translogic denies the allegations set forth in paragraph 11, except admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 5,468,110 (the "'110 Patent") and refers to that patent for a true and complete statement of its contents.

12.  Translogic denies the allegations set forth in paragraph 12, except admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 5,593,267 (the "'267 Patent") and refers to that patent for a true and complete statement of its contents.

13.  Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG, and therefore denies them.

14.  Translogic repeats and realleges its previous responses to paragraphs 1 through 13 as if fully set forth herein.

15.  Translogic denies the allegations set forth in paragraph 15, except that Translogic is withoutknowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

16. Translogic denies the allegations contained in paragraph 16, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

17. Translogic denies the allegations contained in paragraph 17, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

18. Translogic denies the allegations contained in paragraph 18, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

19. Translogic repeats and realleges its previous responses to paragraphs 1 through 18 as if fully set forth herein.

20. Translogic denies the allegations contained in paragraph 20, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

21. Translogic denies the allegations contained in paragraph 21, except that Translogic is without knowledge or information sufficient to form a belief as to the truth

of the allegations with respect to defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

22.  Translogic denies the allegations contained in paragraph 22, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

23.  Translogic denies the allegations contained in paragraph 23, except that Translogic is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to acts alleged to have been committed by defendants Swisslog North America, Swisslog Holding AG and/or Swisslog Management AG.

## FIRST AFFIRMATIVE DEFENSE

24.  Translogic has not infringed, induced infringement or contributed to the infringement of any valid or enforceable claim of the '110 or '267 Patents.

## SECOND AFFIRMATIVE DEFENSE

25.  McKesson's claims are barred, in whole or in part, under one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

26.  The '110 and '267 Patents are invalid, *inter alia*, in that they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. §102.

### FOURTH AFFIRMATIVE DEFENSE

27.     The '110 and '267 Patents are invalid, *inter alia*, pursuant to 35 U.S.C. §103 in that the inventions disclosed would have been obvious to a person of ordinary skill in the art at the time the inventions were made.

### FIFTH AFFIRMATIVE DEFENSE

28.     The '110 and '267 Patents are invalid for failure to comply with the requirements of 35 U.S.C. §112.

### SIXTH AFFIRMATIVE DEFENSE

29.     McKesson's claims are barred, in whole or in part, by reason of patent misuse.

### SEVENTH AFFIRMATIVE DEFENSE

30.     McKesson's claims are barred, in whole or in part, pursuant to 35 U.S.C. §287.

### EIGHTH AFFIRMATIVE DEFENSE

31.     McKesson's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel because proceedings in the Patent and Trademark Office during the prosecution of the '110 and '267 Patents prevent a claim construction for those patents that could result in a finding of infringement.

### OTHER AFFIRMATIVE DEFENSES

32.     Translogic reserves the right to assert all additional affirmative defenses

under Fed. R. Civ. P. 8(c), the Patent Laws of the United States and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

33. Jurisdiction and venue over Translogic's counterclaims are proper pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1391, 2201 and 2202.

## THE PARTIES

34. Counterclaim Plaintiff Translogic Corporation ("Translogic") is a Delaware Corporation with its principal place of business at 10825 E 47th Avenue, Denver, Colorado.

35. Upon information and belief, Counterclaim Defendant McKesson Automation, Inc. ("McKesson"), is a Pennsylvania Corporation, with a principal place of business at 500 Cranbury Woods Drive, Cranberry Township, PA 16066.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity)

36. Translogic repeats and realleges the responses and allegations in paragraphs 1 through 35 above as if fully set forth herein.

37. All of the claims of the '110 and '267 Patents are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. §§101, 102, 103 and/or 112.

38. By reason of the foregoing, Translogic is entitled to an entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '110 and '267 Patents invalid.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

39. Translogic repeats and realleges the responses and allegations in paragraphs 1 through 38 above as if fully set forth herein.

40. Translogic has not infringed and is not infringing any valid or enforceable claim of the '110 or '267 Patents.

41. By reason of the foregoing, Translogic is entitled to an entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the '110 and '267 Patents not infringed.

## THIRD COUNTERCLAIM
(Unfair Competition)

42. Translogic repeats and realleges the responses and allegations in paragraphs 1 through 41 above as if fully set forth herein.

43. On information and belief, McKesson has unlawfully and oppressively brought this action against Translogic, alleging infringement of the '110 and '267 Patents by Translogic with the knowledge and belief that these Patents are invalid, unenforceable and/or not infringed by Translogic's products, and with the intent to injure Translogic.

44. The aforesaid actions of McKesson offend established public policy and are oppressive, unscrupulous and substantially injurious to consumers.

45. As a direct and proximate result of McKesson's aforesaid actions, Translogic has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

46. These acts constitute unfair competition by McKesson against Translogic.

47. Translogic has have been substantially damaged, in an amount to be determined, by McKesson's illegal and/or improper activities.

