## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McKESSON AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWISSLOG HOLDING AG, SWISSLOG MANAGEMENT AG, TRANSLOGIC CORPORATION, and SWISSLOG NORTH AMERICA, <br><br> Defendants. | CA No. 06-028 (KAJ) <br><br> JURY TRIAL OF TWELVE DEMANDED |

**PLAINTIFF McKESSON AUTOMATION, INC.'S REPLY TO
DEFENDANT TRANSLOGIC CORPORATION'S COUNTERCLAIMS**

Plaintiff McKesson Automation, Inc. ("McKesson" or "Counterclaim Defendant") by and through the undersigned attorneys, hereby states it Reply to Defendant Translogic Corporation's ("Translogic') Counterclaims, and admits, denies, and alleges as follows:

33.    McKesson admits the allegations set forth in paragraph 33 with respect to subject matter jurisdiction and venue, to the extent that Translogic's First and Second Counterclaims are alleged as relating to the patent infringement in the Complaint.  McKesson further admits that as to Translogic's Fourth Counterclaim, this Court also has subject matter jurisdiction and that venue is proper to decide matters pertaining to alleged violations of 15 U.S.C. §2.  With regard to Translogic's Third Counterclaim, McKesson cannot determine the nature of the claim sufficiently to ascertain whether it is based on State or Federal law.  McKesson admits that venue would be proper as to said Counterclaim.  However, McKesson cannot determine whether

the proper basis for subject matter jurisdiction has been stated. For that reason, McKesson can neither admit or deny whether subject matter jurisdiction is proper based upon the specified statutes.

34.   Upon information and belief, McKesson admits the allegations in paragraph 34.

35.   McKesson denies that its principal place of business is at "500 Cranbury Woods Drive." McKesson's principal place of business is at 500 Cranberry Woods Drive. McKesson admits the remaining allegations in paragraph 35.

36.   In responding to paragraph 36, McKesson repeats and realleges its previous responses to paragraphs 33 – 35, as if fully set forth herein.

37.   McKesson denies the allegations in paragraph 37.

38.   McKesson denies the allegations in paragraph 38.

39.   In responding to paragraph 39, McKesson repeats and realleges its previous responses to paragraphs 33 – 38, as if fully set forth herein.

40.   McKesson denies the allegations in paragraph 40.

41.   McKesson denies the allegations in paragraph 41.

42.   In responding to paragraph 42, McKesson repeats and realleges its previous responses to paragraphs 33 – 41, as if fully set forth herein.

43.   McKesson denies the allegations in paragraph 43.

44.   McKesson denies the allegations in paragraph 44.

45.   McKesson denies the allegations in paragraph 45, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue, is due to Translogic's wrongful and unlawful actions.

46.   McKesson denies the allegations in paragraph 46.

47. McKesson denies the allegations in paragraph 47, and specifically alleges that any harm or damage that Translogic may suffer as the result of its infringement of the patents-at-issue, is due to Translogic's wrongful and unlawful actions.

48. In responding to paragraph 48, McKesson repeats and realleges its previous responses to paragraphs 33 – 47, as if fully set forth herein.

49. McKesson admits that in paragraph 49, Translogic purports to bring a claim under Section 2 of the Sherman Act, 15 U.S.C. §2. McKesson denies that said claim has any merit whatsoever, and alleges that said claim is mere boilerplate language without any factual support, and is therefore false and unsupported.

50. In responding to paragraph 50, McKesson denies that there is any merit whatsoever to Translogic's false purported antitrust claim, and therefore further denies that there is any "relevant market" for said false claim.

51. In responding to paragraph 51, McKesson admits that its innovative advancements in the area of automated storage systems for medications are used and sold throughout the United States. McKesson denies that there is any merit whatsoever to Translogic's false purported antitrust claim, and therefore further denies that there is any "geographic market" for said false claim.

52. In responding to paragraph 52, McKesson admits that pursuant to the laws of the United States regarding patents, including 35 USC §271 and by grant from the United States Patent and Trademark Office, McKesson, as the lawful owner of the patents-at-issue, is provided with the specific right to exclude others from practicing the inventions in the patents without express permission. McKesson denies that there is any merit whatsoever to Translogic's false purported antitrust claim, and therefore further denies that there is any "relevant market" or

"geographic market" for said false claim. McKesson admits that its innovative advancements in the area of automated storage systems for medications have been well received by customers in the United States and elsewhere.

