UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SWISSLOG HOLDING AG,<br>SWISSLOG MANAGEMENT AG,<br>TRANSLOGIC CORPORATION, and<br>SWISSLOG NORTH AMERICA,<br><br>Defendants. | CA No. 06-028 (KAJ) |

### WAIVER OF SERVICE OF SUMMONS

To: _____Lawrence C. Drucker_____

I acknowledge receipt of your request that Swisslog Holding AG and Swisslog Management AG waive service of a summons in the action of *McKesson Automation, Inc. v. Swisslog Holding AG*, which is case number 06-028 (KAJ) in the United States District Court for the District of Delaware. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Swisslog Holding AG and Swisslog

WO 476034.1

Management AG be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.[1]

Swisslog Holding AG and Swisslog Management AG will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Swisslog Holding AG and Swisslog Management AG if an answer or motion under Rule 12 is not timely served.

Dated: March 30, 2006

_____
Lawrence C. Drucker
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 896-3715

*Attorneys for Defendants*

---

[1] DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS
Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

WO 476034.1

## CERTIFICATE OF SERVICE

I, Dale R. Dubé, Esquire, do hereby certify that on this 12th day of April, 2006, I caused copies of WAIVER OF SERVICE OF SUMMONS to be served in the manners indicated upon the following:

**VIA ELECTRONIC FILING**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**

Richard LaCava, Esquire
Lawrence C. Drucker, Esquire
Alfred Fabricant, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY  10036

By: _/s/ Dale Dubé_
Dale R. Dubé (DE # 2863)