# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

April 17, 2006

**VIA E-FILING**

The Honorable Kent A. Jordan
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   *McKesson Automation Inc. v. Swisslog Holding AG et al.,*
           *CA No. 06-028 (KAJ)*

Dear Judge Jordan:

Defendants submit this letter in response to Plaintiff McKesson Automation, Inc.'s, ("McKesson") April 12, 2006 letter requesting an initial Scheduling Conference under L.R. 16.2(a), and have also just received (as we were about to send this letter) Your Honor's letter concerning the conference. For the reasons set forth below, Defendants request that the Court not hold a scheduling conference at this time because there remains significant uncertainty over whether the Court has jurisdiction over all of the Defendants.

McKesson named four defendants: Translogic Corp. ("Translogic"), a Delaware corporation; two Swiss entities (Swisslog Holding AG and Swisslog Management AG, collectively "the Swiss Defendants"); and Swisslog North America. Translogic was served on January 24, 2006. The Swiss Defendants waived formal service of process and have until June 12, 2006 to respond to the Complaint.

Counsel for the parties have had several discussions concerning whether McKesson named the correct parties as Defendants. Specifically, Defendants' counsel advised McKesson that Swisslog North America is not a separate entity but rather, is simply a name under which Translogic does business. After several discussions, McKesson dismissed Swisslog North America from this action voluntarily.

Defendants' counsel has also advised McKesson that the Swiss Defendants do not have any contacts with Delaware and have not committed any acts in the United States which could, under any scenario, constitute infringement of either of the patents in suit. There is no allegation that any accused product has ever been sold in Delaware; the only basis for jurisdiction over Translogic is its status as a Delaware corporation. Defendants' counsel proposed that the Swiss Defendants be dismissed voluntarily and that if, during the course of discovery, evidence to the contrary were found or if other Swisslog related entities were found to

Honorable Kent A. Jordan
April 17, 2006
Page 2


be more appropriate defendants, those parties could be joined. This would obviate the need for the Swiss Defendants to engage in lengthy and expensive discovery only for Plaintiff to confirm that they were not proper defendants to begin with. McKesson has not agreed to this and instead, has indicated that it wants to conduct discovery to determine whether it has any basis to proceed against the Swiss Defendants. The parties have, thus far, failed to reach agreement on how to proceed.

Because the Swiss Defendants have not yet appeared, and intend to move to dismiss for lack of personal jurisdiction, a Rule 16 conference would be premature. Defendants request that the Court not require the parties to schedule a conference at this time.

Respectfully,

Julia Heaney (#3052)


cc:     Clerk of the Court (by CM/ECF)
        Blair Jacobs, Esquire (by FedEx)
        Neal Belgam, Esquire (by hand)