IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| MCKESSON AUTOMATION, INC. a Pennsylvania Corporation, Plaintiff, v. TRANSLOGIC CORPORATION a Delaware Corporation, SWISSLOG NORTH AMERICA, a Delaware Corporation, SWISSLOG MANAGEMENT AG, a Swiss Corporation, and SWISSLOG HOLDING AG, a Swiss Corporation, Defendant. | Civil Action No. 1:06CV00028-KAJ  Demand for Jury Trial |

## **SCHEDULING ORDER**

The parties were unable to reach agreement on certain dates and the need for jurisdictional discovery. For each issue/date where the parties were unable to reach agreement, each parties' proposal is marked accordingly and placed in brackets.

This ___ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2006, and the parties having determined after discussion that the

WO 495452.1

matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Jurisdictional Issues:</u>

The parties disagree on the need for jurisdictional discovery. The parties' respective positions are provided below.

[<u>McKesson Automation, Inc.'s Proposal:</u>

McKesson Automation Inc. ("McKesson") believes that this Court has personal jurisdiction over Swisslog Management AG and Swisslog Holding AG (collectively the "Swiss Defendants"). The Swiss Defendants have indicated that they believe personal jurisdiction does not exist and that the Swiss Defendants will be filing a motion to dismiss. As a result, McKesson proposes that the Court include in its Scheduling Order a process for expedited discovery limited to the jurisdictional issues. Such a schedule will streamline the consideration of the jurisdictional issue by allowing the relevant information and testimony to be gathered before the Court must address the merits of the

motion to dismiss. This Proposed Scheduling Order is not the appropriate place to argue the merits of the jurisdictional issue as the Swiss Defendants seek to do below. Accordingly, McKesson will not substantively respond to the Swiss Defendants' arguments, which themselves demonstrate the need for jurisdictional discovery. However, there is one factual inaccuracy that McKesson will address. McKesson never agreed to a response date of June 12, 2006 and has always maintained that Swiss Defendants should file their response to the Complaint as soon as practicable.

McKesson's proposal is provided below:

  a. <u>Motion to Dismiss.</u> The Swiss Defendants will file any motion to dismiss or otherwise respond to Plaintiff's Complaint on or before May 26, 2006. Section 2(b) and 2(c) below pertain to jurisdictional discovery limited to facts relating to the Swiss Defendants' Motion to Dismiss, which the Swiss Defendants have indicated an intention to file.

  b. <u>Limitations on Jurisdictional Discovery.</u> Plaintiff shall be permitted to take limited discovery solely related to the jurisdictional issues raised in the Swiss Defendants' motion to dismiss from May 26, 2006 to July 21, 2006. For all discovery concerning jurisdictional issues, the Swiss Defendants shall have (i) 15 days to respond to any interrogatories or requests for admission; (ii) 20 days to respond to any requests for production; and (iii) 5 days to object or otherwise respond to any deposition notices or subpoenas seeking testimony. This limitation on jurisdictional discovery does not prohibit or otherwise impact other discovery in this matter regarding liability or damages pertaining the to the claims and/or defenses raised by Plaintiff and/or Translogic.

      c.    <u>Further Jurisdictional Briefing.</u> Plaintiff shall have until July 31, 2006 (or ten days from the close of jurisdictional discovery, which ever is later) to file its opposition to the Swiss Defendants' motion to dismiss. The Swiss Defendants shall have until August 7, 2006 to file a reply brief.]

[Swisslog Management AG's and Swisslog Holding AG's Proposal:

The Swiss Defendants do not believe that this Court has personal jurisdiction over them. As such, the Swiss Defendants will be filing a motion to dismiss for lack of jurisdiction on or before the agreed upon response date of June 12, 2006. McKesson had requested that the Swiss Defendants waive service under the Hague Convention. In so agreeing, McKesson also agreed that the response date for the Swiss Defendants would be June 12, 2006.

