**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MCKESSON AUTOMATION, INC.<br>a Pennsylvania Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SWISSLOG ITALIA S.P.A<br>an Italian Corporation, and<br><br>TRANSLOGIC CORPORATION<br>a Delaware Corporation,<br><br><br>        Defendants. | Civil Action No. 06-028 (KAJ)<br><br>Demand for Jury Trial |

## STIPULATION AND ORDER ALLOWING FILING OF
## FIRST AMENDED COMPLAINT

The parties to this action, by and through their undersigned counsel, hereby stipulate and agree pursuant to Federal Rule of Civil Procedure 15(a) as follows:

1. Plaintiff is permitted to file its First Amended Complaint, in the form attached to this Stipulation as Exhibit "A". The First Amended Complaint is deemed filed upon the filing of this Stipulation. A blacklined version of the First Amended Complaint, reflecting the modifications therein, is attached as Exhibit "B".

2. Defendants shall be permitted fourteen (14) days from the date of filing of this Stipulation to respond to the First Amended Complaint.

BLANK ROME, LLP

MORRIS, NICHOLS, ARSHT, & TUNNELL LLP

/s/ Neal C. Belgam
Neal C. Belgam (# 2721)
Dale R. Dubé (#2853)
Chase Manhattan Center
1201 North Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

/s/ Julia Heaney
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

SUTHERLAND ASBILL & BRENNAN
LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-1100

DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 835-1400

*Attorneys for Plaintiff*
*McKesson Automation, Inc.*

*Attorneys for Defendants*
*Translogic Corporation and Swisslog Italia S.p.A.*

SO ORDERED this _____ day of

_____, 2006.

_____
JUDGE

123001.00601/40161650v.1

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.       :<br>a Pennsylvania Corporation,      :<br>       :<br>           Plaintiff,       :<br>       :<br>       v.       :<br>       :<br>SWISSLOG ITALIA S.P.A       :<br>an Italian Corporation, and      :<br>       :<br>TRANSLOGIC CORPORATION     :<br>a Delaware Corporation,       :<br>       :<br>       :<br>           Defendants.      :<br>       : | Civil Action No. 06-028 (KAJ)<br><br>Demand for Jury Trial |

### FIRST AMENDED COMPLAINT

Plaintiff McKesson Automation, Inc., by and through the undersigned attorneys, hereby files this First Amended Complaint requesting damages and injunctive relief upon personal knowledge as to their own acts and circumstances, and upon information and belief as to the acts and circumstances of others.

### PARTIES

1.      Plaintiff McKesson Automation, Inc. ("McKesson") is a Pennsylvania corporation, with a principal place of business located at 500 Cranberry Woods Drive, Cranberry Two., PA 16066. McKesson designs, manufactures, markets and sells, among other things, inpatient medication and supply management systems that provide automated and reliable drug distribution in hospital and other environments to reduce errors, improve cost savings and enhance the quality of care. McKesson is the assignee of various United States Patents relating

to medication and supply management systems including U.S. Patent Nos. 5,468,110 and 5,593,267, which concern automated systems for selecting and/or delivering packages from storage areas.

2.    On information and belief, Defendant Swisslog Italia S.p.A. ("Swisslog Italia") is an entity organized under the laws of Italy, with its principal place of business located at Via Taruffi 30/38, 41053 Maranello MO, Italy. Swisslog Italia S.p.A. is engaged in the manufacturing, sales, distribution and installation of automated storage systems for medications.

3.    On information and belief, Defendant Translogic Corporation ("Translogic") is a Delaware Corporation, with its principal place of business located at 10825 E 47th Avenue, Denver, Colorado. On information and belief, Translogic transacts business under the names of Swisslog, Swisslog Healthcare Solutions, Swisslog North America, Swisslog Quantum, and Swisslog Translogic Corporation. Translogic is engaged in the manufacturing, sales and installation of automated storage systems for medications.

4.    On information and belief, the acts of Translogic complained of herein were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, or for at least in part the benefit of Swisslog Italia.

5.    Swisslog Italia and Translogic are referred to hereinafter collectively as "Swisslog."

## JURIDICTION AND VENUE

6.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendant Translogic resides in this judicial district and Defendant Swisslog Italia is a foreign defendants.

## FACTS

8.    McKesson has made significant investment in research and development in technology relating to drug administering systems and automated storage systems relating to medication and supply management. McKesson's efforts and investment have resulted in innovative advancements in the area of automated storage systems for medications, including automated drug management systems that fully automate the packing, storing and picking of drugs in unit-doses. Many such advancements are the subject of patents issued to McKesson by the United States Patent and Trademark Office, such as, for example, U.S. Patent Nos. 5,468,110 and 5,593,267.

9.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,468,110 (hereinafter "the '110 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA," which duly and legally issued on November 21, 1995. A copy of the '110 patent is attached as Exhibit 1.

