IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-028 (KAJ) |
| v. | ) | |
| | ) | |
| SWISSLOG HOLDING AG, | ) | |
| SWISSLOG MANAGEMENT AG, | ) | |
| TRANSLOGIC CORPORATION, and | ) | |
| SWISSLOG NORTH AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TRANSLOGIC CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Translogic Corporation ("Translogic"), by and through its undersigned counsel, as and for its Answer to Plaintiff's First Amended Complaint (the "Amended Complaint") and for its Counterclaims, admits, denies and alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1, and therefore denies them, except admits on information and belief, that plaintiff is a Pennsylvania corporation with a principal place of business in Cranberry Township, PA.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Amended Complaint.

3.      Denies allegations set forth in paragraph 3 of the Amended Complaint except admits that Translogic is a Delaware Corporation with its principal place of business at 10825 E 47th Avenue, Denver, Colorado.

4.      Denies the allegations set forth in paragraph 4 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia S.p.A. ("Swisslog Italia").

5.     Admits that the Amended Complaint refers to Swisslog Italia and Translogic collectively as "Swisslog."

6.     Admits the allegations set forth in paragraph 6 of the Amended Complaint to the extent that plaintiff alleges that this action purports to be one for patent infringement and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Admits the allegations set forth in paragraph 7 of the Amended Complaint to the extent that plaintiff alleges that venue is proper in this Court over Translogic under 28 U.S.C. §§ 1391(b) and 1400(b) and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to venue being proper with respect to defendant Swisslog Italia.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Amended Complaint.

9.     Denies the allegations set forth in paragraph 9 of the Amended Complaint, except admits that Exhibit 1 to the Amended Complaint purports to be a copy of U.S. Patent No. 5,468,110 (the " '110 Patent") and refers to that patent for a true and complete statement of its contents.

10.     Denies the allegations set forth in paragraph 10 of the Amended Complaint, except admits that Exhibit 2 to the Amended Complaint purports to be a copy of U.S. Patent No. 5,593,267 (the " '267 Patent") and refers to that patent for a true and complete statement of its contents.

11.     Denies the allegations contained in paragraph 11 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

12.     Translogic repeats and realleges its previous responses to paragraphs 1 through 11 of the Amended Complaint as if fully set forth at length herein.

13.     Denies the allegations set forth in paragraph 13 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

14.     Denies the allegations contained in paragraph 14 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to defendant Swisslog Italia.

15.     Denies the allegations contained in paragraph 15 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

16.     Denies the allegations contained in paragraph 16 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

17.     Translogic repeats and realleges its previous responses to paragraphs 1 through 16 of the Amended Complaint as if fully set forth at length herein.

18.     Denies the allegations contained in paragraph 18 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

19.     Denies the allegations contained in paragraph 19 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to defendant Swisslog Italia.

20.     Denies the allegations contained in paragraph 20 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

21.     Denies the allegations contained in paragraph 21 of the Amended Complaint, except that Translogic is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Swisslog Italia.

## FIRST AFFIRMATIVE DEFENSE

22.     Translogic has not infringed, induced infringement or contributed to the infringement of any valid or enforceable claim of the '110 or '267 Patents

## SECOND AFFIRMATIVE DEFENSE

23.     McKesson's claims are barred, in whole or in part, under one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

24.     The '110 and '267 Patents are invalid, *inter alia*, in that they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. §102.

### FOURTH AFFIRMATIVE DEFENSE

25.     The '110 and '267 Patents are invalid, *inter alia*, pursuant to 35 U.S.C. §103 in that the inventions disclosed would have been obvious to a person of ordinary skill in the art at the time the inventions were made.

