IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-028 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| SWISSLOG ITALIA S.P.A., and ) | |
| TRANSLOGIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SWISSLOG ITALIA S.P.A.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Swisslog Italia S.p.A. ("Swisslog Italia"), by and through its undersigned counsel, as and for its Answer to Plaintiff's First Amended Complaint (the "Amended Complaint") and for its Counterclaims, admits, denies and alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1, and therefore denies them, except admits on information and belief, that plaintiff is a Pennsylvania corporation with a principal place of business in Cranberry Township, PA.

2. Denies allegations set forth in paragraph 2 of the Amended Complaint except admits that Swisslog Italia is an entity organized under the laws of Italy, with its principal place of business at Via Taruffi 30/38, 41053 Maranello MO, Italy.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Amended Complaint.

4. Denies the allegations set forth in paragraph 4 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic Corporation ("Translogic").

5. Admits that the Amended Complaint refers to Swisslog Italia and Translogic collectively as "Swisslog."

6. Admits the allegations set forth in paragraph 6 of the Amended Complaint to the extent that plaintiff alleges that this action purports to be one for patent infringement and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Admits the allegations set forth in paragraph 7 of the Amended Complaint to the extent that plaintiff alleges that venue is proper in this Court over Swisslog Italia under 28 U.S.C. §§ 1391(d) and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to venue being proper with respect to defendant Translogic.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Amended Complaint.

9. Denies the allegations set forth in paragraph 9 of the Amended Complaint, except admits that Exhibit 1 to the Amended Complaint purports to be a copy of U.S. Patent No. 5,468,110 (the " '110 Patent") and refers to that patent for a true and complete statement of its contents.

10. Denies the allegations set forth in paragraph 10 of the Amended Complaint, except admits that Exhibit 2 to the Amended Complaint purports to be a copy of U.S. Patent No. 5,593,267 (the " '267 Patent") and refers to that patent for a true and complete statement of its contents.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

12. Swisslog Italia repeats and realleges its previous responses to paragraphs 1 through 11 of the Amended Complaint as if fully set forth at length herein.

13. Denies the allegations set forth in paragraph 13 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

14. Denies the allegations contained in paragraph 14 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to defendant Translogic.

15. Denies the allegations contained in paragraph 15 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

16. Denies the allegations contained in paragraph 16 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

17. Swisslog Italia repeats and realleges its previous responses to paragraphs 1 through 16 of the Amended Complaint as if fully set forth at length herein.

18.	Denies the allegations contained in paragraph 18 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

19.	Denies the allegations contained in paragraph 19 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to defendant Translogic.

20.	Denies the allegations contained in paragraph 20 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

21.	Denies the allegations contained in paragraph 21 of the Amended Complaint, except that Swisslog Italia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to acts alleged to have been committed by defendant Translogic.

## FIRST AFFIRMATIVE DEFENSE

22.	Swisslog Italia has not infringed, induced infringement or contributed to the infringement of any valid or enforceable claim of the '110 or '267 Patents

## SECOND AFFIRMATIVE DEFENSE

23.	McKesson's claims are barred, in whole or in part, under one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

24.     The '110 and '267 Patents are invalid, *inter alia*, in that they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. §102.

### FOURTH AFFIRMATIVE DEFENSE

25.     The '110 and '267 Patents are invalid, *inter alia*, pursuant to 35 U.S.C. §103 in that the inventions disclosed would have been obvious to a person of ordinary skill in the art at the time the inventions were made.

### FIFTH AFFIRMATIVE DEFENSE

26.     The '110 and '267 Patents are invalid for failure to comply with the requirements of 35 U.S.C. §112.

### SIXTH AFFIRMATIVE DEFENSE

27.     McKesson's claims are barred, in whole or in part, by reason of patent misuse.

### SEVENTH AFFIRMATIVE DEFENSE

28.     McKesson's claims are barred, in whole or in part, pursuant to 35 U.S.C. §287.

### EIGHTH AFFIRMATIVE DEFENSE

29.     McKesson's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel because proceedings in the Patent and Trademark Office during the prosecution of the '110 and '267 Patents prevent a claim construction for those patents that could result in a finding of infringement.

## OTHER AFFIRMATIVE DEFENSES

30. Swisslog Italia reserves the right to assert all additional affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

31. Jurisdiction and venue over Swisslog Italia's counterclaims are proper pursuant to 28 U.S.C. §§ 1331, 1338, 1391, 2201 and 2202.

## THE PARTIES

32. Counterclaim Plaintiff Swisslog Italia S.p.A. ("Swisslog Italia") is an entity organized under the laws of Italy, with its principal place of business at Via Taruffi 30/38, 41053 Maranello MO, Italy.

33. Upon information and belief, Counterclaim Defendant McKesson Automation, Inc. ("McKesson"), is a Pennsylvania Corporation, with a principal place of business at 500 Cranberry Woods Drive, Cranberry Township, PA 16066.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity)

34. Swisslog Italia repeats and realleges the responses and allegations in paragraphs 1 through 33 above as if fully set forth at length herein.

35. All of the claims of the '110 and '267 Patents are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. §§101, 102, 103 and/or 112.

36. By reason of the foregoing, Swisslog Italia is entitled to an entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '110 and '267 Patents invalid.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

37. Swisslog Italia repeats and realleges the responses and allegations in paragraphs 1 through 36 above as if fully set forth at length herein.

38. Swisslog Italia has not infringed nor is infringing any valid or enforceable claim of the '110 or '267 Patents.

39. By reason of the foregoing, Swisslog Italia is entitled to an entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring the '110 and '267 Patents not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Swisslog Italia prays that a judgment be entered:

A. Dismissing the Amended Complaint herein with prejudice and entering judgment in favor of Swisslog Italia thereon;

B. Declaring that Swisslog Italia has not and does not infringe any claims of the '110 and '267 Patents;

C. Declaring that each and every claim of the '110 and '267 Patents are invalid;

D. Declaring that McKesson's claims against Swisslog Italia are barred, in whole or in part, under one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands;

E. Declaring that McKesson's claims against Swisslog Italia are barred, in whole or in part, by reason of patent misuse;

F. Permanently enjoining and restraining McKesson, its officers, employees, agents and all persons in active concert or participation with McKesson from asserting that Swisslog

Italia's products and/or business activities constitute an infringement of the '110 and '267 Patents, and from any and all acts giving rise to Swisslog Italia's counterclaims;

  G. Adjudging this to be an exceptional case and awarding Swisslog Italia its reasonable attorney's fees pursuant to 35 U.S.C. § 285 and costs of suit; and

  H. Awarding Swisslog Italia such other and further relief as the Court may deem just and proper.

            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

            */s/ Julia Heaney*
            _____
            Julia Heaney (#3052)
            1201 N. Market Street
            P.O. Box 1347
            Wilmington, DE 19899
            (302) 658-9200
            jheaney@mnat.com
             *Attorneys for Defendant*
             *Swisslog Italia S.P.A.*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

July 5, 2006
527463

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 5, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Neal C. Belgam, Esquire
>Dale R. Dubé, Esquire
>Blank Rome LLP
>Chase Manhattan Centre
>1201 Market Street, Suite 800
>Wilmington, DE 19801

and I, the undersigned, also hereby certify that on July 5, 2006 I sent by Federal Express, the above-stated document to:

>Blair M. Jacobs, Esquire
>Sutherland Asbill & Brennan LLP
>1275 Pennsylvania Avenue, NW
>Washington, DC 20004

*/s/ Julia Heaney*
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jheaney@mnat.com