UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McKESSON AUTOMATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SWISSLOG ITALIA S.P.A,<br>TRANSLOGIC CORPORATION<br><br>Defendants. | CA No. 06-028 (KAJ)<br><br>JURY TRIAL OF<br>TWELVE DEMANDED |

**PLAINTIFF McKESSON AUTOMATION, INC.'S REPLY TO
DEFENDANT TRANSLOGIC CORPORATION'S COUNTERCLAIMS**

Plaintiff McKesson Automation, Inc. ("McKesson" or "Counterclaim Defendant") by and through the undersigned attorneys, hereby states it Reply to Defendant Translogic Corporation's ("Translogic") Counterclaims, and admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

31.   McKesson admits the allegations set forth in paragraph 31 with respect to subject matter jurisdiction and venue, to the extent that Translogic's First and Second Counterclaims are alleged as relating to the patent infringement asserted in the First Amended Complaint. McKesson further admits that as to Translogic's Fourth Counterclaim, this Court also has subject matter jurisdiction and that venue is proper to decide matters pertaining to alleged violations of 15 U.S.C. §2. With regard to Translogic's Third Counterclaim, McKesson admits that venue would be proper as to said Counterclaim and the Court has supplemental subject matter jurisdiction under §1367.

## THE PARTIES

32. Upon information and belief, McKesson admits the allegations in paragraph 32.

33. McKesson admits the allegations in paragraph 33.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity)

34. In responding to paragraph 34, McKesson repeats and realleges its previous responses to paragraphs 31 – 33, as if fully set forth herein.

35. McKesson denies the allegations in paragraph 35.

36. McKesson denies the allegations in paragraph 36.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

37. In responding to paragraph 37, McKesson repeats and realleges its previous responses to paragraphs 31 – 36, as if fully set forth herein.

38. McKesson denies the allegations in paragraph 38.

39. McKesson denies the allegations in paragraph 39.

## THIRD COUNTERCLAIM
(Unfair Competition under Delaware Law)

40. In responding to paragraph 40, McKesson repeats and realleges its previous responses to paragraphs 31 – 39, as if fully set forth herein.

41. McKesson denies the allegations in paragraph 41.

42. McKesson denies the allegations in paragraph 42.

43. McKesson denies the allegations in paragraph 43, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue, is due to Translogic's wrongful and unlawful actions.

44. McKesson denies the allegations in paragraph 44.

45. McKesson denies the allegations in paragraph 45, and specifically alleges that any harm or damage that Translogic may suffer as the result of its infringement of the patents-at-issue, is due to Translogic's wrongful and unlawful actions.

## FOURTH COUNTERCLAIM
(Violation of the Antitrust Laws)

46. In responding to paragraph 46, McKesson repeats and realleges its previous responses to paragraphs 31 – 45, as if fully set forth herein.

47. McKesson admits that in paragraph 47, Translogic purports to bring a claim under Section 2 of the Sherman Act, 15 U.S.C. §2. McKesson denies that said claim has any merit whatsoever, and alleges that said claim is mere boilerplate language without any factual support, and is therefore false and unsupported.

48. In responding to paragraph 48, McKesson denies that there is any merit whatsoever to Translogic's false purported antitrust claim, and therefore further denies that there is any "relevant market" for said false claim.

49. In responding to paragraph 49, McKesson admits that its innovative advancements in the area of automated storage systems for medications are used and sold throughout the United States. McKesson denies that there is any merit whatsoever to Translogic's false purported antitrust claim, and therefore further denies that there is any "geographic market" for said false claim.

50. In responding to paragraph 50, McKesson admits that pursuant to the laws of the United States regarding patents, including 35 U.S.C. §271 and by grant from the United States Patent and Trademark Office, McKesson, as the lawful owner of the patents-at-issue, is provided with the specific right to exclude others from practicing the inventions in the patents without express permission. McKesson denies that there is any merit whatsoever to Translogic's false

purported antitrust claim, and therefore further denies that there is any "relevant market" or "geographic market" for said false claim. McKesson admits that its innovative advancements in the area of automated storage systems for medications have been well received by customers in the United States and elsewhere.

