IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:06CV00028-KAJ |
| v. | ) ) Demand for Jury Trial |
| TRANSLOGIC CORPORATION a Delaware Corporation, and | ) ) THIRD NOTICE OF ) 30(B)(6) DEPOSITION |
| SWISSLOG ITALIA S.P.A. an Italian Corporation, | ) (To Translogic Corporation Only) ) ) |
| Defendants. | ) ) |

PLEASE TAKE NOTICE that commencing at 9:00 a.m. on September 15, 2006 at the office of Sutherland Asbill and Brennan LLP, Grace Building, 1114 Avenue of the Americas, 40th Floor, New York, New York 10036, or at such other time and place mutually agreed upon by counsel for the parties, Plaintiff McKesson Automation, Inc. ("McKesson") will take the deposition of the witness(es) designated by defendant Translogic Corporation ("Translogic") to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A pursuant to Federal Rule of Civil Procedure 30(b)(6). The person(s) designated by Translogic must be prepared to testify as to such matters known or reasonably available to Translogic.

Counsel for Translogic are requested to provide McKesson's counsel with written notice, at least three (3) business days in advance of the deposition, of the name and employment position of each designee testifying on behalf of Translogic together with a list of the categories that each designee will provide testimony on.

The deposition will be taken upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by stenographic means, sound-and-visual means, or both.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, McKesson further requests that Translogic produce no later than seven (7) days prior to the deposition or at such other time as may be further agreed to by the parties, the documents and things which respond to the requests set forth in attached Schedule B to the extent such documents and things have not already been produced in this litigation by Translogic.

Counsel for Translogic and Swisslog Italia S.p.A. are invited to attend and participate. Dated this 11th day of August, 2006.

        BLANK ROME LLP

        /s/ Neal C. Belgam
        Neal C. Belgam (DE ID No. 2721)
        Dale R. Dubé (DE ID No. 2863)
        1201 North Market Street
        Suite 800
        Wilmington, DE 19801
        (302) 425-6400 Telephone
        (302) 425-6464 Facsimile

        Blair M. Jacobs
        Robert A. Gutkin
        Christina A. Ondrick
        SUTHERLAND ASBILL & BRENNAN LLP
        1275 Pennsylvania Avenue, NW
        Washington, DC 20004
        Tel: (202) 383-0100
        Fax: (202) 637-3593

        *Counsel for Plaintiff*
        *McKesson Automation, Inc.*

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "Swisslog Group" shall mean (a) Translogic, Swisslog, Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies,

(e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of such entities.

4.  "Swisslog Entities" shall mean any of the Swisslog Group entities except for Translogic.

5.  "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

6.  "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

7.  "Third party" or "Third parties" means any person or persons other than McKesson, Translogic or Swisslog.

8.  "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

9.  The term "PillPick" means any of the Swisslog/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial,

PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick is meant to include any combination of products, systems or components that can form a PillPick or a single product, system or component that can be part of a PillPick.

10. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

11. The words "all" and "each" shall be construed as all and each.

12. The use of the singular form of any word includes the plural and vice versa.

13. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

14. When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

15. Unless otherwise specified, the timeframe for each deposition category is from January 1, 2000 to the present.

## SCHEDULE A – CATEGORIES

1. The organization, retention, destruction, filing, indexing and/or subject matter classifications of Translogic's documents and those that can be derived from electronic data compilations for the categories of documents requested in McKesson's First Request for Production of Documents and Things.

2. The maintenance, retention, and organization of Translogic's licensing and enforcement files.

3. The types of computer document storage systems used by Translogic, particularly with regard to the categories of documents requested in McKesson's First Request for Production of Documents and Things.

4. Translogic's practices and policies concerning the retention of documents, particularly with regard to the categories of documents requested in McKesson's First Request for Production of Documents and Things.

5. Translogic's practices and policies with regard to the retention of electronic data, including backup and archive information, particularly with regard to the categories of documents requested in McKesson's First Request for Production of Documents and Things.

6. The efforts made by Translogic to locate, retrieve or restore documents and/or electronic data in order to respond to McKesson's First Request for Production of Documents and Things.

7. Methods of information storage at Translogic, including e-mail, and the type of software used, including home and lap-top computers of Translogic employees.

8. The types of documents and information that Translogic has possession of, custody of or control over from the Swisslog Entities and the means by which Translogic can access such documents and information.

## **SCHEDULE B**

1. All documents that relate to any matter set forth in Schedule A.

2. All documents that the witness(es) may or will rely upon to provide information known or reasonably available to Translogic relating to the matters set forth in Schedule A.

3. All documents that the witness(es) consulted, reviewed, or referred to in preparing to testify.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2006, I caused copies of PLAINTIFF MCKESSON AUTOMATION INC.'S THIRD NOTICE OF 30(b)(6) DEPOSITION (To Translogic Corporation Only) upon the following counsel of record as indicated:

<u>Via E-mail</u>

Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

<u>Via E-mail</u>

Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
1177 Avenue of the Americas
New York, NY 10036

/s/ Neal C. Belgam
Neal C. Belgam (DE I.D. No. 2721)