IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-028 (KAJ) |
| | ) | |
| SWISSLOG HOLDING AG, | ) | |
| SWISSLOG MANAGEMENT AG, | ) | |
| TRANSLOGIC CORPORATION, and | ) | |
| SWISSLOG NORTH AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

WHEREAS, the parties each believes that it will or may be required to disclose to the other trade secrets, technical know-how, or other confidential or proprietary research, development, commercial or financial information (hereinafter "Confidential Information") relating to the subject matter of this litigation;

WHEREAS, the parties contemplate that Confidential Information produced in this action may be produced by a non-party, and the parties seek to facilitate the production and protection of such information;

WHEREAS, the parties expect to institute discovery in connection with this litigation, including interrogatories, requests for production of documents, requests for admissions, and depositions of employees and/or former employees or other persons privy to such Confidential Information, and recognize that Confidential Information will be disclosed in the course of this discovery, and in other proceedings in this litigation; and

WHEREAS, the parties desire to limit the extent of disclosure and use of such Confidential Information, and to protect such Confidential Information from unauthorized use and/or further disclosure, and wish to insure that no advantage is gained by any party by the use of such Confidential Information which could not have been learned had discovery in this action not occurred.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties, through their respective counsel, subject to the approval of the Court, that a Protective Order pursuant to Rule 26(c), of the Federal Rules of Civil Procedure, be entered as follows.

IT IS ORDERED THAT:

<u>APPLICABILITY AND GENERAL REQUIREMENTS</u>

1.      This Protective Order shall apply to, and shall govern, all information, documents, things, discovery responses and testimony designated by the disclosing party, including third parties, in good faith as constituting or containing Confidential Information pursuant to this Protective Order.

2.      The existence of this Protective Order shall not compel the disclosure of any documents, things, responses or testimony which production is non-responsive, non-relevant, or subject to objection on other grounds.

3.      Pursuant to the remaining terms of this Protective Order, disclosing parties shall designate "CONFIDENTIAL INFORMATION" as either "CONFIDENTIAL INFORMATION – LEVEL I" or "CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY" (sometimes referred to as "CONFIDENTIAL INFORMATION – LEVEL II"). Information designated only as CONFIDENTIAL INFORMATION shall be deemed to be "CONFIDENTIAL INFORMATION – LEVEL I" unless specifically designated by the

disclosing party as "CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY".

4.       The term "CONFIDENTIAL INFORMATION" is used hereinafter to mean Confidential Information that has been designated as "CONFIDENTIAL INFORMATION – LEVEL I" or "CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY" pursuant to paragraphs 7 through 10, or paragraphs 11 through 14 hereof, or otherwise used in this Protective Order.

5.       Anyone receiving CONFIDENTIAL INFORMATION hereunder shall not disclose such CONFIDENTIAL INFORMATION to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such CONFIDENTIAL INFORMATION for any purpose whatsoever, commercial or otherwise.  CONFIDENTIAL INFORMATION shall not be used by any receiving person or party except in connection with the conduct of this litigation.   Use by any person of CONFIDENTIAL INFORMATION for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

6.       The recipient of any CONFIDENTIAL INFORMATION that is provided pursuant to this Protective Order shall maintain such CONFIDENTIAL INFORMATION and shall exercise all reasonable standards of due proper care with respect to the storage, custody, use and destruction of such CONFIDENTIAL INFORMATION so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

<u>CONFIDENTIAL INFORMATION – LEVEL I</u>

7.       CONFIDENTIAL INFORMATION – LEVEL I shall apply only to Confidential Information that is of a sensitive business or technical nature, but is not so sensitive as to qualify for CONFIDENTIAL INFORMATION – LEVEL II.  The disclosing party shall designate any

3

document containing CONFIDENTIAL INFORMATION as CONFIDENTIAL INFORMATION – LEVEL I by stamping or marking on each page thereof containing CONFIDENTIAL INFORMATION a notice reading "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER" or its equivalent. When CONFIDENTIAL INFORMATION is disclosed in a form not appropriate for such stamping or marking, it shall be designated in writing as CONFIDENTIAL INFORMATION – LEVEL I at the time it is delivered to the receiving party.

