UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWISSLOG ITALIA S.P.A. and TRANSLOGIC CORPORATION, <br><br> Defendants. | CA No. 06-028 (KAJ) |

## STIPULATED AMENDED SCHEDULING ORDER

The parties hereto hereby stipulate and agree, subject to the Court's approval, to amend the Scheduling Order entered in this case on May 16, 2006 [D.I. 38] to read as follows:

IT IS ORDERED that:

1.  <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by May 29, 2006. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

WO 655596.1
124402.00601/40165286v.1

2.  <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 20, 2006.

3.  <u>Discovery.</u>

   a.  <u>Limitation on Hours for Fact Deposition Discovery.</u> Each side is collectively limited to a total of 70 hours of taking testimony by deposition upon oral examination (excluding Rule 30(b)(6) depositions, inventor's depositions, and expert's depositions).

   b.  <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties will meet and confer on a case-by-case basis and will make reasonable efforts to comply with this rule while also being mindful of the schedule of impacted witnesses.

   c.  <u>Disclosure of Asserted Claims, Preliminary Infringement Contentions and Preliminary Invalidity Contentions</u>.

      1)  McKesson will serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions on December 22, 2006.

      2)  Defendants will serve their Preliminary Invalidity Contentions, including a copy of each item of prior art identified therein to the extent any such item does not appear in the file history of the patent(s) at issue, on January 25, 2007.

3)  The last day for either McKesson and/or Defendants to supplement their respective Infringement and Invalidity Contentions is March 16, 2007.

d.  <u>Reliance on Opinion of Counsel.</u>  On or before January 30, 2007, Defendants will (i) notify McKesson if they are relying on an opinion of counsel as part of a defense to a claim of willful infringement and (ii) disclose any such opinion, related documents, and/or privilege log to the extent one exists.

e.  <u>Discovery Cut Off.</u>  Fact discovery in this case shall be initiated so that it will be completed on or before May 15, 2007.  Expert discovery shall be initiated so that it will be completed on or before September 13, 2007 and will include any new factual issues raised by the expert reports.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

f.  <u>Disclosure of Expert Testimony.</u>  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before June 29, 2007, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on August 21, 2007.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g.  <u>Discovery Disputes.</u>  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the

conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(g) above.

Any proposed order should include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference.</u> Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. <u>Interim Status Report.</u> On January 23, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference.</u> On January 30, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue.</u> The parties shall provide the Court by December 15, 2006 at 9:30 a.m., a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each

party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes. The parties agree that an in-person tutorial would be of greatest benefit in this matter.

10. <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 12, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification.</u> On September 7, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction.</u> The parties shall serve the Joint Claim Construction Chart no later than October 12, 2007. Plaintiff and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before October 12, 2007. Responsive briefs regarding issues of claim construction shall be served and

filed on or before October 26, 2007. After submission of the responsive claim construction briefs, amendment or modification of any claim construction position may be made only by order of the Court, which shall be entered only upon a showing of good cause.

13.     Hearing on Claim Construction/Case Dispositive Motions. Beginning at 2:00 p.m. on November 19, 2007, the Court will hear evidence and argument on claim construction and case dispositive motions.

14.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     Pretrial Conference. On March 17, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 15, 2008.

16.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to eight *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon;

each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.   Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.   Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on April 14-25, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

| BLANK ROME LLP | MORRIS, NICHOLS ARSHT & TUNNELL |
|---|---|
| /s/ Dale R. Dubé<br>Dale R. Dubé (I.D. No. 2863)<br>1201 N. Market Street<br>Suite 800<br>Wilmington, DE 19801<br>(302) 425-6400<br>dube@blankrome.com | /s/ Julia Heaney<br>Julia Heaney (I.D. No. 3052)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19801<br>(302) 351-9221<br>jheaney@mnat.com |
| *Counsel for Plaintiff McKesson Automation, Inc.* | *Counsel for Defendants Swisslog Italia S.P.A. et al.* |

WO 655596.1
124402.00601/40165286v.1

SO ORDERED this ____ day of _____, 2006.

_____
Hon. Kent A. Jordan
United States District Court Judge

WO 655596.1
124402.00601/40165286v.1



Phone:   (302) 425-6467
Fax:     (302) 428-5108
Email:   Dube@BlankRome.com

October 26, 2006

**BY CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
Lockbox 10
844 King Street
Wilmington, DE 19801

       Re:   *McKesson Automation, Inc. v. Swisslog Italia S.P.A. et al.*;
             C.A. No. 06-028-KAJ

Your Honor:

       The parties in the above-captioned matter jointly submit a proposed Stipulated Amended Scheduling Order for the Court's consideration. The proposed Amended Scheduling Order resets the date for joining other parties and amending or supplementing the pleadings (¶ 2) from October 26, 2006 to December 20, 2006. It also adds some interim discovery dates agreed to by the parties to ¶ 3 relating to infringement and invalidity contentions, and reliance on opinion of counsel. Although the parties have incorporated the remaining provisions of the Scheduling Order for ease, all other dates set by the Scheduling Order entered on May 16, 2000 [D.I. 38] remain undisturbed.

       Counsel is available, should the Court have any questions.

                                                      Respectfully submitted,

                                                      Dale R. Dube

DRD:pb
Enclosure
cc:    Clerk of Court (by CM/ECF)
       Julia Heaney, Esquire (by CM/ECF and hand delivery)
       Lawrence C. Drucker, Esquire (by CM/ECF and Federal Express)
       Blair M. Jacobs, Esquire
       Christina A. Ondrick. Esquire