IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-028 *** |
| | ) | |
| TRANSLOGIC CORPORATION and SWISSLOG ITALIA S.p.A., | ) ) | Demand for Jury Trial |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF McKESSON AUTOMATION, INC.'S SIXTEENTH
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)
DIRECTED TO DEFENDANT SWISSLOG ITALIA S.p.A.**

PLEASE TAKE NOTICE that commencing at 10:00 a.m. on February 27, 2007 at the office of Sutherland Asbill and Brennan LLP, Grace Building, 1114 Avenue of the Americas, 40th Floor, New York, New York 10036, or at such other time and place mutually agreed upon by counsel for the parties, Plaintiff McKesson Automation, Inc. ("McKesson") will take the deposition of the witness(es) designated by defendant Swisslog Italia S.p.A. ("Swisslog Italia") to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A pursuant to Federal Rule of Civil Procedure 30(b)(6). The person(s) designated by Swisslog Italia must be prepared to testify as to such matters known or reasonably available to Swisslog Italia.

Counsel for Swisslog Italia are requested to provide McKesson's counsel with written notice, at least five (5) business days in advance of the deposition, of the name and employment position of each designee testifying on behalf of Swisslog Italia together with a list of the categories that each designee will provide testimony on.

The deposition will be taken upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by stenographic means, sound-and-visual means, or both.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, McKesson further requests that Swisslog Italia produce no later than seven (7) days prior to the deposition or at such other time as may be further agreed to by the parties, the documents and things which respond to the requests set forth in attached Schedule B to the extent such documents and things have not already been produced in this litigation by Swisslog Italia.

Counsel for Translogic and Swisslog Italia S.p.A. are invited to attend and participate.

Dated this 16th day of January, 2007.

BLANK ROME LLP

*Dale R. Dubé*

Dale R. Dubé (#2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

*Counsel for Plaintiff*
*McKesson Automation, Inc.*

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog Italia" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "Swisslog Group" shall mean (a) Translogic, Swisslog Italia, Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies,

(e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of such entities.

4. "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

5. The term "PillPick System" means any of the Swisslog/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick system is meant to include any combination of products, systems or components that can form a PillPick System.

6. The term "SinglePill Robot" means any robot that is part of the DrugNest that in any manner handles drug packages and includes but is not limited to the robots identified as SinglePill 1, SinglePill 2 or Singlepill robot (see, e.g., S046444 and S057291-92).

7. "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation,

association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

8. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

9. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

10. The words "all" and "each" shall be construed as all and each.

11. The use of the singular form of any word includes the plural and vice versa.

12. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

13. When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

## SCHEDULE A

1. The identity, design, development, testing, structure, function and operation of the software and hardware that controls, communicates with, or transmits information to or from the PillPick System and its components.

2. The manner in which information is input into the PillPick System by the operator.

3. The type of information that is input into the PillPick System by the operator.

4. The manner in which information is received from the PillPick System by the operator.

5. The type of information that is received from the PillPick System by the operator.

6. The manner in which information is received and processed by the PillPick System and all of its components.

7. The type of information that is received and processed by the PillPick System and all of its components.

8. The number of PC's in the PillPick System, the software running on each PC, and the purpose of the software.

9. The manner in which the PillPick System obtains, maintains and provides inventory information.

10. The use of PLC's in the operation of the PillPick System.

11. All graphical user interfaces (GUI) in the PillPick System.

12. The manner in which the PillPick Manager manages and supervises packaging jobs, cart fills, first dose preparation, drug loading, drug unloading, drug package returns, pick jobs, and purging of expired or nonconforming drug packages (see, e.g., S059251).

13. The types of information recorded or stored by the PillPick Manager and the uses of such information.

14. The identity and uses of the drug information recorded and stored in the Drug DataBase of the PillPick Manager (see, e.g., S059251).

15. The types of information the PillPick Manager tracks for patient credits for unused drugs.

16. The identity and function other software and hardware that the PillPick Manager controls or communicates with regardless of whether that hardware or software is part of the PillPick System or part of a hospital's other hardware and software.

17. The structure and design of the PC console and PLC and their function and operation in a pick job, drug package checking cycle, and carton label checking cycle.

18. The function and operation of the PillPick Manager and other hardware or software in the PillPick System when checking the comparability of the drug package picked in the DrugNest with the product identified in the database.

## SCHEDULE B

1. All documents that relate to any matter set forth in Schedule A.

2. All documents that the witness(es) may or will rely upon to provide information known or reasonably available to Swisslog Italia relating to the matters set forth in Schedule A.

3. All documents that the witness(es) consulted, reviewed, or referred to in preparing to testify.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2007, I caused a true and correct copy of the foregoing of PLAINTIFF MCKESSON AUTOMATION INC.'S SIXTEENTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DIRECTED TO DEFENDANT SWISSLOG ITALIA S.p.A. to be served upon the following counsel of record as indicated:

| HAND DELIVERY AND E-MAIL | FIRST CLASS MAIL AND E-MAIL |
|---|---|
| Julia Heaney, Esq.<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Lawrence C. Drucker, Esq.<br>Alfred R. Fabricant, Esq.<br>Richard LaCava, Esq.<br>DICKSTEIN SHAPIRO MORIN &<br>OSHINSKY LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |

_Dale R. Dubé_
Dale R. Dubé