IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRANSLOGIC CORPORATION, a Delaware Corporation, and <br><br> SWISSLOG ITALIA S.P.A., an Italian Corporation, <br><br> Defendants. | Civil Action No. 1:06CV00028-KAJ <br><br> Demand for Jury Trial |

**PLAINTIFF McKESSON AUTOMATION, INC.'S AMENDED FIFTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) <u>DIRECTED TO DEFENDANT TRANSLOGIC CORPORATION</u>**

PLEASE TAKE NOTICE that commencing at 10:00 a.m. on February 26, 2007 the office of Sutherland Asbill and Brennan LLP, Grace Building, 1114 Avenue of the Americas, 40th Floor, New York, New York 10036, or at such other time and place mutually agreed upon by counsel for the parties, Plaintiff McKesson Automation, Inc. ("McKesson") will take the deposition of the witness(es) designated by defendant Translogic Corporation ("Translogic") to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A pursuant to Federal Rule of Civil Procedure 30(b)(6). The person(s) designated by Translogic must be prepared to testify as to such matters known or reasonably available to Translogic.

**This Amended Fifth Notice of Deposition replaces in its entirety the Fifth, Sixth, and Eighth Notices of Deposition served on January 9, 2007, respectively.**

124402.00601/40167164v.1

Counsel for Translogic are requested to provide McKesson's counsel with written notice, at least five (5) business days in advance of the deposition, of the name and employment position of each designee testifying on behalf of Translogic together with a list of the categories that each designee will provide testimony on.

The deposition will be taken upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by stenographic means, sound-and-visual means, or both.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, McKesson further requests that Translogic produce no later than seven (7) days prior to the deposition or at such other time as may be further agreed to by the parties, the documents and things which respond to the requests set forth in attached Schedule B to the extent such documents and things have not already been produced in this litigation by Translogic.

Counsel for Translogic and Swisslog Italia S.p.A. are invited to attend and participate. Dated this 9th day of February, 2007.

_Dale R. Dubé_
Dale R. Dubé (#2863)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

*Counsel for Plaintiff*
*McKesson Automation, Inc.*

## DEFINITIONS AND INSTRUCTIONS

1.  "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2.  "Swisslog" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3.  "Swisslog Group" shall mean (a) Translogic, Swisslog, Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies,

(e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of such entities.

4.  "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

5.  The term "PillPick System" means any of the Swisslog/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick System is meant to include any combination of products, systems or components that can form a PillPick System.

6.  "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

124402.00601/40167164v.1

7. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

8. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

9. The words "all" and "each" shall be construed as all and each.

10. The use of the singular form of any word includes the plural and vice versa.

11. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

12. When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

## SCHEDULE A

1. All facts and circumstances relating to Translogic's "Third Counterclaim (Unfair Competition)" alleged in Translogic's Answer to Plaintiff's Complaint and Counterclaims.

2. The identity and scope of any damages and resulting loss suffered by Translogic as a consequence of McKesson's alleged unfair competition.

3. All facts and circumstances relating to Translogic's assertion that McKesson "brought this suit with the knowledge that the patents-in-suit are invalid, unenforceable or not infringed" as indicated in Translogic's Response to McKesson's Interrogatory No. 14.

4. All facts and circumstances relating to Translogic's "Fourth Counterclaim (Violation of the Antitrust Laws)" alleged in Translogic's Answer to Plaintiff's Complaint and Counterclaims.

5. The identity and scope of any alleged, supposed, or actual damages and resulting loss suffered by Translogic as a consequence of McKesson's alleged unfair competition or alleged violation of the antitrust laws.

6. The identity and scope of any future damages and loss Translogic will suffer as a consequence of McKesson's alleged unfair competition or alleged violation of the antitrust laws.

7. The identity and scope of any alleged, supposed, or actual business that Translogic lost because of McKesson's alleged unfair competition and antitrust violations.

8. All facts and circumstances relating to Translogic's allegation that this lawsuit is objectively baseless.

9. All facts and circumstances relating to Translogic's allegation that McKesson's subjective intent was to interfere with Translogic's business.

10. All facts and circumstances demonstrating the alleged bad faith or malice on the part of McKesson in bringing this lawsuit.

11. All facts and circumstances demonstrating McKesson's alleged specific intent to monopolize the relevant market.

12. All facts and circumstances demonstrating that McKesson allegedly has used this litigation process as an anticompetitive weapon.

13. Identification and description of all business, advertising, and/or marketing strategies and plans created by or on behalf of Swisslog Italia and/or Translogic that refer or relate in any way to the PillPick System.

14. The identity of Swisslog Italia or Translogic's competitors in the market for the PillPick System, including an identification of the products offered by those competitors and the Swisslog Italia or Translogic products with which they compete.

15. Identification and description of any studies or analyses or inquiries done by or on behalf of Swisslog Italia or Translogic that refer to or in any way relate to the actual or potential demand for the PillPick System, including but not limited to any market studies, customer surveys, customer research, and potential customer research concerning any product or feature, whether actually marketed or not, of these products.

