IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRANSLOGIC CORPORATION, a Delaware Corporation, and <br><br> SWISSLOG ITALIA S.P.A., an Italian Corporation, <br><br> Defendants. | Civil Action No. 06-028 (MPT) |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S SEVENTH NOTICE
OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)
DIRECTED TO DEFENDANT SWISSLOG ITALIA S.p.A.**

PLEASE TAKE NOTICE that commencing at 10:00 a.m. on April 17, 2007 at the office of Sutherland Asbill and Brennan LLP, Grace Building, 1114 Avenue of the Americas, 40th Floor, New York, New York 10036, or at such other time and place mutually agreed upon by counsel for the parties, Plaintiff McKesson Automation, Inc. ("McKesson") will take the deposition of the witness(es) designated by defendant Swisslog Italia S.p.A. ("Swisslog Italia") to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A pursuant to Federal Rule of Civil Procedure 30(b)(6). The person(s) designated by Swisslog Italia must be prepared to testify as to such matters known or reasonably available to Swisslog Italia.

Counsel for Swisslog Italia are requested to provide McKesson's counsel with written notice, at least five (5) business days in advance of the deposition, of the name and employment

position of each designee testifying on behalf of Swisslog Italia together with a list of the categories that each designee will provide testimony on.

The deposition will be taken upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by stenographic means, sound-and-visual means, or both.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, McKesson further requests that Swisslog Italia produce no later than seven (7) days prior to the deposition or at such other time as may be further agreed to by the parties, the documents and things which respond to the requests set forth in attached Schedule B to the extent such documents and things have not already been produced in this litigation by Swisslog Italia.

Counsel for Translogic Corporation and Swisslog Italia are invited to attend and participate.

DATED: March 13, 2007

                      BLANK ROME LLP

                      */s/ Dale R. Dubé*
                      Dale R. Dubé (#2863)
                      1201 Market Street, Suite 800
                      Wilmington, DE 19801
                      Tel: (302) 425-6472
                      Fax: (302) 425-6464

                      Blair M. Jacobs
                      Robert A. Gutkin
                      Christina A. Ondrick
                      SUTHERLAND ASBILL & BRENNAN LLP
                      1275 Pennsylvania Avenue, NW
                      Washington, DC 20004
                      Tel: (202) 383-0100
                      Fax: (202) 637-3593

                      *Counsel for Plaintiff McKesson Automation, Inc.*

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog Italia" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "Swisslog Group" shall mean (a) Translogic, Swisslog Italia, Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies,

(e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of such entities.

4.  "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

5.  "Provvisionato & Co." means Provvisionato & Co. including without limitation all of its locations; all of its predecessors, successors, joint-ventures, partnerships, affiliates and assigns; all past or present partners, principals, members, directors, officers, shareholders, attorneys, agents, representatives, employees, consultants, independent contractors, representatives, and subcontractors (including without limitation Andrea Balsamo); and others acting on behalf of Provvisionato & Co.

6.  "Dickstein Shapiro LLP" means Dickstein Shapiro LLP including without limitation all of its locations; all of its predecessors, successors, joint-ventures, partnerships, affiliates and assigns (including without limitation Dickstein Shapiro Morin & Oshinsky LLP); all past or present partners, principals, members, directors, officers, shareholders, attorneys, agents, representatives, employees, consultants, independent contractors, representatives, and subcontractors (including without limitation Alfred Fabricant and Steven Weisburd); and others acting on behalf of Dickstein Shapiro LLP.

7.  "February 13, 2002 Opinion" means the letter regarding the Automated Healthcare Inc. Patent Documents-Analysis of the Risk of Interference with the Modular Pin Store by Swisslog Italia dated February 13, 2002 (including any attachment thereto) and signed

by Andrea Balsamo that Translogic produced at T056868-70 (English version) and T056859-67 (Italian version).

8. "January 17, 2006 Opinion" means the letter regarding the Investigation Concerning Automated Healthcare'[s] Patents US 5,468,110 and US 5,593,267 dated January 17, 2006 and signed by Andrea Balsamo (including any attachment thereto) that Translogic produced at T056855-58.

9. "March 16, 2006 Opinion" means the letter regarding the current status of the suit and risk assessment regarding potential material claims dated March 16, 2006 and signed by Dickstein Shapiro Morin & Oshinsky LLP (including any attachment thereto) that Translogic produced at T056851-54.

10. "February 28, 2007 Opinion" means the Infringement Investigation of U.S. Patent Nos. 5,468,110 and 5,593,267 dated February 28, 2007 and signed by Steven Weisburd (including any attachment thereto) that Translogic produced at T056173-850.

11. "Opinions of Counsel" means, individually and collectively, the February 13, 2002 Opinion, January 17, 2006 Opinion, March 16, 2006 Opinion, and February 28, 2007 Opinion.

