IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRANSLOGIC CORPORATION, a Delaware Corporation, and <br><br> SWISSLOG ITALIA S.P.A., an Italian Corporation, <br><br> Defendants. | Civil Action No. 06-028 (MPT) |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S TENTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DIRECTED TO DEFENDANT SWISSLOG ITALIA**

PLEASE TAKE NOTICE that commencing at 10:00 a.m. on April 25, 2007 at the office of Sutherland Asbill and Brennan LLP, Grace Building, 1114 Avenue of the Americas, 40th Floor, New York, New York 10036, or at such other time and place mutually agreed upon by counsel for the parties, Plaintiff McKesson Automation, Inc. ("McKesson") will take the deposition of the witness(es) designated by defendant Swisslog Italia S.p.A. ("Swisslog Italia") to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Schedule A pursuant to Federal Rule of Civil Procedure 30(b)(6). The person(s) designated by Swisslog Italia must be prepared to testify as to such matters known or reasonably available to Swisslog Italia.

Counsel for Swisslog Italia are requested to provide McKesson's counsel with written notice, at least five (5) business days in advance of the deposition, of the name and employment

124402.00601/40167751v.1

position of each designee testifying on behalf of Swisslog Italia together with a list of the categories that each designee will provide testimony on.

The deposition will be taken upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by stenographic means, sound-and-visual means, or both.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, McKesson further requests that Swisslog Italia produce no later than seven (7) days prior to the deposition or at such other time as may be further agreed to by the parties, the documents and things which respond to the requests set forth in attached Schedule B to the extent such documents and things have not already been produced in this litigation by Swisslog Italia.

Counsel for Translogic Corporation and Swisslog Italia are invited to attend and participate.

DATED: March 13, 2007

                        BLANK ROME LLP

                        */s/ Dale R. Dubé*
                        Dale R. Dubé (#2863)
                        1201 Market Street, Suite 800
                        Wilmington, DE 19801
                        Tel: (302) 425-6472
                        Fax: (302) 425-6464

                        Blair M. Jacobs
                        Robert A. Gutkin
                        Christina A. Ondrick
                        SUTHERLAND ASBILL & BRENNAN LLP
                        1275 Pennsylvania Avenue, NW
                        Washington, DC 20004
                        Tel: (202) 383-0100
                        Fax: (202) 637-3593

                        *Counsel for Plaintiff McKesson Automation, Inc.*

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog Italia" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "Swisslog Group Entity" shall mean (a) Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies, (e) each of the present

and former officers, directors, employees, agents, attorneys, or other representatives of such entities. Swisslog Group Entity excludes Translogic and Swisslog Italia.

4.  "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

5.  "Automated storage system" means automated storage and retrieval systems, which are automated, robotic systems for sorting, storing, and retrieving items.

6.  The term "PillPick System" means any of the Swisslog Italia/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick System is meant to include any combination of products, systems or components that can form a PillPick System.

7.  "Patents-in-suit" means any one or more of U.S. Patent Nos. 5,468,110 and 5,593,267.

8. "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

9. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

10. "Communication" means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

11. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

12. The words "all" and "each" shall be construed as all and each.

13. The use of the singular form of any word includes the plural and vice versa.

14. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

15. When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

16. "1994 Sales Representation Agreement" means the Sales Representation Agreement produced, for example, at M0007001-43 and includes all versions thereof.

17. "1994 Distribution Agreement" means the Distribution Agreement produced, for example, at M0007287-91 and M0007295-302 and includes all versions thereof.

18. "CGA" means Nuova CGA Sistemi S.r.l.

19. "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103 and includes any patent, printed publications, prior knowledge, prior use, prior sale or offer for sale, or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

20. These deposition topics exclude settlement of the pending litigation between the parties.

## SCHEDULE A

1. All facts and circumstances relating to any actual or potential business relationship, partnership or collaboration between Translogic, Swisslog Italia or any Swisslog Group Entity and McKesson.

2. All facts and circumstances Defendants' knowledge of the design, structure, function and operation of Automated Healthcare's or McKesson's automated storage systems as a result of any actual or potential business relationship, partnership or collaboration with McKesson.

3. All facts and circumstances Defendants' knowledge of the design, structure, function and operation of Automated Healthcare's or McKesson's automated storage systems as a result of any communications with Defendants' actual or potential customers or any other hospital.

4. All facts and circumstances relating to Defendants sharing of information (amongst themselves or with any other Swisslog Entity) related to McKesson or its automated storage systems, including without limitation, the technical details of McKesson's automated storage systems.

5. All facts and circumstances relating to Defendants' 2002 decision on whether or not to partner with McKesson in the United States.

