

Phone:   (302) 425-6467
Fax:     (302) 428-5108
Email:   Dube@BlankRome.com

April 23, 2007

**BY CM/ECF and HAND DELIVERY**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   *McKesson Automation, Inc. v. Swisslog Italia S.p.A. et al.*;
            C.A. No. 06-028-MPT

Your Honor:

    On behalf of Plaintiff McKesson Automation, Inc., ("McKesson") we are responding to Defendants Translogic Corporation's and Swisslog Italia S.p.A.'s April 4, 2007 letter requesting that the Court issue an order compelling production of the source code for the APS and Robot Rx products.

    Defendants argue that production of the computer source code is necessary because it is relevant to the question of whether McKesson's APS product constitutes prior art under 35 U.S.C. § 102(b). As part of that argument, Defendants contend that "the source code may be particularly helpful in determining whether the APS embodies claim elements recited in means-plus-function form." McKesson is prepared to stipulate that it does not possess any source code for the APS or Robot Rx systems that is sufficiently old to constitute prior art under § 102(b). The oldest source code in McKesson's possession that it is aware of dates from 1998. Prior to 1998, McKesson saved its source code on local servers. In 1998, McKesson removed all source code from its servers and started storing code on other media. The fact that McKesson only possesses code from 1998 forward is consistent with McKesson's corporate change in the manner and method of code storage. In addition, McKesson is aware of no employee possessing personal copies of any code dating prior to 1998. Thus, Defendants have no need for the source code as potential prior art, because it is not prior art.

    Defendants further argue that source code may somehow be relevant as extrinsic evidence in the claim construction process for means-plus-function elements. This argument also does not warrant compulsion of McKesson's source code. Defendants should be able to



The Honorable Mary Pat Thynge
April 23, 2007
Page 2

determine directly from the claim and specification of the patent what structures are necessary for those elements defined in means-plus-function format and McKesson's source code is unnecessary to perform this analysis. *See, e.g., Asyst Tech., Inc. v. Empak, Inc.*, 268 F.3d 1364, 1371 (Fed. Cir. 2001) (noting that courts look to the patent specification to determine corresponding structure for means-plus-function elements and that the corresponding structure is limited to that which is necessary to perform the recited function). If, as Defendants seem to claim, they believe one or more terms of the '110 and '267 patents that are in means-plus-function format require resort to extrinsic evidence, they should identify those terms, and explain why they believe production of the APS and/or Robot Rx source code will assist in claim construction.

Further, McKesson has previously agreed to identify the terms it believes are covered by 35 U.S.C. § 112, ¶ 6, and the corresponding structure and function from the specification of the patents-in-suit. Seeking McKesson's proprietary code because it "may be helpful" to defendant "if the Court ultimately construes the corresponding structure" in a certain way is exactly the sort of fishing expedition that even the liberal discovery of the Federal Rules does not contemplate.

Defendants also refer to an article in the Pittsburgh Business Times dated June 13, 1988 (attached hereto as Ex. A) to bolster their argument that the APS source code is relevant and necessary to Defendants' discovery. As stated above, as far as McKesson is aware, this version of the APS source code is no longer in existence. Further, even if this software still existed, this article makes clear that the software at issue was a **prototype** that did not yet function for its intended purpose. Thus, such developmental source code cannot constitute prior art under § 102(b). The Pittsburgh Business Times article is thus nothing more than a red herring intended to create the spectre of relevance where none exists.

While Defendants give short shrift to McKesson's concerns about the APS and Robot Rx source code, Federal Rule of Civil Procedure 26(c)(7) explicitly contemplates that, under some circumstances, a "trade secret or other confidential research, development or commercial information" may not be revealed in discovery. Translogic and Swisslog Italia are fierce competitors with McKesson in the automated drug storage system market. McKesson acknowledges that precautions can be taken to minimize the risk that its source code would fall into the hands of Translogic or Swisslog Italia personnel; however, when combined with the lack of relevance detailed above, this is an additional factor in favor of not requiring production of the source code. Further, the production of the APS and Robot Rx source code would impose a large cost and undue burden upon McKesson. Such expense and burden, given the code's lack of relevance, are additional factors weighing against production. However, should the Court



The Honorable Mary Pat Thynge
April 23, 2007
Page 3

decide to grant Defendants' request, there is precedent for requiring Defendants to bear at least some of the cost of production, and we would request that the Court do so. *See, e.g., OpenTV v. Liberate Technologies*, 219 F.R.D. 474 (N.D. Cal. 2003).

Finally, we would like to correct several inaccuracies in Defendants' letter concerning McKesson's compliance with its discovery obligations. Defendants stated that McKesson has "refused to produce source code for the APS" and "has produced few documents dated prior to 1996 and has not produced *any* documents from before 1992 relating to sales of the APS or conception and reduction to practice of the inventions taught and disclosed in the '110 and '267 patents." Translogic and Swisslog Italia's April 4, 2007 letter to Judge Thynge, p. 3 (emphasis in original). This attempt to paint McKesson as unwilling to submit to discovery is a mischaracterization of the facts. As we have repeatedly explained to Defendants' counsel, many of the documents sought by Defendants were generated ten to twenty years ago, and McKesson only possesses a limited number of documents from this time period. In addition, many of the documents sought by Defendants pre-date McKesson's acquisition of Automated Healthcare, Inc., the original assignee of the patents-in-suit. McKesson has diligently searched for and produced (and continues to search for and produce) documents responsive to the Defendants' document requests. Therefore, Defendants' attempts to characterize McKesson as non-compliant are misplaced.

For these reasons, McKesson requests that the Court deny Translogic and Swisslog Italia's request for an order compelling production of the existing source code for all versions of the APS and Robot Rx products.

Respectfully submitted,

*Dale R. Dube*

Dale R. Dube
No. 2863

- and -

Blair M. Jacobs
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004



The Honorable Mary Pat Thynge
April 23, 2007
Page 4


DRD:pb
cc:   Clerk of Court (by CM/ECF)
      Julia Heaney, Esquire (by CM/ECF and hand delivery)
      Lawrence C. Drucker, Esquire (by email and Federal Express - overnight delivery)
      Alfred R. Fabricant, Esquire (by email and Federal Express - overnight delivery)
      Richard LaCava, Esquire (by email and Federal Express - overnight delivery)
      Christina A. Ondrick, Esquire