IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

        Plaintiff,

        v.

SWISSLOG HOLDING AG,
SWISSLOG MANAGEMENT AG,
TRANSLOGIC CORPORATION, and
SWISSLOG NORTH AMERICA,

        Defendants.

C.A. No. 06-028 (***)

## NOTICE OF SERVICE

The undersigned hereby certifies that copies of the following documents were served on the following individuals in the manner indicated on May 7, 2007.

1. *Defendants' Notice of Deposition and Request for Production of Documents Directed to Philip Keys (Tab A);*

2. *Defendants' Notice of Deposition and Request for Production of Documents Directed to Ellen J. Hertz (Tab B);*

3. *Defendants' Notice of Deposition and Request for Production of Documents Directed to James A. Smith (Tab C);*

4. *Defendants' Notice of Deposition and Request for Production of Documents Directed to Gregory Toto (Tab D);*

5. *Defendants' Notice of Deposition Directed to Richard Lunak (Tab E).*

## BY E-MAIL AND FIRST CLASS MAIL

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Julia Heaney (#3052)*
Julia Heaney (#3052)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendants Swisslog Italia, S.p.A. and*
*Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence D. Drucker
Richard LaCava
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

May 7, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 7, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 7, 2007 upon the following individuals in the manner indicated

**BY HAND AND E-MAIL**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

**BY E-MAIL**

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

*/s/ Julia Heaney (#3052)*
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jheaney@mnat.com

TAB A

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | |
| Plaintiff, | CA No. 06-028 (MPT) |
| v. | **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PHILIP KEYS** |
| SWISSLOG ITALIA S.P.A. and TRANSLOGIC CORPORATION, | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants Swisslog Italia, S.p.A. and Translogic Corporation ("Defendants") by its attorneys, will take the deposition upon oral examination of Philip Keys in his individual capacity pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, Pennsylvania,15219-811, beginning on June 22, 2007, at 9:30 a.m. and continuing until completed. The deposition will be given before an officer authorized to administer an oath and will be recorded by stenographic, and/or audiographic, and/or videographic means.

FURTHERMORE, pursuant to Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure, Mr. Keys shall produce and/or make available for inspection and copying at the offices of Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York 10036, the documents set forth in Schedule A attached hereto within fourteen (14) days after service of this hereof.

You are invited to attend and cross-examine.


Dated:   May 7, 2007                                    DICKSTEIN SHAPIRO LLP


                                                        _____
                                                        Alfred R. Fabricant
                                                        Lawrence C. Drucker
                                                        Richard LaCava
                                                        1177 Avenue of the Americas
                                                        New York, New York 10036
                                                        Tel.: (212) 277-6500
                                                        Fax.: (212) 277-6501

                                                        Julie Heaney (#3052)
                                                        MORRIS, NICHOLS, ARSHT & TUNNELL
                                                        1201 N. Market Street
                                                        P.O. Box 1347
                                                        Wilmington, DE 19899
                                                        (302) 658-9200
                                                        jheaney@mnat.com

                                                        Attorneys for Defendants Swisslog Italia,
                                                        S.p.A. and Translogic Corporation

DOCSNY.242369.02

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "AHI" shall mean Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.      "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.      "Plaintiff" or "McKesson" shall mean plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest – including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.      "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto.  Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an automated storage system described, covered by, or related to the Patents-in-suit, including any prototypes.

5.      "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.      "Document," in the plural as well as the singular, shall mean all materials within the scope of the Federal Rules of Civil Procedure and means, without limitation, any written, printed, transcribed, electronic, encoded, punched, recorded, typed, or other graphic matter of

DOCSNY.242369.02

any kind or nature, however produced or reproduced, whether sent, received, prepared, or maintained by you including all drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, pictures, notes, notations, transcripts, letters, envelopes, messages, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, estimates, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, lists, comparisons, e-mail or other electronic notification system, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, adding machine tapes, receipts, canceled checks, manuals, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes or other recordings, punch cards, magnetic tapes, discs, printouts and other data compilations from which information can be obtained, and other documents of any description in your custody, possession, or control. "Document" shall also include any tangible thing or object other than a document, whether or not claimed to be privileged.

