IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSLOGIC CORPORATION and SWISSLOG ITALIA S.p.A., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 06-028-MPT |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S
<u>NOTICE OF SERVICE OF SUBPOENA TO KARL BEESON</u>**

PLEASE TAKE NOTICE THAT on May 17, 2007, the attached subpoena was served by personal service upon Karl E. Beeson, 74 Brinker Drive, Doylestown, PA 18901, with a deposition date of June 12, 2007.

Dated: May 31, 2007.

BLANK ROME LLP

/s/ Dale R. Dubé
_____
Dale R. Dubé (#2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

*Counsel for Plaintiff*
McKesson Automation, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2007, I caused a true and correct copy of the foregoing PLAINTIFF MCKESSON AUTOMATION, INC.'S NOTICE OF SERVICE OF SUBPOENA TO KARL BEESON to be served upon the following counsel of record as indicated:

| HAND DELIVERY AND E-MAIL | FIRST CLASS MAIL AND E-MAIL |
|---|---|
| Julia Heaney, Esquire<br>MORRIS, NICHOLS ARSHT & TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Lawrence C. Drucker, Esquire<br>Alfred R. Fabricant, Esquire<br>Richard LaCava, Esquire<br>DICKSTEIN SHAPIRO LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |

/s/ Dale R. Dubé
Dale R. Dubé

124402.00601/40169137v.1

# TAB 1

Case 1:06-cv-00028-SLR-LPS    Document 126-2    Filed 05/31/2007    Page 1 of 7

◆AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern    DISTRICT OF    Pennsylvania

McKesson Automation, Inc.
V.
Translogic Corporation and Swisslog Italia S.p.A.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-028 (MPT)

TO: Karl E. Beeson
74 Brinker Drive
Doylestown, PA 18901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hamburg Rubin Mullin Maxwell & Lupin - ACTS Center-Blue Bell 375 Lansdale, PA 19446 | 6/12/2007 1:00 pm |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
in the Attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Karen Albright - Hamburg Rubin Mullin Maxwell & Lupin - ACTS Center-Blue Bell 375 Lansdale, PA 19446 | 6/6/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Christina Ondrick  Attorney for Plaintiff | 5/15/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christina Ondrick
Sutherland Asbill & Brennan LLP - 1275 Pennsylvania Ave., NW, Washington, DC 20004   202.383.0100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | May 17, 2007 @ 8:28 pm | 74 Brinker Dr. Doylestown PA 18901 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Karl E. Beeson | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Walt Thomas | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   May 18, 2007
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER   Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog Italia" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

4. "Automated storage system" means automated storage and retrieval systems, which are automated, robotic systems for sorting, storing, and retrieving items.

WO 726970.1

5. "McKesson's Automated Storage Systems" means any Automated Storage System made, used, sold or offered for sale by McKesson, including but not limited to the APS I, APS II, RobotRX 3000.

6. The term "PillPick System" means any of the Swisslog Italia/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick System is meant to include any combination of products, systems or components that can form a PillPick System.

7. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

8. "Communication" means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email or any other document; the transmittal of information by any

means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

9. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

10. The words "all" and "each" shall be construed as all and each.

11. The use of the singular form of any word includes the plural and vice versa.

12. As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

WO 726970.1

## **SCHEDULE A**

1. All documents relating to the PillPick system.

2. All documents relating to McKesson's automated storage systems.

3. All documents relating to communications with Swisslog Italia employees about McKesson's Automated Storage Systems.

4. All documents relating to communications with Translogic employees concerning McKesson's Automated Storage Systems.

5. All documents relating to any modifications, improvements, or changes made by you to any PillPick system.

6. All documents relating to any comparisons between the PillPick system and McKesson's Automated Storage Systems.

WO 726970.1