IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.,          )<br>                                                           )<br>              Plaintiff,                             )<br>                                                           )<br>       v.                                              )   C.A. No. 06-028 (***)<br>                                                           )<br>SWISSLOG ITALIA S.P.A. and        )<br>TRANSLOGIC CORPORATION    )<br>                                                           )<br>              Defendants.                       ) | |

### DEFENDANTS' NOTICE OF ISSUANCE
### OF SUBPOENA TO MCKESSON CORPORATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Translogic Corporation and Swisslog Italia S.p.A ("Defendants") will issue the attached subpoena to McKesson Corporation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Swisslog Italia, S.p.A. and*
   *Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277.6500

July 9, 2007
932308

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 9, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 9, 2007 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire | Blair M. Jacobs, Esquire |
| Blank Rome LLP | Sutherland Asbill & Brennan LLP |
| Chase Manhattan Centre | 1275 Pennsylvania Avenue, NW |
| 1201 Market Street, Suite 800 | Washington, DC  20004 |
| Wilmington, DE  19801 | |

*/s/ Julia Heaney*

Julia Heaney (#3052)
jheaney@mnat.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKESSON AUTOMATION, INC.<br><br>V.<br><br>TRANSLOGIC CORPORATION and<br>SWISSLOG ITALIA S.P.A. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  06-028(***)<br><br>District of Delaware |

TO:   McKesson Corporation
      McKesson Plaza
      One Post Street
      San Francisco, CA 94104

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE<br>Esquire Deposition Services, 505 Sansome Street, Fifth Floor<br>San Francisco, CA 94111 | DATE AND TIME<br>8/12/2007 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Richard LaCava* — Attorney for Defendants | 7/9/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richard LaCava, Esq. Dickstein Shapiro LLP, 1177 Aveue of the Americas, New York, NY 10036 (212) 277-6500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "AHI" means Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.      "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.      "Plaintiff" means plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest, including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.      "McKesson Corp." means McKesson Corporation and any of its affiliates, successors-in-interest, predecessors-in-interest, including Automated Healthcare Inc., subsidiaries, including McKesson Automation, Inc., divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

5.      "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.      "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto. Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an

automated storage system described, covered by, or related to the Patents-in-Suit, including any prototypes.

7.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations referred to in the Federal Rules of Civil procedure as "electronically stored information." A draft or non-identical copy is a separate document within the meaning of this term.

8.     If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

9.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10.    The terms "all" and "each" shall be construed as "all and each."

11.    "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    "Including" shall be construed as "including but not limited to."

13.    The use of the singular form of any word includes the plural and vice versa.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All documents concerning the formation, organization, and incorporation of AHI, including certificates of incorporation, employment agreements, assignments, and organizational charts.

**REQUEST NO. 2:**

All documents concerning the acquisition of AHI by McKesson Corp., including all documents provided to and/or reviewed by McKesson Corp. in connection with its acquisition of AHI.

**REQUEST NO. 3:**

All documents concerning the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system by AHI and/or the Inventors, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

**REQUEST NO. 4:**

All documents concerning the Patents-in-Suit and the prosecution of the applications which issued as the Patents-in-Suit, including prior art searches.

**REQUEST NO. 5:**

All documents concerning any prototype automated pharmacy storage system built by AHI and/or the Inventors, including laboratory notebooks, invention disclosures, development

records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 6:**

All documents concerning the disclosure, sale, or offer to sell of an automated pharmacy storage system by AHI, including any disclosures to third parties, press releases, and journals or trade articles.

**REQUEST NO. 7:**

All documents concerning the ownership of any interest in the Patents-in-Suit or the applications which issued as the Patents-in-Suit.

**REQUEST NO. 8:**

All documents concerning any funding for automated pharmacy storage systems sought or obtained by AHI or Plaintiff, including applications for funding submitted to, and grants of funding made by, the Ben Franklin Institute and/or Innovation Works, from 1987 through the present.