IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-028 (***) |
| ) | |
| SWISSLOG ITALIA S.P.A. and ) | |
| TRANSLOGIC CORPORATION ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF SUBPOENA

TO: Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

PLEASE TAKE NOTICE that the subpoena directed to Sean C. McDonald attached as

Exhibit 1 is being served.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendants Swisslog Italia, S.p.A. and Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277.6500

August 3, 2007

1095590

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 3, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Dale R. Dubé, Esquire
>Blank Rome LLP

and that true and correct copies were caused to be served upon the following individuals in the manner indicated:

| BY HAND AND E-MAIL | BY E-MAIL |
|---|---|
| Dale R. Dubé, Esquire<br>Blank Rome LLP<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Blair M. Jacobs, Esquire<br>Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Avenue, NW<br>Washington, DC 20004 |

/s/ Julia Heaney
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jheaney@mnat.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | PENNSYLVANIA |

McKesson Automation, Inc.

V.

Translogic Corporation and Swisslog Italia S.p.A.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-028 (***)
(District of Delaware)

TO: Sean C. McDonald
c/o Blair M. Jacobs
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219 | DATE AND TIME  August 30-31, 2007 at 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached "Schedule A."

| PLACE  Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219 | DATE AND TIME  August 30, 2007 at 9:30am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Attorney for Defendants | DATE  August 3, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lawrence C. Drucker, Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York  10036
(212) 277-6500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Provided by CourtAlert                                                                                           www.CourtAlert.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF SERVER

                                                                         _____
                                                                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.  "AHI" shall mean Automated Healthcare Inc., and any of its affiliates, successors-in-interest, including plaintiff McKesson Automation, Inc., predecessors-in-interest, subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

2.  "Automated pharmacy storage system" means any system, apparatus, or device, or any part thereof, for automating or assisting in dispensing or storing medication, including robotic systems that assist pharmacists in the process of dispensing medication.

3.  "Plaintiff" or "McKesson" shall mean plaintiff McKesson Automation, Inc., and any of its affiliates, successors-in-interest, predecessors-in-interest – including Automated Healthcare Inc., subsidiaries, divisions, past or present officers, directors, employees, agents, assigns, representatives, and any other person acting for it or on its behalf.

4.  "Inventor" or "Inventors" shall mean, individually or collectively, Sean C. McDonald, Ellen J. Hertz, James A. Smith, and Gregory Toto. Inventor shall also mean, where applicable, any individual that participated in the conception or reduction to practice of an automated storage system described, covered by, or related to the Patents-in-suit, including any prototypes.

5.  "Patents-in-Suit" shall mean U.S. Patent No. 5,468,110 and U.S. Patent No. 5,593,267.

6.  "Document," in the plural as well as the singular, shall mean all materials within the scope of the Federal Rules of Civil Procedure and means, without limitation, any written, printed, transcribed, electronic, encoded, punched, recorded, typed, or other graphic matter of

any kind or nature, however produced or reproduced, whether sent, received, prepared, or maintained by you including all drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, pictures, notes, notations, transcripts, letters, envelopes, messages, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, estimates, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, lists, comparisons, e-mail or other electronic notification system, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, adding machine tapes, receipts, canceled checks, manuals, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes or other recordings, punch cards, magnetic tapes, discs, printouts and other data compilations from which information can be obtained, and other documents of any description in your custody, possession, or control. "Document" shall also include any tangible thing or object other than a document, whether or not claimed to be privileged.

7.  If any document or thing identified herein has been destroyed, or alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

All documents related or referring to AHI, including the formation, organization, and incorporation of AHI -- including certificates of incorporation, employment agreements and/or contracts, assignments, and organizational charts.

### REQUEST NO. 2:

All documents related to the acquisition of AHI by McKesson.

### REQUEST NO. 3:

Any documents that relate to attempt(s) to obtain, and the grant of, funding for the development and/or testing of an automated pharmacy storage system.

### REQUEST NO. 4:

All documents that refer or relate to the conception, design, development, reduction to practice, testing, structure, manufacture, operation, or steps of any automated pharmacy storage system, including without limitation pictures, schematics, invention disclosures, development records, notes, minutes, memoranda, testing records, engineering drawings, product specifications, process specifications, performance specifications, manufacturing specifications, manuals, program design documents, flowcharts, and computer code listings.

### REQUEST NO. 5:

Any documents that refer or relate to the Patents-in-Suit, including but not limited to prior art searches, and documents relating to the prosecution of the applications which issued as the Patents-in-Suit.

**REQUEST NO. 6:**

All documents that refer or relate to any prototype automated pharmacy storage system built by AHI and/or the Inventors, including without limitation, laboratory notebooks, invention disclosures, development records, notes, minutes, schematics, diagrams, memoranda, testing records, flowcharts, photographs, and computer code listings.

**REQUEST NO. 7:**

All documents that refer or relate to the disclosure, sale or offer to sell an automated pharmacy storage system, including but not limited to any disclosures to third parties, press releases, and journal or trade articles.

**REQUEST NO. 8:**

Any documents that refer or relate to the disclosure, sale or offer to sell and/or public demonstration of any automated pharmacy storage system, including any prototypes thereof.