IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-028 (***) |
| | ) | |
| SWISSLOG ITALIA S.P.A. and | ) | PUBLIC VERSION |
| TRANSLOGIC CORPORATION, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND
TRANSLOGIC CORPORATION'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION FOR LEAVE
TO AMEND THEIR ANSWERS AND COUNTERCLAIMS**

<div style="margin-left:40%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Swisslog Italia, S.p.A. and
   Translogic Corporation*

</div>

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500

ORIGINAL VERSION FILED: October 1, 2007
PUBLIC VERSION FILED: October 9, 2007

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ...................................................................1

SUMMARY OF ARGUMENT ....................................................................................1

STATEMENT OF FACTS ..........................................................................................4

ARGUMENT ............................................................................................................7

I.    APPLICABLE LAW ...............................................................................8

II.   FACTS RECENTLY DISCOVERED BY DEFENDANTS
      PROVIDE SUPPORT FOR THE AMENDED
      COUNTERCLAIMS AND AFFIRMATIVE DEFENSE .......................8

      A.    Defendants' Anti-trust Counterclaims .....................................8

      B.    Defendants' Affirmative Defense Of Lack Of
            Standing To Sue.....................................................................11

III.  THERE IS "GOOD CAUSE" FOR GRANTING
      DEFENDANTS' MOTION FOR LEAVE TO AMEND
      THEIR PLEADINGS.............................................................................11

IV.   PLAINTIFF WOULD SUFFER NO PREJUDICE IF
      DEFENDANTS' MOTION FOR LEAVE TO AMEND IS
      GRANTED .........................................................................................12

CONCLUSION...........................................................................................................13

## TABLE OF AUTHORITIES

CASES

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (Del. 2002)............................................................................6

*Alvin,*
    227 F.3d at 121 (3rd Cir. 2000) ...........................................................................6

*Beloit Culligan Soft Water Service, Inc. v. Culligan, Inc.*,
    274 F.2d 29 (7th Cir. 1959) .................................................................................8

*CenterForce Technologies, Inc. v. Austin Logistics Inc.*,
    2000 WL 652943 (D. Del. 2000)..........................................................................6

*Continental Ins. Co. v. Pipher,*
    934 F. Supp. 639 (D. Del. 1996).........................................................................6

*Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc.*,
    961 F. Supp. 676 (D. Del. 1997).........................................................................6

*Enzo Life Sciences, Inc. v. Digene Corp.*,
    270 F. Supp. 2d 484 (D. Del. 2003)....................................................................7

*Foman v. Davis,*
    371 U.S. 178 (1962) ............................................................................................6

*Forro Precision, Inc. v. Int'l Business Machs. Corp.*,
    673 F.2d 1045 (9th Cir. 1980) ............................................................................7

*Johnson v. University Health Servs.*,
    161 F.3d 1334 (11th Cir. 1998). 15 U.S. ............................................................7

*Property Development, Inc. v. TCI Cablevision.*,
    248 F.3d 1333 (Fed. Cir. 2001). .......................................................................11

*Reynolds v. Borough of Avalon,*
    799 F. Supp. 442 (D.N.J. 1992) .........................................................................6

*Twin City Sportservice, Inc. v. Charles O. Finley & Co.*,
    512 F.2d 1264 (9th Cir. 1975) ............................................................................8

*U.S. v. Grinnell Corp.*,
    384 U.S. 563 (1966)............................................................................................7

*United States for the Use and Benefit of B & R, Inc. v. Donald Lane Constr.*,
    19 F. Supp.2d 217 (D. Del. 1998) ......................................................................6

**STATUTES AND OTHER AUTHORITIES**

6 Del. C. § 2103 ...................................................................................................1, 9, 10

15 U.S.C. § 1 .........................................................................................................1, 9, 10

15 U.S.C. § 2 ............................................................................................................1, 9

15 U.S.C. § 14 .......................................................................................................1, 9, 10

35 U.S.C. § 154(a)(1) .................................................................................................11

Fed. R. Civ. P. 15(a) ..................................................................................................1, 8

Fed. R. Civ. P. 16(b) ..................................................................................................1, 8

