IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,                  )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )   C.A. No. 06-028 (***)
                                            )
SWISSLOG ITALIA S.P.A. and                  )
TRANSLOGIC CORPORATION,                     )   PUBLIC VERSION
            Defendants.                     )
                                            )

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND
TRANSLOGIC CORPORATION'S OPENING BRIEF IN
<u>SUPPORT OF THEIR RULE 12(b)(1) MOTION TO DISMISS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia, S.p.A. and
  Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500

ORIGINAL VERSION FILED: October 3, 2007
PUBLIC VERSION FILED: October 12, 2007
CORRECTED PUBLIC VERSION RE-FILED: January 30, 2008

i.

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ............................................................................ 1

SUMMARY OF ARGUMENT ............................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

      I.     MCKESSON LACKS STANDING TO SUE FOR
            PATENT INFRINGEMENT ............................................................................ 3

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

### CASES

*Barber v. Miller*,
   146 F.3d 707 (9th Cir. 1998).................................................................................. 4

*Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*,
   357 F.3d 1266 (Fed. Cir. 2004)............................................................................. 4

*Independent Wireless Tel. Co. v. Radio Corp. of Am.*,
   269 U.S. 459 (1926)............................................................................................... 4

*Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*,
   248 F.3d 1333 (Fed. Cir. 2001)............................................................................. 4

*IpVenture, Inc. v. Prostar Comp., Inc.*,
   2007 U.S. App. LEXIS 22893 (Fed. Cir. Sept. 28, 2007) .................................... 4

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed. Cir. 1995) (en banc)............................................................... 4

*Sicom Sys., Ltd. v. Agilent Tech., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005)............................................................................... 4

### STATUTES AND OTHER AUTHORITIES

28 U.S.C. § 1338(a).......................................................................................................... 4

35 U.S.C. § 154(a)(1) ...................................................................................................... 4

Fed. R. Civ. P. 11 ........................................................................................................ 1, 4

Rule 12(b)(1)................................................................................................................ 1, 5

## NATURE AND STAGE OF PROCEEDING

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (collectively "Defendants") submit this opening brief in support of their motion to dismiss plaintiff McKesson Automation Inc.'s ("McKesson") Complaint, which alleges infringement of U.S. Patent No. 5,468,110 ("the '110 patent") and U.S. Patent No. 5,593,267 ("the '267 patent") (collectively "the patents-in-suit") on the grounds that McKesson lacks standing to sue.

## SUMMARY OF ARGUMENT

Discovery has revealed that McKesson owns no rights in the patents-in-suit. These patents were originally owned by Automated Healthcare Inc. ("AHI"), which was acquired by McKesson in 1996.

REDACTED

McKesson's apparent failure to establish the basic fact of ownership of the '110 and '267 patents before commencing this action is inexcusable and punishable under Fed. R. Civ. P. 11.  To permit McKesson to maintain its baseless accusations of patent infringement would not only waste the resources of this Court, but would force Defendants to needlessly

expend substantial time and money in further defense of this action. McKesson has no standing

to sue and its patent infringement claims should, therefore, be dismissed.

<u>STATEMENT OF FACTS</u>

On January 13, 2006, McKesson filed its Complaint against Defendants alleging

that United States sales of Defendants' hospital pharmacy dispensing system infringed the

patents-in-suit.  [DeMatteo Decl. ¶2]. The rights to these patents were originally owned by AHI,

which was acquired by McKesson in 1996.

REDACTED

---

[1]     PSF and Mr. Heilman were also members of AHI's Board of Directors.

[2]     **REDACTED**

REDACTED

After 450,000+ pages of document production, the depositions of McKesson's 30(b)(6) witnesses regarding ownership of the patents, and numerous requests that McKesson identify proof that AHI had all rights in the patents-in-suit at the time this case was filed, there is still no evidence on record that McKesson owns any rights to the patents-in-suit. For the reasons set forth more fully below, McKesson does not have standing to sue Defendants for patent infringement and, as such, the Complaint should be dismissed.

<u>ARGUMENT</u>

I.     MCKESSON LACKS STANDING TO SUE FOR PATENT INFRINGEMENT

It is axiomatic that, to have standing to sue in a patent infringement case, the plaintiff must own or otherwise hold rights in the patent that permit it to enforce the patent in a

---

[3]     Defendants' 30(b)(6) topic 74 seeks testimony regarding the "acquisition of the patents-in-suit" and topic 80 seeks testimony regarding "ownership of . . . the patent-in-suit." [DeMatteo Decl. Exh. H]. Mr. Spano was designated as McKesson's representative to provide testimony regarding both of these topics. [DeMatteo Decl. Exh. I].

[4]     Defendants' counsel first asked opposing counsel for the reassignment on August 22, 2007 during the deposition of Philip Keys. [DeMatteo Decl. Exh. C at 258-259]. Defendants again requested the reassignment in a September 4, 2007 letter and yet again in a September 26, 2007 e-mail. [DeMatteo Decl. Exhs. D, E]. In a September 26, 2007 e-mail, opposing counsel promised a response by September 28, 2007. [DeMatteo Decl. Exh. F]. As of the date of this motion, no response has been provided.

court of law. *See, e.g., Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001); 35 U.S.C. § 154(a)(1). "Only the entity or entities that own or control all substantial rights in a patent can enforce rights controlled by that patent, lest an accused infringer be subjected to multiple suits and duplicate liability." *IpVenture, Inc. v. Prostar Comp., Inc.*, 2007 U.S. App. LEXIS 22893, at *2 (Fed. Cir. Sept. 28, 2007); *see also Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc).Standing must be present at the time suit is brought, and the party bringing the action bears the burden of establishing that it has standing. *Sicom Sys., Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). If a litigant does not have standing to sue, the case must be dismissed under 28 U.S.C. § 1338(a) for lack of subject matter jurisdiction. *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004). Rule 11 sanctions may also be recoverable because infringement allegations made by a litigant lacking standing are not "warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law." *See, e.g., Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); Fed. R. Civ. P. 11(b)(2).


REDACTED



Since McKesson cannot establish that it obtained any rights in the patents-in-suit, it cannot establish that it has standing to sue Defendants. McKesson's claims of patent infringement are baseless

and have forced Defendants to expend significant amounts of time and money in defense of these claims.  McKesson's Complaint for patent infringement should, therefore, be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Rule 12(b)(1) Motion To Dismiss in all respects.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*
_____

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

October 3, 2007

1253296

Julia Heaney (#3052)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia, S.p.A. and
  Translogic Corporation*

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on October 12, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 12, 2007 upon the following individuals in the manner indicated

**<u>BY E-MAIL</u>**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE  19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Julia Heaney (#3052)*

_____

Julia Heaney (#3052)
jheaney@mnat.com