

**Sutherland**
**Asbill &**
**Brennan** LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

**Blair M. Jacobs**
DIRECT LINE: 202.383.0773
Internet: blair.jacobs@sablaw.com

October 17, 2007

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *McKesson Automation v. Swisslog Italia S.p.A. et al.*
            Civil Action No.: 06-028 (MPT)

Dear Magistrate Judge Thynge:

    On October 3, 2007 Defendants filed a Motion to Dismiss based on its claim that McKesson lacks ownership of the technology that is at the heart of this litigation, and thus lacks standing. (Dckt. Nos. 165, 166) McKesson's response is currently due on October 18, 2007. McKesson requests a short extension for time to respond because certain facts require additional investigation, particularly through deposition or witness affidavits from third parties.

    Counsel for McKesson contacted Defendants' counsel and requested agreement to a short extension. Defendants would not agree to the extension unless McKesson refrained from conducting discovery that was necessary to respond to the motion. For example, Defendants' counsel indicated that they were agreeable to the requested extension if McKesson would agree not to gather declarations or to conduct depositions of third party witnesses during the period of extension. Of course, the reason McKesson requested the extension was to gather such evidence, so Defendants' unfair restrictions were unacceptable.

    Defendants themselves just recently served notices for five (5) depositions directly relating to issues before the Court in the pending motion. Defendants noticed those depositions to occur on November 5, 2007, well after McKesson's opposition deadline. It is difficult to understand how Defendants expect the motion to be fairly decided with such depositions pending. Clearly it would be more efficient to gather such facts before asking the Court to decide the issues on the merits.

The Honorable Mary Pat Thynge
October 17, 2007
Page 2

Motions for extensions of time to respond to pleadings and other motions are generally governed by Federal Rule of Civil Procedure 6(b). Rule 6(b), in relevant part, states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . .

Fed. R. Civ. P. 6(b).

As the Supreme Court has explained, a motion or request for extension made before the expiration of a deadline requires a showing of cause. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990). Courts applying the "for cause shown" standard under Rule 6(b)(1) have held that "an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citing 4 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed. 1986)).

The determination of whether there is "cause shown" thus requires a two part analysis: the absence of bad faith by the movant and the absence of prejudice to the party opposing an extension. As noted above, courts have liberally applied this analysis. Moreover, the need for additional discovery to respond to a motion is well accepted as satisfying the "cause shown" requirement. For example, in *Caudell v. Rose*, 378 F. Supp. 2d 725, 728-9 (W.D. Va. 2005), the district court held that the movant's "stated reason, to permit a brief thirty day delay to obtain additional affidavits and formulate their response to plaintiff's complaint, constitutes adequate cause to justify the granting of an extension."

There is no bad faith here. Instead, McKesson seeks additional time merely to fully develop the record necessary to correctly identify and establish ownership interests in a series of patent assignments that took place fifteen to sixteen years ago.

Additionally, there will be no prejudice to the Defendants' in granting this Motion for an Extension of Time. Perhaps most importantly, this issue cannot be resolved until a District Court Judge is appointed to this case. There has been no indication that the appointment of a Judge is imminent. As such, a minor delay cannot prejudice Defendants. On the other hand, if McKesson is denied the extension and is unable to participate in necessary depositions or to otherwise develop the record surrounding these assignments, this will result in extreme prejudice. It is thus imperative that Plaintiffs be afforded this small extension to thoroughly investigate the facts.

The Honorable Mary Pat Thynge
October 17, 2007
Page 3

      It should also be noted that the discovery period has not expired. It is therefore arguable that Defendants motion is untimely, and the Court should determine that it be treated as a motion under Fed. R. Civ. P.. 56(f). This would undeniably result in additional discovery. The issue of whether Defendants Motion to Dismiss should be treated as filed, under Fed. R. Civ. P.12(b)(1), or Fed. R. Civ. P.P. 56(f) will be fully briefed in Plaintiff's Opposition.

      In view of the foregoing, McKesson respectfully requests an Extension of Time in which to file its Opposition to Defendants' Motion to Dismiss through and including November 9, 2007. In the alternative, Plaintiff requests an extension of time the Court deems appropriate. Plaintiff has attached a proposed Order to this effect for the Court's convenience.

      Sincerely,

      Blair M. Jacobs

cc:    Clerk of Court (by CM/ECF)
       Julia Heaney, Esquire (by CM/ECF and hand delivery)
       Lawrence C. Drucker, Esquire (by email and Federal Express)
       Alfred R. Fabricant, Esquire (by email and Federal Express)
       Richard LaCava, Esquire (by email and Federal Express)
       Bryan N. DeMatteo, Esquire (by email and Federal Express)
       Robert A. Gutkin, Esquire
       Christina A. Ondrick, Esquire
       Christopher L. May, Esquire
       Katherine R. Lahnstein, Esquire

SO ORDERED this _____ day of _____, 2007

      _____
      Hon. Mary Pat Thynge

WO 810568.1