

Sutherland
■ Asbill & ■
Brennan LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

**Blair M. Jacobs**
DIRECT LINE: 202.383.0773
Internet: blair.jacobs@sablaw.com

October 23, 2007

<u>**VIA CM/ECF AND HAND DELIVERY**</u>

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

   Re:  *McKesson Automation v. Swisslog Italia S.p.A. et al.*
       Civil Action No.: 06-028 (MPT)

Dear Magistrate Judge Thynge:

   We write on behalf of Plaintiff McKesson Corp. to briefly respond to the numerous statements of factual inaccuracy raised in Defendants' letter to your Honor dated October 23, 2007. The letter continues a pattern of obstreperous behavior on the part Defendants' counsel and attempts to obscure the fact that Defendants are attempting to prevent McKesson from gathering the evidence that will show that their motion to dismiss is completely lacking in merit.

   Defendants argument that a written assignment was necessary to ownership was first brought to McKesson's attention about six weeks ago during a deposition. McKesson indicated at that point that it would look into to the issue further. Subsequently, McKesson has unearthed and produced evidence demonstrating that the assignment at issue served solely as a conditional security interest as collateral for loans obtained from PSF and Stephen Heilman. Those loans were repaid in full and the security interest extinguished. McKesson has provided documents to Defendants that establish this point precisely and requested that the motion to dismiss be withdrawn.

   "It is a fundamental commercial principle that satisfaction of an underlying debt extinguishes the corresponding security interest." *In re D & K Aviation, Inc.*, 349 B.R. 169, 175 (Bankr. S.D. Ohio 2006) (citing to Article 9 of Ohio Commercial Code). *See also Applied Companies v. United States*, 144 F.3d 1470, 1477 (Fed. Cir. 1998). As such, the "assignment" establishing the conditional security interest did not have to be reassigned prior to McKesson's acquisition of AHI in 1996. McKesson acquired all rights in 1996 and has standing to sue.

The Honorable Mary Pat Thynge
October 23, 2007
Page 2

McKesson has informed Defendants that the assignment was extinguished and that no "re-assignment" was necessary but Defendants refuse to acknowledge the obvious. Rather than casting around specious allegations of Rule 11 violations and trying to impede discovery, Defendants should withdraw their baseless motion to preserve judicial resources and to eliminate the need for additional discovery.

In any event, McKesson has noticed the depositions and served subpoenas for the deposition of Mr. Heilman and Mr. Demmler, both active participants in the loan process. Defendants fail to mention that they noticed the same depositions, clearly to gather the same type of evidence that McKesson now seeks, but withdrew their requests for the depositions after receiving the documents from McKesson showing that the loans were repaid in full. McKesson anticipates that these gentlemen will confirm that the assignment at issue was intended as security for the bridge loan and that the bridge loan was repaid in full. These depositions have been noticed to occur on October 29 and should take place in early November, at the latest. Such facts are necessary to the disposition of this motion and Defendants' canceling of these depositions and attempt to block the gathering of these facts by McKesson merely shows that they want to keep this evidence from being presented to the Court. This Court should not countenance Defendants' clear attempt to obstruct justice, particularly because it was Defendants' very Rule 12(b)(1) motion that first created the need for the outstanding discovery.

Finally, McKesson prefers that this substantive issue be decided by the Judge appointed to preside over this case. Defendants cannot have it both ways, either the case must be appointed to a presiding judge for all purposes (by the Chief Judge) or the motion should wait for appointment of the new judge for ultimate resolution. The issues in this motion are inextricably intertwined with other issues in the case and it makes eminent sense to have the presiding judge resolve all dispositive motions.

Sincerely,

Blair M. Jacobs

cc:    Clerk of Court (by CM/ECF)
       Julia Heaney, Esquire (by CM/ECF and hand delivery)
       Lawrence C. Drucker, Esquire (by email and Federal Express)
       Alfred R. Fabricant, Esquire (by email and Federal Express)
       Richard LaCava, Esquire (by email and Federal Express)
       Bryan N. DeMatteo, Esquire (by email and Federal Express)
       Robert A. Gutkin, Esquire
       Christina A. Ondrick, Esquire
       Christopher L. May, Esquire
       Katherine R. Lahnstein, Esquire