UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. Action No. 1:06CV00028-MPT |
| v. | ) ) ) | |
| TRANSLOGIC CORPORATION a Delaware Corporation, and | ) ) ) ) | |
| SWISSLOG ITALIA S.P.A. an Italian Corporation, | ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF CHRISTOPHER L. MAY

I, CHRISTOPHER L. MAY, hereby declare, affirm and state the following:

1.      I am an attorney with the firm of Sutherland Asbill & Brennan, LLP located in Washington, D.C., and am a member of the bars of New York and the District of Columbia.

2.      I submit this declaration in support of Plaintiff McKesson Automation Inc.'s Opposition To Defendants' Revised Motion For Leave To Amend Their Answers and Counterclaims.

3.      The facts set forth below are known to me personally and I have first-hand knowledge of them.

4.      Attached hereto as Ex. A is a true and correct copy of the October 26, 2006 First Amended Scheduling Order entered in this case.

5.      Attached hereto as Ex. B is a true and correct copy of a December 22, 2006 letter from Christina Ondrick to Richard LaCava.

6.    Attached hereto as Ex. C is a true and correct copy of a January 2, 2007 letter from Christina Ondrick to Richard LaCava.

7.    Attached hereto as Ex. D is a true and correct copy of a January 10, 2007 letter from Mary Viguie to Richard LaCava.

8.    Attached hereto as Ex. E is a true and correct copy of a January 26, 2007 letter from Christina Ondrick to Richard LaCava.

9.    Attached hereto as Ex. F is a true and correct copy of the February 1, 2007 Second Amended Scheduling Order entered in this case.

10.    Attached hereto as Ex. G is a true and correct copy of selected portions of the transcript of the May 10, 2007 deposition of James Longo.

11.    Attached hereto as Ex. H is a true and correct copy of the July 3, 2007 Third Amended Scheduling Order entered in this case.

12.    Attached hereto as Ex. I is a true and correct copy of Bates Nos. M0004604-0004607.

13.    Attached hereto as Ex. J is a true and correct copy of Bates Nos. M0004665-0004666.

14.    Attached hereto as Ex. K is a true and correct copy of *Keene v. Sears Roebuck & Co., Inc.*, 2007 WL 77324 (D.N.J. Jan. 8, 2007).

15.    Attached hereto as Ex. L are true and correct copies of selected portions of the transcripts of the August 21, 2007 deposition of Eugene Zwolinski and the May 10, 2007 deposition of James Longo.

16.    Attached hereto as Ex. M is a true and correct copy of Plaintiff McKesson Automation Inc.'s Initial Disclosure Statement.

WO 813527.1

17.     Attached hereto as Ex. N is a true and correct copy of selected portions of the

August 30, 2007 deposition of Sean McDonald.

18.     Attached hereto as Ex. O is a true and correct copy of *McLaughlin v. Diamond*

*State Port Corp.*, 2004 WL 2958664 (D. Del. Dec. 21, 2004).

19.     Attached hereto as Ex. P is a true and correct copy of an April 5, 2007 letter from

Katherine Lahnstein to Richard LaCava.

20.     Attached hereto as Ex. Q is a true and correct copy of an April 27, 2007 letter

from Shane Walter to Richard LaCava.


        I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

October 25, 2007

Christopher L. May

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, I served by hand delivery and electronic

filing DECLARATION OF CHRISTOPHER L. MAY, using CM/ECF which will send

notification of such filing to the following:

> Julia Heaney, Esquire
> MORRIS, NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I also certify that, on this 25th day of October, 2007, I served the aforementioned document, by e-

mail and Federal Express, upon the following participants:

> Lawrence C. Drucker, Esquire
> Alfred R. Fabricant, Esquire
> Richard LaCava, Esquire
> Bryan N. DeMattio, Esquire
> DICKSTEIN SHAPIRO LLP
> 1177 Avenue of the Americas
> New York, NY 10036

> Dale R. Dubé
> _____
> Dale R. Dubé

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

---

MCKESSON AUTOMATION, INC.,

     Plaintiff,

    v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

    Defendants.

CA No. 06-028 (KAJ)

---

## STIPULATED AMENDED SCHEDULING ORDER

The parties hereto hereby stipulate and agree, subject to the Court's approval, to amend the Scheduling Order entered in this case on May 16, 2006 [D.I. 38] to read as follows:

IT IS ORDERED that:

    1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by May 29, 2006. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before

December 20, 2006.

3.      Discovery.

a.      Limitation on Hours for Fact Deposition Discovery. Each side is

collectively limited to a total of 70 hours of taking testimony by deposition upon oral

examination (excluding Rule 30(b)(6) depositions, inventor's depositions, and expert's

depositions).

b.      Location of Depositions. Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must

ordinarily be required, upon request, to submit to a deposition at a place designated

within this district. Exceptions to this general rule may be made by order of the Court. A

defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall

be considered as having filed an action in this Court for the purpose of this provision.

The parties will meet and confer on a case-by-case basis and will make reasonable efforts

to comply with this rule while also being mindful of the schedule of impacted witnesses.

c.      Disclosure of Asserted Claims, Preliminary Infringement

Contentions and Preliminary Invalidity Contentions.

1)      McKesson will serve its Disclosure of Asserted Claims and

Preliminary Infringement Contentions on December 22, 2006.

2)      Defendants will serve their Preliminary Invalidity

Contentions, including a copy of each item of prior art identified therein to the extent any

such item does not appear in the file history of the patent(s) at issue, on January 25, 2007.

2

3)      The last day for either McKesson and/or Defendants to
supplement their respective Infringement and Invalidity Contentions is March 16, 2007.

d.      Reliance on Opinion of Counsel. On or before January 30, 2007,
Defendants will (i) notify McKesson if they are relying on an opinion of counsel as part
of a defense to a claim of willful infringement and (ii) disclose any such opinion, related
documents, and/or privilege log to the extent one exists.

e.      Discovery Cut Off. Fact discovery in this case shall be initiated so
that it will be completed on or before May 15, 2007. Expert discovery shall be initiated
so that it will be completed on or before September 13, 2007 and will include any new
factual issues raised by the expert reports. The Court encourages the parties to serve and
respond to contention interrogatories early in the case. Unless otherwise ordered by the
Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

f.      Disclosure of Expert Testimony. Unless otherwise agreed to by the
parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of
expert testimony on or before June 29, 2007, and file a supplemental disclosure to
contradict or rebut evidence on the same subject matter identified by another party on
August 21, 2007. To the extent any objection to expert testimony is made pursuant to the
principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.579 (1993), it
shall be made by motion no later than the deadline for dispositive motions set forth
herein, unless otherwise ordered by the Court.

g.      Discovery Disputes. Should counsel find they are unable to resolve
a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001
to schedule a telephone conference. Not less than forty-eight hours prior to the

3

conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(g) above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4

5.    Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7.    Interim Status Report. On January 23, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference. On January 30, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue. The parties shall provide the Court by December 15, 2006 at 9:30 a.m., a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each

5

party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes. The parties agree that an in-person tutorial would be of greatest benefit in this matter.

10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 12, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11.    Claim Construction Issue Identification. On September 7, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction. The parties shall serve the Joint Claim Construction Chart no later than October 12, 2007. Plaintiff and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before October 12, 2007. Responsive briefs regarding issues of claim construction shall be served and

6

filed on or before October 26, 2007. After submission of the responsive claim construction briefs, amendment or modification of any claim construction position may be made only by order of the Court, which shall be entered only upon a showing of good cause.

13.    Hearing on Claim Construction/Case Dispositive Motions. Beginning at 2:00 p.m. on November 19, 2007, the Court will hear evidence and argument on claim construction and case dispositive motions.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. On March 17, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 15, 2008.

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to eight *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon;

7

each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on April 14-25, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

BLANK ROME LLP

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

*Counsel for Plaintiff McKesson Automation, Inc.*

MORRIS, NICHOLS ARSHT & TUNNELL

/s/ Julia Heaney
Julia Heaney (I.D. No. 3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 351-9221
jheaney@mnat.com

*Counsel for Defendants Swisslog Italia S.P.A. et al.*

8

WO 655596.1
124402.00601/40165286v.1

SO ORDERED this 26ᵗʰ day of ____Oct____, 2006.

_____
Hon. Kent A. Jordan
United States District Court Judge

9

# EXHIBIT B



**Sutherland**
**▪ Asbill & ▪**
**Brennan** LLP

ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

CHRISTINA A. ONDRICK
DIRECT LINE: 202.383.0819
E-mail: christina.ondrick@sablaw.com

December 22, 2006

VIA E-MAIL

Richard LaCava
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

> Re:   *McKesson Automation Inc. v. Swisslog Holding AG et al.*,
>        CA No. 06-028 (KAJ)

Dear Rich:

Please find enclosed 6 CDs containing McKesson's production documents bearing bates numbers M0000001-M0062803_A.

Best regards,

*Christina*

Christina A. Ondrick

WO 677574.1

Atlanta   ▪   Austin   ▪   Houston   ▪   New York   ▪   Tallahassee   ▪   Washington, DC

# EXHIBIT C

**Sutherland**
**▪ Asbill & ▪**
**Brennan LLP**
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

CHRISTINA A. ONDRICK
DIRECT LINE: 202.383.0819
E-mail: christina.ondrick@sablaw.com

January 2, 2007

<u>VIA MESSENGER AND E-MAIL</u>

Richard LaCava, Esq.
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006

      Re:    *McKesson Automation Inc. v. Swisslog Holding AG et al.*,
               CA No. 06-028 (KAJ)

Dear Rich:

      Please find enclosed a CD containing McKesson's production documents bearing bates numbers M0054091-M0062797. Please note that the following documents have been excluded from this CD and will be produced shortly:

    M0061603-M0061611
    M0061615-M0061633
    M0061841-M0061845
    M0062034-M0062045
    M0062207
    M0062703-M0062725.

