IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANSLOGIC CORPORATION and )<br>SWISSLOG ITALIA S.p.A., )<br>)<br>Defendants. )<br>) | C.A. No. 06-028-MPT |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S NOTICE
OF ISSUANCE OF SUBPOENA TO PAOLO PROVISSIONATO**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff McKesson Automation, Inc. ("McKesson") has issued the attached subpoena to Paolo Provissionato, with a deposition date of December 10, 2007.

Dated: November 13, 2007

BLANK ROME LLP

_____
Dale R. Dubé (#2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Christopher L. May
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

Counsel for Plaintiff McKesson Automation, Inc.

124402.00601/40172149v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2007, I served by hand delivery and electronic filing PLAINTIFF MCKESSON AUTOMATION, INC.'S NOTICE OF ISSUANCE OF SUBPOENA PAOLO PROVISSIONATO, using CM/ECF which will send notification of such filing to the following:

>Julia Heaney, Esquire
>MORRIS, NICHOLS ARSHT & TUNNELL
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

I also certify that, on this 13th day of November, 2007, I served the aforementioned document, by e-mail and First Class Mail, upon the following participants:

>Lawrence C. Drucker, Esquire
>Alfred R. Fabricant, Esquire
>Richard LaCava, Esquire
>Bryan N. DeMattio, Esquire
>DICKSTEIN SHAPIRO LLP
>1177 Avenue of the Americas
>New York, NY 10036

*Dale R. Dubé*
Dale R. Dubé

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| for the Southern | DISTRICT OF | New York |

| McKesson Automation, Inc. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Translogic Corporation and Swisslog Italia S.p.A. | Case Number:[1]  06-028 (MPT) |

TO: Paolo Provissionato
c/o Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Sutherland Asbill & Brennan LLP  1114 Avenue of the Americas - 40th Floor, New York, NY 10036 | DATE AND TIME  12/10/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All of the documents and things identified in Schedule A.

| PLACE  Sutherland Asbill & Brennan LLP  1114 Avenue of the Americas - 40th Floor, New York, NY 10036 | DATE AND TIME  12/3/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Chris May*, Attorney for Plaintiff | DATE  11/9/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher May
Sutherland Asbill & Brennan LLP - 1275 Pennsylvania Ave., NW, Washington, DC 20004  202.383.0100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                              DATE                                                    SIGNATURE OF SERVER

                                                                                     _____
                                                                                     ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "Translogic" shall mean (a) Translogic Corporation, (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Translogic Corporation or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Translogic Corporation.

2. "Swisslog Italia" shall mean (a) Swisslog Italia S.p.A., (b) any of its divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with Swisslog Italia S.p.A. or its affiliated companies and (e) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Swisslog Italia S.p.A.

3. "Swisslog Group Entity" shall mean (a) Swisslog Holding AG, Swisslog Management AG, Swisslog AG, the entities identified on page 36 of Swisslog's 2005 Financial Report, and the entities identified on page 28 of Swisslog's 2005 Annual Report, (b) any of their divisions, departments, and other organizational or operating units, (c) all predecessor or successor companies or corporations, (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control or affiliated, in any manner, with such entities or their affiliated companies, (e) each of the present

and former officers, directors, employees, agents, attorneys, or other representatives of such entities. Swisslog Group Entity excludes Swisslog Italia and Translogic.

4.  "McKesson" means McKesson Automation, Inc. and all partnerships, joint ventures, predecessors and successors and assigns of or involving each of the forgoing, including Automated Healthcare, Inc., and all past or present directors, officers, employees, agents, consultants, independent contractors, representatives, subcontractors and attorneys of such persons or entities.

5.  "Provvisionato & Co." means Provvisionato & Co. including without limitation all of its locations; all of its predecessors, successors, joint-ventures, partnerships, affiliates and assigns; all past or present partners, principals, members, directors, officers, shareholders, attorneys, agents, representatives, employees, consultants, independent contractors, representatives, and subcontractors (including without limitation Andrea Balsamo); and others acting on behalf of Provvisionato & Co.

