IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-028 (***) |
| | ) | |
| SWISSLOG ITALIA S.P.A. and | ) | PUBLIC VERSION |
| TRANSLOGIC CORPORATION, | ) | November 14, 2007 |
| | ) | |
| Defendants. | ) | |

**REPLY DECLARATION OF BRYAN N. DEMATTEO
IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR LEAVE
TO AMEND THEIR ANSWERS AND COUNTERCLAIMS**

I, Bryan N. DeMatteo, declare as follows:

1.      I am associated with the law firm Dickstein Shapiro LLP, counsel of record for Defendants Swisslog Italia S.p.A and Translogic Corporation (collectively "Defendants").  I make this reply declaration in further support of Defendants' Swisslog Italia's ("Swisslog") and Translogic Corporation's ("Translogic") Motion For Leave To Amend Their Answers And Counterclaims.  I have personal knowledge of the facts set forth herein, and if called to testify, could and would certify competently hereto.

2.      On October 12, 2007, after the motion was filed, McKesson produced approximately 6,100 pages of additional documents relating to loan transactions and the ownership issue.  Defendants have been unable to locate a reassignment of patent rights among theses documents.

3.      Attached as Exhibit DD is a true and correct copy of excerpts from the deposition transcript of James Patrician, dated October 11, 2007.

4.     Attached as Exhibit EE is a true and correct copy of excerpts from the deposition transcript of Any Youtz, dated May 3, 2007.

5.     Attached as Exhibit FF is a true and correct copy of excerpts from the deposition transcript of Charlie Kegley, dated July 26-27, 2007.

6.     Attached as Exhibit GG is a true and correct copy of excerpts from the deposition transcript of Sean McDonald, dated August 30, 2007.

7.     Attached as Exhibit HH is a true and correct copy of McKesson's Objections and Supplemental Responses to Defendant Swisslog Italia's First Set of Interrogatories.

/s/ Bryan N. DeMatteo

_____

Bryan N. DeMatteo

1309828

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on November 14, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 14, 2007 upon the following individuals in the manner indicated

**<u>BY E-MAIL</u>**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)
jheaney@mnat.com

EXHIBIT DD

FULLY REDACTED

EXHIBIT EE

FULLY REDACTED

EXHIBIT FF

FULLY REDACTED

EXHIBIT GG

FULLY REDACTED

# EXHIBIT HH

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

Plaintiff,

v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

Defendants.

CA No. 06-028 (KAJ)

## PLAINTIFF MCKESSON AUTOMATION, INC.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANT SWISSLOG ITALIA S.P.A.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff McKesson Automation, Inc. ("McKesson") hereby responds and objects as follows to Defendant Swisslog Italia S.p.A.'s ("Swisslog") First Set of Interrogatories.

## GENERAL OBJECTIONS

The following objections are to be incorporated into the Responses and Objections to Interrogatories Nos. 1-7 as if set forth in full below.

1.    McKesson objects to these Interrogatories to the extent that they present compound requests for information, and therefore are vague and ambiguous.

2.    McKesson objects to these Interrogatories to the extent they seek disclosure or identification of information or documents that come within the scope of the attorney-client privilege, work product immunity, or other applicable privilege, or are otherwise exempted from discovery. Such information or documents will not knowingly be disclosed or identified. The

inadvertent disclosure or identification of any such information or documents is not intended to and will not constitute a waiver of such privilege or immunity, or an agreement to produce such privileged, immune, or otherwise exempt from discovery information or documents.

3.     McKesson objects to these Interrogatories to the extent they seek to impose discovery obligations on McKesson which are inconsistent with, not found in, or exceed the requirements of the Federal Rules of Civil Procedure ("Federal Rules") or the Local Civil Rules of the District of Delaware ("Local Rules").

4.     McKesson objects to these Interrogatories to the extent the Interrogatories call for information that is not relevant to the present action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5.     McKesson objects to these Interrogatories as overbroad, unduly burdensome, harassing, and calling for information not relevant to the present action to the extent they are unrestricted in time. McKesson will respond to these Interrogatories to the extent they seek information within the time period(s) relevant to this case.

