

**Sutherland**
**▪ Asbill &amp; ▪**
**Brennan** LLP

ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

Blair M. Jacobs
DIRECT LINE: 202.383.0929
Internet: blair.jacobs@sablaw.com

November 13, 2007

**VIA HAND DELIVERY**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

   Re: *McKesson Automation v. Swisslog Italia S.p.A. et al.*
     Civil Action No.: 06-028 (MPT) -- **FILED UNDER SEAL**

Dear Magistrate Judge Thynge:

  We write regarding Defendants' improper attempt to clawback three non-privileged documents. On their face, these documents are business communications concerning the structure of the accused product. The copying of trial counsel does not transform business documents into privileged communications. To the extent such documents constitute privileged communications, which they are not, Defendants knowingly and purposefully waived privilege when they decided to disclose and rely on trial counsel's opinions regarding infringement as part of an advice of counsel defense to willful infringement.



Honorable Mary Pat Thynge
November 11, 2007
Page 2

     A plain reading of the      **REDACTED**      demonstrate that these are
business records. They contain pure technical information prepared in response to a business
person's questions and nothing more. As such, Defendants properly produced the documents in
the first instance.

     In seeking to clawback these documents, Defendants bear the heavy burden of proving
privilege. (Protective Order ¶ 21(b); *In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 187 (D.
N.J. 2003) ("[T]he party asserting the privilege bears the burden of establishing those facts that
are the essential elements of the privileged relationship.").

**REDACTED**

     Second, merely copying an attorney on written correspondence does not transform a non-
privileged business record into a privileged communication. "No misconception seems to be
more common among litigators asserting the attorney-client privilege than the belief that if a
document or draft has been through the hands of a lawyer, it is thereby automatically privileged
from disclosure. If a lawyer is merely copied on documents prepared for reasons other than
obtaining legal advice, the privilege is erroneously asserted and will not attach. Insulation from
discovery cannot be so readily or fraudulently obtained." *Regional Employers' Assur. Leagues
Voluntary Employees' Beneficiary Ass'n Trust v. Castellano*, 2007 WL 2084179, *2 -3 (E.D.
Pa. July 13, 2007).

**REDACTED**

2.     **Alternatively, Defendants Waived Privilege For the Documents When They
     Elected to Rely On Trial Counsel's Non-infringement Opinions As a Defense
     To Willful Infringement**

     To the extent the withheld documents constitute attorney-client privileged or work
product immune documents, Defendants have waived any privilege associated with the
documents because Defendants chose to invoke the advice of counsel defense to willful
infringement. By asserting this defense, Defendants waive the attorney-client privilege and work
product protection with respect to all communications on the subject matter of the asserted
patents. *In re Seagate*, 497 F.3d 1360, 1370 (Fed. Cir. 2007) (*citing In re Echostar*, 448 F.3d
1299, 1302-03 (Fed. Cir. 2006)).

     Defendants are relying on various opinions as a defense to willful infringement, including
(i) a January 26, 2006 verbal opinion on infringement from lead trial counsel; (ii) a January 26,
2006 email from lead trial counsel summarizing the verbal opinion; and (iii) an opinion letter
dated March 16, 2006 signed by lead trial counsel, Mr. Fabricant, regarding infringement.
Accordingly, Defendants waived privilege and expressly agreed to produce the opinions

Honorable Mary Pat Thynge
November 11, 2007
Page 3

regarding infringement and any documents related to the same subject matter as those opinions. *Id.* Specifically, Defendants have previously waived privilege and produced privileged documents relating to the non-infringement analysis. If these documents are deemed privileged, they indisputably were intended to provide guidance relating to non-infringement and they must therefore be produced.



**3.    Hindrance at Deposition**

At the October 26 deposition of Mr. Franco Gambarelli ("Gambarelli Depo") Ms. Lahnstein-Bertocci attempted to question Mr. Gambarelli about    **REDACTED**    Mr. LaCava, on behalf of Defendants, objected to the introduction of the documents into evidence and instructed the witness not to answer any questions. Mr. LaCava based his objection and instruction on the fact that Defendants have attempted to clawback the documents under Paragraph 21A of the Protective Order.

\*        \*        \*

Based on the foregoing, McKesson seeks an order compelling production of the non-privileged documents or, alternatively, declaring that privilege has been waived, requiring production of all versions of the withheld documents, reopening deposition discovery on such documents, and costs associated with such reopened depositions.

Sincerely,

Blair M. Jacobs, Esq.

cc:    Julia Heaney, Esquire (by hand delivery);
       Lawrence C. Drucker, Esquire; Alfred R. Fabricant, Esquire; Richard LaCava, Esquire;
       Bryan N. DeMatteo, Esquire (by email)

WO 816648.2

# EXHIBIT A
# REDACTED IN ITS ENTIRETY

# EXHIBIT B
# REDACTED IN ITS ENTIRETY

# EXHIBIT C
# REDACTED IN ITS ENTIRETY