## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

November 27, 2007

**BY E-FILING and BY HAND**

PUBLIC VERSION
November 29, 2007

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
844 King Street
Wilmington, DE 19801

Re: *McKesson Automation, Inc. v. Swisslog Italia S.P.A. and Translogic Corporation,* C.A. No. 06-28 (***)

Dear Magistrate Judge Thynge:

In connection with the teleconference scheduled for November 29, we are writing to address several issues that have recently arisen, concerning discovery relating to McKesson's claim of willful infringement.

### McKesson's Claim of Willful Infringement

McKesson is actively seeking discovery on its willful infringement claim. Defendants submit that after *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir., Aug. 20, 2007), and in light of the discovery that has taken place to date, it is apparent that McKesson can no longer allege willfulness in good faith. *Seagate* imposes a higher standard for a plaintiff to prove willfulness, namely that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and that this objectively defined risk was either known or should have been known to the accused infringer. *Id* at 1371. Shortly after *Seagate* was decided, Defendants asked McKesson to withdraw its willful infringement claim but McKesson refused, and would not clarify what conduct it contends to be objectively reckless. Defendants plan to file a motion to dismiss the willfulness claim within approximately one week. The discovery matters between the parties will be rendered moot if either this motion or the pending motion to dismiss for lack of standing (D.I. 165) is granted.

### The Schedule Should be Modified to Permit Additional Time for Defendants to Decide Whether to Rely on Advice of Counsel

Under the Second Amended Scheduling Order, Defendants were required to elect by February 28, 2007 whether they would rely on advice of counsel as a defense to willfulness. Defendants complied with that deadline and disclosed non-infringement opinions of counsel, together with related privileged communications.

Honorable Mary Pat Thynge
November 27, 2007
Page 2

In light of the significant change in the law resulting from *Seagate*, Defendants should be granted leave to withdraw that election and the Scheduling Order should be modified to permit Defendants to elect whether to rely on the advice of counsel defense after the motion to dismiss McKesson's willfulness allegations is decided. Defendants also seek return of all privileged documents (including opinions of counsel) relating to the willfulness issue under paragraph 21(a) of the Revised Protective Order until such time that Defendants elect to rely on such a defense. Rule 16(b) permits modifications to the Scheduling Order for good cause, and district courts have recognized the need to reconsider discovery orders in light of *Seagate*. *See, e.g., Comp. Assoc. Int'l, Inc. v. Simple.com, Inc.*, 2007 U.S. Dist. LEXIS 71072, at *1 (E.D.N.Y. Sept. 2007). If *Seagate* had been decided before the Scheduling Order was entered, Defendants would not have agreed to disclose the opinions and related documents when they did and would have simply filed their motion to dismiss the willfulness claim after the depositions of Defendants' employees.

McKesson is now in the process of serving deposition subpoenas on five attorneys it believes participated in rendering the opinions. If Defendants are forced to submit to McKesson's demands for discovery before the motion to dismiss McKesson's willfulness claim is decided, Defendants will have to continue to divulge privileged communications when they very likely will not be necessary to defeat McKesson's willfulness allegations, and Defendants will likely have to seek a protective order.[1] The Federal Circuit has discouraged Courts from forcing early elections precisely for this reason. *See Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991); *L.G. Philips LCD Co., Ltd. v. Tatung Co.*, 243 F.R.D. 133, 136 (D. Del. 2007) ("An accused infringer . . . should not . . . be forced to choose between waiving the privilege . . . and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.").

McKesson, on the other hand, would suffer virtually no prejudice if Defendants were permitted to elect whether to rely on advice of counsel after the motion to dismiss the willfulness claim is decided. McKesson has already received *all* opinions of counsel and has completed depositions of defendants' fact witnesses on the willfulness issue. Postponing the election would delay *only* the depositions of the attorneys who authored the opinions. Such depositions, if any are needed at all, may be taken at a later date without causing any delay since a trial judge has yet to be assigned and there are no scheduled dates for *Markman* or trial.

**The Privileged Documents**

REDACTED

---

[1] Defendants' motion to dismiss is based entirely on the inadequacy of McKesson's willfulness allegations post-*Seagate*, irrespective of the opinions of counsel or any legal advice obtained by Defendants in this case. Further discovery relating to these opinions and communications with counsel are, therefore, not required for the Court to rule on the motion to dismiss the willfulness claim.

REDACTED

### McKesson's Motion to Disqualify Dickstein Shapiro

Postponing the election would obviate the need for the Court to rule on another looming dispute. On November 12, McKesson advised that it intends to move to disqualify Dickstein Shapiro on the grounds that Defendants' trial counsel, Messrs. Fabricant and Drucker, purportedly prepared the non-infringement opinions rendered by Dickstein Shapiro. Mr. Fabricant and Mr. Drucker, who participated in the call, stated unequivocally that neither of them prepared the opinions and that they had no substantive input at all. Such a motion would be premature in light of the pending motion and soon to be filed motion to dismiss and because any resulting disqualification would only relate to the actual trial itself, not to the preparation for trial. Because trial of this action has not been scheduled and no trial Judge has yet been assigned, there is simply no need for such a motion at this time. While the motion appears to lack any substance whatsoever and to be a purely tactical move on McKesson's part in response to Defendants' motion to dismiss, it will nevertheless require briefing and force Defendants and the Court to incur time and expense.

### Discovery Concerning Willfulness Should be Stayed

Defendants believe that it would be most efficient to stay further discovery on the defenses to McKesson's willfulness claim until the motions to dismiss are decided. Defendants' counsel has proposed this to McKesson's counsel, who has refused to consent. McKesson's push for discovery on this issue, both documents and depositions, raises a host of issues that need not be decided at this time and which ultimately may be moot. A stay of discovery as to willfulness will obviate the need for the Court to rule on many of these issues. For these reasons, the Scheduling Order should be amended to set a new deadline for Defendants to elect whether to rely on advice of counsel and discovery on the question of Defendants' willfulness defenses should be stayed until after the motions to dismiss are decided.

Respectfully,

*Julia Heaney*
Julia Heaney

JH:ncf
cc: Dr. Peter Dalleo, Clerk (By e-filing)
     Dale Dubé (By e-mail)
     Blair M. Jacobs (By e-mail)

1321540