

*Phone:*   *(302) 425-6467*
*Fax:*     *(302) 428-5108*
*Email:*   *Dube@BlankRome.com*

November 28, 2007

**HAND DELIVERY**                                              **FILED UNDER SEAL**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

        Re:   *McKesson Automation, Inc. v. Swisslog Italia S.p.A. et al.*;
              C.A. No. 06-028-MPT

Your Honor:

      We write regarding Defendants' November 27, 2007 letter. McKesson believes that, with the exception of the clawback issued discussed in its November 13, 2007 letter to the Court, none of the issues in Defendants' letter are presently ripe for adjudication by the Court. Further, while Defendants attempt to characterize the clawback issue as an integral part of the willfulness issues, they are two completely separate issues that should be resolved on their own merits. However, should the Court decide to entertain the assorted issues raised in Defendants' letter, McKesson submits that Defendants' positions on these issues omits, or is inconsistent with, the facts that have been developed during discovery.

**The Willful Infringement Claim**

      McKesson has accused Defendants of willful infringement in this case. As the Court is aware, the Federal Circuit recently opined on the requirements for willful infringement in *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007). The dispute between the parties concerning the effect of *In re Seagate* on this case has existed since September. Defendants have taken the unprecedented position that, under *Seagate*, they need not provide any witnesses related to the willfulness claim until McKesson defeats a motion by Defendants to dismiss. McKesson understandably disagrees, in no small part because the practical effect of such a decision would be to delay discovery until a new judge is appointed. Defendants, however, have yet to file any such motion, despite their assurances to McKesson on at least two separate occasions that they would do so within a week. Accordingly, McKesson has served subpoenas on three Dickstein



The Honorable Mary Pat Thynge
November 28, 2007
Page 2

Shapiro employees (Messrs. Fabricant, Blum and Weisburd) who have information relevant to the willfulness case.*

Through their November 27 letter, Defendants have in essence asked the Court to indefinitely stay willfulness. Leaving aside that discovery stays are generally disfavored in this district, discovery is scheduled to end in a little over two months. However, Defendants' motion to dismiss is unlikely to be heard until a new judge is confirmed by the U.S. Senate, which may not occur for some time. Under Defendants' proposed plan, discovery in this case would be completed except for all discovery concerning willfulness, halted for an indefinite period of time, then expected to restart once Defendants' motion to dismiss failed. In that time, witnesses, particularly the two Italian attorneys who provided opinions to Defendants, may become unavailable for deposition or may have their memories fade concerning critical issues. The more logical approach is to complete all discovery and file all dispositive motions now, so that once any dispositive motions are resolved, the case may proceed directly to trial (if necessary). To the extent Defendants seek to bifurcate certain issues, McKesson believes that this issue should be resolved by the new judge once assignment is made.

**Defendants' Refusal To Take a Position On The Advice Of Counsel Defense**

On February 28, 2007, after over a year of discovery in this case, Defendants elected to rely on the advice of its counsel as part of its defense against willful infringement. In the ensuing eight months, Defendants produced five opinions of counsel, submitted to two 30(b)(6) depositions of Defendants' employees covering these opinions, and responded to written discovery, including some propounded after the *Seagate* decision. It was not until McKesson notified Defendants that it was considering depositions of the three Dickstein Shapiro attorneys who authored at least two of the opinions of counsel that Defendants suggested they were reconsidering their position in light of *Seagate*. Since then, McKesson has repeatedly requested that Defendants clarify which (if any) opinions they will rely on, and indicated that depositions would be unnecessary if reliance on opinions of counsel was dropped. Defendants have consistently refused to do so. Translogics' CEO Charlie Kegley has testified that Defendants are relying on all five opinions, thus necessitating the depositions of those involved in the preparation of these opinions.

Defendants' suggestion that these depositions will force them "to continue to divulge privileged communications" sidesteps the fact that Defendants affirmatively waived that

---

* Dickstein Shapiro has refused to accept service for these individuals, and McKesson is in the process of personally serving each witness.



The Honorable Mary Pat Thynge
November 28, 2007
Page 3

privilege in February. What Defendants are really seeking is a retroactive withdrawal of their waiver, which is not in accordance with precedent.

Defendants cite *Comp. Assoc. Int'l v. Simple.com*, 2007 U.S. Dist. LEXIS 71072 (E.D.N.Y. Sept. 2007), in support of the proposition that courts have reconsidered discovery orders in light of *Seagate*. The result in that case is indeed instructive – the court refused to either stay or bifurcate discovery on willfulness, including trial counsel materials, despite the *Seagate* ruling and a preliminary non-infringement ruling from a special master. The situation here favors Defendants even less. There has been no ruling on dispositive motions, let alone one that favors Defendants. There will be no such ruling until a new judge is assigned to the case.

**REDACTED**

Respectfully,

Dale Dube

Dale R. Dube
No. 2863

DRD:pb
cc:   Clerk of Court (by CM/ECF)
      Julia Heaney, Esquire (by CM/ECF and hand delivery)
      Lawrence C. Drucker, Esquire (by email and Federal Express)
      Alfred R. Fabricant, Esquire (by email and Federal Express)



The Honorable Mary Pat Thynge
November 28, 2007
Page 4

    Richard LaCava, Esquire (by email and Federal Express)
    Bryan N. DeMatteo, Esquire (by email and Federal Express)
    Robert A. Gutkin, Esquire
    Blair M. Jacobs, Esquire
    Christina A. Ondrick, Esquire
    Christopher L. May, Esquire
    Katherine R. Lahnstein-Bertocci, Esquire