

*Phone:*    *(302) 425-6467*
*Fax:*      *(302) 428-5108*
*Email:*    *Dube@BlankRome.com*

January 28, 2008

**VIA CMF AND HAND DELIVERY**

The Honorable Mary Pat Thynge         **DISCOVERY TELECONFERENCE**:
United States Magistrate Judge            **JANUARY 30, 2008 at 12:00 p.m.**
U.S. District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

        Re:    *McKesson Automation, Inc. v. Swisslog Italia S.p.A. et al.*;
                C.A. No. 06-028-MPT

Your Honor:

      We write regarding Swisslog's failure to abide by promises made during the November 29, 2007 hearing. Rather than doing whatever they could to secure the cooperation of Andrea Balsamo and Paolo Provvisionato (the "Italian witnesses") as promised to the Court, Swisslog instead appears to have encouraged the Italian witnesses to refuse to cooperate. Swisslog has likely chosen this tactic because the Court tied certain willfulness milestones to the timing of the Italian depositions. The lack of cooperation delays into perpetuity Swisslog's reconsideration of its advice of counsel election, the depositions of the Dickstein attorneys including trial counsel, and, most importantly, the filing of a motion to disqualify the Dickstein law firm due to the conflict of interest presented by Swisslog's reliance on the Dickstein opinions as a willfulness defense. Swisslog's actions have effectively resulted in a unilateral bifurcation of willfulness discovery without the Court's permission.

      Specifically, at the hearing, Your Honor stated that the Italian depositions should go forward before any further willfulness discovery occurs. Your Honor informed Swisslog that that "the depositions of the Italian lawyers are authorized under this circumstance. And I think that to the extent that Swisslog can provide its assistance in getting those Italian lawyers available for depositions [it] would be appropriate. I don't [know] how much help they can provide but I would expect any cooperation that they can render should be given." D.I. 213, p. 37:19-25. Defendants promised to "cooperate and try to get [the Italian witnesses] to cooperate and make them available." D.I. 213, p. 15:3-5.



The Honorable Mary Pat Thynge
January 28, 2008
Page 2

      Unfortunately, Defendants apparently hindered any cooperation, instead of securing it, from these previously cooperative witnesses. Before the Court's ruling and Swisslog's interference, the witnesses returned the phone calls of McKesson's Italian counsel, agreed to appear at McKesson's and Swisslog's request, and one witness even had a set deposition date (in July 2007) that did not occur for a variety of reasons. Swisslog's counsel also indicated during this timeframe that they could coordinate the availability of the Italian witnesses. Now, after the Court's ruling, the witnesses will no longer voluntarily appear or even return the numerous phone calls placed by McKesson's Italian counsel seeking voluntary compliance.

      Swisslog refuses to provide a single explanation for the Italian witnesses' changed position despite McKesson's repeated requests for answers. Instead of providing any details about its efforts to coordinate these depositions, Swisslog will only state that the Dickstein firm is not authorized to accept service of the subpoenas. Swisslog's behavior appears to be the opposite of what it promised to the Court.

      It strains credulity to think that these witnesses will not appear at Swisslog's request. Swisslog is an important and substantial client for these witnesses and has been for several years. These witnesses handle all of Swisslog Italia's transactional intellectual property work and receive substantial sums of money for services rendered.

      The change in cooperativeness makes clear that Swisslog is using these tactics to place willfulness discovery in limbo so that decisions on willfulness elections and rulings on the disqualification of the Dickstein firm will be postponed for as long as possible. McKesson is diligently pursuing all available avenues to keep willfulness discovery moving forward as discussed below, but, without voluntary compliance, such discovery is not likely to occur for several months.

      McKesson, therefore, seeks remedial action from the Court including an order requiring Swisslog to elect which opinions of counsel it will rely on as a defense to willful infringement by April 9, 2008 and completion of the Dickstein depositions by April 23, 2008 for opinions being relied upon.

      Under the ethics rules, McKesson has a duty to bring a motion regarding the conflict of interest presented by Swisslog's continued reliance on the Dickstein opinions. McKesson thus also seeks guidance from the Court on an orderly and timely mechanism for bringing this motion forward.

Case 1:06-cv-00028-SLR-LPS    Document 227    Filed 01/28/2008    Page 3 of 3



The Honorable Mary Pat Thynge
January 28, 2008
Page 3

     McKesson is simultaneously working through local Italian counsel, the Italian courts and the Hague Convention to secure depositions of the Italian witnesses, as evidenced by its January 24, 2008 letter to the Court requesting the issuance of a Commission. D.I. 220.

                                                                 Respectfully,

                                                                 Dale R. Dube
                                                                 No. 2863

DRD:pb
Enclosure
cc:     Clerk of Court (by CM/ECF)
        Julia Heaney, Esquire (by CM/ECF and hand delivery)
        Lawrence C. Drucker, Esquire (by email and First Class Mail)
        Alfred R. Fabricant, Esquire (by email and First Class Mail)
        Richard LaCava, Esquire (by email and First Class Mail)
        Bryan N. DeMatteo, Esquire (by email and First Class Mail)
        Robert A. Gutkin, Esquire
        Blair M. Jacobs, Esquire
        Christina A. Ondrick, Esquire
        Christopher L. May, Esquire
        Katherine R. Lahnstein-Bertocci, Esquire