IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-028 (***) |
| | ) | |
| SWISSLOG ITALIA S.P.A. and | ) | PUBLIC VERSION |
| TRANSLOGIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS SWISSLOG ITALIA S.P.A'S AND TRANSLOGIC CORPORATION'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS <u>MCKESSON'S WILLFULNESS ALLEGATIONS</u>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendants Swisslog Italia, S.p.A. and*
*Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. DeMatteo
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

Confidential Version Filed: January 25, 2008
Public Version Filed: January 31, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................... 1

SUMMARY OF ARGUMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 3

    I.     MCKESSON'S ALLEGATIONS OF WILLFUL INFRINGEMENT ARE
         INSUFFICIENT AS A MATTER OF LAW ........................................................... 3

        A.    The Applicable Standard on This Motion to Dismiss ................................. 3

        B.    The Law Now Imposes a Heightened Requirement to State a Claim for
            Willful Infringement ................................................................................... 4

        C.    McKesson is Unable to Allege Conduct by Defendants That Can Support
            A Claim of Willful Infringement ............................................................... 5

        D.    McKesson's Allegations of Willfulness Fail Under Rule 11 ...................... 7

CONCLUSION ........................................................................................................... 9

## TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*Abbott Labs. v. Teva Pharms. USA*,
    432 F. Supp. 2d 408 (D. Del 2006)........................................................................3

*Cohesive Tech., Inc. v. Waters Corp.*,
    2007 U.S. Dist. LEXIS 69464 (D. Mass. 2007) ......................................................5

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007)................................................................... Passim

*LG Philips LCD Co.. v. Tatung Co.,*
    243 F.R.D. 133 (D. Del. 2007) ...............................................................................4

*Norian Corp. v. Stryker Corp.*,
    363 F.3d 1321 (Fed. Cir. 2004)...........................................................................4-5

*Verizon Del. Inc. v. AT&T Comm'ns of Del.*,
    326 F. Supp. 2d. 574 (D. Del. 2004)......................................................................3

*Wilson v. Taylor*,
    466 F. Supp. 2d 567 (D. Del. 2006) .......................................................................3

Rules

Fed. R. Civ. P. 11 ........................................................................................... 3, 7-8

Fed R. Civ. P. 12 ........................................................................................... 1, 3-4

Fed. R. Civ. P. 56............................................................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (collectively "Defendants") have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims by plaintiff McKesson Automation, Inc. ("McKesson") that defendants willfully infringed U.S. Patent No. 5,468,110 ("the '110 patent") and U.S. Patent No. 5,593,267 ("the '267 patent") (collectively "the patents-in-suit"). A Declaration of Bryan N. DeMatteo ("DeMatteo Decl.") is submitted herewith in support of Defendants' motion.

Document discovery is complete and expert discovery is scheduled to be completed in the following months. Virtually all noticed depositions have been taken, and McKesson has received all documents and completed all depositions of Defendants' personnel relating to the willfulness issue.

## SUMMARY OF ARGUMENT

The Federal Circuit's August 28, 2007 decision in *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007) made it significantly more difficult to support a claim of willful infringement. Willfulness now requires the patent owner to establish, by clear and convincing evidence (i) objectively reckless conduct – *i.e.,* that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent – and (ii) that the patent owner was aware of this objectively defined risk.

McKesson's willfulness allegations are improperly plead and should be dismissed under Rule 12(b)(6). McKesson's Amended Complaint alleges only that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]" (D.I. 47 at ¶¶15, 20) and that such constituted willful infringement. Even if Defendants had knowledge of the patents-in-suit, *Seagate* made clear that knowledge of a patent is inadequate to support a willfulness allegation.

*Seagate* also made clear that a plaintiff must have some evidentiary basis before alleging willfulness. Yet, McKesson's first accusation of possible infringement occurred in a December 16, 2005 letter to Defendants, less than a month before commencing this action on January 13, 2006. There is nothing to suggest that McKesson was in possession of any evidence at the time this case was filed that Defendants sold accused products with knowledge that such sales had an objectively high likelihood of infringing McKesson's patents or – indeed – that they were even aware of the patents-in-suit when making such sales.

Quite the contrary, the record in this case makes clear that Defendants could not have had any idea that McKesson considered the PillPick system to infringe its patents. Swisslog actually showed McKesson the PillPick system in 2002 – before Defendants entered the United States market – and invited McKesson to help distribute the PillPick system. At McKesson's invitation, in 2002, Swisslog's engineers gave a detailed technical presentation on the PillPick system to McKesson's President and Vice President of Engineering and Manufacturing. McKesson declined Defendants' offer to form a joint venture at that time, but did not give Defendants even the slightest hint that it considered the accused PillPick system to infringe. From that time, Defendants continued to demonstrate and promote the PillPick system openly at national trade shows attended by McKesson's own employees, yet McKesson said nothing about the possibility of infringement until December 16, 2005 when McKesson sent Defendants the cease and desist letter. McKesson cannot now contend that Defendants should have been aware that the PillPick system infringed the patents-in-suit or that Defendants' sales of the PillPick system in those years were objectively reckless acts, while McKesson itself gave no hint or suggestion of infringement during that entire time.

