IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-028 (***) |
| ) | |
| SWISSLOG ITALIA S.P.A. and ) | PUBLIC VERSION |
| TRANSLOGIC CORPORATION, ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF BRYAN N. DEMATTEO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS MCKESSON'S WILLFULNESS ALLEGATIONS**

I, Bryan N. DeMatteo, declare as follows:

1. I am associated with the law firm Dickstein Shapiro LLP, counsel of record for Defendants Swisslog Italia S.p.A and Translogic Corporation (collectively "Defendants"). I make this declaration in support of Defendants' Swisslog Italia's ("Swisslog") and Translogic Corporation's ("Translogic") Motion To Dismiss McKesson's Willfulness Allegations.

2. Attached as Exhibit A is a true and correct copy of a letter dated September 21, 2007 from opposing counsel.

3. Attached as Exhibit B is a true and correct copy of excerpts from the deposition transcript of Philip Spano, dated August 23, 2007.

4. Attached as Exhibit C is a true and correct copy of excerpts from the deposition transcript of Charles Kegley, dated July 26, 2007.

5. Attached as Exhibit D is a true and correct copy of Spano Exhibit 17, which was produced by McKesson as a document bearing bates range M0117459 to M0117461.

6. Attached as Exhibit E is a true and correct copy of excerpts from the deposition transcript of Maurizio Davolio, dated May 24, 2007.

2

7. Attached as Exhibit F is a true and correct copy of Spano Exhibit 15, which was produced by McKesson as a document bearing bates range M0126333 to M0126334.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief. This declaration is executed this 25th day of January, 2008.

*/s/ Bryan N. DeMatteo*
_____
Bryan N. DeMatteo

1426672

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 31, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Dale R. Dubé, Esquire
> Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 31, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire | Blair M. Jacobs, Esquire |
| Blank Rome LLP | Sutherland Asbill & Brennan LLP |
| Chase Manhattan Centre | 1275 Pennsylvania Avenue, NW |
| 1201 Market Street, Suite 800 | Washington, DC  20004 |
| Wilmington, DE  19801 | |

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)
jheaney@mnat.com

# EXHIBIT A

**Sutherland**
**Asbill &**
**Brennan** LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

BLAIR M. JACOBS
DIRECT LINE: 202.383.0773
E-mail: blair.jacobs@sablaw.com

September 21, 2007

VIA E-MAIL

Bryan N. DeMatteo, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Re:   *McKesson Automation, Inc. v. Translogic Corporation et al.*
      CA No. 06-028 (MPT)

Dear Bryan:

      Thank you for your September 12, 2007 letter. We have carefully examined the *In Re Seagate* ("Seagate") opinion and disagree with your assertions relating to McKesson's willfulness allegations. We acknowledge that the case creates a new standard for demonstrating willfulness, requiring a showing of objectively reckless behavior. We further note, however, that *Seagate* establishes a two-prong test. After establishing objectively reckless behavior, a patentee must demonstrate that the accused infringer knew or should have known of this objectively defined risk. The new test thus contains objective and subjective components. The Federal Circuit specifically declined to develop the test further, instead "leaving it to future cases to further develop the application of this standard."

      While the term "objectively reckless" is not self-defining, an objective approach "generally calls a person reckless who acts or fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious it should be known." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Here, Swisslog Italia/Translogic has possessed knowledge of the patents-in-suit for a substantial amount of time. The record clearly establishes that such knowledge existed at least as early as 2001. Despite possessing such knowledge, the defendants failed for several years to act as a responsible enterprise would under the circumstances. Instead, the defendants recklessly disregarded the possibility that its conduct represented infringement of McKesson's patents and began to market and sell its PillPick system in the United States. Swisslog's decision to come to market without valid non-infringement or validity opinions constitutes reckless action in the face of an unjustifiably high risk.

WO 799039.1

Atlanta  ■  Austin  ■  Houston  ■  New York  ■  Tallahassee  ■  Washington, DC

Bryan N. DeMatteo
September 21, 2007
Page 2

      Your letter points to "numerous disputes regarding claim construction, infringement, patent validity and enforceability" as a potential source of eliminating an objectively high likelihood of infringement. We should initially point out that if your argument was correct, which it is not, this aspect of *Seagate* would completely eliminate willfulness from patent jurisprudence, as every disputed case involves numerous post-filing disputes such as those described in your letter. Beyond this, the argument contravenes certain core statements made by the Federal Circuit in *Seagate*. For example, the Court clearly stated that the willfulness inquiry should focus on prelitigation conduct, going so far as to state that post-filing activities and opinions have no relevance. Willfulness must, therefore, find its basis in prelitigation conduct and objective recklessness cannot be debunked by irrelevant post-trial disputes. Here, the record indicates that Swisslog/Translogic knowingly offered its Pillpick system for many years without attempting to design around the patents-in-suit and without obtaining non-infringement or invalidity opinions. The post-filing opinions obtained from Dickstein Shapiro, according to *Seagate*, are of little, if any, relevance.

      We are a bit confused by the procedural discussion in your letter. While *Seagate* did change the focus on willful misconduct to pre-filing conduct, it did not eradicate the requirement to proceed with reasonable care after obtaining knowledge of relevant patents. Your narrow focus on the time period between receipt of the cease and desist letter and the filing of the Complaint is misplaced and finds no support in the law. Contrary to your contention, the "reasonableness" of an accused infringers conduct is assessed under the objectively reckless standard beginning at the point in time when the infringer has knowledge of the patents-in-suit.