<b><u>FOURTH COUNTERCLAIM</u></b><br>(McKesson's Violation of the Antitrust Laws)

48. Translogic repeats and realleges the allegations in paragraphs 1 through 47 above as if fully set forth herein.

49. This is a claim for willful, intentional and improper maintenance of a monopoly in a relevant market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

50. The relevant market for Translogic's antitrust claim is the market for medication and supply management systems for automated drug distribution in hospitals in the United States ("automated drug systems").

51. The geographic market for these systems is the United States because, *inter alia*, such systems made by McKesson are used or sold throughout the United States.

52. On information and belief, McKesson has a monopoly in the relevant product and geographic markets for these systems, as shown by their market share in

excess of 80%.

53. Through the willful and intentional sham assertion of the '110 and '267 Patents, McKesson has intentionally, improperly and illegally sought to maintain that monopoly by barring entry of competitors to the automated drug systems market, a natural consequence of its actions.

54. Sham assertion in litigation is tested first by an objective standard, applied at the time McKesson filed its Complaint, as to whether the claim is objectively baseless. If the claim is objectively baseless, the second test focuses on whether the baseless claims conceal an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process as an anti-competitive weapon.

55. A first objectively baseless aspect to McKesson's sham patent infringement suit is that the patents as construed and asserted by McKesson against Translogic are clearly invalid because they directly read on the prior art. A reasonable litigant would not realistically expect success based on this suit.

56. A second objectively baseless aspect to McKesson's sham patent infringement suit is that because of the literal words of the asserted claims and McKesson's own admissions to the Patent Office during prosecution of the '110 and '267 Patents, the Translogic products accused of infringing cannot objectively infringe the claims. An objective litigant could not conclude that this assertion is reasonably calculated to elicit a favorable anticompetitive outcome without results.

57. These sham assertions by McKesson constitute intentional, willful and improper efforts by McKesson to maintain its monopoly power in the automated drug systems market, and not as a consequence of a superior product embodying the patents-in-suit. McKesson, without regard to whether its lawsuit has merit, raises these sham assertions with a specific and improper intent to bar Translogic from the automated drug systems market. These baseless assertions attempt to conceal efforts by McKesson to interfere directly with the business relationships of competitors such as Translogic using the judicial process as an anticompetitive weapon.

58. McKesson's sham assertions of damages on patents that are invalid and not infringed have a chilling effect on competitors such as Translogic as a new entrant to the automated drug systems market. Because of the small volume of sales by Translogic of products accused of infringement, the cost of defending against McKesson's sham assertions represent a very real barrier to Translogic's continued and future entry into the automated drug systems market. Upon information and belief, McKesson's actions have lessened competition in the marketplace and have caused prices for these automated drug distribution systems in the United States to remain artificially high.

59. Translogic has been proximately harmed by McKesson's sham assertions in that it has been forced to incur attorneys fees and costs to defend against McKesson's infringement claims.

60. The market in the United States for automated drug systems has suffered antitrust injury as a result of McKesson's actions.

61. Translogic may be harmed in the future by the chilling effect of McKesson's sham assertions on Translogic's bidding for new business in the automated drug systems market in competition with McKesson.

## PRAYER FOR RELIEF

WHEREFORE, Translogic prays that a judgment be entered:

A. Dismissing the Complaint herein with prejudice and entering judgment in favor of Translogic thereon;

B. Declaring that Translogic has not and does not infringe any claims of the '110 and '267 Patents;

C. Declaring that each and every claim of the '110 and '267 Patents are invalid;

D. Declaring that each and every claim of the '110 and '267 Patents are unenforceable against Translogic;

E. Permanently enjoining and restraining McKesson, its officers, employees, agents and all persons in active concert or participation with McKesson from asserting that Translogic's products and/or business activities constitute an infringement of the '110 and '267 Patents, and from any and all acts giving rise to Translogic's counterclaims;

  F. Declaring that McKesson is in violation of the antitrust laws;

  G. Declaring that the '110 and '267 Patents are unenforceable against Translogic because of antitrust misuse;

  H. Awarding Translogic treble damages for the harm proximately caused by McKesson's sham assertions;

  I. Awarding Translogic damages incurred as a result of McKesson's unfair competition

  J. Awarding Translogic punitive damages as a result of McKesson's conduct;

  K. Adjudging this to be an exceptional case and awarding Translogic its reasonable attorney's fees pursuant to 35 U.S.C. § 285 and costs of suit; and

  L. Awarding Translogic such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

**DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP**
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 835-1400
Fax.: (212) 997-9880

/s/ Julia Heaney
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

Attorneys for Defendant Translogic Corporation

**March 15, 2006**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 15, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Neal C. Belgam, Esquire
>Blank Rome LLP
>Chase Manhattan Centre
>1201 Market Street, Suite 800
>Wilmington, DE  19801

and I, the undersigned, also hereby certify that on March 15, 2006, I sent by Federal Express, the above-stated document to:

>Blair Jacobs, Esquire
>SUTHERLAND ASBILL & BRENNAN LLP
>1275 Pennsylvania Avenue, NW
>Washington, DC  20004

>/s/ Julia Heaney (#3052)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>jheaney@mnat.com