53. In responding to paragraph 53, McKesson admits that pursuant to the laws of the United States regarding patents, including 35 USC §271 and by grant from the United States Patent and Trademark Office, McKesson, as the lawful owner of the patents-at-issue, is provided with the specific right to exclude others from practicing the inventions in the patents without express permission. McKesson denies the remaining allegations in the paragraph.

54. McKesson objects to paragraph 54 as an improper and incomplete statement of the law, without alleging any facts that can be admitted or denied. McKesson admits that in order to determine sham litigation, a Court will, in part, need to consider whether the litigation is objectively baseless. Except as expressly admitted herein, McKesson denies the remaining allegations in the paragraph.

55. McKesson denies the allegations in paragraph 55.

56. McKesson denies the allegations in paragraph 56.

57. McKesson denies the allegations in paragraph 57.

58. McKesson denies the allegations in paragraph 58, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

59. McKesson denies the allegations in paragraph 59, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

60.     McKesson denies the allegations in paragraph 60, and denies that there is any merit whatsoever to Translogic's false purported antitrust claim.

61.     McKesson denies the allegations in paragraph 61, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

62.     McKesson denies that Translogic is entitled to any relief as plead in the Prayer for Relief, or any relief whatsoever for its wrongful and unlawful actions.

## ADDITIONAL DEFENSES

As for its separate and additional defenses, McKesson alleges as follows:

### First Additional Defense
(Failure to State a Claim)

1.      Translogic's Third and Fourth Counterclaims fail to state a claim against McKesson upon which relief can be granted.

### Second Additional Defense
(Lack of Causation)

2.      The proximate cause of the Translogic's alleged damages, if any, was Translogic's own conduct.

### Third Additional Defense
(No Antitrust or Competitive Injury)

3.      Translogic has not suffered any antitrust or competitive injury cognizable under the antitrust laws, or other State or Federal laws.

WO 482034.2
124402.00601/40161140v.1

### Fourth Additional Defense
(Immunity Under Noerr-Pennington Doctrine)

4.  The activity complained of by Translogic in the Third and Fourth Counterclaims is protected under the immunity provided by the Noerr-Pennington doctrine.

### Fifth Additional Defense
(Failure to Mitigate Damages)

5.  To the extent that Translogic has suffered any of the damages or injuries alleged in their Counterclaims, they have failed to take reasonable steps to mitigate such damages.

### Sixth Additional Defense
(Unclean Hands)

6.  Translogic's claims are barred by the doctrine of unclean hands.

### Seventh Additional Defense
(Laches)

7.  Some or all of Translogic's claims are barred by the doctrine of laches.

### Eighth Additional Defense
(Statute of Limitations)

8.  Some or all of Translogic's claims are barred by the statute of limitations.

### Ninth Additional Defense

9.  McKesson provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this Reply and to assert such additional defenses or, if appropriate, delete additional defenses as discovery proceeds.

### PRAYER FOR RELIEF

WHEREFORE, the Counterclaim Defendant prays for judgment against Translogic as follows:

A.  That the Translogic take nothing by way of its Counterclaims and the relief sought by Translogic be denied;

B.  That the Counterclaims be dismissed with prejudice in their entirety;

C.  For judgment in favor of the Counterclaim Defendant on the Counterclaims;

D.  For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E.  For such further or alternate relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), McKesson hereby demands a jury trial on all triable issues raised in this action.

Dated: April 4, 2006

_____
Neal C. Belgam (#2721)
Dale R. Dubé (#2863)
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel.: (302) 425-6472
Fax.: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 383-0100
Fax.: (202) 637-3593

Attorneys for Plaintiff McKesson Automation, Inc.

## CERTIFICATE OF SERVICE

I, Neal C. Belgam, Esquire, do hereby certify that on this 4th day of April, 2006, I caused copies of PLAINTIFF MCKESSON AUTOMATION, INC.'S REPLY TO DEFENDANT TRANSLOGIC CORPORATION'S COUNTERCLAIMS to be served in the manners indicated upon the following:

**VIA ELECTRONIC FILING**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**

Richard LaCava, Esquire
Lawrence C. Drucker, Esquire
Alfred Fabricant, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY  10036

By: _____
Neal C. Belgam (DE # 2721)

124402.00601/40159672v.1