McKesson's Complaint sets forth no factual allegations whatsoever that could conceivably give this Court personal jurisdiction over the Swiss Defendants. The Complaint is devoid of any allegation that Swisslog Management AG and Swisslog Holding AG make, use or sell any products in Delaware or in the United States. The Swiss Defendants in fact do not do so, nor do they export any products to this District or to the United States as a whole. None of the accused products is present in this District. McKesson has not alleged that personal jurisdiction exists under a stream of commerce, agency, alter ego or any other cognizable theory. The existing U.S. entity, Defendant Translogic, is a self-sufficient corporation with its own sales force, management team and facilities in this country. The fact that its stock is wholly owned by one or more non-U.S. parent corporations, without more, does not render those parent corporations subject to

personal jurisdiction in this District. Accordingly, jurisdictional discovery sought by McKesson is opposed as it would be a mere fishing expedition based on the present pleadings.

In the event the Court decides to permit limited jurisdictional discovery, Defendants oppose McKesson's proposal set forth above and request that the Court limit the number and scope of interrogatories, requests for admission, document requests and depositions. As to any depositions that may be required, Defendants request that representatives of the Swiss Defendants not be required to appear in this District since they believe there is no basis for personal jurisdiction at all. At a minimum, such depositions should be at Plaintiff's expense.]

3.   Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 26, 2006.

4.   Discovery.

   a.   Limitation on Hours for Fact Deposition Discovery. Each side is collectively limited to a total of 70 hours of taking testimony by deposition upon oral examination (excluding Rule 30(b)(6) depositions, inventor's depositions, and expert's depositions).

   b.   Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall

be considered as having filed an action in this Court for the purpose of this provision. The parties will meet and confer on a case-by-case basis and will make reasonable efforts to comply with this rule while also being mindful of the schedule of impacted witnesses.

      c.    <u>Discovery Cut Off.</u> Fact discovery in this case shall be initiated so that it will be completed on or before May 15, 2007. Expert discovery shall be initiated so that it will be completed on or before September 13, 2007 and will include any new factual issues raised by the expert reports. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.    <u>Disclosure of Expert Testimony.</u> Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before June 29, 2007, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on [McKesson Proposal: August 13, 2007 / Translogic Proposal: August 28, 2007]. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.    <u>Discovery Disputes.</u> Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does

WO 495452.1

not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

5.  <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 4e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.  <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

WO 495452.1

7. <u>Settlement Conference.</u> Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

8. <u>Interim Status Report.</u> On January 4, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9. <u>Status Conference.</u> On January 30, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10:00 a.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. <u>Tutorial Describing the Technology and Matters in Issue.</u> The parties shall provide the Court by October 2, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial.

Any such comment shall be filed within ten (10) days of submission of the videotapes. The parties agree that an in-person tutorial would be of greatest benefit in this matter.

11.  <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 12, 2007. Briefing will be presented pursuant to the Court's Local Rules.

12.  <u>Claim Construction Issue Identification.</u> On November 2, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.  <u>Claim Construction.</u> The parties shall serve the Joint Claim Construction Chart no later than November 14, 2006. Plaintiff and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before December 18, 2006. Responsive briefs regarding issues of claim construction shall be served and filed on or before January 17, 2007. After submission of the responsive claim construction briefs, amendment or modification of any claim construction position may

be made only by order of the Court, which shall be entered only upon a showing of good cause.

14. <u>Hearing on Claim Construction.</u> Beginning at _____ _.m. on February _____, 2007, the Court will hear evidence and argument on claim construction.

15. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Pretrial Conference.</u> On [McKesson Proposal: November _____, 2007 / Translogic Proposal: February 12, 2008], the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [McKesson Proposal: November 7, 2007 / Translogic Proposal: February 5, 2008].

17. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to eight *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is

WO 495452.1

supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19. <u>Trial.</u> This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on [McKesson Proposal: December _____, 2007 / Translogic Proposal: March _____, 2008]. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 30 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

WO 495452.1