10.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,593,267 (hereinafter "the '267 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA," which duly and legally issued on January 14, 1997. A copy of the '267 patent is attached as Exhibit 2.

11.     Swisslog is making, using, importing, offering to sell, or selling automated storage systems, including systems Swisslog refers to as the Swisslog PillPick Automated Drug Management System (hereinafter "the accused products"). Such systems use the patented inventions claimed in McKesson's '110 and '267 patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,468,110

12.     McKesson incorporates and realleges paragraphs 1 – 11 as if fully set forth herein.

13.     Each Defendant is directly or indirectly infringing, contributing to the infringement of, or inducing others to infringe the '110 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

14.     Each Defendant has profited through infringement of the '110 patent. As a result of each Defendant's unlawful infringement of the '110 patent, McKesson has suffered and will continue to suffer grievous damage.

15.     Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '110 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

16.     Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,593,267

17.     McKesson incorporates and realleges paragraphs 1 – 16 as if fully set forth herein.

18.     Each Defendant is directly or indirectly infringing, contributing to the infringement of, or inducing others to infringe the '267 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

19.     Each Defendant has profited through infringement of the '267 patent. As a result of each Defendant's unlawful infringement of the '267 patent, McKesson has suffered and will continue to suffer grievous damage.

20.     Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '267 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

21.     Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McKesson prays that this Court enter judgment:

1.     That each Defendant has infringed United States Patent Nos. 5,468,110 and/or 5,593,267;

2.     That each Defendant's infringement is willful;

3.     That this is an exceptional case;

4.     Permanently enjoining and restraining each Defendant and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. 5,468,110 and/or 5,593,267;

5.     Awarding McKesson actual damages, not less than a reasonable royalty, for each Defendant's infringement including cost and pre- and post-judgment interest as allowed by law;

6.    Awarding treble the amount of losses and damages because of the willful,

knowing and wanton nature of each Defendant's conduct;

7.    Awarding all costs of this action, including Plaintiff's reasonable attorney's fees

and interest; and

8.    Granting Plaintiff such other and further relief as the Court may deem just and

equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.


Dated: June 20, 2006

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-1100
Fax: (202) 637-3593

Troy R. Covington
Julie A. Tennyson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 853-8000
Fax: (404) 853-8806

BLANK ROME LLP

BY: _____

Neal C. Belgam (#2721)
Dale R. Dubé (#2863)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

*Counsel for Plaintiff*
*McKesson Automation, Inc.*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MCKESSON AUTOMATION, INC. a Pennsylvania Corporation, | |
| Plaintiff, | |
|  | Civil Action No. ———— 06-028 (KAJ) |
| v. | |
|  | Demand for Jury Trial |
| SWISSLOG HOLDING AG,ITALIA S.P.A a Swissan Italian Corporation, ———and | |
| SWISSLOG MANAGEMENT AG, a Swiss Corporation, | |
| TRANSLOGIC CORPORATION a Delaware Corporation, | |
| SWISSLOG NORTH AMERICA, a Delaware Corporation, and | |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff McKesson Automation, Inc., by and through the undersigned attorneys, hereby

files this First Amended Complaint requesting damages and injunctive relief upon personal

knowledge as to their own acts and circumstances, and upon information and belief as to the acts

and circumstances of others.

## PARTIES

2.1.    Plaintiff McKesson Automation, Inc. ("McKesson") is a Pennsylvania

corporation, with a principal place of business located at 500 Cranberry Woods Drive, Cranberry

Two., PA 16066. McKesson designs, manufactures, markets and sells, among other things,

inpatient medication and supply management systems that provide automated and reliable drug

distribution in hospital and other environments to reduce errors, improve cost savings and enhance the quality of care. McKesson is the assignee of various United States Patents relating to medication and supply management systems including U.S. Patent Nos. 5,468,110 and 5,593,267, which concern automated systems for selecting and/or delivering packages from storage areas.

2. ——On information and belief, Defendant Swisslog~~Holding AG is an entity organized under the laws of Switzerland, with its principal place of business located at Webereiweg 3, 5033 Buchs AG Switzerland. Swisslog Management AG is engaged in the manufacturing, sales and installation of automated storagesystems for medications.~~

~~3.~~2.   ~~On information and belief, Defendant Swisslog Management AG is an entity organized under the laws of Switzerland, with its principal place of business located at Webereiweg 3, 5033 Buchs AG Switzerland. Swisslog Management AG is engaged in the manufacturing, sales~~Italia S.p.A. ("Swisslog Italia") is an entity organized under the laws of Italy, with its principal place of business located at Via Taruffi 30/38, 41053 Maranello MO, Italy. Swisslog Italia S.p.A. is engaged in the manufacturing, sales, distribution and installation of automated storage systems for medications.

~~5.~~3.   On information and belief, Defendant Translogic Corporation ("Translogic") is a Delaware Corporation, with its principal place of business located at 10825 E 47th Avenue, Denver, Colorado. On information and belief, Translogic transacts business under the names of Swisslog, Swisslog Healthcare Solutions, Swisslog North America, Swisslog Quantum, and Swisslog Translogic Corporation. Translogic is engaged in the manufacturing, sales and installation of automated storage systems for medications.