### FIFTH AFFIRMATIVE DEFENSE

26.     The '110 and '267 Patents are invalid for failure to comply with the requirements of 35 U.S.C. §112.

### SIXTH AFFIRMATIVE DEFENSE

27.     McKesson's claims are barred, in whole or in part, by reason of patent misuse.

### SEVENTH AFFIRMATIVE DEFENSE

28.     McKesson's claims are barred, in whole or in part, pursuant to 35 U.S.C. §287.

### EIGHTH AFFIRMATIVE DEFENSE

29.     McKesson's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel because proceedings in the Patent and Trademark Office during the prosecution of the '110 and '267 Patents prevent a claim construction for those patents that could result in a finding of infringement.

## OTHER AFFIRMATIVE DEFENSES

30.     Translogic reserves the right to assert all additional affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

31.     Jurisdiction and venue over Translogic's counterclaims are proper pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1391, 2201 and 2202.

## THE PARTIES

32.     Counterclaim Plaintiff Translogic Corporation ("Translogic") is a Delaware Corporation with its principal place of business at 10825 E 47th Avenue, Denver, Colorado.

33.     Upon information and belief, Counterclaim Defendant McKesson Automation, Inc. ("McKesson"), is a Pennsylvania Corporation, with a principal place of business at 500 Cranberry Woods Drive, Cranberry Township, PA 16066.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

34.     Translogic repeats and realleges the responses and allegations in paragraphs 1 through 33 above as if fully set forth at length herein.

35.     All of the claims of the '110 and '267 Patents are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. §§101, 102, 103 and/or 112.

36.     By reason of the foregoing, Translogic is entitled to an entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '110 and '267 Patents invalid.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

37.    Translogic repeats and realleges the responses and allegations in paragraphs 1 through 36 above as if fully set forth at length herein.

38.    Translogic has not infringed nor is infringing any valid or enforceable claim of the '110 or '267 Patents.

39.    By reason of the foregoing, Translogic is entitled to an entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the '110 and '267 Patents not infringed.

## THIRD COUNTERCLAIM
(Unfair Competition under Delaware Law)

40.    Translogic repeats and realleges the responses and allegations in paragraphs 1 through 39 above as if fully set forth at length herein.

41.    On information and belief, McKesson has unlawfully and oppressively brought this action against Translogic, alleging infringement of the '110 and '267 Patents by Translogic with the knowledge and belief that these Patents are invalid, unenforceable and/or not infringed by Translogic's products, and with the intent to injure Translogic.

42.    The aforesaid actions of McKesson offend established public policy and are oppressive, unscrupulous and substantially injurious to consumers.

43.    As a direct and proximate result of McKesson's aforesaid actions, Translogic has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

44.    These acts constitute unfair competition by McKesson against Translogic.

45.    Translogic has have been substantially damaged, in an amount to be determined, by McKesson's illegal and/or improper activities.

## FOURTH COUNTERCLAIM
(McKesson's Violation of the Antitrust Laws)

46.    Translogic repeats and realleges the allegations in paragraphs 1 through 45 above as if fully set forth at length herein.

47.    This is a claim for willful, intentional and improper maintenance of a monopoly in a relevant market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

48.    The relevant market for Translogic's antitrust claim is the market for medication and supply management systems for automated drug distribution in hospitals in the United States ("automated drug systems").

49.    The geographic market for these systems is the United States because, *inter alia*, such systems made by McKesson are used or sold throughout the United States.

50.    On information and belief, McKesson has a monopoly in the relevant product and geographic markets for these systems, as shown by their market share in excess of 80%.

51.    Through the willful and intentional sham assertion of the '110 and '267 Patents, McKesson has intentionally, improperly and illegally sought to maintain that monopoly by barring entry of competitors to the automated drug systems market, a natural consequence of its actions.

52.    Sham assertion in litigation is tested first by an objective standard, applied at the time McKesson filed its Amended Complaint, as to whether the claim is objectively baseless.  If the claim is objectively baseless, the second test focuses on whether the baseless claims conceal an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process as an anti-competitive weapon.

53.    A first objectively baseless aspect to McKesson's sham patent infringement suit is that the patents as construed and asserted by McKesson against Translogic are clearly invalid

because they directly read on the prior art. A reasonable litigant would not realistically expect success based on this suit.