51. In responding to paragraph 51, McKesson admits that pursuant to the laws of the United States regarding patents, including 35 U.S.C. §271 and by grant from the United States Patent and Trademark Office, McKesson, as the lawful owner of the patents-at-issue, is provided with the specific right to exclude others from practicing the inventions in the patents without express permission. McKesson denies the remaining allegations in the paragraph.

52. McKesson objects to paragraph 52 as an improper and incomplete statement of the law, without alleging any facts that can be admitted or denied. McKesson admits that in order to determine sham litigation, a Court will, in part, need to consider whether the litigation is objectively baseless. Except as expressly admitted herein, McKesson denies the remaining allegations in the paragraph.

53. McKesson denies the allegations in paragraph 53.

54. McKesson denies the allegations in paragraph 54.

55. McKesson denies the allegations in paragraph 55.

56. McKesson denies the allegations in paragraph 56, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

57. McKesson denies the allegations in paragraph 57, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

58.     McKesson denies the allegations in paragraph 58, and denies that there is any merit whatsoever to Translogic's false purported antitrust claim.

59.     McKesson denies the allegations in paragraph 59, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-at-issue is due to Translogic's wrongful and unlawful actions.

### RESPONSE TO TRANSLOGIC'S PRAYER FOR RELIEF

McKesson denies that Translogic is entitled to any relief as plead in the Prayer for Relief, or any relief whatsoever for its wrongful and unlawful actions.

### ADDITIONAL DEFENSES

As for its separate and additional defenses, McKesson alleges as follows:

#### First Additional Defense
(Failure to State a Claim)

1.      Translogic's Third and Fourth Counterclaims fail to state a claim against McKesson upon which relief can be granted.

#### Second Additional Defense
(Lack of Causation)

2.      The proximate cause of the Translogic's alleged damages, if any, was Translogic's own conduct.

#### Third Additional Defense
(No Antitrust or Competitive Injury)

3.      Translogic has not suffered any antitrust or competitive injury cognizable under the antitrust laws, or other State or Federal laws.

### Fourth Additional Defense
(Immunity Under Noerr-Pennington Doctrine)

4. The activity complained of by Translogic in the Third and Fourth Counterclaims is protected under the immunity provided by the Noerr-Pennington doctrine.

### Fifth Additional Defense
(Failure to Mitigate Damages)

5. To the extent that Translogic has suffered any of the damages or injuries alleged in their Counterclaims, they have failed to take reasonable steps to mitigate such damages.

### Sixth Additional Defense
(Unclean Hands)

6. Translogic's claims are barred by the doctrine of unclean hands.

### Seventh Additional Defense
(Laches)

7. Some or all of Translogic's claims are barred by the doctrine of laches.

### Eighth Additional Defense
(Statute of Limitations)

8. Some or all of Translogic's claims are barred by the statute of limitations.

### Ninth Additional Defense

9. McKesson provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this Reply and to assert such additional defenses or, if appropriate, delete additional defenses as discovery proceeds.

### PRAYER FOR RELIEF

WHEREFORE, the Counterclaim Defendant prays for judgment against Translogic as follows:

A. That Translogic takes nothing by way of its Counterclaims and the relief sought by Translogic be denied;

B. That the Counterclaims be dismissed with prejudice in their entirety;

C. For judgment in favor of the Counterclaim Defendant on the Counterclaims;

D. For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E. For such further or alternate relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), McKesson hereby demands a jury trial on all triable issues raised in this action.

Dated: July 18, 2006

_____
Neal C. Belgam (#2721)
Dale R. Dubé (2863)
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel.: (302) 425-6472
Fax.: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 383-0100
Fax.: (202) 637-3593

*Attorneys for Plaintiff McKesson Automation, Inc.*

AO 1508215.1
124402.00601/40163511v.1

## CERTIFICATE OF SERVICE

I, Neal C. Belgam, Esquire, do hereby certify that on this 18th day of July, 2006, I caused copies of PLAINTIFF MCKESSON AUTOMATION, INC.'S REPLY TO DEFENDANT TRANSLOGIC CORPORATION'S COUNTERCLAIMS to be served in the manners indicated upon the following:

**VIA ELECTRONIC FILING**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**

Richard LaCava, Esquire
Lawrence C. Drucker, Esquire
Alfred Fabricant, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036

By: _____
Neal C. Belgam (DE # 2721)