8. Except upon further order of the Court or by express written consent of counsel for the disclosing party, CONFIDENTIAL INFORMATION furnished in this litigation shall be used only for the purposes of this lawsuit and shall not be disclosed by the receiving party to any person or entity other than:

(a) "Trial Counsel" defined as outside counsel in this case, including law firms responsible for assisting a party with the defense and/or prosecution of this litigation and their paralegals, clerks and secretaries.

(b) For each party, up to eight (8) employees, including in-house counsel (but excluding secretaries and paralegals), who are actively engaged in assisting and/or advising Trial Counsel regarding the conduct of this litigation and whose identity and position shall be communicated to the other party at least five (5) business days prior to the disclosure of CONFIDENTIAL INFORMATION to the employee(s). The number of parties with access can be increased if a party provides a good faith showing of need. Unless the disclosing party notifies the receiving party in writing of its objection to the proposed employee within five (5) business days after receipt of the information, such employee shall thereafter be deemed

qualified to receive CONFIDENTIAL INFORMATION provided the employee complies with paragraph 10 hereof;

(i)     If the disclosing party objects to the disclosure of CONFIDENTIAL MATERIAL to the proposed employee, the disclosing party shall notify the receiving party in writing of such objection and the grounds therefore, and if such objection is not resolved on an informal basis, the disclosing party will have fifteen (15) days from receipt of the notice identifying the proposed employee to submit such objection to the Court for a ruling, and the disclosure of CONFIDENTIAL INFORMATION to such employee shall be withheld pending the ruling of the Court.

(c)     For each party, independent experts (and the professional, secretarial and clerical staff of such entities), who are requested by Trial Counsel of the receiving party to furnish expert services in connection with this action, subject to the requirements of paragraph 9 hereof;

(d)     Trial and appellate Courts for this action, court reporters, videographers and necessary support personnel of such court reporters or videographers retained in connection with any hearing or trial of this action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition, subject to the requirements of paragraph 15 hereof (relating to filing of documents under seal);

(e)     Mock jurors and focus group members selected by trial consultants, jury consultants or by Trial Counsel in preparation for trial, provided that no documents or physical things embodying CONFIDENTIAL INFORMATION – LEVEL I of another party shall be left in the possession of any such person;

(f)     Members of an independent data entry or data processing firm assisting in the development or use of data retrieval systems in connection with this action employed or retained by the receiving party or its attorneys, provided such individuals are merely performing clerical or ministerial tasks;

(g)     Independent litigation support services, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services, provided such individuals are merely performing clerical or ministerial tasks; and

(h)     Individuals who authored or prior to the commencement of this litigation received the designated document or material.

9.     (a)     The receiving party shall serve on the disclosing party a written notice containing the name, address and curriculum vitae of any expert proposed to be designated pursuant to paragraph 8(c) or 11(b) hereof, specifically including any past or present affiliation (employment, formal or informal consulting relationship) with any third party engaged in research, development, manufacture, use or sale of automated pharmacy products. Unless the disclosing party notifies the receiving party in writing of its objection to the proposed expert within seven (7) business days after receipt of the information, such expert shall thereafter be deemed qualified to receive CONFIDENTIAL INFORMATION provided that the expert complies with paragraph 10(b) hereof. Any objections by the disclosing party shall be reasonable, well grounded, made in good faith, and not interposed for any purpose other than to protect the disclosing party's CONFIDENTIAL INFORMATION.

(b)     If the disclosing party objects to the disclosure of CONFIDENTIAL INFORMATION to the proposed expert, the disclosing party shall notify the receiving party in writing of such objection and the grounds therefor, and if such objection is not resolved on an

informal basis, the disclosing party will have fifteen (15) days from receipt of the notice identifying the proposed expert to submit such objection to the Court for a ruling, and the disclosure of CONFIDENTIAL INFORMATION to such expert shall be withheld pending the ruling of the Court.