16. Any studies, surveys or analysis concerning the actual or potential savings a hospital may realize by using a PillPick System.

17. Your evaluation or perception of the reasons that customers elect to purchase or license the PillPick System instead of competitive products.

18. Your evaluation or perception of the relative importance to customers (or potential customers) of various features and functionality of the PillPick System.

19. Identification of any products or services offered by Swisslog Italia or Translogic that experience increased demand or increased price as a result of Swisslog Italia's or Translogic's sale or license of the PillPick System including a full explanation and description of such products and services, as well as the increased demand or price.

20. Identification of any products or services offered by Swisslog Italia or Translogic that increase the demand for or price of the PillPick System, including a full explanation and description of such products and services, as well as the increased demand or price.

21. Identification of any market factors besides product price, features and functionality that effect the demand for or price of the PillPick System.

22. Any contract, agreement, license arrangement, business relationship or negotiation regarding the sale, lease, marketing or manufacture of the PillPick System.

23. Identification of any person that participated in any contract, agreement, arrangement, business relationship or negotiation relating to the sale, lease, marketing or manufacture of the PillPick System.

24. Sale price, dollar value, profit realized, expenses and costs for the sale or lease of the PillPick System.

25. Your share of the "market for medication and supply management systems for automated drug distribution in hospitals in the United States," as that phrase is used in your Fourth Counterclaim.

26. The identity, rates, and terms of all licenses that you have either granted as a licensor or sublicensor, or obtained as a licensee or sublicensee, relating to the PillPick System.

27. All facts and circumstances relating to any established royalty rate that you claim exists in the industry for the technology embodied in the PillPick System.

124402.00601/40167164v.1

28. Identification of your licensing practices and policies with respect to technology used in pharmacy automation products, or any specific features thereof, including but not limited to royalty rates offered or paid for such technology and the commercial or economic factors underlying or relating to such royalty rates, as well as the terms and structure of any licensing agreements.

29. The purpose, nature, and terms of any license arrangements under which you have paid any royalty or lump sum payment to any other party for the right to use any technology that is used in the pharmacy automation products.

30. The establishment and setting of prices for the PillPick System, including, but not limited to, price changes, pricing policies, discounts and allowances, refunds, and any price reductions.

31. Identification of manufacturing costs, including but not limited to fixed and variable costs, indirect and direct labor, material, factory overhead, and general and administrative expenses associated with the manufacture and sale of the PillPick System.

32. Identification of marketing, advertising, selling, promoting, and research and development costs or expenses (fixed and variable) you incurred, are incurring, or expect to incur as a result of the development, lease, use, offer for sale, or sale of the PillPick System.

33. Identification of the general and administrative costs or expenses (fixed and variable) you incurred, are incurring, or expect to incur as a result of the development, lease, use, offer for sale, or sale of the PillPick System.

34. Revenue, profit margins, gross and net profits, unit and dollar sales volume, and/or losses incurred relating to the sale or lease of the PillPick System.

35. Your accounting system(s), including method(s) of allocating overhead to the PillPick System.

36. Any indemnification, or warranty between or amongst Swisslog Italia, Translogic or third parties covering the PillPick System, including any warranty, agreement, or understanding concerning Swisslog Italia and/or Translogic providing indemnification or warranty to its distributors, customers, or suppliers against any claim for infringement of intellectual property covering the PillPick System.

37. Any sales forecasts, sales predictions, sales estimates, sales projections, sales data, usage forecasts, usage predictions, usage estimates, usage projections, usage data and price quotations relating to the PillPick System.

38. The types and kinds of internal reports and financial statements that you created or maintained on a regular basis and that contain figures as to revenues, number of units sold, or leased, or profits (gross, net, incremental or any other kind) from pharmacy automation products.

39. Identification and description of any valuations, prepared by Swisslog Italia, Translogic or by third parties, relating to any patents or technology developed or acquired by Swisslog Italia or Translogic that relate to pharmacy automation products.

124402.00601/40167164v.1

## **SCHEDULE B**

1. All documents that relate to any matter set forth in Schedule A.

2. All documents that the witness(es) may or will rely upon to provide information known or reasonably available to Translogic relating to the matters set forth in Schedule A.

3. All documents that the witness(es) consulted, reviewed, or referred to in preparing to testify.

124402.00601/40167164v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2007, I caused a true and correct copy of the foregoing of PLAINTIFF MCKESSON AUTOMATION INC.'S AMENDED FIFTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DIRECTED TO DEFENDANT SWISSLOG ITALIA S.P.A. to be served upon the following counsel of record as indicated:

HAND DELIVERY AND E-MAIL

Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

FIRST CLASS MAIL AND E-MAIL

Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

_/s/ Dale R. Dubé_
Dale R. Dubé

124402.00601/40167164v.1