12. "Opinions of Provvisionato Counsel" means, individually and collectively, the February 13, 2002 Opinion and January 17, 2006 Opinion.

13. "Opinions of Dickstein Shapiro Counsel" means, individually and collectively, the March 16, 2006 Opinion and February 28, 2007 Opinion.

14. "Automated storage system" means automated storage and retrieval systems, which are automated, robotic systems for sorting, storing, and retrieving items.

15. The term "PillPick System" means any of the Swisslog Italia/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick System is meant to include any combination of products, systems or components that can form a PillPick System.

16. "Patents-in-suit" means any one or more of U.S. Patent Nos. 5,468,110 and 5,593,267.

17. "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

18. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

19. "Communication" means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

20. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

21. The words "all" and "each" shall be construed as all and each.

22. The use of the singular form of any word includes the plural and vice versa.

23. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

24. When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

## SCHEDULE A

1. Any communications between you and any other person (excluding your attorneys and your co-defendant) concerning the patents-in-suit including communications concerning, the validity, alleged invalidity, enforceability, alleged unenforceability, infringement, alleged non-infringement, scope or licensing of any of the patents-in-suit or of any claim thereof.

2. Any attempts or other activities directed at designing around any claim of any of the patents-in-suit by Swisslog Italia or Translogic.

3. Swisslog Italia's and Translogic's knowledge of the patents-in-suit, including when Swisslog Italia and Translogic became aware of the patents-in-suit, how Swisslog Italia and Translogic became aware of the patents-in-suit, who with Swisslog Italia and Translogic became aware of the patents-in-suit, and what factual information concerning the patents-in-suit was conveyed to Translogic and Swisslog Italia.

4. Swisslog Italia's and Translogic's actions and the timing of those actions in response to becoming aware of the patents-in-suit.

5. Swisslog Italia's and Translogic's efforts to determine the state of intellectual property rights relating to the technology used by its PillPick System.

6. Swisslog Italia's and Translogic's efforts to determine the validity, infringement and enforceability of each of the patents-in-suit.

7. The Opinions of Counsel, including all facts and circumstances related to the preparation, content, and conclusions in each of the Opinions of Counsel.

8. The facts and circumstances surrounding any non-infringement, invalidity, or unenforceability opinion obtained by Swisslog Italia or Translogic other than the Opinions of

Counsel that Swisslog Italia or Translogic will rely on at trial as a defense to willful infringement.

9. Swisslog Italia's and Translogic's understanding of the content of, and advice rendered in, each of the Opinions of Counsel.

10. All Swisslog Italia or Translogic communications referring or relating to any of the Opinions of Counsel, including without limitation all internal Swisslog Italia communications, internal Translogic communications, and communications between Swisslog Italia or Translogic and any other person or entity.

11. All communications between Swisslog Italia or Translogic and Provvisionato & Co. referring or relating to the Opinions of Counsel, their preparation, or any subject matter described in any of the Opinions of Counsel.

12. All communications between Swisslog Italia or Translogic and Dickstein Shapiro LLP referring or relating to the Opinions of Counsel, their preparation, or any subject matter described in any of the Opinions of Counsel.

13. All communications between Provvisionato & Co. and Dickstein Shapiro LLP referring or relating to the Opinions of Counsel, their preparation, or any subject matter described in any of the Opinions of Counsel.

14. The opinions formed by Swisslog Italia, Translogic or any of Defendants' in-house counsel resulting from the advice provided in any of the Opinions of Counsel.

15. All documents referring or relating to any of the Opinions of Counsel.

16. All documents referring or relating to the subject matter of any of the Opinions of Counsel.

17. The basis for Swisslog Italia's or Translogic's reliance on any of the Opinions of Counsel if either Defendant intends to rely upon any such Opinions of Counsel as a defense against Plaintiff's willfulness allegations.

18. All facts and circumstances related to Martin Strobel's, Swisslog Holding AG's, Swisslog Management AG's, or any other entity of Swisslog Group's reliance on or communications related to the March 16, 2006 Opinion.

## **SCHEDULE B**

1. All documents that relate to any matter set forth in Schedule A.

2. All documents that the witness(es) may or will rely upon to provide information known or reasonably available to Swisslog Italia relating to the matters set forth in Schedule A.

3. All documents that the witness(es) consulted, reviewed, or referred to in preparing to testify.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2007, I caused a true and correct copy of the foregoing of PLAINTIFF MCKESSON AUTOMATION, INC.'S SEVENTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DIRECTED TO DEFENDANT SWISSLOG ITALIA S.p.A. to be served upon the following counsel of record as indicated:

HAND DELIVERY AND E-MAIL

Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

FIRST CLASS MAIL AND E-MAIL

Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

_____
Dale R. Dubé