6. All facts and circumstances relating to Defendants' intention in 2002 (or at any other time) not to compete against McKesson in the United States.

7. All facts and circumstances relating to Defendants' discussion of selling the PillPick business to McKesson.

8. All facts and circumstances relating to the 2002 decision on whether or not to sell the Monodose system as an option to the Robot-Rx.

9. All facts and circumstances relating to Defendants receipt of information relating to McKesson and its automated storage products or other McKesson business information from Karl Beeson or any other former McKesson employee, include without limitation, the identity of the individuals providing and receiving such information, when such information was provided, the details of the information provided, and Defendants use of such information.

10. All facts and circumstances relating to mechanical breakdowns relating to the PillPick System, including without limitation, Defendants' internal analysis and response to such breakdowns, as well as, customer complaints relating to mechanical breakdowns.

11. All facts and circumstances relating to reliability issues relating to the PillPick System, including without limitation, Defendants' internal analysis and response to such reliability issues, as well as, customer complaints relating to reliability issues.

12. All facts and circumstances relating to any McKesson automated storage system that was on sale or offered for sale prior to January 24, 1989.

13. All Prior Art identified by Defendants, by any person working at the request of Defendants or on behalf of Defendants, or by any third party in connection with any analysis or consideration of the claims of the patents-in-suit.

14. All activities related to Prior Art searches conducted for any of the claims of the patents-in-suit.

15. All secondary considerations of nonobviousness that support or negate any contention by Defendants that the claims of the patents-in-suit are invalid as obvious under 35 U.S.C. § 103.

16. All facts, if any, indicating that McKesson's automated storage systems have not been commercially successful.

17. Any long-felt need for the automated storage system disclosed in the patents-in-suit or lack thereof.

18. Presence or absence of acceptable non-infringing substitutes or alternatives to a product covered by the patents-in-suit.

19. Any attempts by others to design or build an automated storage system with the features of the inventions claimed in the patents-in-suit.

20. All facts indicating that others had tried but were able, or unable, to invent any of the inventions claimed in the patents-in-suit.

21. Any statements by anyone other than Plaintiff regarding whether an automated storage system disclosed in the patents-in-suit could be invented or reduced to practice.

22. All facts indicating that any of the inventions claimed in the patents-in-suit were contrary to, or consistent with, accepted wisdom at the time the patents-in-suit were filed.

23. All test, analyses, or research relating to any of the inventions claimed in the patents-in-suit that produced any expected or unexpected results.

24. All facts related to praise of the inventors of the patents-in-suit or praise McKesson generally received for any inventions claimed in the patents-in-suit.

25. The utility and advantages, or any lack thereof, of the inventions claimed in the patents-in-suit over the old modes or devices that had been used for achieving similar results.

26. The level of ordinary skill in the art Defendants contend to be relevant to each claim of the patents-in-suit.

27. All facts indicating that, in the event Swisslog Italia is judged to have infringed the patents-in-suit, McKesson will not be irreparably harmed if an injunction does not issue.

28. All facts indicating that, in the event Swisslog Italia is judged to have infringed the patents-in-suit, monetary damages are sufficient to compensate McKesson.

29. All facts indicating that, in the event Swisslog Italia is judged to have infringed the patents-in-suit, Swisslog Italia's infringement does not warrant an injunction.

30. Defendants' policies and practices regarding enforcing its patents against competitors.

31. All document retention policies in effect at Swisslog Italia at any time.

32. All facts and circumstances relating to the acquisition of CGA.

33. Defendants' or any other Swisslog Group Entity's reasons for acquiring CGA.

34. CGA's reasons for being acquired by Defendants' or any other Swisslog Group Entity.

35. All communications between CGA and Defendants or any other Swisslog Group Entity relating to the acquisition of CGA.

36. The changes to CGA's business plans as a result of CGA's acquisition by Defendants or any other Swisslog Group Entity.

## SCHEDULE B

1. All documents that relate to any matter set forth in Schedule A.

2. All documents that the witness(es) may or will rely upon to provide information known or reasonably available to Swisslog Italia relating to the matters set forth in Schedule A.

3. All documents that the witness(es) consulted, reviewed, or referred to in preparing to testify.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2007, I caused a true and correct copy of the foregoing of PLAINTIFF MCKESSON AUTOMATION, INC.'S TENTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) DIRECTED TO DEFENDANT SWISSLOG ITALIA S.P.A. to be served upon the following counsel of record as indicated:

HAND DELIVERY AND E-MAIL

Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

FIRST CLASS MAIL AND E-MAIL

Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

Dale R. Dubé

124402.00601/40167751v.1