7.     If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

4

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents related or referring to AHI, including the formation, organization, and incorporation of AHI -- including certificates of incorporation, employment agreements and/or contracts, assignments, and organizational charts.

**REQUEST NO. 2:**

All documents related to the acquisition of AHI by McKesson.

**REQUEST NO. 3:**

Any documents that relate to attempt(s) to obtain, and the grant of, funding for the development and/or testing of an automated pharmacy storage system.

**REQUEST NO. 4:**

All documents that refer or relate to the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

**REQUEST NO. 5:**

Any documents that refer or relate to the Patents-in-Suit, including but not limited to prior art searches, and documents relating to the prosecution of the applications which issued as the Patents-in-Suit.

DOCSNY.242369.02

**REQUEST NO. 6:**

All documents that refer or relate to any prototype automated pharmacy storage system built by AHI and/or the Inventors, including without limitation, laboratory notebooks, invention disclosures, development records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 7:**

All documents that refer or relate to the disclosure, sale or offer to sell an automated pharmacy storage system, including but not limited to any disclosures to third parties, press releases, and journal or trade articles.

**REQUEST NO. 8:**

Any documents that refer or relate to the disclosure, sale or offer to sell and/or public demonstration of any automated pharmacy storage system, including any prototypes thereof.

DOCSNY.242369.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May, 2007, I caused a true and correct copy

of the foregoing **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR**

**PRODUCTION OF DOCUMENTS DIRECTED TO PHILIP KEYS** to be served upon the

following counsel of record via e-mail and First Class Mail:


Blair M. Jacobs, Esq.
Christina A. Ondrick, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Dale R. Dube, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801


_____
Lawrence Drucker

7

Tab B

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

          Plaintiff,

          v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

          Defendants.

CA No. 06-028 (MPT)

**DEFENDANTS' NOTICE OF
DEPOSITION AND REQUEST FOR
PRODUCTION OF DOCUMENTS
DIRECTED TO ELLEN J. HERTZ**

PLEASE TAKE NOTICE that Defendants Swisslog Italia, S.p.A. and Translogic Corporation ("Defendants") by its attorneys, will take the deposition upon oral examination of Ellen J. Hertz in his individual capacity pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, Pennsylvania,15219-811, beginning on July 13, 2007, at 9:30 a.m. and continuing until completed. The deposition will be given before an officer authorized to administer an oath and will be recorded by stenographic, and/or audiographic, and/or videographic means.

FURTHERMORE, pursuant to Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure, Ms. Hertz shall produce and/or make available for inspection and copying at the offices of Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York 10036, the documents set forth in Schedule A attached hereto within thirty (30) days after the service hereof.

You are invited to attend and cross-examine.


Dated:   May 7, 2007                              DICKSTEIN SHAPIRO LLP


                                                  _____
                                                  Alfred R. Fabricant
                                                  Lawrence C. Drucker
                                                  Richard LaCava
                                                  1177 Avenue of the Americas
                                                  New York, New York 10036
                                                  Tel.: (212) 277-6500
                                                  Fax.: (212) 277-6501


                                                  Julie Heaney (#3052)
                                                  MORRIS, NICHOLS, ARSHT & TUNNELL
                                                  1201 N. Market Street
                                                  P.O. Box 1347
                                                  Wilmington, DE 19899
                                                  (302) 658-9200
                                                  jheaney@mnat.com


                                                  Attorneys for Defendants Swisslog Italia,
                                                  S.p.A. and Translogic Corporation

DOCSNY.242820.02

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "AHI" shall mean Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.      "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.      "Plaintiff" or "McKesson" shall mean plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest – including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.      "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto.  Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an automated storage system described, covered by, or related to the Patents-in-suit, including any prototypes.

5.      "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.      "Document," in the plural as well as the singular, shall mean all materials within the scope of the Federal Rules of Civil Procedure and means, without limitation, any written, printed, transcribed, electronic, encoded, punched, recorded, typed, or other graphic matter of

DOCSNY.242820.02

any kind or nature, however produced or reproduced, whether sent, received, prepared, or maintained by you including all drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, pictures, notes, notations, transcripts, letters, envelopes, messages, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, estimates, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, lists, comparisons, e-mail or other electronic notification system, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, adding machine tapes, receipts, canceled checks, manuals, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes or other recordings, punch cards, magnetic tapes, discs, printouts and other data compilations from which information can be obtained, and other documents of any description in your custody, possession, or control. "Document" shall also include any tangible thing or object other than a document, whether or not claimed to be privileged.