## NATURE AND STAGE OF PROCEEDING

Pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (collectively "Defendants") seek leave to amend their Answers and Counterclaims to add anti-trust violations under §§ 1, 2 of the Sherman Act (as codified at 15 U.S.C. §§ 1, 2), § 3 of the Clayton Act (as codified at 15 U.S.C. § 14), and 6 Del. C. § 2103 based on Plaintiff's anti-competitive behavior. Defendants also seek to add an affirmative defense of Plaintiff's lack of standing to sue, which is based on Plaintiff's apparent lack of ownership of U.S. Patent No. 5,468,110 ("the '110 patent") and U.S. Patent No. 5,593,267 ("the '267 patent") (collectively "the patents-in-suit") or any assignment or license that would give Plaintiff the right to sue and enforce these patents. Defendants' Proposed First Amended Answers and Counterclaims to McKesson's First Amended Complaint are attached as Exhibits A and B to the accompanying Declaration of Bryan N. DeMatteo ("DeMatteo Decl."). Pursuant to Local Rule 15.1, attached as DeMatteo Decl. Exhs. C and D are red-lined versions of the Amended Answers and Counterclaims indicating how the new pleadings differ from the originals.[1]

## SUMMARY OF ARGUMENT

Leave to amend should be granted in this case. All of the facts supporting the new counterclaims were brought to Defendants' attention *after* the December 20, 2006 deadline to amend the pleadings had passed, and the significance of these facts was not fully appreciated by Defendants until after the very recent depositions of certain key employees of Plaintiff

---

[1] Defendants also seek to add to Swisslog's proposed First Amended Answer and Counterclaims sham litigation and unfair competition counterclaims that already appear in Translogic's Original Answer. McKesson is already defending against these claims and, thus, no additional discovery beyond that already planned will be required. McKesson, therefore, will suffer no prejudice or undue delay from this correction.

McKesson Automation, Inc. ("McKesson").[2] Further, McKesson will suffer little or no prejudice if Defendants' motion is granted, since most if not all of these facts have long been known to McKesson. Defendants also do not anticipate any delay or deviation from the deadlines set forth in the Third Amended Scheduling Order and the Fourth Amended Scheduling Order recently entered by the Court. Defendants do not intend to retake the depositions of any McKesson employees already deposed in support of the new counterclaims, nor do they believe at this time that any additional discovery will be required beyond that already planned. Regardless, as a replacement Judge has yet to be assigned, any additional discovery (which Defendants do not believe will be required) would not affect any critical deadlines, such as those for claim construction and trial.

In contrast, Defendants would be prejudiced greatly if leave to amend were not granted in this case. McKesson is part of a multi-billion dollar conglomerate and admittedly owns between 95% and 100% of the market for hospital pharmacy automation systems, such as those that are at issue in this case. The facts uncovered during the recent depositions of James Longo (McKesson's Product Marketing Manager), Eugene Zwolinski (McKesson's Vice President of Marketing), and Sean McDonald (a named inventor of the patents-in-suit and McKesson's former President) evidence a systematic marketing and sales campaign designed to prevent Defendants, relative new-comers to the U.S. market, from gaining a foothold in this market by creating in the words of Mr. Longo,

REDACTED

---

[2]    The Third Amended Scheduling Order set a deadline of December 20, 2006 for the parties to seek leave to amend the pleadings. McKesson refused to agree to Defendants' request to extend the deadline to October 1, 2007 in the Fourth Amended Scheduling Order.

REDACTED

McKesson's illegal and anti-competitive activities have caused and continue to cause Defendants, as well as the market for hospital pharmacy automation systems, great economic harm.  These activities have not only crippled Defendants' ability to compete meaningfully with McKesson in the United States, but have also created artificial barriers to entry that have effectively eliminated competition altogether and, in so doing, threaten to keep prices for hospital pharmacy automation systems artificially high.  Moreover, it has now become apparent that McKesson does not even own the patents-in-suit, nor does it have an assignment or license that would give it the right to enforce these patents. Defendants therefore seek to assert against McKesson claims for anti-trust violations and an affirmative defense of lack of standing to sue.

## STATEMENT OF FACTS

This action concerns centralized robotic systems for automating the dispensing of medications in and from hospital pharmacies ("hospital pharmacy automation systems"). McKesson markets and distributes its systems to hospitals throughout the United States from its main facilities in Cranberry Township, Pennsylvania. [DeMatteo Decl. Exh. E at 8].

On January 13, 2006, McKesson filed its complaint against Defendants alleging that sales of Defendants' system in the United States infringed the patents-in-suit. Defendants filed their Answers and Counterclaims on March 15, 2006. [DeMatteo Decl. ¶2].[3]

In May, 2007, Defendants took the deposition of McKesson's Product Marketing Manager, James Longo. [DeMatteo Decl. ¶3]. Facts uncovered for the first time at Mr. Longo's deposition evidenced a systematic marketing and sales campaign implemented by McKesson to prevent Defendants from competing with McKesson in the United States market – a market that, according to Mr. Longo, is dominated almost entirely by McKesson. [DeMatteo Decl. Exh. E at 75, 144-145].[4]

REDACTED

---

[3]    A First Amended Complaint was filed on July 3, 2006 to name proper parties, and Defendants answered this complaint on July 5, 2006. [DeMatteo Decl. ¶2].