      If you have any questions please do not hesitate to contact me.

                       Sincerely,

                       Christina A. Ondrick

CAO/mev
Enclosure

WO 679218.1

Atlanta  ▪  Austin  ▪  Houston  ▪  New York  ▪  Tallahassee  ▪  Washington, DC

# EXHIBIT D

**Sutherland**
■ **Asbill** & ■
**Brennan** LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

CHRISTINA A. ONDRICK
DIRECT LINE: 202.383.0819
E-mail: christina.ondrick@sablaw.com

January 10, 2007

VIA MESSENGER AND E-MAIL

Richard LaCava, Esq.
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006

      Re:    *McKesson Automation Inc. v. Swisslog Holding AG et al.,*
           CA No. 06-028 (KAJ)

Dear Rich:

      Please find enclosed 3 production DVDs containing McKesson's production documents
bearing bates numbers M0062805-M0101401. Also enclosed is the load file DVD for these
production documents.

      If you have any questions please do not hesitate to contact me.

                          Sincerely,

                          Christina A. Ondrick

CAO/mev
Enclosure

Atlanta   ■   Austin   ■   Houston   ■   New York   ■   Tallahassee   ■   Washington, DC

# EXHIBIT E

**Sutherland**
**▪ Asbill & ▪**
**Brennan** LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

CHRISTINA A. ONDRICK
DIRECT LINE: 202.383.0819
E-mail: christina.ondrick@sablaw.com

January 26, 2007

VIA MESSENGER AND E-MAIL

Richard LaCava, Esq.
c/o Pam Prater
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006

> Re:    *McKesson Automation Inc. v. Translogic Corp. et al.*,
>        CA No. 06-028 (MPT)

Dear Rich:

Please find enclosed 9 production DVDs and CDs containing McKesson's production documents bearing bates numbers M0101402-M0125289. Also enclosed are the load files for these production documents.

There is also one DVD labeled M0062804A and one CD with replacement documents from the 12/22/2006 production. The bates ranges for this CD are:

    M0061603 to M0061611
    M0061615 to M0061633
    M0061841 to M0061845
    M0062034 to M0062045
    M0062207
    M0062703 to M0062725

If you have any questions please do not hesitate to contact me.

Sincerely,

Christina A. Ondrick

Enclosures

WO 688339.1

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE



MCKESSON AUTOMATION, INC.,

     Plaintiff.

     v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

     Defendants.

CA No. 06-028 (MPT)

### STIPULATED SECOND AMENDED SCHEDULING ORDER

    The parties hereto hereby stipulate and agree, subject to the Court's approval, to

further amend the Scheduling Order entered in this case on May 16, 2006 [D.I. 38] to

read as follows:

IT IS ORDERED that:

    1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>

    Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by May 29, 2006.  If

they have not already done so, the parties are to review the Court's Default Standard for

Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see

Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is

incorporated herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 20, 2006.

3.    Discovery.

a.    Limitation on Hours for Fact Deposition Discovery. Each side is collectively limited to a total of 70 hours of taking testimony by deposition upon oral examination (excluding Rule 30(b)(6) depositions, inventor's depositions, and expert's depositions).

b.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties will meet and confer on a case-by-case basis and will make reasonable efforts to comply with this rule while also being mindful of the schedule of impacted witnesses.

c.    Disclosure of Asserted Claims, Preliminary Infringement Contentions and Preliminary Invalidity Contentions.

1)    McKesson will serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions on December 22, 2006.

2)    Defendants will serve their Preliminary Invalidity Contentions, including a copy of each item of prior art identified therein to the extent any

such item does not appear in the file history of the patent(s) at issue. on February 28,
2007.

        3)      The last day for either McKesson and/or Defendants to
supplement their respective Infringement and Invalidity Contentions is May 18, 2007.

        d.      Reliance on Opinion of Counsel. On or before February 28, 2007,
Defendants will (i) notify McKesson if they are relying on an opinion of counsel as part
of a defense to a claim of willful infringement and (ii) disclose any such opinion, related
documents, and/or privilege log to the extent one exists.

        e.      Discovery Cut Off. Fact discovery in this case shall be initiated so
that it will be completed on or before July 31, 2007. Expert discovery shall be initiated
so that it will be completed on or before September 13. 2007 and will include any new
factual issues raised by the expert reports. The Court encourages the parties to serve and
respond to contention interrogatories early in the case. Unless otherwise ordered by the
Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        f.      Disclosure of Expert Testimony. Unless otherwise agreed to by the
parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of
expert testimony on or before July 31, 2007, and file a supplemental disclosure to
contradict or rebut evidence on the same subject matter identified by another party on
August 21, 2007. To the extent any objection to expert testimony is made pursuant to the
principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.579 (1993), it
shall be made by motion no later than the deadline for dispositive motions set forth
herein, unless otherwise ordered by the Court.

      g.    <u>Discovery Disputes.</u> Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

      4.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(g) above.

      Any proposed order should include the following paragraph:

      <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may

be provided for in the protective order] pursuant to this order
shall promptly notify that party of the motion so that the party
may have an opportunity to appear and be heard on whether
that information should be disclosed.

5.    Papers Filed Under Seal. When filing papers under seal, counsel should

deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference. The parties are pursuing outside mediation.

7.    Interim Status Report. On January 23, 2007, counsel shall submit a letter

to the Court with an interim report on the nature of the matters in issue and the progress

of discovery to date.

*Refer to Order of January 30, 2007 regarding the teleconference*

8.    Status Conference. On June 26, 2007, the Court will hold a status    *June 26, 2007*
*at 8:30 a.m. to*

conference by telephone with counsel beginning at 8:30 a.m. Plaintiff's counsel shall    *be initiated by*
*Plaintiff's*
*counsel.*

initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the    *Purpose of teleconference*
*is to revisit*

interim status report or to this order, they may so notify the Court in writing before the    *the schedule in*
*this matter*

conference is scheduled to occur, and the conference will be taken off of the Court's

calendar.    *WRT*

9.    Tutorial Describing the Technology and Matters in Issue. The Court will

schedule a date and time near the Markman hearing for the parties to provide a tutorial on

the technology at issue. In that regard, each party may submit a videotape of not more

than 30 minutes. The parties may choose to present the tutorial in person. In either

event, the tutorial should focus on the technology in issue and should not be used to argue

the parties' claims construction contentions. If the parties choose to file videotapes, they

should be filed under seal as part of the Court's file, subject to any protective order in

effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes. The parties agree that an in-person tutorial would be of greatest benefit in this matter.

10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 12, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11.    Claim Construction Issue Identification. On September 7, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction. The parties shall serve the Joint Claim Construction Chart no later than October 12, 2007. Plaintiff and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before October 12, 2007. Responsive briefs regarding issues of claim construction shall be served and

filed on or before October 26, 2007. After submission of the responsive claim construction briefs, amendment or modification of any claim construction position may be made only by order of the Court, which shall be entered only upon a showing of good cause.

      13.    Hearing on Claim Construction/Case Dispositive Motions. Beginning at 2:00 p.m. on November 19, 2007, the Court will hear evidence and argument on claim construction and case dispositive motions.

      14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      15.    Pretrial Conference. On March 17, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 15, 2008.

      16.    Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to eight *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon;

each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on April 14-25, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

BLANK ROME LLP

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

MORRIS, NICHOLS ARSHT &
TUNNELL

/s/ Julia Heaney
Julia Heaney (I.D. No. 3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 351-9221
jheaney@mnat.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

Lawrence C. Drucker
Alfred R. Fabricant
Richard LaCava
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 277-6500

*Counsel for Plaintiff McKesson Automation,
Inc.*

*Counsel for Defendants Swisslog Italia
S.P.A. et al.*

Dated: February 1, 2007

SO ORDERED this __/__ day of _February_ , 2007.

Hon. Mary Pat Thynge
United States Magistrate Judge

# EXHIBIT G

# SEALED DOCUMENT

# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

Plaintiff,

v.

CA No. 06-028 (***)

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

Defendants.

## STIPULATED THIRD AMENDED SCHEDULING ORDER

The parties hereto hereby stipulate and agree, subject to the Court's approval, to amend the Scheduling Order entered in this case on May 16, 2006 [D.I. 38] to read as follows:

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by May 29, 2006. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 20, 2006.

3.   Discovery.

a.   Limitation on Hours for Fact Deposition Discovery. Each side is collectively limited to a total of 70 hours of taking testimony by deposition upon oral examination (excluding Rule 30(b)(6) depositions, inventor's depositions, and expert's depositions).

b.   Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties will meet and confer on a case-by-case basis and will make reasonable efforts to comply with this rule while also being mindful of the schedule of impacted witnesses.

c.   Disclosure of Asserted Claims, Preliminary Infringement Contentions and Preliminary Invalidity Contentions.

1)   McKesson will serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions on December 22, 2006.

2)   Defendants will serve their Preliminary Invalidity Contentions, including a copy of each item of prior art identified therein to the extent any such item does not appear in the file history of the patent(s) at issue, on February 28, 2007.