6.  "Dickstein Shapiro LLP" means Dickstein Shapiro LLP including without limitation all of its locations; all of its predecessors, successors, joint-ventures, partnerships, affiliates and assigns (including without limitation Dickstein Shapiro Morin & Oshinsky LLP); all past or present partners, principals, members, directors, officers, shareholders, attorneys, agents, representatives, employees, consultants, independent contractors, representatives, and subcontractors (including without limitation Alfred Fabricant and Steven Weisburd); and others acting on behalf of Dickstein Shapiro LLP.

7.  "February 13, 2002 Opinion" means the letter regarding the Automated Healthcare Inc. Patent Documents-Analysis of the Risk of Interference with the Modular Pin Store by Swisslog Italia dated February 13, 2002 (including any attachment thereto) and signed

by Andrea Balsamo that Translogic produced at T056868-70 (English version) and T056859-67 (Italian version).

8.   "January 17, 2006 Opinion" means the letter regarding the Investigation Concerning Automated Healthcare'[s] Patents US 5,468,110 and US 5,593,267 dated January 17, 2006 and signed by Andrea Balsamo (including any attachment thereto) that Translogic produced at T056855-58.

9.   "January 26, 2006 Opinion" means the oral communication between Messrs. Alfred Fabricant, Larry Drucker, and Richard LaCava of Dickstein Shapiro and Messrs. Remo Brunschwiler, Martin Strobel and Charles Kegley, among others, described in Translogic production Bates No. T056875-77.

10.   "March 16, 2006 Opinion" means the letter regarding the current status of the suit and risk assessment regarding potential material claims dated March 16, 2006 and signed by Dickstein Shapiro Morin & Oshinsky LLP (including any attachment thereto) that Translogic produced at T056851-54.

11.   "February 28, 2007 Opinion" means the Infringement Investigation of U.S. Patent Nos. 5,468,110 and 5,593,267 dated February 28, 2007 and signed by Steven Weisburd (including any attachment thereto) that Translogic produced at T056173-850.

12.   "Opinions of Counsel" means, individually and collectively, the February 13, 2002 Opinion, January 17, 2006 Opinion, January 26, 2006 Opinion, March 16, 2006 Opinion, February 28, 2007 Opinion, and any other opinion that any of Defendants are relying on as a defense to willful infringement.

13.   "Opinions of Provvisionato Counsel" means, individually and collectively, the February 13, 2002 Opinion and January 17, 2006 Opinion.

14. "Opinions of Dickstein Shapiro Counsel" means, individually and collectively, the January 26, 2006 Opinion, March 16, 2006 Opinion and February 28, 2007 Opinion.

15. "Automated storage system" means automated storage and retrieval systems, which are automated, robotic systems for sorting, storing, and retrieving items.

16. The term "PillPick System" means any of the Swisslog Italia/Translogic automated drug management and/or storage systems for pharmacies and all versions, components, or prototypes thereof including, but not limited to, BoxStation, AutoBox, Box Picker, PillPicker, AutoPhial, PhialBox, DrugNest, FillBox, PickReturn, PickRing and any other component, product or system used in conjunction with the aforementioned products or systems as part of an automated drug management or storage system. PillPick includes, but is not limited to, the products, systems and components identified on the Swisslog website at, for example, http://www.swisslog.com/internet/hcs/hcs/adms/05.pdf and http://www.swisslog.com/hcs-index/hcs-systems/hcs-pharmacy/hcs-pharmacycomponents.htm. Further, as used herein, PillPick System is meant to include any combination of products, systems or components that can form a PillPick System.

17. "Patents-in-suit" means any one or more of U.S. Patent Nos. 5,468,110 and 5,593,267.

18. "Person" or "persons" means any natural person, any firm, any organization or business entity, whether individual or proprietorship, joint venture, partnership, corporation, association or otherwise, or any governmental entity or any agent, department, bureau or other legal subdivision thereof.