6.     McKesson objects to these Interrogatories on the grounds that the Interrogatories are unduly burdensome, oppressive, and harassing to the extent that they seek information already in Swisslog's possession, custody or control, or information as equally available to Swisslog as to McKesson.

7.     McKesson objects to these Interrogatories to the extent that they seek information that is unreasonably cumulative or duplicative, or is obtainable from some source other than McKesson that is more convenient, less burdensome, or less expensive.

8.     McKesson's investigation of the facts underlying this action is continuing. Although McKesson has made a diligent search and reasonable inquiry to locate responsive

information for these Interrogatories, McKesson may discover additional information in the course of its investigation. McKesson reserves the right to supplement its responses to these Interrogatories as it discovers additional information.

9.    McKesson's responses to these Interrogatories should not be deemed as an admission that the information divulged is relevant to this case, or is admissible into evidence in this case under the Federal Rules of Evidence.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    McKesson objects to the definition of "Plaintiff" or "McKesson" to the extent to the extent that Swisslog interprets these terms to sweep in documents that are not within Plaintiff McKesson Automation Inc.'s possession, custody or control. McKesson also objects to the definition of "Plaintiff" or "McKesson" to the extent that Swisslog interprets them to sweep in McKesson's attorneys and, as a result, seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Without waving its objections, McKesson will consider the definition of "Plaintiff" or "McKesson" to mean McKesson Automation, Inc. and its directors, officers, and employees.

2.    McKesson objects to the definition of "Related Case" as being overly broad, unduly burdensome, vague, and harassing to the extent it encompasses documents and information not likely to lead to the discovery of admissible evidence. For example, Swisslog's definition of "Related Case" sweeps in cases concerning patents not at issue in this litigation. The definition also sweeps in documents concerning "Covered Product(s)," which is undefined in any way and, for example, appears to include cases regarding product liability, breach of warranty and other unrelated causes of action by or against McKesson to the extent the subject

matter of the proceeding in some way remotely touches upon a McKesson product covered by the patents-in-suit. McKesson will interpret the definition of "Related Case" to mean any litigation or administrative proceeding in the United States where the disputed subject matter involved allegations regarding the patent rights associated with the patents-in-suit.

3.     McKesson objects to the definition of "Prior Art" as vague, ambiguous and calling for a legal conclusion.

4.     McKesson objects to the definitions of "document," "thing," "things" or "communication" to the extent that it seeks information inconsistent with or exceeding McKesson's obligations under the Federal Rules and the Local Rules. McKesson further objects to the definition of "thing" or "things" to the extent it seeks references for privileged information.

5.     McKesson objects to the definitions of "Identify" and "State the basis" to the extent they exceed the scope of discovery provided by the Federal Rules and Local Rules. In addition, such definitions improperly seek information protected by the attorney-client privilege, work product immunity or any other applicable privilege. McKesson further objects to the definition of "Identify" with respect to documents and "State the basis" in that it: (1) seeks information equally available to Swisslog, on the grounds that such Interrogatories are unduly burdensome, oppressive, and harassing; (2) calls for information that is neither relevant to the present action nor reasonably calculated to lead to the discovery of admissible evidence; and (3) calls for information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. To the extent any of Swisslog's interrogatories use the word "Identify," McKesson will accord that term its normal and customary meaning.

6.    McKesson objects to Instruction Nos. 4, 5, 6 and 7 to the extent they impose duties or obligations on McKesson inconsistent with, not found in, or exceeding the requirements provided for in the Federal Rules and Local Rules.  Subject to reciprocity and under mutually acceptable terms, McKesson will provide a privilege log identifying any responsive documents withheld on the basis of the attorney-client privilege, work product doctrine, or any other available privilege or protection.  McKesson will not include on its privilege log any documents created in anticipation of or after the initiation of this litigation, as to do so would be unduly burdensome and require the disclosure of information falling under the attorney-client privilege, work product doctrine, or other applicable privilege(s).  McKesson further objects to Instruction No. 7 as being oppressive, unduly burdensome and harassing.  McKesson will not provide the information requested in Instruction No. 7.