Fact discovery is now substantially complete, with only the depositions of opinion counsel remaining, yet the record is completely devoid of anything suggesting that Defendants' sales of the accused PillPick system were objectively reckless under the new standard set forth in *Seagate*. For this reason, Defendants have requested that McKesson withdraw its willfulness claim. McKesson has refused, and to this day has failed to clarify the basis for its willfulness allegations or even to provide a witness to testify on the willfulness issue.  It is apparent that McKesson's allegations of willfulness were neither made nor maintained with a good faith, reasonable basis and thus are in violation of Fed. R. Civ. P. 11.  For these reasons as well, McKesson's allegations of willfulness should be dismissed.

<u>ARGUMENT</u>

I.      MCKESSON'S ALLEGATIONS OF WILLFUL
        INFRINGEMENT ARE INSUFFICIENT AS A MATTER OF
        LAW

        A.      <u>The Applicable Standard on This Motion to Dismiss</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint in alleging activities sufficient to support a cause of action. *See Abbott Labs. v. Teva Pharms. USA*, 432 F. Supp. 2d 408, 419 (D. Del 2006) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)).  While the Court must assume that all factual allegations in the Plaintiff's pleading are true and draw reasonable inferences in the light most favorable to the Plaintiff, the Court should reject unsupported allegations, bald assertions and legal conclusions. *Wilson v. Taylor*, 466 F. Supp. 2d 567, 570 (D. Del. 2006).  Although the moving party bears the burden of persuasion, the Plaintiff's pleadings must set forth sufficient information to either outline the elements of the claim, or to permit the court to infer that these elements exist. *See Verizon Del.*

*Inc. v. AT&T Comm'ns of Del.*, 326 F. Supp. 2d. 574, 577-578 (D. Del. 2004) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).[1]

> **B.    The Law Now Imposes a Heightened Requirement to State a Claim for Willful Infringement**

In its August 28, 2007 decision in *In re Seagate Tech., LLC*, the Federal Circuit raised the bar on the kinds of conduct now required to establish willfulness. The *Seagate* Court overruled the years-old, negligence-based standard for establishing willfulness. To prove willfulness, a patent owner must now meet a higher threshold by establishing clear and convincing evidence of (i) objectively reckless conduct – *i.e.,* "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent;" and (ii) "that this objectively defined risk . . . was either known or . . . should have been known to the accused infringer." *In re Seagate*, 497 F.3d at 1371. The state of mind of the accused infringer is now irrelevant to the objective inquiry. *Id.*

*Seagate* left unchanged the patent owner's absolute burden to establish willful infringement by clear and convincing evidence. *LG Philips LCD Co, Inc.. v. Tatung Co.*, 243 F.R.D. 133, 137 n.5 (D. Del. 2007). Indeed, "[t]here is no evidentiary presumption that every infringement is willful." *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004). To satisfy its burden, the patent owner must come forward with "threshold evidence" sufficient to establish its willfulness case. *Id.* at 1332. If the patent owner fails to meet this threshold showing, there can be no willfulness as a matter of law. *Id.* Only if the patent owner submits

---

[1]     Should the Court deem it necessary to look to evidence beyond the pleadings to decide this motion, Defendants request that, in accordance with Rule 12(c), the motion be deemed to have been made under Rule 56 and request the opportunity to submit additional evidence in support.

evidence sufficient to meet this threshold showing does the burden of production shift to the accused infringer, who may introduce evidence that it acted reasonably, for example, by waiving the attorney client privilege and introducing a non-infringement opinion of counsel. *Id.*

          C.     McKesson is Unable to Allege Conduct by Defendants
                 That Can Support A Claim of Willful Infringement

McKesson's pleadings are completely devoid of any factual allegations to support its claim that Defendants' purported infringement of the patents-in-suit was willful, let alone the clear and convincing "threshold evidence" of objectively reckless conduct now required after *Seagate*. McKesson's Amended Complaint alleges only that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]." D.I. 47 at ¶¶15, 20. Even if accepted as true for purposes of this motion, alleged knowledge of the patents alone cannot form the basis of a willfulness allegation. *In re Seagate*, 497 F.3d at 1368-69, 1371; *see also Cohesive Tech., Inc. v. Waters Corp.*, 2007 U.S. Dist. LEXIS 69464, at *50 (D. Mass. 2007) (citing *Seagate* and recognizing that "[w]illful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents"). McKesson's allegations of willfulness are improperly plead and should be dismissed.