      Finally, your suggested voluntary stay of discovery relating to willfulness is impractical for a number of reasons. First, the requested stay would prevent McKesson from further developing discovery on the willfulness issue, therefore depriving the Court of a full record for assessing the legality of this claim. Second, the request to stay the depositions of Messrs. Provissionato and Balsamo flies in the face of *Seagate*'s emphasis on prelitigation conduct. Indeed, your requested stay would prevent McKesson from being able to fully and fairly assess the reasonableness of defendants' pre-filing conduct. Although the actual opinions of outside lawyers may be of minor relevance, as you contend, the facts surrounding what was told to defendants and when are of crucial import in objectively assessing the reasonableness of their conduct after gaining knowledge of the patents-in-suit. As a result, we request dates for the depositions of Messrs. Provissionato and Balsamo as soon as possible, as these depositions must take place in Italy and will require additional logistical coordination.

      Your letter also raises the issue of discovery relating to the opinions provided by Dickstein Shapiro attorneys in this case. While *Seagate* clearly indicates that waiver does not extend to trial counsel in situations where an accused infringe is <u>not</u> relying on opinions from trial counsel, the result is different where an accused infringer is relying on trial counsel's opinion as a defense to willfulness allegations. As you know, reliance on opinions is a double-

WO 799039.1

Bryan N. DeMatteo
September 21, 2007
Page 3

edged sword. When the advice-of-counsel defense is asserted, privilege with respect to that advice is waived. *Seagate* does not alter this analysis.

This raises a crucial unresolved question in this case: whether the defendants are still relying on all of the opinions previously identified in the corporate depositions of Messrs. Bergamini and Kegley. It seems to us that a reasonable solution under the circumstances is for discovery to proceed with regard to any opinions that defendants are relying upon. There is simply no rational basis or legal support for defendants' continued reliance on opinions of counsel while at the same time refusing to provide deposition testimony relating to those opinions.

We reiterate, moreover, that *Seagate* renders post-filing attorney activities irrelevant to the recklessness inquiry. As a result, the defendants could withdraw reliance on the Dickstein Shapiro opinions, thereby eliminating the need for the depositions of Messrs. Fabricant, Weisburd and Blum. If the defendants choose to continue to rely on the Dickstein Shapiro opinions, not only will this necessitate further discovery, but we may be forced to file a motion to disqualify the Dickstein Shapiro law firm from serving as litigation counsel on this matter. Your refusal to provide these witnesses for deposition has hindered our ability to fully evaluate this issue to this point, but it is apparent that defendants' reliance on these opinions would require one or more of trial counsel to serve as witnesses at trial.

The District of Delaware as has adopted the Model Rules of Professional Conduct to govern the practice of attorneys in the district. (Del. L. R. 83.6(d)). *Model Rules of Prof'l Conduct* R. 3.7(a) directs that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: 1) the testimony relates to an uncontested issue; 2) the testimony relates to the nature and value of legal services tendered in the case; or 3) disqualification of the lawyer would work substantial hardship on the client." Delaware has applied this rule to establish appropriate disqualification. The Court recognizes that a witness is not a "necessary witness" under Rule 3.7 unless three things are shown: 1) the attorney will give evidence material to the determination of issues being litigated; 2) the evidence cannot be obtained elsewhere; and 3) the testimony is prejudicial or potentially prejudicial to the testifying attorney's client. *Leonard v. Univ. of Del.*, 1997 WL 158280 at * 3 (D. Del.).

Applying this standard to the facts of this case, if Defendants are going to rely on the opinions of counsel provided by Dickstein Shapiro for the purposes of defending against the asserted willfulness contentions, then McKesson has every right, indeed obligation, to vigorously examine those opinions – and the authors thereof – in order to establish the requisite objective recklessness. The examination of these opinions would not focus on the subjective mind of the defendants, it would instead provide objective evidence as to the adequacy of the legal opinion, which would in turn provide objective evidence relating to the reasonableness of defendants' conduct under the circumstances. Once the counsel of Dickstein Shapiro become necessary

WO 799039.1

Bryan N. DeMatteo
September 21, 2007
Page 4

witnesses at trial, they simply can no longer be advocates for the defense. This is a common sense rule of legal propriety and ethics, and a mandate of the Delaware Local Rules.

    We would like to resolve this issue as soon as possible, as it is preventing McKesson from obtaining lawful discovery. There is absolutely no basis for the requested stay with regard to the Provisionatto firm – the circumstances surrounding their work and advice goes to the very heart of the *Seagate* inquiry. The requested stay relating to the Dickstein firm is also without basis and, furthermore, unnecessary, as this issue can easily be resolved by stipulating to non-reliance on those post-filing opinions in light of *Seagate*. Please let us know, by close of business on September 28, whether defendants will agree to continued discovery with regard to the Provisionatto firm and the proposed stipulation with regard to the Dickstein Shapiro firm.

Sincerely,

Blair M. Jacobs

WO 799039.1

# EXHIBIT B

## FULLY REDACTED

Case 1:06-cv-00028-SLR-LPS    Document 232-2    Filed 01/31/2008    Page 6 of 10

# EXHIBIT C

## FULLY REDACTED

# EXHIBIT D

## FULLY REDACTED

# EXHIBIT E

## FULLY REDACTED

# EXHIBIT F

## FULLY REDACTED