5.On information and belief,~~Defendant Swisslog North America is a Delaware Corporation, with its principal place of business located at 10825 E 47ᵗʰ Avenue, Denver, Colorado. Swisslog North America is engaged in the manufacturing, sales and installation of automated storage systems for medications.~~

6.4.    ~~On information and belief,~~ the acts of Translogic~~and Swisslog North America~~ complained of herein~~are, in fact, acts of Swisslog Holding AG and Swisslog Management AG, or~~ were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, or for at least in part the benefit of Swisslog ~~Holding AG and Swisslog Management AG.~~Italia.

7.5.    Swisslog ~~Holding AG, Swisslog Management AG , Translogic and Swisslog North America~~Italia and Translogic are referred to hereinafter collectively as "Swisslog."

## JURIDICTION AND VENUE

6.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendants Translogic ~~and Swisslog North America reside~~resides in this judicial district and ~~Defendants Swisslog Holding AG and Swisslog Management AG are~~Defendant Swisslog Italia is a foreign defendants.

## FACTS

8.    McKesson has made significant investment in research and development in technology relating to drug administering systems and automated storage systems relating to medication and supply management. McKesson's efforts and investment have resulted in

innovative advancements in the area of automated storage systems for medications, including automated drug management systems that fully automate the packing, storing and picking of drugs in unit-doses. Many such advancements are the subject of patents issued to McKesson by the United States Patent and Trademark Office, such as, for example, U.S. Patent Nos. 5,468,110 and 5,593,267.

9.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,468,110 (hereinafter "the '110 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA," which duly and legally issued on November 21, 1995. A copy of the '110 patent is attached as Exhibit 1.

10.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,593,267 (hereinafter "the '267 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA," which duly and legally issued on January 14, 1997. A copy of the '267 patent is attached as Exhibit 2.

11.    Swisslog is making, using, importing, offering to sell, or selling automated storage systems, including systems Swisslog refers to as the Swisslog PillPick Automated Drug Management System (hereinafter "the accused products"). Such systems use the patented inventions claimed in McKesson's '110 and '267 patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,468,110

14.12.    McKesson incorporates and realleges paragraphs 1 – 1311 as if fully set forth herein.

13.    Each Defendant is directly <u>or indirectly</u> infringing, contributing to the infringement of, or inducing others to infringe the '110 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

14.    Each Defendant has profited through infringement of the '110 patent. As a result of each Defendant's unlawful infringement of the '110 patent, McKesson has suffered and will continue to suffer grievous damage.

15.    Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '110 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

16.    Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,593,267

~~19.~~17.  McKesson incorporates and realleges paragraphs 1 – ~~18~~16 as if fully set forth herein.

18.    Each Defendant is directly <u>or indirectly</u> infringing, contributing to the infringement of, or inducing others to infringe the '267 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

19.    Each Defendant has profited through infringement of the '267 patent. As a result of each Defendant's unlawful infringement of the '267 patent, McKesson has suffered and will continue to suffer grievous damage.

20.    Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '267 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

21.    Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McKesson prays that this Court enter judgment:

1.    That each Defendant has infringed United States Patent Nos. 5,468,110 and/or 5,593,267;

2.    That each Defendant's infringement is willful;

3.    That this is an exceptional case;

4.    Permanently enjoining and restraining each Defendant and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. 5,468,110 and/or 5,593,267;

5.    Awarding McKesson actual damages, not less than a reasonable royalty, for each Defendant's infringement including cost and pre- and post-judgment interest as allowed by law;

6.    Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of each Defendant's conduct;

7.    Awarding all costs of this action, including Plaintiff's reasonable attorney's fees and interest; and

8.    Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Dated: ~~January~~June —21, 2006

_____

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-1100
Fax: (202) 637-3593

Troy R. Covington
Julie A. Tennyson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 853-8000
Fax: (404) 853-8806

~~Neal C. Belgam (#2721)~~
~~Dale R. Dubé (#2863)~~
_____ BLANK ROME LLP

BY: _____

~~BLANK ROME LLP~~
_____ Neal C. Belgam (#2721)
Dale R. Dubé (#2863)

_____ Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

_Counsel for Plaintiff_
_McKesson Automation, Inc._

## CERTIFICATE OF SERVICE

I, Neal C. Belgam, Esquire, do hereby certify that on this 20th day of June, 2006, I

caused copies of the STIPULATION AND ORDER ALLOWING FILING OF FIRST

AMENDED COMPLAINT to be served in the manners indicated upon the following:

### VIA ELECTRONIC FILING

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

### VIA FEDERAL EXPRESS

Richard LaCava, Esquire
Lawrence C. Drucker, Esquire
Alfred Fabricant, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036

By: _____
Neal C. Belgam (DE # 2721)