54.     A second objectively baseless aspect to McKesson's sham patent infringement suit is that because of the literal words of the asserted claims and McKesson's own admissions to the Patent Office during prosecution of the '110 and '267 Patents, the Translogic products accused of infringing cannot objectively infringe the claims. An objective litigant could not conclude that this assertion is reasonably calculated to elicit a favorable anticompetitive outcome without results.

55.     These sham assertions by McKesson constitute intentional, willful and improper efforts by McKesson to maintain its monopoly power in the automated drug systems market, and not as a consequence of a superior product embodying the patents-in-suit. McKesson, without regard to whether its lawsuit has merit, raises these sham assertions with a specific and improper intent to bar Translogic from the automated drug systems market. These baseless assertions attempt to conceal efforts by McKesson to interfere directly with the business relationships of competitors such as Translogic using the judicial process as an anticompetitive weapon.

56.     McKesson's sham assertions of damages on patents that are invalid and not infringed have a chilling effect on competitors such as Translogic as a new entrant to the automated drug systems market. Because of the small volume of sales by Translogic of products accused of infringement, the cost of defending against McKesson's sham assertions represent a very real barrier to Translogic's continued and future entry into the automated drug systems market. Upon information and belief, McKesson's actions have lessened competition in the marketplace and have caused prices for these automated drug distribution systems in the United States to remain artificially high.

57.     Translogic has been proximately harmed by McKesson's sham assertions in that it has been forced to incur attorneys fees and costs to defend against McKesson's infringement claims.

58.     The market in the United States for automated drug systems has suffered antitrust injury as a result of McKesson's actions.

59.     Translogic may be harmed in the future by the chilling effect of McKesson's sham assertions on Translogic's bidding for new business in the automated drug systems market in competition with McKesson.

## **PRAYER FOR RELIEF**

WHEREFORE, Translogic prays that a judgment be entered:

A.     Dismissing the Amended Complaint herein with prejudice and entering judgment in favor of Translogic thereon;

B.     Declaring that Translogic has not and does not infringe any claims of the '110 and '267 Patents;

C.     Declaring that each and every claim of the '110 and '267 Patents are invalid;

D.     Declaring that McKesson's claims against Translogic are barred, in whole or in part, under one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands;

E.     Declaring that McKesson's claims against Translogic are barred, in whole or in part, by reason of patent misuse;

F.     Permanently enjoining and restraining McKesson, its officers, employees, agents and all persons in active concert or participation with McKesson from asserting that

Translogic's products and/or business activities constitute an infringement of the '110 and '267 Patents, and from any and all acts giving rise to Translogic's counterclaims;

G.     Declaring that McKesson is in violation of the antitrust laws;

H.     Declaring that the '110 and '267 Patents are unenforceable against Translogic because of antitrust misuse;

I.     Awarding Translogic treble damages for the harm proximately caused by McKesson's sham assertions;

J.     Awarding Translogic damages incurred as a result of McKesson's unfair competition;

K.     Awarding Translogic punitive damages as a result of McKesson's conduct;

L.     Adjudging this to be an exceptional case and awarding Translogic its reasonable attorney's fees pursuant to 35 U.S.C. § 285 and costs of suit; and

M.     Awarding Translogic such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277.6500

July 5, 2006
527464

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendant*
  *Translogic Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 5, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Neal C. Belgam, Esquire
> Dale R. Dubé, Esquire
> Blank Rome LLP
> Chase Manhattan Centre
> 1201 Market Street, Suite 800
> Wilmington, DE 19801

and I, the undersigned, also hereby certify that on July 5, 2006 I sent by Federal Express, the above-stated document to:

> Blair M. Jacobs, Esquire
> Sutherland Asbill & Brennan LLP
> 1275 Pennsylvania Avenue, NW
> Washington, DC 20004

> */s/ Julia Heaney*
> Julia Heaney (#3052)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> jheaney@mnat.com