10.    (a)    Each person to whom disclosure of all or part of CONFIDENTIAL INFORMATION is made shall agree to subject himself/herself personally to the jurisdiction of the Court in which this litigation is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

(b)    Prior to the disclosure to any person identified in paragraphs 8(b), 8(c), 8(e), 8(f), 8(g), 11(b), 11(d), 11(e), or 11(f) hereof of CONFIDENTIAL INFORMATION such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGEMENT, Exhibit A, that he/she has read the Protective Order, understands it and agrees to be bound by the terms thereof, including the obligation to protect such CONFIDENTIAL INFORMATION from discovery by unauthorized individuals, including, but not limited to, co-employees and third persons.    Such ACKNOWLEDGEMENT shall be kept by counsel for the party referring the CONFIDENTIAL INFORMATION to each such person.

(c)    In the event that any person or party subject to this Protective Order, violates or threatens to violate any term of this Protective Order, the aggrieved party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.    In any such proceeding, no person subject to the provisions of this Protective Order shall assert as a defense that the aggrieved party possesses an adequate remedy of the law.

<u>CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY</u>

11.    CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY shall apply only to particularly sensitive Confidential Information that contains significant competitive information in the nature of a trade secret, confidential research and development, technical information, or financial information, which would not be disclosed in the ordinary course of business without an obligation of confidentiality and which if otherwise disclosed would harm the competitive position of the designating party or would place the receiving party at a competitive advantage.  If the disclosing party believes in good faith that particular CONFIDENTIAL INFORMATION is CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, and desires it to be protected as such, it shall stamp or mark each page thereof with, or otherwise designated in writing, the notice "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER FOR TRIAL COUNSEL ONLY", "ATTORNEYS EYES ONLY", "CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY" or the equivalent, instead of the notice set forth in paragraph 7.  The term "CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY" is used hereinafter to refer to CONFIDENTIAL INFORMATION that has been so designated pursuant to this paragraph 11 or paragraphs 12 through 14 hereof or otherwise used in this Protective Order.  Except upon further order of the Court or by express written consent of counsel for the disclosing party, disclosure of documents, things and testimony designated CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, and any information contained therein, shall be restricted by the receiving party solely to:

(a)    Trial Counsel, as previously defined in 8(a) including such counsel's paralegals, clerks, and secretaries;

(b)    For each party, independent experts (and the professional, secretarial and clerical staff of such entities), who are requested by Trial Counsel of the receiving party to furnish expert services in connection with this action, subject to the requirements of paragraphs 9 hereof;

(c)    Trial and appellate Courts for this action, and court reporters, videographers and necessary support personnel of such court reporters or videographers retained in connection with any hearing or trial of this action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition, subject to the requirements of paragraph 15 hereof (relating to filing of documents under seal);

(d)    Mock jurors and focus group members selected by trial consultants, jury consultants or by Trial Counsel in preparation for trial; however, no documents or physical things embodying CONFIDENTIAL INFORMATION – LEVEL II TRIAL COUNSEL ONLY of another party shall be left in the possession of any such person;

(e)    Members of an independent data entry or data processing firm assisting in the development or use of data retrieval systems in connection with this action employed or retained by the receiving party or its attorneys, provided such individuals are merely performing clerical or ministerial tasks;

(f)    Independent litigation support services, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services provided such individuals are merely performing clerical or ministerial tasks;

(g)    Individuals who authored or prior to the filing of this litigation received the designated document or material; and

(h)     Prior to the disclosure to any person identified in paragraph 11(b), 11(d), 11(e) and 11(f) of CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, such person shall comply with the requirements of paragraph 10.

SPECIAL PROVISIONS FOR DOCUMENT INSPECTIONS

12.     (a)     When each group of documents and things are first produced by one party only for inspection by the other party, the receiving party shall not make copies of the documents produced, and if notes are made therefrom other than a list identifying documents or things to be copied or otherwise furnished, the notes shall be treated as CONFIDENTIAL INFORMATION LEVEL II – FOR TRIAL COUNSEL ONLY.

(b)     When each group of documents and things are first produced by one party for inspection by the other party, the production for inspection of any information or material by the disclosing party shall not be a waiver of attorney-client privilege or protection for attorney work product for the same or related information or material, and/or any right to designate material under this Protective Order as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY.

(c)     After the receiving party has selected documents or things for copying, and before copies are transmitted to the receiving party, counsel for the disclosing party shall designate and mark the documents and things as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, if and to the extent appropriate.