7.     If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

DOCSNY.242820.02

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents related or referring to AHI, including the formation, organization, and incorporation of AHI -- including certificates of incorporation, employment agreements and/or contracts, assignments, and organizational charts.

**REQUEST NO. 2:**

All documents related to the acquisition of AHI by McKesson.

**REQUEST NO. 3:**

Any documents that relate to attempt(s) to obtain, and the grant of, funding for the development and/or testing of an automated pharmacy storage system.

**REQUEST NO. 4:**

All documents that refer or relate to the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

**REQUEST NO. 5:**

Any documents that refer or relate to the Patents-in-Suit, including but not limited to prior art searches, and documents relating to the prosecution of the applications which issued as the Patents-in-Suit.

5

**REQUEST NO. 6:**

All documents that refer or relate to any prototype automated pharmacy storage system built by AHI and/or the Inventors, including without limitation, laboratory notebooks, invention disclosures, development records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 7:**

All documents that refer or relate to the disclosure, sale or offer to sell an automated pharmacy storage system, including but not limited to any disclosures to third parties, press releases, and journal or trade articles.

**REQUEST NO. 8:**

Any documents that refer or relate to the disclosure, sale or offer to sell and/or public demonstration of any automated pharmacy storage system, including any prototypes thereof.

DOCSNY.242820.02

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on this 7th day of May, 2007, I caused a true and correct copy

of the foregoing **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR**

**PRODUCTION OF DOCUMENTS DIRECTED TO ELLEN J. HERTZ** to be served upon

the following counsel of record via e-mail and First Class Mail:


Blair M. Jacobs, Esq.
Christina A. Ondrick, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Dale R. Dube, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801


                                          _____
                                          Lawrence Drucker

DOCSNY.242820.02

TAB C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | |
| Plaintiff, | CA No. 06-028 (MPT) |
| v. | |
| SWISSLOG ITALIA S.P.A. and TRANSLOGIC CORPORATION, | **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO JAMES A. SMITH** |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants Swisslog Italia, S.p.A. and Translogic Corporation ("Defendants") by its attorneys, will take the deposition upon oral examination of James A. Smith in his individual capacity pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, Pennsylvania,15219-811, beginning on July 12, 2007, at 9:30 a.m. and continuing until completed. The deposition will be given before an officer authorized to administer an oath and will be recorded by stenographic, and/or audiographic, and/or videographic means.

FURTHERMORE, pursuant to Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure, Mr. Smith shall produce and/or make available for inspection and copying at the offices of Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York 10036, the documents set forth in Schedule A attached hereto within thirty (30) days after the service hereof.

You are invited to attend and cross-examine.


Dated:   May 7, 2007                    DICKSTEIN SHAPIRO LLP


                                        _____
                                        Alfred R. Fabricant
                                        Lawrence C. Drucker
                                        Richard LaCava
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Tel.: (212) 277-6500
                                        Fax.: (212) 277-6501

                                        Julie Heaney (#3052)
                                        MORRIS, NICHOLS, ARSHT & TUNNELL
                                        1201 N. Market Street
                                        P.O. Box 1347
                                        Wilmington, DE 19899
                                        (302) 658-9200
                                        jheaney@mnat.com

                                        Attorneys for Defendants Swisslog Italia,
                                        S.p.A. and Translogic Corporation

2

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "AHI" shall mean Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.      "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.      "Plaintiff" or "McKesson" shall mean plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest – including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.      "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto.  Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an automated storage system described, covered by, or related to the Patents-in-suit, including any prototypes.

5.      "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.      "Document," in the plural as well as the singular, shall mean all materials within the scope of the Federal Rules of Civil Procedure and means, without limitation, any written, printed, transcribed, electronic, encoded, punched, recorded, typed, or other graphic matter of

3

any kind or nature, however produced or reproduced, whether sent, received, prepared, or maintained by you including all drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, pictures, notes, notations, transcripts, letters, envelopes, messages, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, estimates, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, lists, comparisons, e-mail or other electronic notification system, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, adding machine tapes, receipts, canceled checks, manuals, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes or other recordings, punch cards, magnetic tapes, discs, printouts and other data compilations from which information can be obtained, and other documents of any description in your custody, possession, or control. "Document" shall also include any tangible thing or object other than a document, whether or not claimed to be privileged.