[4]                              REDACTED

5.

REDACTED

REDACTED

Moreover, all of the documents produced by McKesson in this case – including those that evidence McKesson's anti-competitive activities -- were produced *after* the December 20, 2006 deadline for amending pleadings set forth in the Fourth Amended Scheduling Order. [DeMatteo Decl. ¶5]. Many of the most critical documents evidencing McKesson's anti-competitive activities were produced only a few months ago, some of which (such as DeMatteo Decl. Exhs. H, I) as recently as August 17, 2007. [DeMatteo Decl. ¶5]. McKesson also recently produced within the past month approximately 250,000 additional pages of documents – about half of McKesson's total production volume to date. [DeMatteo Decl. ¶5]. A preliminary review of these documents has uncovered even more evidence of McKesson's illegal anti-competitive activities and its efforts to prevent Defendants from entering the U.S. market for hospital pharmacy automation systems.

These recently produced documents also evidence that McKesson does not have standing to sue in the present case. The patents-in-suit were originally assigned to Automated Healthcare Inc. ("AHI"), which was acquired by McKesson in 1996. McKesson, however,

produced virtually no information regarding acquisition of AHI or ownership of the patents-in-suit in response to Defendants' initial document requests.  It was not until April, 2007 that McKesson produced documents

REDACTED

Opposing counsel has also failed to respond to the numerous requests by Defendants to identify and produce the reassignment. [DeMatteo Decl. ¶9].[6]

ARGUMENT

---

[5]    The document assigned all rights to patent application No. 07/469,217 and "any *continuation*, division, renewal, or substitute thereof." [DeMatteo Decl. Exh. S at M0143293] (emphasis added). The patents-in-suit are continuation applications of patent application No. 07/469,217.

[6]    Defendants' counsel first asked opposing counsel for the reassignment on August 22, 2007 during the deposition of Philip Keys. [DeMatteo Decl. Exh. Q at 258-259]. Defendants again requested the reassignment in a September 4, 2007 letter and yet again in a September 26, 2007 e-mail. [DeMatteo Decl. Exhs. T, U].

## I.    APPLICABLE LAW

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also CenterForce Technologies, Inc. v. Austin Logistics Inc.*, 2000 WL 652943, *3 (D. Del. 2000); *United States for the Use and Benefit of B & R, Inc. v. Donald Lane Constr.*, 19 F. Supp.2d 217, 221 (D. Del. 1998); *Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc.*, 961 F. Supp. 676, 686 (D. Del. 1997); *Continental Ins. Co. v. Pipher*, 934 F. Supp. 639, 641 (D. Del. 1996). Indeed, the Third Circuit has held that absent a clear reason such as delay, bad faith, or prejudice it would be an abuse of discretion for a court to *deny* leave to amend. *Alvin*, 227 F.3d at 121 (3rd Cir. 2000). "This holding is consistent with the policy of seeking, where possible, to resolve disputes comprehensively and on the merits." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (Del. 2002).

Additionally, Fed. R. Civ. P. 16(b) provides that a scheduling order may be modified for good cause. "Good cause" includes discovering important evidence after the time allotted to amend the pleadings. *Reynolds v. Borough of Avalon, 799 F. Supp. 442, 450 (D.N.J. 1992)* (finding good cause for granting leave to amend a pleading where an important deposition took place after the deadline for amendment). It is also considered prudent to confirm a claim through discovery, and there is "good cause" to amend a pleading when one has sought to do so. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489-90 (D. Del. 2003).

## II.    FACTS RECENTLY DISCOVERED BY DEFENDANTS PROVIDE SUPPORT FOR THE AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSE

### A.    Defendants' Anti-trust Counterclaims

15 U.S.C. § 2 prohibits any person or entity from monopolizing, attempting to monopolize, or combining or conspiring with any other person to monopolize any part of the trade of commerce among the several States or with foreign nations. To establish a violation under 15 U.S.C. § 2, a litigant must establish (1) possession of monopoly power in the relevant market, (2) willful acquisition or maintenance of that power, and (3) causal antitrust injury that results from interference with the freedom to compete. *U.S. v. Grinnell Corp.*, 384 U.S. 563 (1966); *see also Forro Precision, Inc. v. Int'l Business Machs. Corp.*, 673 F.2d 1045 (9th Cir. 1980); *Johnson v. university Health Servs.*, 161 F.3d 1334, 1338 (11th Cir. 1998). 15 U.S.C. §§ 1, 14 are more narrow and apply specifically to anti-competitive contracts. 15 U.S.C. § 1 provides that "[e]very contract . . . in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal."[7]  15 U.S.C. § 14 is slightly more narrow, and applies to prevent contracts containing a "condition, agreement or understanding that the lessee or purchaser . . . shall not use or deal in the goods, wares, merchandise, machinery, supplies or other commodities of a competitor." An exclusive dealing contract will violate both 15 U.S.C. §§ 1, 14 if it acts to unreasonably restrain competition in a substantial share of the market. *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264 (9th Cir. 1975); *see also Beloit Culligan Soft Water Service, Inc. v. Culligan, Inc.*, 274 F.2d 29 (7th Cir. 1959).

Facts uncovered in documents produced by McKesson after the December 20, 2006 deadline to amend pleadings and at the recent deposition of Mr. Longo provide sufficient evidence to support an allegation that McKesson is not only a monopoly power, but that it owns virtually the *entire* market for hospital pharmacy automation systems.     REDACTED

---

[7]     6 Del. C. § 2103 is similar to 15 U.S.C. § 1 and provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce of this State shall be unlawful."

10.

REDACTED

REDACTED

B.   Defendants' Affirmative Defense Of Lack Of Standing To
     Sue

To have standing to sue in a patent infringement case, the plaintiff must own or otherwise hold rights in the patent, such as license rights, that permit it to enforce the patent in a court of law. *See, e.g., Property Development, Inc. v. TCI Cablevision*, 248 F.3d 1333, 1345 (Fed. Cir. 2001); *see also* 35 U.S.C. § 154(a)(1).

REDACTED

III.   THERE IS "GOOD CAUSE" FOR GRANTING DEFENDANTS'
       MOTION FOR LEAVE TO AMEND THEIR PLEADINGS

All of the facts supporting Defendants new counterclaims and affirmative defense were discovered after the time allotted by the Scheduling Order for amending pleadings (*i.e.*, December 20, 2006). Many of the documents evidencing McKesson's anti-competitive activities and lack of standing were produced only within the past few months, and some of the most critical documents were produced as recently as four weeks ago. The significance of these

documents was not fully appreciated by Defendants until after they had the opportunity recently to depose Messrs. Longo, Zwolinski, Keys and McDonald – the *only* McKesson witnesses to date who have provided testimony on the meaning of these documents and how they relate to McKesson's anti-competitive activities and ownership of the patents-in-suit. After the last of these depositions was completed on August 30, 2007, Defendants understood the full implications of McKesson's activities and how they supported Defendants' new counterclaims and affirmative defense. [DeMatteo Decl. ¶6]. Immediately thereafter, Defendants researched and confirmed the merits of their claims and informed opposing counsel of their intent to amend the pleadings. [DeMatteo Decl. ¶7; Exh. N]. In a September 6, 2007 letter, opposing counsel refused to consent to Defendants' proposed amendments. [DeMatteo Decl. ¶7; Exh. O]. Only then did Defendants make the instant motion.

IV.     PLAINTIFF WOULD SUFFER NO PREJUDICE IF DEFENDANTS' MOTION FOR LEAVE TO AMEND IS GRANTED

Virtually all of the facts supporting Defendants' new counterclaims and affirmative defense are based on McKesson's own documents, as well as statements of McKesson's present and former employees, such as those made by Messrs. Longo, Zwolinski, Keys and McDonald. Since these facts are already known to McKesson, there would be little or no need for McKesson to take discovery relating to Defendants' new counterclaims and affirmative defense.

Furthermore, Defendants do not anticipate any undue delay or deviation from the deadlines set forth in the Fourth Amended Scheduling Order. Defendants do not intend to retake any depositions or seek depositions of additional McKesson or non-party witnesses beyond those already planned.

13.

Even if Defendants' new counterclaims and affirmative defense would require additional discovery, McKesson would suffer little or no prejudice. A replacement Judge has yet to be assigned to this case and, as such, a reasonable extension of discovery relating to Defendants' new counterclaims would not affect any critical deadlines, such as those for claim construction and trial.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant leave for Defendants to file their First Amended Answers and Counterclaims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
    *Attorneys for Defendants Swisslog Italia, S.p.A. and*
    *Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500

October 1, 2007

1250573

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 9, 2007 I electronically filed the

foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing

to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were

caused to be served on October 9, 2007 upon the following individuals in the manner indicated

**BY E-MAIL**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004


*/s/ Julia Heaney (#3052)*

_____
Julia Heaney (#3052)
jheaney@mnat.com