3)   The last day for either McKesson and/or Defendants to supplement their respective Infringement and Invalidity Contentions is September 7, 2007.

2

        d.     Reliance on Opinion of Counsel.  On or before February 28, 2007, Defendants will (i) notify McKesson if they are relying on an opinion of counsel as part of a defense to a claim of willful infringement and (ii) disclose any such opinion, related documents, and/or privilege log to the extent one exists.

        e.     Discovery Cut Off.  Fact discovery in this case shall be initiated so that it will be completed on or before September 28, 2007.  Expert discovery shall be initiated so that it will be completed on or before November 20, 2007 and will include any new factual issues raised by the expert reports.  Depositions of expert witness shall begin on October 24, 2007.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        f.     Disclosure of Expert Testimony.  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before October 8, 2007, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on October 22, 2007.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        g.     Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three

3

pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(g) above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any otherlevel of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4

5.    Papers Filed Under Seal. When filing papers under seal, counsel
should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference. The parties have discussed settlement and
have agreed that a settlement conference will be scheduled not later than October 5, 2007.

7.    Interim Status Report. On January 23, 2007, counsel shall submit a
letter to the Court with an interim report on the nature of the matters in issue and the
progress of discovery to date.

8.    Status Conference. On August 7, 2007, the Court will hold a status
conference by telephone with counsel beginning at 12:00 p.m.. Plaintiff's counsel shall
initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the
interim status report or to this order, they may so notify the Court in writing before the
conference is scheduled to occur, and the conference will be taken off of the Court's
calendar.

9.    Tutorial Describing the Technology and Matters in Issue. The
Court will schedule a date and time near the Markman hearing for the parties to provide a
tutorial on the technology at issue. In that regard, each party may submit a videotape of
not more than 30 minutes. The parties may choose to present the tutorial in person. In
either event, the tutorial should focus on the technology in issue and should not be used
to argue the parties' claims construction contentions. If the parties choose to file
videotapes, they should be filed under seal as part of the Court's file, subject to any
protective order in effect. Each party may comment, in writing (in no more than 5 pages)
on the opposing party's videotape tutorial. Any such comment shall be filed within ten

5

(10) days of submission of the videotapes. The parties agree that an in-person tutorial would be of greatest benefit in this matter.

      10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 30, 2007. Opposition briefs shall be served and filed on or before December 14, 2007. Reply briefs shall be served and filed on or before December 21, 2007.

      11.    Claim Construction Issue Identification. On October 12, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      12.    Claim Construction. The parties shall serve the Joint Claim Construction Chart no later than October 26, 2007. Plaintiff and Defendants shall simultaneously serve and file opening briefs regarding issues of claim construction on or before October 26, 2007. Responsive briefs regarding issues of claim construction shall

6

be served and filed on or before November 12, 2007. After submission of the responsive claim construction briefs, amendment or modification of any claim construction position may be made only by order of the Court, which shall be entered only upon a showing of good cause.

13.    Hearing on Claim Construction/Case Dispositive Motions. Beginning at 2:00 p.m. on November 19, 2007, the Court will hear evidence and argument on claim construction and case dispositive motions.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. On March 17, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before February 15, 2008.

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to eight *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied

7

upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on April 14-25, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

BLANK ROME LLP

/s/ Dale R. Dube (#2863)

Dale R. Dubé (#2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

MORRIS, NICHOLS ARSHT &
TUNNELL LLP

/s/ Julia Heaney (#3052)

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 351-9221
jheaney@mnat.com

*Counsel are aware since this matter is assigned to the vacant judgeship, the provisions and dates contained in ¶¶ 13, 15-18 are proposals.

8

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

Lawrence C. Drucker
Alfred R. Fabricant
Richard LaCava
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 277-6500

*Counsel for Plaintiff McKesson Automation, Inc.*

*Counsel for Defendants Swisslog Italia S.P.A. et al.*

July 3, 2007
913530

SO ORDERED this *12* day of July, 2007.

UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

# EXHIBIT I

# SEALED DOCUMENT

# EXHIBIT J

# SEALED DOCUMENT

# EXHIBIT K

Westlaw.

Slip Copy
Slip Copy, 2007 WL 77324 (D.N.J.)
(Cite as: Slip Copy)

Page 1

**H**
Keene v. Sears Roebuck & Co., Inc.
D.N.J.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. New Jersey.
Willard KEENE, Plaintiff,
v.
SEARS ROEBUCK & CO., INC., et al., Defendants.
Civil Action No. 05-828(AET).

Jan. 8, 2007.

Gregory S. Schaer, Freehold, NJ, for Plaintiff.
Robert James Toy, Rosemarie D. Mercury, Post &
Schell, PC, Philadelphia, PA, for Defendants.

HUGHES, U.S.M.J.
*1 This matter is before the Court upon the Motion of
Plaintiff Willard Keene ("Plaintiff") for Leave to File
an Amended Complaint. Defendants Sears Roebuck
& Co., Inc. and Somiya Bhatnagar ("Defendants")
oppose the motion. Plaintiff's complaint initially
alleged violations of the New Jersey Law Against
Discrimination ("NJLAD"), age discrimination,
intentional infliction of emotional distress, breach of
contract, and breach of implied covenant of good
faith and fair dealing. Plaintiff amended his
complaint in March 2005 to include discrimination
based on handicap. Plaintiff's present motion to
amend his complaint to include race and/or national
origin discrimination comes after Defendants'
summary judgment motion has been heard and
decided and a final pretrial order has been entered.
The Court reviewed the written submissions of the
parties and conducted oral argument on January 3,
2007. For the reasons that follow, Plaintiff's Motion
to Amend/Correct Complaint is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

Plaintiff was hired by Sears, Roebuck & Company
("Sears") as a Sales Associate at a store in Ocean
Township, New Jersey on July 16, 1991 and served

as an employee of Sears for twelve (12) years. (Pl.'s
Ltr. Br. at 5). During his employment, Plaintiff had
no disciplinary action taken against him for any
reason. *Id.* In 1999, when Plaintiff was 59 years old,
he was transferred to the "Brand Central"
Department, "one of the most lucrative placements
for a Sales Associate."*Id.* at 6, 14.Following his
transfer, Plaintiff continued his employment without
any disciplinary problems. *Id.* at 7.

Around the time of Plaintiff's transfer, Sears changed
its business practices by increasing its emphasis on
customer satisfaction and giving sales associates
authority to implement the changes. *Id.* As part of
this new emphasis on customer enthusiasm, Sears
gave sales associates more autonomy in their
decisions without requiring them to first obtain
management approval before adjusting the price of
merchandise. *Id.* at 10.For example, sales associates
were permitted to give a discount of up to 10% to
customers for various reasons without first obtaining
management approval. *Id.* at 11.Sears included this
new philosophy in the company's written policies. *Id.*

In October 2002, Somiya Bhatnagar, a 29 year old
male "of foreign descent," [FN1] was hired as Store
Manager in the Ocean Township Sears store where
Plaintiff was employed. *Id.* at 14.Plaintiff contends
that Mr. Bhatnagar treated him with hostility,
frequently ignored him or failed to acknowledge him,
and deliberately failed to speak to Plaintiff by name.
*Id.* As an example, Plaintiff alleged that, in one
instance, Mr. Bhatnagar directed that a refund be
"credited to Mr. Keene's account even though Mr.
Keene was not the original associate who rang the
transaction" which resulted in a reduction of
Plaintiff's revenue figures used to calculate payment
and commissions. *Id.*

> FN1. This description of Mr. Bhatnagar was
> gratuitously included in the original
> Complaint. (Pl.'s Compl. at ¶ 9; *see also*
> Pl.'s First Am. Compl. at ¶ 9). In Plaintiff's
> proposed Second Amended Complaint, he
> described Mr. Bhatnagar as a man of
> "Indian/Asian descent." *(See* Pl.'s Second
> Am. Compl. at ¶ 9).

*2 During the week of December 9, 2002, Plaintiff
extended discounts to eight (8) customers within a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

two day period. *Id.* at 14-15.Some of the discounts extended by Plaintiff during this week were the result of a sale that was scheduled for Saturday of the same week. *Id.* at 16.The discounted prices paid by these customers during the week were no less than the price the customers would have paid if the merchandise had been purchased during the sale on Saturday. *Id.* at 17.

On December 14, 2002, Plaintiff was brought into the office in the presence of Mr. Bhatnagar and told that he had improperly extended discounts to customers during the week of December 9, 2002. *Id.* at 18.During this meeting, Plaintiff was instructed to provide a written statement which required his date of birth and all of the facts and circumstances regarding the discounts Plaintiff extended. *Id.* Plaintiff claims that during this meeting, Mr. Bhatnagar treated Plaintiff with hostility by refusing to address Plaintiff by name and instructing the Asset Production Manager not to provide Plaintiff with a copy of his own statement. *Id.* Following the meeting, Plaintiff was "directed to leave the store and that he was suspended until further notice."*Id.*

On December 16, 2002, Plaintiff was called into the store to discuss with Mr. Bhatnagar the status of his employment. *Id.* at 19.Plaintiff contends that Mr. Bhatnagar was hostile and demeaning during this meeting by demanding that Plaintiff immediately "sit down" and by talking to Plaintiff through Angela Velardi, a witness. *Id.* Mr. Bhatnagar then told Plaintiff that he was being terminated for violating Company policy. *Id.* Plaintiff contends that Mr. Bhatnagar refused to explain what policy Plaintiff had violated and told Plaintiff that there were no avenues of appeal. *Id.* Plaintiff claims that he never received any termination letter or other document explaining the basis for his termination. *Id.* at 20.Internal corporate documentation of Sears indicates that Plaintiff retired and makes no mention of his being terminated.*Id.*

Also on December 16, 2002, Mohammad Moinuddin, a 43 year old male, was hired to fill Plaintiff's position in the Brand Central Department. *Id.* Plaintiff states that Mr. Moinuddin is also of Indian/Asian descent.[FN3]*Id.* Plaintiff further contends that Mr. Moinuddin extended a 25% discount to Mr. Bhatnagar's cousin. *Id.* at 27.Plaintiff further claims that Mr. Bhatnagar himself extended unauthorized discounts to his cousin and his cousin's relative, which were not viewed as violations of company policy by Sears, in direct contrast to Defendants' treatment of Plaintiff. *Id.* at 26.