19. "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes the original, and every copy which differs in any way from the

original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, ROMs, EPROMs, and all other methods for the expression or retention of information.

20.    "Communication" means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

21.    The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

22.    The words "all" and "each" shall be construed as all and each.

23.    The use of the singular form of any word includes the plural and vice versa.

24.    As used herein, the word "relate" or the phrase "refer or relate to" and variants thereof are intended to mean referring to, pertaining to, concerning, regarding, having any relationship to, describing, evidencing, or constituting evidence of, in whole or in part, the referenced matter.

25.    When referring to a person, "identify," "to identify" or "identification of" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

## **INSTRUCTIONS**

1. This subpoena calls for you to produce all documents that are known or available to you.

2. All documents that respond, in whole or in part, to any potion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto. To the extent these documents are maintained in both hard copy and electronic form, provide both forms.

3. All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

4. If any documents requested herein or fairly comprised within the scope of these requests have been lost, destroyed, or are otherwise no longer in your possession, custody or control, you shall provide in lieu of a true and correct copy thereof a list of such documents, together with the following information: (a) the date of origin; (b) a brief description of such document; (c) the author of the document; (d) the date upon which the document was lost or destroyed; (e) the identity of the person(s) presently in possession, custody or control of such documents; and (f) a brief statement of the manner in which the document was lost, destroyed, or otherwise disposed of and the reason therefor.

5. When a document requested by any of these requests for production is withheld from production on any ground, such as that of the attorney-client privilege or the work product

WO 703959.2

immunity doctrine, you shall furnish McKesson with a list identifying each such document by date, author(s) (including position and title of same), recipient(s) (including position and title of same), the general nature of the document; and identifying the subject matter with sufficient detail to enable the document to be referred to in any subsequent motion to compel production; and further the listing shall state the basis asserted for withholding the document in sufficient detail so as to enable the claim of privilege or immunity or other claim to be adjudicated.

6. If subsequent to the date you produce documents responsive to this subpoena you discover or receive documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure, the Local Rules of the District Court, or any other applicable law.

## **DOCUMENTS TO BE PRODUCED**

1. All documents relating or referring to any of the Opinions of Counsel, including without limitation any drafts, versions or revisions of any of the Opinions of Provvisionato Counsel.

2. All correspondence or other documents exchanged between you and Translogic or Swisslog Italia relating to, referring to, or in connection with any of the Opinions of Counsel.

3. All correspondence or other documents exchanged between you and any other person or entity (including without limitation Dickstein Shapiro or any Swisslog Group Entity) relating to, referring to, or in connection with any of the Opinions of Counsel.

4. All communications (including without limitation any e-mails, correspondence, facsimiles, or memorialization of any communications) relating or referring to the Opinions of Counsel, including without limitation communications relating to the preparation, revision or timing of any of the Opinions of Counsel.

5. All documents and communications that relate to the same subject matter as any of the Opinions of Counsel.

6. All billing records relating to, referring to, or in connection with the Opinions of Counsel, including without limitation your time entries, statements of work performed and invoices.

7. All documents sought, relied upon, or reviewed by you (or by another person at your direction) in connection with the preparation or revision of any of the Opinions of Counsel.

WO 703959.2

8.  All correspondence or other documents exchanged between Provvisionato & Co. and Translogic or Swisslog Italia relating or referring to documents sought, relied upon, or reviewed by you (or another person at your direction) in connection with the preparation or revision of any of the Opinions of Counsel.

9.  All correspondence or other documents exchanged between Provvisionato & Co. and any other person or entity relating or referring to documents sought, relied upon, or reviewed by you (or another person at your direction) in connection with the preparation or revision of any of the Opinions of Counsel.

10. All documents referring or relating to any document retention policy of Provvisionato & Co. with respect to the retention of drafts or revisions of opinions of counsel authored or reviewed by Provvisionato & Co., including without limitation, the Opinions of Provvisionato Counsel.

11. All documents referring or relating to any policy or rule of Provvisionato & Co. with respect to the preparation and issuance of opinions of counsel relating to patent matters.