7.    McKesson objects to Instruction No. 5 to the extent it seeks to require the attachment of a copy of the document responsive to an Interrogatory on the grounds that the instruction is unduly burdensome, oppressive, and harassing, because such information is equally available to Swisslog under Fed. R. Civ. P. 33(d).  McKesson further objects to this instruction to the extent it calls for information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

8.    McKesson incorporates the foregoing Specific Objections to Definitions and Instructions in each of the following Interrogatory responses, as if set forth fully therein.

# INTERROGATORIES

## Interrogatory No. 1:

Other than attorneys, identify all individuals known to McKesson, including but not limited to, current and former employees, consultants, independent contractors, advisors, etc., who, orally or in writing, in whole or in part, performed a Validity Analysis of the Patents-in-Suit, or who otherwise compared any prior art to the Patents-in-Suit as a whole or to any element of any claim of the Patents-in-Suit. For each individual so identified:

    (a)    state the date(s) the Validity Analysis was performed;

    (b)    state whether the Validity Analysis was performed by said individual orally, in writing, or both orally and in writing; and

    (c)    state whether the Validity Analysis performed by said individual formed the basis, in whole or in part, directly or indirectly, of McKesson's decision to sue Defendants for patent infringement.

## RESPONSE TO INTERROGATORY NO. 1

McKesson objects to this Interrogatory to the extent is seeks analysis protected by the attorney-client privilege and/or work product doctrine. McKesson further objects to this Interrogatory as vague and ambiguous, particularly with regard to its use of legal terminology such as "Validity Analysis." McKesson further objects to this Interrogatory to the extent it seeks a legal conclusion. Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson responds that it has no information responsive to this Interrogatory.

## Interrogatory No. 2:

Other than attorneys, identify all individuals known to McKesson, including but not limited to, current and former employees, consultants, independent contractors, advisors, etc., who, orally or in writing, in whole or in part, performed an Infringement Analysis of the Accused Products, or who otherwise compared one or more features of the Accused Products to either or both of the Patents-in-Suit as a whole or to one or more elements of any claim of the Patents-in-Suit. For each individual so identified:

    (a)    state the date(s) the Infringement Analysis was performed;

(b)    state whether the Infringement Analysis was performed by said individual orally, in writing, or both orally and in writing; and

(c)    state whether the Infringement Analysis performed by said individual formed the basis, in whole or in part, directly or indirectly, of McKesson's decision to sue Defendants for patent infringement.

## RESPONSE TO INTERROGATORY NO. 2

McKesson objects to this Interrogatory to the extent is seeks analysis protected by the attorney-client privilege and/or work product doctrine.    McKesson further objects to this Interrogatory as vague and ambiguous, particularly with regard to its use of legal terminology such as "Infringement Analysis."   McKesson further objects to this Interrogatory to the extent it seeks a legal conclusion.   Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson responds that to the extent any informal analysis was performed, such analyses have been produced and/or has been the subject of deposition testimony.   *See e.g.*, M0004672; depositions of James Longo and Manoj Wangu.

## Interrogatory No. 3:

Other than attorneys, identify all individuals known to McKesson, including but not limited to, current and former employees, consultants, independent contractors, advisors, etc., who, orally or in writing, in whole or in part, performed an Unenforceability Analysis of either or both of the Patents-in-Suit, or who otherwise analyzed the prosecution histories of either or both of the Patents-in-Suit to determine whether either or both of the Patents-in-Suit are unenforceable due to inequitable conduct. For each individual so identified:

(a)    state the date(s) the Unenforceability Analysis was performed

(b)    state whether the Unenforceability Analysis was performed by said individual orally, in writing, or both orally and in writing; and

(c)    state whether the Unenforceability Analysis performed by said individual formed the basis, in whole or in part, directly or indirectly, of McKesson's decision to sue Defendants for patent infringement.