Other purported support cited by McKesson for its willfulness allegations fails as a matter of law. In a letter dated September 21, 2007, McKesson's counsel stated:

> Swisslog/Translogic has possessed knowledge of the patents-in-suit for a substantial amount of time . . . Swisslog's decision to come to market without valid non-infringement or validity opinions constitutes reckless action.

DeMatteo Decl. Exh. A.  Not only is this factually inaccurate, as Defendants obtained opinions of counsel before entering the United States,[2] but *Seagate* did away entirely with the "duty of care" which required a potential infringer having knowledge of the asserted patents to seek an opinion of counsel before conducting sales activity.  *Id.* at 1368-69, 1371.  *Seagate* went on to emphasize "that there is no affirmative obligation to obtain an opinion of counsel," regardless of whether the accused infringer has knowledge of the asserted patents.  *Id.*  McKesson's allegations of willfulness fail as a matter of law and should be dismissed.

In light of these glaring deficiencies, Defendants repeatedly requested that McKesson withdraw its claim that the purported infringement was willful or, alternatively, to clarify the basis of its willfulness allegations.  McKesson has failed to do either and has refused to provide a witness to testify on the willfulness issue.   Now that discovery is virtually complete,[3] it is apparent that McKesson will be unable to support a claim of willful infringement under the standards enunciated in *Seagate*.

It cannot be disputed that McKesson has been aware of the PillPick System since at least 2002 but did not notify Defendants that it believed PillPick may infringe the patents-in-suit until almost four years later when it sent the cease and desist letter on December 16, 2005.

REDACTED

---

[2]     Defendants obtained a non-infringement opinion in February, 2002 and a confirming opinion in November, 2002 before they began selling accused products in the United States in 2003.

[3]     Depositions of all Swisslog and Translogic fact witnesses requested by McKesson have been taken, and Defendants' document production and written discovery responses are complete.

REDACTED

REDACTED

REDACTED

REDACTED

On this record, McKesson cannot now claim that Defendants were somehow objectively reckless by continuing to market and sell the PillPick system in the face of McKesson's silence. McKesson's willfulness allegations should be dismissed as a matter of law.

D.    McKesson's Allegations of Willfulness Fail Under Rule 11

In *Seagate*, the Federal Circuit held that "a patentee must have a good faith basis for alleging willful infringement" at the time suit is filed and that this good faith basis must be "grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374. That is, allegations of willful infringement may not be alleged without some pre-filing

evidentiary basis.  Fed. R. Civ. P. 11(b) requires attorneys filing any pleading to certify that to

the best of their knowledge, and an inquiry reasonable under the circumstances:

> the allegations and other factual contentions have evidentiary support or, if
> so specifically identified, are likely to have evidentiary support after a
> reasonable opportunity to for further investigation or discovery.

Fed. R. Civ. P 11(b)(3).

The first suggestion McKesson ever gave Defendants that their products might infringe

the patents-in-suit was in its December 16, 2005 letter to Defendants alerting them of the patents-

in-suit.  Before Defendants had a chance to investigate these allegations and respond to

McKesson's letter, McKesson commenced this action on January 13, 2006 accusing Defendants

of willful infringement.  It cannot be disputed that Defendants did not sell any accused products

in the United States in the 29 days between McKesson's letter and its commencement of this

action.  There is nothing to suggest that at the time this case was filed McKesson was in

possession of *any* evidence suggesting that Defendants' pre-filing sales of the PillPick system

were done with awareness of the patents-in-suit, much less whether Defendants were aware of an

objectively high likelihood that their actions constituted infringement of a valid patent, as

required by *Seagate*.  The only evidence of Defendants' awareness of the patents-in-suit –

opinions of counsel obtained by Swisslog in 2002 – was disclosed to McKesson in 2007 during

discovery, more than one year *after* McKesson filed suit.  McKesson's allegations in its

complaint that Defendants sold accused products with knowledge of the patents-in-suit appears

to have been pure conjecture at the time the case was filed and, in any event, are completely

inadequate to support a willfulness claim in light of *Seagate* and under Fed. R. Civ. P. 11(b).

For this reason as well, McKesson's claim that Defendants' purported infringement was willful

should be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss McKesson's Willfulness Allegations.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendants Swisslog Italia,*
*S.p.A. and  Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. DeMatteo
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

January 25, 2008

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on January 31, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 31, 2008 upon the following individuals in the manner indicated

**<u>BY E-MAIL</u>**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE  19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)
jheaney@mnat.com