(d)     Nothing contained in paragraphs 12(a) or 12(b) or 12(c) above shall prevent or restrict a party from directing that all documents made available by the other party for inspection be copied and forwarded to the receiving party without prior inspection in which case

it shall be incumbent upon the producing party to mark all produced documents as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY before delivery of such documents to the receiving party. Once such documents are produced, paragraph 20 applies.

SPECIAL PROVISIONS FOR DEPOSITIONS

13.    Prior to and/or during a deposition, or within ten (10) days after the receipt of the deposition transcript of any person, any party may designate the deposition in part or in its entirety as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, in which case it shall be so considered and treated as within the terms of this Protective Order. The original and all copies of any deposition transcripts designated in their entireties as CONFIDENTIAL INFORMATION – LEVEL I shall be marked by the court reporter or the parties with the notice "CONFIDENTIAL INFORMATION LEVEL I – COVERED BY PROTECTIVE ORDER" or the equivalent and, if only a portion of the transcript is so designated, that portion shall be bound separately from the remainder of the transcript before delivery to the receiving party. The original and all copies of any deposition transcripts designated in their entireties as CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY shall be marked by the court reporter or the parties with the notice "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER – TRIAL COUNSEL ONLY" and, if only a portion of the transcript is so designated, that portion shall be bound separately from the remainder of the transcript before delivery to the receiving party. During the course of the deposition, any party may designate portions of the deposition testimony as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, and such portions of the

testimony shall be taken only in the presence of persons authorized under either paragraph 8 or 11 above, as appropriate.  Until ten (10) days after the receipt of a deposition transcript, unless expressly agreed upon an earlier date, or until the designation of the deposition transcript as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY within the terms of this provision, any transcript of the deposition shall be treated as CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY.

SUBSEQUENT DESIGNATION OF
<u>TESTIMONY, DOCUMENTS AND THINGS</u>

14.    Failure of counsel to designate and/or mark any document, thing or testimony as CONFIDENTIAL INFORMATION – LEVEL I or as CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated.  After such designation, such documents and things shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.  The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

<u>FILING WITH THE COURT</u>

15.    All information which a party designates as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY which is filed with the Court or referred to in documents filed with the Court, including documents, deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and portions of expert testimony referring to CONFIDENTIAL INFORMATION and the like, unless otherwise agreed by the parties or ordered by the Court, shall be filed in accordance with the

rules of the District Judge and the District of Delaware.  To the extent permitted, such documents shall be filed in sealed envelopes bearing the caption of this litigation and containing substantially the following notice: "CONFIDENTIAL BY ORDER OF THE UNITED STATES DISTRICT COURT: FILED PURSUANT TO PROTECTIVE ORDER."  Such pleadings or other filed papers shall be kept under seal by the Clerk of this Court until further order of the Court.

## REMOVAL FROM CONFIDENTIALITY

16.    The restrictions provided for by this Protective Order shall not be construed: (a) to prevent the receiving party or its respective counsel from making use of information which was lawfully in its possession prior to receipt thereof from any disclosing party, (b) to apply to information which was previously publicly known or becomes publicly known through no fault of the receiving party, or (c) shall independently develop without use of CONFIDENTIAL INFORMATION from the disclosing party.

17.    The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY.  In the event of any dispute with respect to the propriety or correctness of a particular designation of information, including testimony and documents, the receiving party must notify counsel for the disclosing party in writing concerning the disagreement over designation by specifically identifying the documents or testimony at issue.  The parties shall then confer in good faith as to the proper status of such information.  If the parties are unable to reach agreement, the party wishing to challenge the designation may file a motion for an appropriate order from the Court.  At any hearing or briefing with respect to the propriety of any designation, the disclosing party shall have the burden of establishing the proper designation of the particular information.  However, the party receiving the information shall

have the burden of establishing the criteria set forth in paragraph 16 herein, if it relies upon that provision to challenge the designation of the information. The information shall be treated as designated until the Court resolved the issue or the parties agree in writing to an amicable resolution which changes the designation. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent challenge to the propriety of such designation.