7.      If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

All documents related or referring to AHI, including the formation, organization, and incorporation of AHI -- including certificates of incorporation, employment agreements and/or contracts, assignments, and organizational charts.

### REQUEST NO. 2:

All documents related to the acquisition of AHI by McKesson.

### REQUEST NO. 3:

Any documents that relate to attempt(s) to obtain, and the grant of, funding for the development and/or testing of an automated pharmacy storage system.

### REQUEST NO. 4:

All documents that refer or relate to the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

### REQUEST NO. 5:

Any documents that refer or relate to the Patents-in-Suit, including but not limited to prior art searches, and documents relating to the prosecution of the applications which issued as the Patents-in-Suit.

DOCSNY-242827v01

**REQUEST NO. 6:**

All documents that refer or relate to any prototype automated pharmacy storage system built by AHI and/or the Inventors, including without limitation, laboratory notebooks, invention disclosures, development records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 7:**

All documents that refer or relate to the disclosure, sale or offer to sell an automated pharmacy storage system, including but not limited to any disclosures to third parties, press releases, and journal or trade articles.

**REQUEST NO. 8:**

Any documents that refer or relate to the disclosure, sale or offer to sell and/or public demonstration of any automated pharmacy storage system, including any prototypes thereof.

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2007, I caused a true and correct copy

of the foregoing **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR**

**PRODUCTION OF DOCUMENTS DIRECTED TO JAMES A. SMITH** to be served upon

the following counsel of record via e-mail and First Class Mail:


Blair M. Jacobs, Esq.
Christina A. Ondrick, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Dale R. Dube, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801


Lawrence Drucker

DOCSNY-242827v01

# TAB D

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | |
| Plaintiff, | CA No. 06-028 (MPT) |
| v. | |
| SWISSLOG ITALIA S.P.A. and TRANSLOGIC CORPORATION, | **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO GREGORY TOTO** |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants Swisslog Italia, S.p.A. and Translogic Corporation ("Defendants") by its attorneys, will take the deposition upon oral examination of Gregory Toto in his individual capacity pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, Pennsylvania,15219-811, beginning on July 11, 2007, at 9:30 a.m. and continuing until completed. The deposition will be given before an officer authorized to administer an oath and will be recorded by stenographic, and/or audiographic, and/or videographic means.

FURTHERMORE, pursuant to Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure, Mr. Toto shall produce and/or make available for inspection and copying at the offices of Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York 10036, the documents set forth in Schedule A attached hereto within thirty (30) days after the service hereof.

You are invited to attend and cross-examine.


Dated:   May 7, 2007                              DICKSTEIN SHAPIRO LLP


                                                  _____
                                                  Alfred R. Fabricant
                                                  Lawrence C. Drucker
                                                  Richard LaCava
                                                  1177 Avenue of the Americas
                                                  New York, New York 10036
                                                  Tel.: (212) 277-6500
                                                  Fax.: (212) 277-6501

                                                  Julie Heaney (#3052)
                                                  MORRIS, NICHOLS, ARSHT & TUNNELL
                                                  1201 N. Market Street
                                                  P.O. Box 1347
                                                  Wilmington, DE 19899
                                                  (302) 658-9200
                                                  jheaney@mnat.com

                                                  Attorneys for Defendants Swisslog Italia,
                                                  S.p.A. and Translogic Corporation

2

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "AHI" shall mean Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.      "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.      "Plaintiff" or "McKesson" shall mean plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest – including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.      "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto.  Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an automated storage system described, covered by, or related to the Patents-in-suit, including any prototypes.