FN2. Plaintiff's original Complaint and First Amended Complaint do not mention Mr. Moinuddin by name, but state that "[a]fter plaintiff's termination, he was replaced with individuals who were younger and did not suffer from medical disabilities."(Pl.'s Compl. at ¶ 14; Pl.'s First Am. Compl. at ¶ 14). Plaintiff's proposed Second Amended Complaint states that "[o]n or about the day that Mr. Keene was terminated by Mr. Bhatnagar, a younger individual, who, like Mr. Bhatnagar, was of Indian/Asian descent, was hired and was specifically assigned to a position in the Brand Central Department where Mr. Keene had worked[;] ... That individual, Mohammad Moinuddin, was a newly hired employee and was 43 years of age, substantially younger than Mr. Keene."(Pl.'s Second Am. Compl. at ¶ 14).

**B. Procedural History**

On December 9, 2004, Plaintiff filed a Complaint against Defendants in the Monmouth County New Jersey Superior Court alleging (1) violations of the New Jersey Law Against Discrimination ("NJLAD"), including age discrimination, (2) intentional infliction of emotional distress, (3) breach of contract, and (4) breach of implied covenant of good faith and fair dealing. *(See* Pl.'s Compl.). Paragraph nine (9) of Plaintiff's initial Complaint made reference to Mr. Bhatnagar's national origin although the specific nature of his national origin was not known to Plaintiff at that time. (Pl.'s Reply Ltr. Br. at 2). Defendant Sears, Roebuck and Co. removed the case to federal court on February 14, 2005. *(See*Dkt. no. 05-828, entry no. 1).

\*3 Plaintiff filed a First Amended Complaint on March 21, 2005 to include discrimination based on Plaintiff's handicap. *(See*Dkt. no. 05-828, entry no. 8). Defendants filed an answer and affirmative defenses on April 4, 2005, and filed an amended answer to the First Amended Complaint on February 23, 2006. *(See* Dkt. no. 05-828, entry no. 9, 16). This Court entered an Order setting discovery deadlines on March 21, 2006 which required Defendants to file summary judgment motions no later than June 9, 2006. *(See* Dkt. no. 05-828, entry no. 17).

Defendants filed a motion for summary judgment on June 9, 2006 which was granted in part and denied in part on August 2, 2006. *(See*Dkt. no. 05-828, entry

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

no. 18, 31). Specifically, Defendants' summary judgment motion was granted as to counts 4-6 of Plaintiff's amended complaint (violation of NJLAD for handicap and perceived handicap and intentional infliction of emotional distress), denied as to counts 1-3 (violation of NJLAD for age discrimination, failing to take appropriate remedial action and failure to train, supervise and discipline, and wrongful termination), and denied without prejudice as to counts 7-8 (breach of contract and breach of implied covenant of good faith and fair dealing).*(See* Dkt. no. 05-828, entry no. 31). During oral argument on the summary judgment motion on July 31, 2006, Judge Cooper noted, without objection or comment from Plaintiff's counsel, that there was no claim for national origin or race discrimination in Plaintiff's complaint. (Defs.' Opp. Mem. at 5).

The present motion arose, not out of the pleadings themselves, but rather in an evidentiary context. A Final Pretrial Conference was held on October 6, 2006, and a Final Joint Pretrial Order was filed on November 6, 2006. *(See* Dkt. no. 05-828, entry no. 36). Defendants allege that the first time Plaintiff's counsel raised the issue of amending the First Amended Complaint was in his third draft of the proposed Pretrial Order. (Defs.' Opp. Mem. at 5). Specifically, Plaintiff states that it "was only during the final revisions to the Final Pretrial Order that defendants raised an objection by seeking to include a provision in the Order providing that they intended to object to any evidence at trial relating to referencing Mr. Bhatnagar's national origin or race."(Pl.'s Reply Ltr. Br. at 3). Plaintiff further states that it was at the this time "that it first became apparent that an amendment of the Complaint might be necessary in order to preserve plaintiff's ability to introduce such evidence."*Id.* at 3-4.

Plaintiff filed the present motion to amend on November 10, 2006. *(See* Dkt. no. 05-828, entry no. 37) and oral argument was heard on January 3, 2007. In his Proposed Second Amended Complaint Plaintiff seeks to change the reference to Mr. Bhatnagar's national origin in paragraph 9 of the original and first amended complaints from "of foreign descent" to "of Indian/Asian descent." *(See* Pl.'s Compl. at ¶ 9; Pl.'s Second Am. Compl. at ¶ 9). Plaintiff further proposes to alter paragraph 14 of the original and first amended complaints from referencing only Plaintiff's replacement with younger individuals without disabilities to the following:
*4 On or about the day that Mr. Keene was terminated by Mr. Bhatnagar, a younger individual, who, like Mr. Bhatnagar, was of Indian/Asian

descent, was hired and was specifically assigned to a position in the Brand Central Department where Mr. Keene had worked. That individual, Mohammad Moinuddin, was a newly hired employee and was 43 years of age, substantially younger than Mr. Keene.

(*See* Pl.'s Compl. at ¶ 14; Pl.'s Second Am. Compl. at ¶ 14). Plaintiff seeks to change Count I from a purely age discrimination violation of the NJLAD to one that includes race and/or national origin.

Plaintiff asserts that the proposed amendment is appropriate under Federal Rule of Civil Procedure 15(a)'s liberal standard. (Pl .'s Ltr. Br. at 28-29). Plaintiff further asserts that his proposed amendment would not be untimely, unduly prejudicial to Defendants, or futile. *Id.* at 31, 34-35.Plaintiff also argues that the amendment is appropriate pursuant to Federal Rule of Civil Procedure 15(c) because it relates back to the date of the original pleading. *Id.* at 33.Defendants argue in opposition that Plaintiff's counsel is acting in bad faith in seeking to amend the First Amended Complaint. (Defs.' Opp. Mem. at 5). In addition, Defendants contend that Plaintiff has failed to show good cause for amending the scheduling order pursuant to Rule 16(b).*Id.* at 7. Defendants further contend that Plaintiff's motion should fail under Rule 15(a) because the proposed amendment would be untimely, prejudicial, and futile. *Id.* at 10-14.

## II. *DISCUSSION*

Plaintiff contends that leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15(a). (Pl.'s Ltr. Br. at 28-29). Plaintiff further contends that the amendment is not untimely and would not create undue prejudice to Defendants because it is based on the same facts and evidence that have already been addressed by the parties previously in this litigation.*Id.* at 34-35.Plaintiff further contends that his proposed amendment would not be futile because the same evidence which shows pretext on the part of Defendants provides a basis for establishing racial discrimination. *Id.* at 31.Plaintiff argues that the racial discrimination claim relates back to the date of the original pleading and is therefore appropriate. *Id.* at 33.Plaintiff specifically argues that Defendants' alleged racial discrimination arises out of the conduct, transactions, and occurrences set forth in the original pleading. *Id.*

Defendants argue, in opposition, that Plaintiff has failed to show good cause for his delay in amending

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

the complaint to include national origin and racial discrimination as required under Federal Rule of Civil Procedure 16(b). (Defs.' Opp. Mem. at 7). Defendants further argue that Plaintiff's motion should be denied even under the more liberal standard of Rule 15(a).*Id.* at 10.

Specifically, Defendants contend that Plaintiff's motion to amend is (1) in bad faith because he seeks to "highlight Mr. Bhatnagar's place of birth to the jurors," (2) untimely because it was filed two years after the complaint was filed, after discovery has ended, and following decision on a summary judgment motion, (3) prejudicial because it would require further investigation and discovery, and (4) futile because Plaintiff's claims of racial discrimination are based on speculation with no evidence that a similarly situated individual was treated more favorably than Plaintiff. *Id.* at 11-14.

*5 Plaintiff replies that issues relating to national origin and race "were raised in the original Complaint as well as during the course of discovery."(Pl.'s Reply Ltr. Br. at 2). Plaintiff argues that it was only during the final revisions of the Final Pretrial Order that Defendants raised an objection regarding Plaintiff's mention of Mr. Bhatnagar's and Mr. Moinuddin's race and/or national origin. *Id.* at 3. Plaintiff further argues that the passage of time alone does not, without more, constitute undue delay. *Id.* at 11.Plaintiff also refutes that the amendment would cause Defendants prejudice because Defendants have access to all relevant documents pertaining to the individuals at issue. *Id* . Plaintiff argues that the facts and evidence of record are sufficient to establish a *prima facie* case of race or national origin discrimination. *Id.* at 21.