## RESPONSE TO INTERROGATORY NO. 3

McKesson objects to this Interrogatory to the extent is seeks analysis protected by the attorney-client privilege and/or work product doctrine. McKesson further objects to this Interrogatory as vague and ambiguous, particularly with regard to its use of legal terminology such as "Unenforceability Analysis" and "inequitable conduct." McKesson further objects to this Interrogatory to the extent it seeks a legal conclusion.

Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson responds that it possesses no information responsive to this Interrogatory.

## Interrogatory No. 4:

Identify all versions of the robotic system referred to by McKesson as the Automated Pharmacy Station ("APS"), including but not limited to prototypes, and for each version of the APS so identified:

   (a)    state whether the version of the APS was shown or demonstrated before January 24, 1989, and if so, identify to whom the APS was shown or demonstrated;

   (b)    state whether the version of the APS was described in a printed publication before January 24, 1989, and if so, identify the printed publication and the manner in which the APS was described therein;

   (c)    state whether the version of the APS was sold or offered for sale before January 24, 1989, and if so, identify to whom the version of the APS was sold or offered for sale;

   (d)    state whether the version of the APS was in public use before January 24, 1989;

   (e)    separately for each claim of the Patents-in-Suit, state whether the version of the APS is an embodiment of the claim; and

   (f)    separately for each claim of the Patents-in-Suit, if the version of the APS is not an embodiment of the claim, identify each element of the claim that McKesson contends is missing from the version of the APS and, for each element so identified, explain why the element is missing.

**RESPONSE TO INTERROGATORY NO. 4**

McKesson objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege and/or work product doctrine. McKesson further objects to this interrogatory to the extent it constitutes multiple constituent subparts, thereby constituting several interrogatories. McKesson further objects to this Interrogatory to the extent it contains multiple legal and/or factual assumptions which are contested by McKesson, and have yet to be proved by Swisslog. McKesson further objects to the extent this interrogatory prematurely requires McKesson to set forth the substance of expert reports before the deadline for Federal Rule of Civil Procedure 26(a)(2) disclosures. Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson identifies the following versions of the APS:

APS I

With the understanding that McKesson's responses are not meant to convey admittance or denial of any legal or factual conclusions contained in Interrogatory No. 4, McKesson responds that it has produced documents from which the answer to this interrogatory may be derived or ascertained pursuant to Fed. R. Civ. P. 33(d), including but not necessarily limited to the following:

M0188725 – M0188777; M0179183 – M0179214; M0188703 – M0188717; M0189046 – M0189047; M0185269 – M0185272; M0192834 – M0122844; M0179617 – M0179622; M0178888 – M0178906; M018898; M0192764 – M019279; M0198594; M0182079; M0178506 – M0178535; M0182076 – M0182077; M0182084; M0182073 – M0182074; M0182082 – M018282; M0191773 – M0191795; M0179215 – M0179218; M0169671 – M0169678; M0175181 – M0175188; M0169764 – M0169775; M0169788 – M0169799; M0202453 – M0202461; M0146220 – M0146221; M0178650 – M0178654; M0178757 – M0178768; M0178931 – M0178965; M0179041 – M0179062; M0179653 – M0179678; M0180078 – M0180100; M0188719 – M0188724; M0188778 – M0188858; M0188860 – M0188931; M0188932 – M0188989; M0192016 – M0192024; M0202481 – M0202492; M0202493 – M0202498.

**Interrogatory No. 5:**

Identify all versions of the robotic system referred to by McKesson as the Automated Pharmacy Station II ("APS II"), including but not limited to prototypes, and for each version of the APS II so identified

(a)     state whether the version of the APS II was shown or demonstrated before January 24, 1989, and if so, identify to whom the APS II was shown or demonstrated;

(b)     state whether the version of the APS II was described in a printed publication before January 24, 1989, and if so, identify the printed publication and the manner in which the APS II was described therein;

(c)     state whether the version of the APS II was sold or offered for sale before January 24, 1989, and if so, identify to whom the version of the APS II was sold or offered for sale;

(d)     state whether the version of the APS II was in public use before January 24, 1989;

(e)     separately for each claim of the Patents-in-Suit, state whether the version of the APS II is an embodiment of the claim; and

(f)     separately for each claim of the Patents-in-Suit, if the version of the APS II is not an embodiment of the claim, identify each element of the claim McKesson contends is missing from the version of the APS II and, for each element so identified, explain why the element is missing.