SPECIAL PROVISION FOR INFORMATION IN WHICH
THIRD PARTIES HAVE A CONFIDENTIALITY INTEREST

18.    (a)    As used herein, "Third Party Information" shall mean any information or documents in the possession, custody or control of a disclosing party in this case, including any employees or agents of the disclosing party, that is responsive to a propounded discovery request and that also is subject to a nondisclosure agreement or similar agreement that specifically restricts the disclosure of confidential information supplied by the third party, such that a disclosing party producing the confidential information or documents in this case may risk violating the terms of the agreement. The definition of "Third Party Information" specifically excludes information or documents that are not subject to any nondisclosure agreement or similar agreement restricting the disclosure or use of confidential information, and any such information or documents shall otherwise be produced in this litigation if properly requested.

(b) The disclosing party shall provide written notice to the receiving party of the existence of any Third Party Information being withheld on the basis of a confidentiality agreement or similar agreement restricting the disclosure or use of confidential information within five (5) business days of becoming aware of any such Third Party Information. That notice shall include the identification of the third party and a representation that written notice has been provided or is being concurrently provided to the third party. Also, within five (5)

business days of becoming aware of any such Third Party Information, the disclosing party shall provide written notice to the third party that Third Party Information is being sought in this litigation and request permission to disclose such information.  The disclosing party agrees to timely inform the receiving party of the third party's response to such request.

<u>GENERAL PROVISIONS</u>

19.    Subject to the provisions herein, if another Court, administrative agency or any other person subpoenas or orders production of CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY that a party has obtained under the terms of this Protective Order, such party shall immediately notify the producing party of the pendency of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the producing party an opportunity to be heard by the Court, administrative agency or other body prior to any disclosure of CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY.

20.    (a)    The inadvertent delivery by the disclosing party of documents, transcripts or any other materials to the receiving party, containing information for which a claim of attorney-client privilege or attorney work product protection might have been made by the disclosing party, shall not be considered a waiver of such privilege or protection and is without prejudice to the right of the disclosing party to claim attorney-client privilege or attorney work product protection for such information and to request that such materials be returned to the disclosing party; provided that the disclosing party makes such a claim and request within thirty (30) days of learning of the inadvertent delivery.  Upon receiving such a claim and request from the disclosing party, the receiving party shall promptly return the attorney-client privileged or

attorney work product protected materials, shall destroy any copies of such materials that have been made and whether still in its possession or not, purge such materials from its electronic databases, if any, and shall not use the inadvertent delivery of such materials as a basis for claiming a waiver.

(b)    In the event of any dispute with respect to whether any particular document, transcript or other material so inadvertently delivered is covered by attorney-client privilege or work product protection, the disclosing party must notify counsel for the receiving party in writing of the nature of the dispute, including specifically identifying the material at issue.  The parties shall then confer in good faith as to whether such material is privileged or work product protected.  If the parties are unable to reach agreement, the receiving party within twenty (20) days after an impasse is reached, may file a motion for an appropriate order from the Court and may keep and make such copies of the material in dispute as necessary so that the receiving party may make such motion.  Any such motion and the material in dispute shall be filed under seal with the Court.  At any hearing or briefing on the issue of whether such material is privileged or work product protected, the disclosing party shall have the burden of establishing whether the material is covered by privilege or work product protection.  In the meantime, the material in dispute shall be treated as privileged or work product protected until the issue is resolved by the Court or the parties agree to a resolution of the dispute in writing which alters the designation of such privilege or work product protection, and while the dispute is pending all copies of the documents at issue (except for the copies necessary to make a motion with the Court for an appropriate order) shall be returned to the disclosing party or destroyed.

21.    Nothing in this Stipulated Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any

information designated as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, provided that the contents of the documents or information shall not be disclosed.