5.      "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.      "Document," in the plural as well as the singular, shall mean all materials within the scope of the Federal Rules of Civil Procedure and means, without limitation, any written, printed, transcribed, electronic, encoded, punched, recorded, typed, or other graphic matter of

3

any kind or nature, however produced or reproduced, whether sent, received, prepared, or maintained by you including all drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, pictures, notes, notations, transcripts, letters, envelopes, messages, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, estimates, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, lists, comparisons, e-mail or other electronic notification system, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, adding machine tapes, receipts, canceled checks, manuals, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes or other recordings, punch cards, magnetic tapes, discs, printouts and other data compilations from which information can be obtained, and other documents of any description in your custody, possession, or control.  "Document" shall also include any tangible thing or object other than a document, whether or not claimed to be privileged.

7.	If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

DOCSNY-242828v01

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents related or referring to AHI, including the formation, organization, and incorporation of AHI -- including certificates of incorporation, employment agreements and/or contracts, assignments, and organizational charts.

**REQUEST NO. 2:**

All documents related to the acquisition of AHI by McKesson.

**REQUEST NO. 3:**

Any documents that relate to attempt(s) to obtain, and the grant of, funding for the development and/or testing of an automated pharmacy storage system.

**REQUEST NO. 4:**

All documents that refer or relate to the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

**REQUEST NO. 5:**

Any documents that refer or relate to the Patents-in-Suit, including but not limited to prior art searches, and documents relating to the prosecution of the applications which issued as the Patents-in-Suit.

DOCSNY-242828v01

**REQUEST NO. 6:**

All documents that refer or relate to any prototype automated pharmacy storage system built by AHI and/or the Inventors, including without limitation, laboratory notebooks, invention disclosures, development records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 7:**

All documents that refer or relate to the disclosure, sale or offer to sell an automated pharmacy storage system, including but not limited to any disclosures to third parties, press releases, and journal or trade articles.

**REQUEST NO. 8:**

Any documents that refer or relate to the disclosure, sale or offer to sell and/or public demonstration of any automated pharmacy storage system, including any prototypes thereof.

DOCSNY-242828v01

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2007, I caused a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO GREGORY TOTO** to be served upon the following counsel of record via e-mail and First Class Mail:

Blair M. Jacobs, Esq.
Christina A. Ondrick, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Dale R. Dube, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

_____
Lawrence Drucker

7

TAB E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

MCKESSON AUTOMATION, INC.,

            Plaintiff,

         v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

          Defendants.

CA No. 06-028 (MPT)

**DEFENDANTS' NOTICE OF**
**DEPOSITION DIRECTED TO**
**RICHARD LUNAK**

      PLEASE TAKE NOTICE that Defendants Swisslog Italia, S.p.A. and Translogic Corporation ("Defendants") by its attorneys, will take the deposition upon oral examination of Richard Lunak in his individual capacity pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure.

      The deposition will take place at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, Pennsylvania,15219-2811 beginning on June 20, 2007, at 9:30 a.m. and continuing until completed.

      The deposition will be given before an officer authorized to administer an oath and will be recorded by stenographic, and/or audiographic, and/or videographic means.

      Pursuant to Rule 30(b)(5), and to the extent that they have not already been produced, Defendants request that all documents and things reviewed by Mr. Lunak be produced to Defendants.

You are invited to attend and cross-examine.


Dated:   May 7, 2007                          DICKSTEIN SHAPIRO LLP


                                              Alfred R. Fabricant
                                              Lawrence C. Drucker
                                              Richard LaCava
                                              1177 Avenue of the Americas
                                              New York, New York 10036
                                              Tel.: (212) 277-6500
                                              Fax.: (212) 277-6501

                                              Julie Heaney (#3052)
                                              MORRIS, NICHOLS, ARSHT & TUNNELL
                                              1201 N. Market Street
                                              P.O. Box 1347
                                              Wilmington, DE 19899
                                              (302) 658-9200
                                              jheaney@mnat.com

                                              Attorneys for Defendants Swisslog Italia,
                                              S.p.A. and Translogic Corporation

DOCSNY.242815.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May, 2007, I caused a true and correct copy

of the foregoing **DEFENDANTS' NOTICE OF DEPOSITION DIRECTED TO RICHARD**

**LUNAK** to be served upon the following counsel of record via e-mail and First Class Mail:


Blair M. Jacobs, Esq.
Christina A. Ondrick, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Dale R. Dube, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801


_____
Lawrence Drucker

3