### A. *Federal Rule of Civil Procedure 15(a)*

Federal Rule of Civil Procedure 15 provides that leave to amend a Complaint "shall be freely given when justice so requires."FED. R. CIV. P. 15(a). The decision whether to grant or deny a motion for leave to amend "rests within the sound discretion of the district court."*Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir.1998). See *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court can deny a motion to amend if (1) there has been undue delay, bad faith, or dilatory motive, (2) if the amendment would be futile, or (3) if there would be prejudice to the other party. *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir.2005); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988).

### 1. Undue Delay, Bad Faith, or Dilatory Motive

The Third Circuit has held that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."*Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982)). The analysis of undue delay and bad faith require that the Court focus on the plaintiff's motives for not amending the complaint earlier. *Id.* at 868.

In the present case, Plaintiff filed his motion to amend on November 10, 2006, following the ruling on Defendants' summary judgment motion on August 2, 2006 and the entry of the Final Joint Pretrial Order on November 6, 2006. However, as explained in *Adams,* the timing of Plaintiff's motion, alone, is not a basis for finding undue delay or bad faith on the part of Plaintiff. Defendants submit that Plaintiff had notice of his failure to plead race or national origin discrimination on July 31, 2006, during oral argument before Judge Cooper on Defendants' summary judgment motion. Defendants argue that only after they objected to any reference to Mr. Bhatnagar's national origin at trial did Plaintiff seek to add a claim for race or national origin discrimination in order to reference Mr. Bhatnagar's national origin and the national origin of other sales associates or customers before the jury. *(See* Defs.' Opp. Mem. at 7). Therefore, Defendants claim that Plaintiff's intent is to improperly influence the jury with reference to Mr. Bhatnagar's race and national origin.

*6 Despite Defendants' assertions that Plaintiff's behavior and timing reach the level of undue delay and bad faith, the Court finds no evidence to indicate Plaintiff's primary purpose in amending his complaint at this time is to improperly reference the national origin of Mr. Bhatnagar and other associates or customers in front of the jury. Plaintiff referenced Mr. Bhatnagar's race and national origin as early as the initial complaint. Although Plaintiff was put on notice by Judge Cooper during oral argument on Defendants' summary judgment motion that his complaint did not contain the claim of race and/or national origin discrimination, he had numerous opportunities to amend his pleadings to include this

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cause of action. However, timing alone is not sufficient for a finding of undue delay. Therefore, the Court finds no undue delay or bad faith on the part of Plaintiff in filing this motion to amend.

## 2. Prejudice

The Third Circuit Court of Appeals regards the potential of prejudice to the nonmoving party as the "touchstone for the denial of the amendment" pursuant to Federal Rule of Civil Procedure 15(a).*Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (quoting *Cronell & Co., Inc. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). The nonmoving party has the burden of showing unfair disadvantage or deprivation will result if the amendment is allowed. *In re Bristol-Myers Squibb Sec. Litig.*, 228, F.R.D. 221, 228 (D.N.J.2005). A finding of prejudice involves a "serious impairment of the nonmovant's ability to present its case," whereas undue prejudice is found when the nonmoving party shows it "would be disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered."*Id.* (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990)).

In *Bristol-Myers*, at the time of the motion to amend, discovery had closed with the parties having engaged in "wide-ranging fact discovery." *Bristol-Myers*, 228, F.R.D. at 223. The Court found that "allowing Plaintiff to amend the Complaint at this point 'deprives [the Defendants] of fair notice, possibly discovery, and the opportunity for motion practice....' " *Id.* at 229 (citing *Wilson v. Muckala*, 303 F.3d 1207 at 1215-16 (2002)). The Court based this finding, in part, on the fact that "Defendants would have to examine each new claim and conduct discovery to fairly defend themselves against these new allegations." *Id.*

In analyzing prejudice, the Court must focus on the effect on the defendants.*Adams*, 739 F.2d at 868. In *Adams*, Defendants asserted that they would be prejudiced if Plaintiffs were allowed to amend their complaint because of additional counsel fees and the need for finality in litigation. *Id.* at 869.The Third Circuit held that Defendants would not be prejudiced by Plaintiffs' proposed amendment in part because further extensive discovery would not be necessary. *Id.* However, in *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir.1990), the Third Circuit upheld a district court's decision to deny plaintiff's motion to amend because the addition of a discrimination claim

was a broader claim than violation of ERISA and would require extensive discovery. 911 F.2d at 924.

*7 In the present matter, Plaintiff's claim of race or national origin discrimination is based largely on the same facts as the claims in the original and first amended complaints. However, discovery has been conducted based on Plaintiff's claims of age discrimination, not on a claim of race or national origin discrimination. Unlike the Defendants in *Adams*, Defendants in the present matter would seek more than counsel fees if Plaintiff's motion were granted. Instead, similar to *Berger*, Defendants would require significant additional discovery.

Plaintiff argues that no additional discovery would be necessary because the "facts and evidence are the same that plaintiff relies upon in support of his age discrimination claim."*(See* Pl.'s Ltr. Br. at 35). However, during oral argument, Defendants' counsel stated that if Plaintiff's motion were granted, Defendants' would require additional discovery, including the deposition testimony of Mr. Moinuddin and further research into how Mr. Moinuddin was classified racially by Sears and who specifically classified him as such. The Court finds, similar to *Bristol-Myers*, that if Plaintiff were allowed to amend his complaint at this late stage in the litigation, not only would significant additional discovery be required as in *Berger*, but also Defendants would be disadvantaged by losing the opportunity for dispositive motion practice based on Plaintiff's additional claim. Therefore, the Court finds undue prejudice to Defendants if Plaintiff were permitted to amend his complaint to include a claim of race and/or national origin discrimination.

## 3. Futility

" 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."*In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997); *see also Onyiuke v. New Jersey State Supreme Court*, 435 F.Supp.2d 394, 403 (D.N.J.2006) ("An amendment is considered futile 'if the amendment will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss.' "). Therefore, the same standard for legal sufficiency applies in determining futility and in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000) ("In assessing 'futility,' the District Court applies the same standard of legal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

sufficiency as applies under Rule 12(b)(6)."); *see also Lesser v. City of Cape May,* 110 F.Supp.2d 303, 331 (D.N.J.2000).

In analyzing whether a complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling it to relief."*Onyiuke,* 435 F.Supp.2d at 404. For the purposes of this analysis, a court "accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom."*Id.* If the proposed amendment is not clearly futile, then denial of the motion to amend is improper. *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990).

\*8 In the present matter, Plaintiff alleges that Mr. Bhatnagar, a man of Indian descent, fired Plaintiff, a Caucasian male, in order to hire another sales associate of Indian/Asian descent. However, Plaintiff can point to no deposition transcript or factual certification in dispositive motion practice that supports an inference of racial discrimination. Plaintiff's counsel conceded at oral argument that he is not presently aware of Mr. Moinuddin's precise national origin, yet he is basing his race and discrimination claim on the racial connection between Mr. Bhatnagar and Mr. Moinuddin. It appears to the Court that Plaintiff's claim of race and/or national origin discrimination is based on mere speculation.

"The McDonnell Douglas framework, as modified by the Supreme Court of New Jersey, requires a plaintiff to satisfy [the following] four elements by a preponderance of the evidence to establish a *prima facie* case of age discrimination": (1) Plaintiff must show that he belongs to a protected class; (2) Plaintiff must demonstrate he was qualified for the position in question; (3) Plaintiff must show that he was terminated despite his adequate qualifications; and (4) Plaintiff must demonstrate that the "employer sought others to perform the same work after he was terminated from his position."*Wright v. L-3 Communications Corp .,* 227 F.Supp.2d 293, 298 (D.N.J.2002). In contrast, the final element in a *prima facie* case of race or national origin discrimination requires Plaintiff to prove that "employees not in the protected class were treated more favorably."*Stokes v. Accounts Receivable Management, Inc.,* No. 05-00437, 2006 WESTLAW 3228025 \* 3 (D.N.J. Nov. 2, 2006).

Plaintiff in the present case has made no claim in the proposed Second Amended Complaint that employees outside the protected class were treated more favorably than Plaintiff and provides the Court no factual or evidentiary basis for a finding of race or national origin discrimination. Plaintiff's proposed amendment to paragraph 14 of his First Amended Complaint provides only that Plaintiff was replaced by Mohammad Moinuddin who "was 43 years of age, substantially younger than Mr. Keene."*(See* Pl.'s Second Am. Compl. at ¶ 14). Other than the basic fact of Mr. Bhatnagar's and Mr. Moinuddin's ethnicity, of which Plaintiff is unsure for Mr. Moinuddin, Plaintiff's claim of discrimination based on race or national origin invites pure speculation. Therefore, based on a Rule 12(b)(6) standard, which demands the Court accept Plaintiff's allegations as true and view them in a light most favorable to Plaintiff, the Court finds that Plaintiff's motion to amend his complaint to include race and/or national origin discrimination would be futile. The Court notes, however, that it is not ruling on the admissibility of the connection between Mr. Bhatnagar and Plaintiff's replacement at trial.

### B. Federal Rule of Civil Procedure 16(b)

Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered by the Court, it "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."[FN3]FED.R.CIV.P. 16(b).

> FN3.Federal Rule of Civil Procedure 16(e) provides that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice."FED.R.CIV.P. 16(e). In the present matter, a Final Pretrial Conference was held on October 6, 2006, and a Final Joint Pretrial Order was entered on November 6, 2006. However, because the Court finds that Plaintiff failed to show good cause under Rule 16(b), it will not reach the issue of manifest injustice under Rule 16(e).