## RESPONSE TO INTERROGATORY NO. 5

McKesson objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege and/or work product doctrine. McKesson further objects to this interrogatory to the extent it constitutes multiple constituent subparts, thereby constituting several interrogatories.   McKesson further objects to this Interrogatory to the extent it contains multiple legal and/or factual assumptions which are contested by McKesson, and have yet to be proved by Swisslog.  McKesson further objects to the extent this interrogatory prematurely requires McKesson to set forth the substance of expert

reports before the deadline for Federal Rule of Civil Procedure 26(a)(2) disclosures. Without

waiving and subject to the general and specific objections incorporated herein by reference,

McKesson identifies the following versions of the APS II:

APS II

With the understanding that McKesson's responses are not meant to convey admittance

or denial of any legal or factual conclusions contained in Interrogatory No. 5, McKesson further

responds that it has produced documents from which the answer to this interrogatory may be

derived or ascertained pursuant to Fed. R. Civ. P. 33(d), including but not necessarily limited to

the following:

M0188725 – M0188777; M0179183 – M0179214; M0188703 – M0188717; M0189046 –
M0189047; M0185269 – M0185272; M0192834 – M0122844; M0179617 – M0179622;
M0178888 – M0178906; M018898; M0192764 – M019279; M0198594; M0182079; M0178506
– M0178535; M0182076 – M0182077; M0182084; M0182073 – M0182074; M0182082 –
M018282; M0191773 – M0191795; M0179215 – M0179218; M0169671 – M0169678;
M0175181 – M0175188; M0169764 – M0169775; M0169788 – M0169799; M0202453 –
M0202461; M0146220 – M0146221; M0178650 – M0178654; M0178757 – M0178768;
M0178931 – M0178965; M0179041 – M0179062; M0179653 – M0179678; M0180078 –
M0180100; M0188719 – M0188724; M0188778 – M0188858; M0188860 – M0188931;
M0188932 – M0188989; M0192016 – M0192024; M0202481 – M0202492; M0202493 –
M0202498.

**Interrogatory No. 6:**

Identify all versions of the robotic system referred to by McKesson as the RX-3000,
including but not limited to prototypes, and for each version of the RX-3000 so identified:

(a)     state whether the version of the RX-3000 was shown or demonstrated before
January 24, 1989, and if so, identify to whom the RX-3000 was shown or demonstrated;

(b)     state whether the version of the RX-3000 was described in a printed publication
before January 24, 1989, and if so, identify the printed publication and the manner in
which the RX-3000 was described therein

(c)     state whether the version of the RX-3000 was sold or offered for sale before January 24, 1989, and if so, identify to whom the version of the RX-3000 was sold or offered for sale;

(d)     state whether the version of the RX-3000 was in public use before January 24, 1989;

(e)     separately for each claim of the Patents-in-Suit, state whether the version of the RX-3000 is an embodiment of the claim; and

(f)     separately for each claim of the Patents-in-Suit, if the version of the RX-3000 is not an embodiment of the claim, identify each element of the claim McKesson contends is missing from the version of the RX-3000 and, for each element so identified, explain why the element is missing.