22.    This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL INFORMATION.  The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23.    Within sixty (60) days of the conclusion of all proceedings in this litigation, including any appeals, all information marked CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY furnished pursuant to the terms of this Protective Order, and all copies thereof shall be either returned to the party furnishing such information or destroyed at the option of the disclosing party.  If the disclosing party elects to have the receiving party destroy information marked CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, the receiving party shall, within thirty (30) days of said destruction, certify to the disclosing party in writing that such destruction has been completed.  If the disclosing party requests the return of all documents information marked CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, the disclosing party shall bear the costs for the return of all such information. This Agreed Protective Order shall continue in effect after the final determination of this action. In addition, any other information including tabulations, analyses, studies or compilations derived from CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL

INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, which was prepared by the receiving party using the disclosing party's CONFIDENTIAL INFORMATION shall be destroyed after the final determination of this action.  Notwithstanding the foregoing paragraph, trial counsel may retain any pleadings, filings, attorney-client communications, and work product prepared in connection with this litigation.

24.     This Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Protective Order including, without limitation, orders modifying, extending, limiting or vacating any or all of the provisions herein contained.

25.     This stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided in any of the preceding paragraphs hereof.

26.     This stipulated Protective Order may be executed in counterparts by counsel for the parties, each of which shall be deemed an original, and all such counterparts collectively shall constitute but one and the same stipulated Protective Order.  This stipulated Protective Order may be executed by facsimile, and a facsimile signature shall have the same force and effect as an original signature on this stipulated Protective Order.

BLANK, ROME LLP                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Neal C. Belgam*                          */s/ Julia Heaney*
_____              _____
Neal C. Belgam (I.D. No. 2721)        Julia Heaney (I.D. No. 3052)
Dale R. Dubé (I.D. No. 2863)          1201 N. Market Street
1201 Market Street                         P.O. Box 1347
Suite 800                                       Wilmington, DE 19899
Wilmington, DE  19801                   (302) 658-9200
(302) 425-6472

Blair M. Jacobs                               Alfred R. Fabricant
Robert A. Gutkin                              Lawrence C. Drucker
Christina A. Ondrick                          Richard LaCava
SUTHERLAND ASBILL & BRENNAN LLP               DICKSTEIN SHAPIRO LLP
1275 Pennsylvania Avenue, NW                  1177 Avenue of the Americas
Washington, DC 20004                          New York, NY 10036
(202) 383-0110                                (212) 277-6500

*Attorneys for Plaintiff*                     *Attorneys for Defendants*
*McKesson Automation, Inc.*                   *Translogic Corporation and*
                                              *Swisslog Italia S.p.A.*


      SO ORDERED:


                                       _____
                                       U.S. District Court Judge

Dated: _____

535136

<u>EXHIBIT A</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,        )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     C.A. No. 06-028 (KAJ)
                                  )
SWISSLOG HOLDING AG,              )
SWISSLOG MANAGEMENT AG,           )
TRANSLOGIC CORPORATION, and       )
SWISSLOG NORTH AMERICA,           )
                                  )
            Defendants.           )

<u>ACKNOWLEDGEMENT</u>

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was ordered by the Court in the above-captioned case; that he/she is one of the persons contemplated in paragraph 8 and/or paragraph 11 thereof as being able to be given access to the information designated CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY by one of the parties, that he/she fully understands and agrees to abide by the obligations and conditions thereunder, and that he/she subjects himself/herself personally to the jurisdiction of the United States District Court for the District of Delaware, or any other District Court to which the case may be transferred, for the purpose of proceedings relating to his/her performance under, compliance with, or violation of this Protective Order.

I will only make such copies of or notes concerning document(s) designated as CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY, as applicable, as are necessary to enable me to render the assistance required in connection with the above-captioned case.  In addition, I will

not use CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY material for any purpose other than the prosecution or defense of the existing claims in the above-captioned case, and I will not use CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY material for any business, commercial, competitive, personal, or other purpose.

I will make no disclosures of CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY material to any person who is not permitted to have access to such material by the agreed Protective Order, as applicable.

I will destroy all CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY material received by me within sixty (60) days after the final determination of this action (as defined in the agreed Protective Order), or I will return such CONFIDENTIAL INFORMATION – LEVEL I or CONFIDENTIAL INFORMATION – LEVEL II FOR TRIAL COUNSEL ONLY material within sixty (60) days to the party that produced it.  I understand that a violation of this undertaking is punishable as a contempt of court.

_____
(Signature)

_____
Name:
Title or Position:
Address:

Date: _____