\*9 Courts "must consider F.R.Civ.P 16(b)'s requirements that scheduling orders only be modified for 'good cause' in conjunction with Rule 15(a)'s directive that leave to amend a complaint be 'freely given.' " *Reynolds v. Borough of Avalon,* 799 F.Supp. 442, 450 (D.N.J.1992).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                        Page 7
Slip Copy, 2007 WL 77324 (D.N.J.)
(Cite as: Slip Copy)

Defendants argue that Plaintiff offers no good cause
as to why he did not seek to amend his complaint,
which was filed two years ago, to include race or
national origin discrimination previously, especially
following Judge Cooper's statements regarding the
lack of this claim during oral argument on July 31,
2006. Plaintiff contends that Defendants were aware
of the race issue prior to this motion because Plaintiff
made reference to Mr. Bhatnagar's national origin in
his initial Complaint. *(See* Pl.'s Reply Ltr. Br. at 2).
Plaintiff further argues that issues relating to race and
national origin were raised in discovery and included
in the Statement of Material Facts submitted in
connection with Defendants' Motion for Summary
Judgment. *Id.*

During final revisions to the Final Pretrial Order,
Defendants raised an objection to any evidence at
trial relating to Mr. Bhatnagar's national origin. *Id.* at
3. Plaintiff argues that it was at this point that he
sought to amend the Complaint to "preserve
plaintiff's ability to introduce such evidence."*Id.* at 3-
4.Plaintiff's counsel submitted a letter to the Court in
advance of the Final Pretrial Conference to make the
Court aware of the race/national origin issue to be
discussed at the conference. Although the Court's
initial inclination was to deny Plaintiff's application
without prejudice, the Court instructed Plaintiff to
raise the issue by formal motion if he wanted to
pursue it further. Plaintiff subsequently filed the
present motion to amend his complaint.

On March 21, 2005, Plaintiff filed a motion and was
permitted to amend his complaint to include
discrimination based on handicap. The Pretrial
Scheduling Order, entered on May 17, 2005, directed
that fact discovery would end by November 30, 2005.
Plaintiff was put on notice of his failure to plead race
and/or national origin discrimination on July 31,
2006, during oral argument before Judge Cooper.
However, Plaintiff did not file the present motion to
amend the complaint to include this count until
November 10, 2006. Plaintiff has provided no
satisfactory explanation for his delay in seeking to
include the race and/or national origin discrimination
claim. Therefore, the Court finds, as an alternative
basis for denying the Motion, that Plaintiff has not
shown good cause to modify the Court's scheduling
order and amend his complaint.

### III. *CONCLUSION*

For the reasons expressed here, the Court finds no

undue delay or bad faith on the part of Plaintiff in
seeking to amend his Complaint pursuant to Federal
Rule of Civil Procedure 15(a). However, the Court
finds undue prejudice to Defendants if Plaintiff's
motion is granted, in part, because of the need for
significant additional discovery. The Court further
finds that Plaintiff's claim of race and/or national
origin discrimination would be futile under a Rule
12(b)(6) standard. The Court further finds, in
considering Federal Rule of Civil Procedure 16(b) in
conjunction with Rule 15(a), that Plaintiff has failed
to show good cause for modifying the Court's May
17, 2005 scheduling order. Therefore, Plaintiff's
Motion to Amend/Correct Complaint is denied.

*10 An appropriate Order accompanies this
Memorandum Opinion.

D.N.J.,2007.
Keene v. Sears Roebuck & Co., Inc.
Slip Copy, 2007 WL 77324 (D.N.J.)

END OF DOCUMENT

# EXHIBIT L

# SEALED DOCUMENT

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.<br>a Pennsylvania Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRANSLOGIC CORPORATION<br>a Delaware Corporation,<br><br>SWISSLOG MANAGEMENT AG,<br>a Swiss Corporation, and<br><br>SWISSLOG HOLDING AG,<br>a Swiss Corporation,<br><br>　　　　Defendants. | Civil Action No. 1:06CV00028-KAJ<br><br>Demand for Jury Trial |

### PLAINTIFF MCKESSON AUTOMATION, INC.'S
### INITIAL DISCLOSURE STATEMENT

Plaintiff McKesson Automation, Inc. ("McKesson"), by its attorneys and pursuant to

Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby submits the following information

as part of its Initial Disclosures in the above-captioned action.

These disclosures are made without waiver of and with preservation of the following:

1. All issues as to competency, relevancy, materiality, privilege and admissibility of matters disclosed herein, and the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including the trial of this action and any other action);

2. The right to object to any matters disclosed herein, or the subject matter thereof, on any grounds in any further proceedings in this action (including the trial of this action and any other action);

3. The right to object on any ground at any time to a demand or a request for further disclosure of matters identified herein, including, but not limited to, requests for

documents, interrogatories, depositions or other discovery proceedings involving
or relating to the subject matter herein or this controversy; and

4.    The right at any time to revise, correct, add to, supplement or clarify any of the
disclosures contained herein.

In the event that any matters are inadvertently disclosed by McKesson that otherwise fall

within the attorney-client privilege and/or work-product privilege, McKesson shall not be

deemed to have waived its privilege as to any such disclosure or the information contained

therein, or the right to the attorney-client privilege or work-product privilege as to any other

matter which arises during the course of this litigation or any subsequent proceeding.

## I.    Fed. R. Civ. P. 26(a)(1)(A) - Witnesses

McKesson identifies the following individuals who may have discoverable information

that McKesson may use to support its claims and defenses in the above-captioned action. The

subject(s) of the information within each person's knowledge is identified below.

### A.    McKesson Employees or Former Employees

Sean C. McDonald
c/o: McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding the patents-in-suit, the conception, design, development
and patenting of the inventions disclosed therein, McKesson products embodying
the inventions disclosed in the patents-in-suit, the founding and growth of
Automated Healthcare, Inc., the market for pharmacy automation products, the
sales representative agreement between Translogic and Automated Healthcare,
Inc., the negotiation of same and the information exchanged in furtherance of the
same )

Ellen J. Hertz
c/o: McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding the patents-in-suit, the conception, design, development
and patenting of the inventions disclosed therein, and McKesson products
embodying the inventions disclosed in the patents-in-suit)

James A. Smith
c/o: McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding the patents-in-suit, the conception, design, development
and patenting of the inventions disclosed therein, and McKesson products
embodying the inventions disclosed in the patents-in-suit)

Gregory Toto
c/o: McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding the patents-in-suit, the conception, design, development
and patenting of the inventions disclosed therein, and McKesson products
embodying the inventions disclosed in the patents-in-suit.)

David Souerwine
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding McKesson, the commercial success of the products
involving the patents-in-suit, and the market for pharmacy automation products)

Neil Ebner
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding McKesson's sales and other financial information)

Manoj Wangu
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding Automated Healthcare, Inc., McKesson, products
embodying the inventions disclosed in the patents-in-suit, the market success of
such inventions, the market for pharmacy automation products)

Aldo Zini
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding sales representative agreement between Translogic and
Automated Healthcare, Inc., negotiation of same and the information exchanged
in furtherance of the same)

Gene Zwolinski
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding the market for pharmacy automation products)

Jim Longo
McKesson Automation, Inc.
500 Cranberry Woods Drive
Cranberry Township, PA 16066
(knowledge regarding McKesson products embodying the patents-in-suit and
market for same)

## B.    Translogic/Swisslog Employees or Former Employees

Charlie Kegley
Translogic Corporation
10825 E. 47th Avenue
Denver, CO 80239
(knowledge regarding the design, marketing and sales of the accused PillPick
System, the relationship between Translogic and its related Swisslog parent and
sister companies, sales representative agreement between Translogic and
Automated Healthcare, Inc. and the information exchanged in furtherance of the
negotiation of the same)

John Mahoney
Unknown
(knowledge regarding sales representative agreement between Translogic and
Automated Healthcare, Inc., negotiation of same and the information exchanged
thereunder)

Donna Weber
Unknown
(knowledge regarding sales representative agreement between Translogic and
Automated Healthcare, Inc., negotiation of same and the information exchanged
thereunder)

Bob Rasmussen
Unknown
(knowledge regarding sales representative agreement between Translogic and
Automated Healthcare, Inc., negotiation of same and the information exchanged
thereunder)

Martin Strobel
Swisslog Management AG
Webereiweg 3
CH-5033 Buchs/Aarau
Switzerland
(knowledge regarding the promotion, marketing and sales of the PillPick System
in the United States and knowledge of the Swisslog entities independent and/or
collective involvement with Translogic in such activities)

Remo Brunschwiler
Swisslog Management AG
Webereiweg 3
CH-5033 Buchs/Aarau
Switzerland
(knowledge regarding the promotion, marketing and sales of the PillPick System
in the United States and knowledge of the Swisslog entities independent and/or
collective involvement with Translogic in such activities)

Marcello Bergamini
Swisslog Italia S.p.A.
Via Taruffi, 30/80
I-41053 Maranello (MO)
Italy
(knowledge regarding the promotion, marketing and sales of the PillPick System
in the United States and knowledge of the Swisslog entities independent and/or
collective involvement with Translogic in such activities)

## C.    Third Parties

Lynn J. Alstadt, Esq.
Buchanan Ingersoll P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
(knowledge regarding the patents-in-suit and prosecution of the same)

Mr. Alstadt may be contacted through McKesson's counsel of record in this case.