## RESPONSE TO INTERROGATORY NO. 6

McKesson objects to this Interrogatory to the extent it calls for a legal conclusion and/or seeks information protected by the attorney-client privilege and/or work product doctrine. McKesson further objects to this interrogatory to the extent it constitutes multiple constituent subparts, thereby constituting several interrogatories.   McKesson further objects to this Interrogatory to the extent it contains multiple legal and/or factual assumptions which are contested by McKesson, and have yet to be proved by Swisslog.  McKesson further objects to the extent this interrogatory prematurely requires McKesson to set forth the substance of expert reports before the deadline for Federal Rule of Civil Procedure 26(a)(2) disclosures.  Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson identifies the following versions of the RX-3000:

RX-3000

RX-3000 HP

With the understanding that McKesson responses are not meant to convey admittance or denial of any legal or factual conclusions contained in Interrogatory No. 6, McKesson further responds that it has produced documents from which the answer to this interrogatory may be

derived or ascertained pursuant to Fed. R. Civ. P. 33(d), including but not necessarily limited to the following:

M0188725 – M0188777; M0179183 – M0179214; M0188703 – M0188717; M0189046 – M0189047; M0185269 – M0185272; M0192834 – M0122844; M0179617 – M0179622; M0178888 – M0178906; M018898; M0192764 – M019279; M0198594; M0182079; M0178506 – M0178535; M0182076 – M0182077; M0182084; M0182073 – M0182074; M0182082 – M0182282; M0191773 – M0191795; M0179215 – M0179218; M0169671 – M0169678; M0175181 – M0175188; M0169764 – M0169775; M0169788 – M0169799; M0202453 – M0202461; M0146220 – M0146221; M0178650 – M0178654; M0178757 – M0178768; M0178931 – M0178965; M0179041 – M0179062; M0179653 – M0179678; M0180078 – M0180100; M0188719 – M0188724; M0188778 – M0188858; M0188860 – M0188931; M0188932 – M0188989; M0192016 – M0192024; M0202481 – M0202492; M0202493 – M0202498.

## Interrogatory No. 7:

Identify any and all persons who provided, were requested to provide, or who were contacted or consulted in providing any information used or otherwise provided in response to Swisslog's Interrogatory Nos. 1-6.

## RESPONSE TO INTERROGATORY NO. 7

McKesson objects to this Interrogatory as calling for attorney-client privileged communications and attorney work product. Without waiving and subject to the general and specific objections incorporated herein by reference, McKesson identifies Manoj Wangu, and James Longo. McKesson also consulted in-house counsel, but maintains a privilege objection with respect to the content of that consultation.

Dated: August 28, 2007

Blair M. Jacobs
Robert A. Gutkin
Christopher L. May
Katherine R. Lahnstein
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW

Washington, DC 20004
(202) 383-0100


Dale R. Dubé (I.D. No. 2863)
BLANK ROME LLP
1201 Market Street
Suite 800
Wilmington, DE  19801
Tel.: (302) 425-6472
Fax: (302) 425-6464

*Attorneys for Plaintiff*
*McKesson Automation Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

        Plaintiff,

    v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

        Defendants.

CA No. 06-028 (KAJ)

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2007, I caused to be served a true and correct copy of PLAINTIFF MCKESSON AUTOMATION, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SWISSLOG ITALIA S.P.A.'S FIRST SET OF INTERROGATORIES upon the following counsel of record as indicated:

**Via E-mail and Federal Express**
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

**Via E-mail and Federal Express**
Lawrence C. Drucker, Esq.
Alfred R. Fabricant, Esq.
Richard LaCava, Esq.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
1177 Avenue of the Americas
New York, NY 10036

An Attorney for McKesson Automation

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,

             Plaintiff,

      v.

SWISSLOG ITALIA S.P.A. and
TRANSLOGIC CORPORATION,

             Defendants.

CA No. 06-028 (KAJ)

## VERIFICATION

1.     I, Manoj K. Wangu am the Vice President of Engineering & Manufacturing at Plaintiff McKesson Automation, Inc. I have reviewed the answers to interrogatories set forth Plaintiff McKesson Automation Inc.'s Objections and Supplemental Responses to Defendant Swisslog Italia S.P.A.'s First Set of Interrogatories dated August 28th, 2007.

2.     I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge.

Dated: 8/29/2007

WO 653896.2