Cardinal Health, Inc.
7000 Cardinal Place
Dublin, OH 43017
(knowledge regarding strategic alliance with Swisslog and the sales, operation, use, installation, marketing and design of the accused PillPick System)

Cedars-Sinai Medical Center
8700 Beverly Blvd.
Los Angeles, CA 90048
(knowledge regarding the sales, operation, use, installation, marketing and design of the accused PillPick System)

Erlanger Health System
975 East Third Street
Chattanooga, TN 37403
(knowledge regarding the sales, operation, use, installation, marketing and design of the accused PillPick System)

Lehigh Valley Hospital and Health Network - Muhlenberg
Rt. 22 and Schoenersville Road
Bethlehem, PA 18017
(knowledge regarding the sales, operation, use, installation, marketing and design of the accused PillPick System)

Exper Di Peroni G.&C.S.A.S.
Andriano, 20
I-39018 Terlano, Italy
(knowledge regarding the design and manufacture of the PillPick System, and agreements relating to the marketing and sales of the PillPick System in the United States)

## II.    Fed. R. Civ. P. 26(a)(1)(B) - Documents

McKesson submits the documents produced as MA000001 - MA000517 as part of its

initial disclosures pursuant to the Federal Rule of Civil Procedure 26, the Court's Local Rules,

and the Scheduling Order. In addition, documents kept in the ordinary course of business that

may be relevant to the issues in this suit are located at McKesson's offices in Cranberry

Township, Pennsylvania or at the Washington, D.C. office of Sutherland, Asbill & Brennan LLP

and include:

1. documents relating to the ownership and assignment of the in the patents-in-suit;

2. documents relating to the conception, design, development, and commercial success of the inventions disclosed in the patents-in-suit and products embodying the same including the Robot-Rx;

3. documents relating to the state of the prior art;

4. McKesson's sales and financial documents;

5. documents relating to the market for automated pharmacy products;

6. communications between the parties; and

7. non-privileged correspondence and other documents to Translogic's/Swisslog's PillPick System to the extent such correspondence and other documents exist.

## III.    Fed. R. Civ. P. 26(a)(1)(C) - Damages

McKesson requests that the Court enter an order pursuant to 35 U.S.C. § 283 permanently enjoining and restraining Translogic and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with it from directly or indirectly infringing the patents-in-suit. McKesson further requests that Translogic be made to pay compensatory damages to McKesson of lost profits and/or a reasonable royalty. In any event, McKesson seeks no less than a reasonable royalty pursuant to 35 U.S.C. § 284 for infringement of the patents-in-suit, including costs and pre-judgment and post-judgment interest as allowed by law. McKesson has not yet fully computed the damages due in this matter and cannot provide a full calculation at this stage of the case. McKesson will provide a computation of damages, and will make available all non-privileged documents upon

which such computation is based, after the necessary information is obtained through discovery.

McKesson also requests that Swisslog be ordered to pay treble damages pursuant to 35 U.S.C. §

284 as a result of Swisslog's willful, knowing, and wanton infringement of the patents-in-suit.

Finally, McKesson requests that Swisslog be ordered to pay all costs and expenses incurred by

McKesson, including reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## IV.    Fed. R. Civ. P. 26(a)(1)(D) - Insurance

McKesson is presently unaware of any applicable insurance agreements.

Dated this 30th day of May, 2006.

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

Troy R. Covington
Julie A. Tennyson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 853-8000
Fax: (404) 853-8806

Neal C. Belgam (#2721)
Dale R. Dubé (#2863)
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

*Counsel for Plaintiff*
*McKesson Automation, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2006, I caused to be served a true and

correct copy of PLAINTIFF MCKESSON AUTOMATION INC.'S INITIAL DISCLOSURE

STATEMENT upon the following counsel of record as indicated:


Via E-mail (Initial Disclosure Statement) & Federal Express (Production Documents)

Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
1177 Avenue of the Americas
New York, NY 10036

Via E-mail (Initial Disclosure Statement)

Julie Heaney, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Katie N. O'Brien

# EXHIBIT N

# SEALED DOCUMENT

# EXHIBIT O

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2958664 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**

McLaughlin v. Diamons State Port Corp.
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Dannette G. MCLAUGHLIN, Plaintiff,
v.
DIAMOND STATE PORT CORP., Defendant.
No. C.A.03-617(GMS).

Dec. 21, 2004.

Laurence V. Cronin, Smith, Katzenstein, & Furlow,
Wilmington, DE, for Plaintiff.
Donald E. Reid, Jason A. Cincilla, Morris, Nichols,
Arsht & Tunnell, Wilmington, DE, for Defendants.

SLEET, J.

### I. INTRODUCTION

*1 Presently before the court is plaintiff Dannette
McLaughlin's Motion For Leave To File Her
Amended Complaint. (D.I.34.) In McLaughlin's
original complaint, filed July 1, 2003, she alleged one
count of unlawful gender discrimination in violation
of Title VII of the Civil Rights Act of 1964, *as
amended,*42 U.S.C. § 2000*eet seq.* ("Title VII"), and
one count of unequal pay in violation of the Equal
Pay Act, 29 U.S.C. § 206 (1998). (D.I.1.) She now
seeks to amend by adding a retaliation claim under
Title VII, and an equal protection claim under 42
U.S.C. § 1983 (2003). (D.I.34.) Because
McLaughlin has unduly delayed her request to
amend, and because of the undue prejudice to the
defendant that would result from an amendment,
McLaughlin's motion will be denied.

### II. JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. §
1331 (1993).

### III. BACKGROUND

As of the time the complaint was filed, McLaughlin

had been a part-time employee of Diamond State Port
Corp. ("Diamond State") for six years. (D.I. 1 ¶ 12-
13.) From September 2000 through May 2002,
McLaughlin applied for various full-time positions
with Diamond State. (Id.¶ 18.)However, she was
unsuccessful in her bid to become full time and each
position for which she applied was eventually filled
by a man. (Id.¶ 20.)Although Diamond State
proffered nondiscriminatory reasons for not hiring
McLaughlin (id.¶ ¶ 21, 26), she has reason to believe
gender discrimination to be the true reason (id.¶ ¶
21-42). As a result, McLaughlin filed a Charge of
Discrimination with the Equal Employment
Opportunity Commission ("the EEOC") on May 28,
2002. (D.I. 34 Ex. A.) On April 3, 2003, the EEOC
issued McLaughlin a right-to-sue letter.(Id.Ex. B.)
She then proceeded to file suit against Diamond State
and the International Longshoreman's Assoc. on July
1, 2003.[FN1](D.I.1.) A scheduling conference was held
on February 25, 2004 during which the court set the
deadline for amendments to the pleadings to be April
30, 2004. The discovery deadline was set at August
31, 2004, and the deadline for case-dispositive
motions was set at September 14, 2004. (D.I.17.)

> FN1. International Longshoreman's Assoc.
> was dismissed as a defendant and only
> Diamond State remains. (Order of the Court,
> January 16, 2004.)

On July 29, 2004, McLaughlin signed a second
EEOC Charge of Discrimination in which she alleges
Diamond State retaliated against her for filing the
first discrimination charge by passing her over for
promotion. (D.I. 39 Ex. C.) The second charge is
based on McLaughlin's assertion that Diamond State
supervisor William Stansberry told James Woolford,
who told Malik Davidum, who told McLaughlin, that
"because [she] put this suit out, that [she'll] never get
a job."(McLaughlin Dep. at 165:16-166:6, D.I. 39
Ex. D.) McLaughlin was issued another right-to-sue
letter on September 20. (D.I. 34 Ex. D.) In the
meantime, on August 30 plaintiff's counsel informed
counsel for Diamond State of McLaughlin's intention
to amend the complaint to add the retaliation and §
1983 claims:
Please be advised that plaintiff has filed a new EEOC
charge alleging retaliation. As soon as we receive the
right to sue, we will be filing a Motion to Amend the
Complaint. In addition, as discovery has revealed the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Port to be a "state actor," we will also be adding a claim under 42 U.S.C. § 1983. I wanted you to be aware of these issues before our Conference with Judge Sleet currently scheduled for September 1, 2004 at 9:00 a.m.

**\*2** I am on trial this week and will be difficult to reach. Please leave me a message if you have any questions and I will try to return your call before September 1, 2004. Thank you.

(August 30, 2004 Letter from Plaintiff's Attorney to Defendant's Attorney, D.I. 34 Ex. 2.)

Diamond State replied the same day:
I received your letter of today in which you noted that McLaughlin intends to move to amend her complaint to add a claim or [sic] retaliation and a section 1983 claim. You closed your letter by asking that I call if I have any questions. I will do so now. I am writing as well in the event that you are carrying a Blackberry. The schedule entered by the court provides that the time to amend pleadings expired over 4 months ago. Obviously we will oppose any effort on the of [sic] McLaughlin to amend her pleadings to add additional, baseless claims. In all events, if you intend to raise this issue with the Court in any substantive manner at the September 1 teleconference, please send me a detailed email identifying what exactly you intend to present so that I can be prepared to respond.

(August 30, 2004 Email from Defendant's Attorney to Plaintiff's Attorney, D.I. 41 Ex. C.)

The teleconference referenced in the above correspondence actually took place on September 3, and resulted in a revised scheduling order. In particular, the court acceded to the parties' requests to move the discovery deadline to October 1 and the deadline for case-dispositive motions to October 18. (D.I.26.) No mention of McLaughlin's desire to amend her complaint was made to the court by either party.

Pursuant to the amended scheduling order, McLaughlin was deposed on September 28. At her deposition, counsel for Diamond State requested a copy of the second EEOC Charge. (D.I. 41 at 8-9.) It was provided on October 8, along with an offer to make McLaughlin available for another deposition. (Id.Ex. A.) According to McLaughlin, Diamond State declined to re-depose her. (Id. at 9.) McLaughlin filed the present motion on October 14 (D.I.34), and Diamond State filed a motion for summary judgment as to the claims in the original complaint on October

18 (D.I.36.)

A pre-trial conference in this case is scheduled for January 5, 2005, and trial is scheduled for January 24, 2005.

## IV. DISCUSSION

Bearing in mind that leave to amend a pleading is to "be freely given," Fed.R.Civ.P. 15(a), it is within the discretion of the court to deny leave where a party will be substantially or unduly prejudiced, or where the court finds "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment,"*Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.1993).

As to McLaughlin's § 1983 claim, the court is truly at a loss as to how it escaped counsel for McLaughlin that Diamond State is a state actor. Diamond State correctly points out that McLaughlin should have been alerted to this fact by the reference to Del.Code Ann., tit. 29, § 8735(a) (2003), in Diamond State's answer, filed on July 15, 2003 (D.I. 4 ¶ 3).Section 8735(a) states:
**\*3** There shall be established within the Department of State a body corporate and politic, with corporate succession, constituting a public instrumentality of the State, and created for the purpose of exercising essential governmental functions which is to be known as the "Diamond State Port Corporation."

Thus, McLaughlin should have discovered Diamond State's status as a state actor as soon as counsel read the answer and did even cursory research as to its substance. Either this research did not happen, or counsel did not realize the potential for a § 1983 claim. Moreover, the court finds it difficult to believe McLaughlin worked for Diamond State for six years without knowing it is an arm of the State of Delaware. It is noteworthy that McLaughlin's submissions are conspicuously vague in outlining the reasons for this oversight. The only concrete explanation for delay the court can discern from the briefs is that McLaughlin "delayed raising the § 1983[sic] until the retaliation claim had perfected in order to avoid a multiplicity of amendment motions."(D.I. 41 at 10.) Yet McLaughlin did not sign her second EEOC complaint until July 29, 2004, which was over one year after she was put on notice of Diamond State's status as a state actor. The court doubts counsel really thought it was proper to sit idly

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2958664 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

on its § 1983 claim for over a year (allowing the deadline for amendments to pass) in anticipation of a retaliation claim. Therefore, the court accords very little weight to McLaughlin's justification for the extraordinary delay in seeking to add the § 1983 claim.

As to the retaliation claim, the court is sympathetic to the plight of the employee who is retaliated against by her employer after the deadline for amendments to the pleadings has passed. Indeed, had McLaughlin's counsel raised the amendment issue at the September 3 teleconference, the court would have given it serious consideration (especially since the whole purpose of the teleconference was to amend the scheduling order). Instead, counsel chose to be inconsiderate of the court's time and burden it with lengthy, eleventh-hour briefing on an issue that could have been disposed at the teleconference with relative ease. Furthermore, counsel offers no excuse for this failure other than to say the defendant requested the issue not be brought up at the teleconference. Based on the defendant's email of August 30, Diamond State merely requested details of the proposed amendment in order to properly prepare his response for the teleconference. Certainly, this was not an unreasonable request. Counsel for McLaughlin argues that such a request was, in fact, unreasonable because counsel for the defendant knew counsel for the plaintiff was on trial and would be unable to respond to a request for details. (D.I. 41 at 9.) In other words, McLaughlin's counsel sprung notification of amendment on Diamond State on the eve of the teleconference, and then condemns Diamond State for not accommodating counsel's busy trial schedule. It goes without saying that McLaughlin's position is untenable. Even further undermining her argument is the fact that the teleconference was actually delayed by two days (from September 1 to September 3), giving McLaughlin ample opportunity to fulfill Diamond State's request for details.

*4 McLaughlin also argues that delay was necessary because she needed to receive a right-to-sue letter before seeking to amend. (Id. at 8.) However, McLaughlin fails to account for the fact that she could have sought leave to amend *before* the end of discovery. She received her right-to-sue letter on September 20, which was eight days before her own deposition and ten days before the end of discovery. Knowing of the impending deadlines, McLaughlin should have been fully prepared to file her motion to amend immediately upon receiving the letter. Instead she delayed until October 14, just two business days

before the deadline for case-dispositive motions.

Another explanation is offered in a footnote:
Plaintiff notes as well that much of the evidence of retaliation was not developed until very recently, after defendant first withheld and then provide [sic] documents and required that plaintiff return to depose a witness about issues on which Defendant prohibited discovery in prior depositions. See, Markow deposition (Affidavit of Laurence V. Cronin ("Cronin Aff.") at Ex. B). Indeed, it was not until Stansbury's deposition in September that defendant finally acknowledged that there had been promotions subsequent to the EEOC charge being filed, having failed to provide any documentation regarding those promotions and assured counsel that there was none. See Stansbury deposition (Cronin Aff. at Ex. D).

(D.I. 41 at 1 n. 2.) This explanation is inadequate for two reasons. First and foremost, McLaughlin obviously had enough information to file a charge with the EEOC in July 2004. Thus, it was not a discovery problem that prevented her from seeking to amend her complaint. Second, the above footnote asks the court to draw inferences from three deposition transcripts with no pinpoint cites. The two Markow depositions total 220 pages and the Stansbury deposition is 137 pages. Counsel once again shows its disregard for the court's time by asking it to sift through 357 pages of testimony to find evidence of dilatory tactics. It is counsel's responsibility to point the court to relevant evidence. Consequently, the court does not accept McLaughlin's explanation for the delay in seeking to add her retaliation claim.

Another consideration in deciding whether to permit an amendment is prejudice to the defendant. Although Diamond State does not explicitly argue this point, the court finds implicit prejudice. The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies. If the court were to permit parties to ignore these deadlines, unfair surprise would abound.

In this case, briefing on McLaughlin's motion was completed on November 1. Even if the court would have decided the motion that day, Diamond State would have required time to file another answer. Additionally, it is quite likely that more discovery would have been necessary.[FN1] With the schedule now so compressed, it is likely that the filing of dispositive motions would have been precluded by the court or the time for trial postponed. Clearly, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2958664 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

loss to the defendant of the opportunity to achieve summary disposition of the matter or the delay resulting from an accommodation of the plaintiff's request to amend would be prejudicial to Diamond State.

> FN2. McLaughlin disagrees that more discovery would be necessary. She is clearly mistaken. For instance, her main piece of retaliation evidence is at least double hearsay. Although Stansbury's statement may be non-hearsay as an admission of a party opponent, Fed.R.Evid. 801(d)(2), the statement would only become admissible if Woolford testified, or if there were an applicable exception for Woolford's recital of Stansbury's statement to Davidum and for Davidum's recital of Woolford's statement to McLaughlin. Thus, it seems most likely that Woolford would need to be deposed.

### V. CONCLUSION

*5 Since McLaughlin does not adequately explain the prolonged delay in filing her motion to amend, and since permitting such an amendment would impose undue prejudice on Diamond State, the court will deny her motion.

IT IS HEREBY ORDERED that:

The plaintiff's Motion For Leave To File Her Amended Complaint (D .I. 34) be DENIED.

D.Del.,2004.
McLaughlin v. Diamons State Port Corp.
Not Reported in F.Supp.2d, 2004 WL 2958664 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT P



**Sutherland
▪ Asbill & ▪
Brennan LLP**
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

Katherine R. Lahnstein
DIRECT LINE: 202.383.0929
Internet: Katherine.lahnstein@sablaw.com

April 5, 2007

VIA HAND DELIVERY AND EMAIL
Richard LaCava, Esq.
c/o Pam Prater
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, District of Columbia 20006-5403

     Re: *McKesson v. Swisslog Italia et al.*

Dear Rich:

  Please find enclosed a DVD containing McKesson's production documents bearing bates numbers M0125290-M0146580. Also enclosed are the load files for these production documents.

  If you have any questions or comments, please do not hesitate to contact our office.

       Sincerely,

       Katherine R. Lahnstein

Enclosure

# EXHIBIT Q



**Sutherland
▪ Asbill & ▪
Brennan** LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

Shane Walter
DIRECT LINE: 202.383.0213
Internet: Shane.Walter@sablaw.com

April 27, 2007

VIA HAND DELIVERY AND EMAIL
Richard LaCava, Esq.
c/o Pam Prater
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, District of Columbia 20006-5403

      Re:    *McKesson v. Swisslog Italia et al.*
            CA No. 06-028 (MPT)

Dear Mr. LaCava:

      Please find enclosed seven (7) DVDs containing McKesson's production documents bearing bates numbers M015929-M0202781. Also enclosed please find a better version of bates number M0126509-M0126519.

      Lastly, pursuant to paragraph 20(a) of the Protective Order, portions of a document bearing bates number M0099990-M0100004 are subject to the attorney-client privilege. Please follow the instruction in paragraph 20(a) of the Protective Order for disposing of all copies of this document and confirm in writing that you have done so. We have produced this document in redacted format, so that the bates range of the production will remain uninterrupted.

      If you have any questions or comments, please do not hesitate to contact our office.

                            Sincerely,

                            Shane Walter

Enclosures

WO 724613 1
Atlanta  ▪  Austin  ▪  Houston  ▪  New York  ▪  Tallahassee  ▪  Washington, DC