IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-028 (SLR/LPS) |
| | ) |
| SWISSLOG ITALIA S.P.A. and | ) PUBLIC VERSION |
| TRANSLOGIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND
TRANSLOGIC CORPORATION'S REPLY BRIEF IN FURTHER
SUPPORT OF THEIR RULE 12(b)(1) MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia, S.p.A. and
  Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500

Confidential Version Filed: February 15, 2008
Public Version Filed: February 20, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF PROCEEDING ................................................................... 1

SUMMARY OF ARGUMENT .......................................................................................... 1

ARGUMENT ...................................................................................................................... 4

    I.    MCKESSON'S CLAIMS SHOULD BE DISMISSED BECAUSE NECESSARY AND INDISPENSABLE PARTIES ARE ABSENT ...................... 4

        A.    The Investors Are Necessary Parties Under Rule 19(a) ............................. 4

        B.    The Investors Are Indispensable Parties Under Rule 19(b) ....................... 7

    II.    MCKESSON IS UNABLE TO PROVE THAT IT OWNS ALL OF THE RIGHTS TO THE PATENT IN SUIT ...................................................... 9

        A.    REDACTED ............................................................................................... 9

        B.    McKesson's Argument of Lack of Notice of the Assignment Must Fail .................................................................................. 12

        C.    REDACTED ............................................................................................. 13

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Cooper v. Digital Processing Sys.*,
   182 F.R.D. 242 (N.D. Ohio 1998) .......................................................................... 4, 5

*Ethicon, Inc. v. U.S. Surgical Corp.*,
   135 F.3d 1456 (Fed. Cir. 1998) ................................................................................ 7

*Gonzalez v. Cruz*,
   926 F.2d 1 (1st Cir. 1991) ........................................................................................ 8

*Great-West Life & Annuity Ins. Co. v. Woldemicael*,
   2006 U.S. Dist. LEXIS 36420 (W.D. Wash. 2006) ................................................. 7

*In re 5877 Poplar, L.P.*,
   268 B.R. 140 (W.D. Tenn. Bankr. 2001) .................................................................. 9

*Indep. Wireless Tel. Co. v. Radio Corp. of Am.*,
   269 U.S. 459 (1926) .................................................................................................. 7

*IPVenture, Inc.* and *LP Matthews LLC v. Bath & Body Works, Inc.*,
   Civ. No. 04-1507-SLR (D. Del. 2004) ..................................................................... 5

*IPVenture, Inc. v. Prostar Comp., Inc.*,
   503 F.3d 1324 (Fed. Cir. 2007) ................................................................................ 5

*Lyon v. Ty-Wood Corp.*,
   212 Pa. Super. 69 (1968) .......................................................................................... 9

*Major's Furniture Mart, Inc. v. Castle Credit Corp., Inc.*,
   602 F.2d 538 (3d Cir. 1979) ................................................................................... 10

*Provident Tradesmen Bank & Trust Co. v. Patterson*,
   390 U.S. 102 (1967) .................................................................................................. 4

*Tycom Corp. v. Redactron Corp.*,
   380 F. Supp. 1183 (D. Del. 1974) ........................................................................ 5, 8

*U.S. v. Orozco-Prada*,
   636 F.Supp. 1537 (S.D.N.Y. 1986) ........................................................................ 12

**Statutes**

35 U.S.C. § 261 ........................................................................................................................ 12

Fed. R. Civ. P. 19 ................................................................................................................ 2, 4, 7

1.

## NATURE AND STAGE OF PROCEEDING

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (collectively "Defendants") submit this reply brief in further support of their motion to dismiss plaintiff McKesson Automation Inc.'s ("McKesson") Complaint, which alleges infringement of U.S. Patent No. 5,468,110 ("the '110 patent") and U.S. Patent No. 5,593,267 ("the '267 patent") (collectively "the patents-in-suit") on the grounds that McKesson lacks standing to sue.

## SUMMARY OF ARGUMENT

McKesson's opposition to this motion makes it abundantly clear that McKesson filed and has maintained this action for more than two years without any evidence that the rights to the patents-in-suit            REDACTED

REDACTED

REDACTED            It was McKesson's obligation to establish that it owned the patents-in-suit *before* initiating this action. More than six months ago Defendants notified McKesson that      REDACTED      was missing. After purportedly scouring its files and taking the depositions of the investors before responding to this motion, McKesson is still unable to come forward with any proof that 1      REDACTED

REDACTED    This is fatal to McKesson's claims of infringement, which must now be dismissed.

It is fundamental that the parties with all ownership and enforcement rights in a patent must be before the court in order to maintain an action for infringement. The investors

---

1            REDACTED

2.

apparently dispute ownership of the patents-in-suit and are thus both necessary and indispensable parties to this case.

REDACTED

After the time to notice additional depositions had passed, McKesson asked for leave in November, 2007 to take the depositions of the investors in a last ditch attempt to elicit from them and their representative a disavowal of rights in the patents-in-suit. Indeed, McKesson's counsel had urged the Court that these depositions were necessary in order to oppose the motion to dismiss. Incredibly, at these depositions, McKesson never asked the investors key questions such as "do you believe you own any rights to the patents?" or "do you disavow any ownership interest you may have in the patents?". McKesson did not even ask whether the investors intended to bring an action to enforce the patents. These are central questions that had to be answered to establish that McKesson, rather than the investors, has the right to maintain a case for patent infringement. McKesson has not met its burden of proving that it owns the patent rights and thus does not have standing to sue. Accordingly, McKesson's infringement action must be dismissed.

Fed. R. Civ. P. 19 and numerous infringement cases have dealt with the issue of absent parties who may have ownership rights in a patent-in-suit. When a patent owner is absent from an infringement action, an express relinquishment of interest or disavowal of intent to sue on the patents is required to avoid dismissal. No such disavowal has occurred here. If this case

3.

were permitted to proceed, Defendants would face the prospect of multiple lawsuits on the same patents, which raises the possibility of duplicative damages and inconsistent results. Moreover, for the Court to determine that McKesson has standing to maintain this suit, it would, in effect, have to conclude, in the investors' absence, that the investors have no rights to the patents-in-suit. Defendants submit that this is not the proper forum for a determination of McKesson's and the investors' respective rights, as this Court does not have personal jurisdiction over the investors.

REDACTED

REDACTED

REDACTED

REDACTED

4.

REDACTED        Notwithstanding McKesson's tortured interpretations and clever legal arguments to the contrary, the documents speak for themselves and the absence of the most relevant document of all – the one evidencing a REDACTED – speaks loudest of all.

## ARGUMENT

I. MCKESSON'S CLAIMS SHOULD BE DISMISSED BECAUSE NECESSARY AND INDISPENSABLE PARTIES ARE ABSENT

Now that McKesson has produced documents relating REDACTED REDACTED Mr. Demmler have been completed, it is more apparent than ever that the investors refuse to disavow or relinquish their rights in the patents-in-suit and are thus both necessary and indispensable parties under Fed. R. Civ. P. 19. It would be grossly unfair to Defendants and to the investors if this case were permitted to proceed any further.

A.   The Investors Are Necessary Parties Under Rule 19(a)

Fed. R. Civ. P. 19 (a) governs the determination of whether parties are necessary to an action. The rule provides, in pertinent part, as follows:

> **Persons to be joined if Feasible.** A person . . . shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest [*i.e.*, has an interest][2] relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) . . . impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject

---

[2]   The Supreme Court has held that the term "claims an interest" in Rule 19(a) means "having an interest." *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 123 (1967). *See also Cooper v. Digital Processing Sys.*, 182 F.R.D. 242, 249 (N.D. Ohio 1998) ("Because an absent party will not have stated an interest in the case, this language implies that the absent party's interest will be potential claims that such a party might later bring.").

5.

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . .

*See also Tycom Corp. v. Redactron Corp.*, 380 F. Supp. 1183, 1185 (D. Del. 1974). As recently confirmed by the Federal Circuit, absent an express disavowal of rights, "all parties having an independent right to enforce the patent are indispensable or necessary parties to an infringement suit." *IPVenture, Inc. v. Prostar Comp., Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007); S*ee also Cooper*, 182 F.R.D. at 248 ("the Court finds that the Court cannot afford complete relief [under Rule 19(a)] if it does not make [the absent person] a party to this action. Resolution of this case would not end the dispute over ownership interests in the patents in suit.").[3]

REDACTED

---

[3] Unlike the absent parties in *IPVenture, Inc.* and *LP Matthews LLC v. Bath & Body Works, Inc.*, Civ. No. 04-1507-SLR (D. Del. 2004), the investors have never disavowed rights in the patents-in-suit or indicated a willingness not to enforce these rights.

4                              REDACTED

6.

REDACTED

Since there is, at minimum, an unresolved question regarding ownership of the patents-in-suit that precludes complete relief from being granted, the investors are necessary parties to this case.

The investors are also necessary parties under Rule 19(a)(2). To allow this infringement case to continue, this Court would have to make numerous determinations of fact that bear directly on the rights of the investors who are not parties to this case. The Court would have to find REDACTED

REDACTED As is obvious from McKesson's opposition to this motion, these determinations would require this Court to draw inferences about the intentions and state of mind of the investors, parties not before it over whom it does not have jurisdiction, and would effectively deprive them of any opportunity to defend their rights in the patents-in-suit.

At least equally important, allowing this case to proceed in the absence of the investors would subject Defendants to the potential of multiple lawsuits concerning these very same patents. Since the investors are not before this Court, there remains the possibility that they may initiate their own infringement action against Swisslog and Translogic. Their refusal to sign affidavits or testify at deposition that they no longer have rights to the patents-in-suit, as well as their apparent willingness to entertain offers to license the patents, makes this a distinct possibility. The potential for multiple lawsuits against the Defendants is precisely what Rule 19 and cases such as *Indep. Wireless Tel. Co. v. Radio Corp. of Am.* intended to avoid. 269 U.S.

7.

459, 468 (1926) ("Only the entity or entities that own or control *all* substantial rights in a patent can enforce [these rights,] lest an accused infringer be subjected to multiple suits and duplicate liability.") (emphasis added). For this reason as well, McKesson's claims of patent infringement must be dismissed.

Rule 19(a) applies where joinder is not feasible. Joinder is unfeasible where the Court in which the case is pending lacks personal jurisdiction over the absent potential party. *Great-West Life & Annuity Ins. Co. v. Woldemicael*, 2006 U.S. Dist. LEXIS 36420, at *9 (W.D. Wash. 2006). It would not be feasible to join the investors into this case. Not only would joinder be untimely, as fact discovery is virtually complete, but it appears that this Court lacks personal jurisdiction over the investors. All of the former general partners of PSF and Dr. Heilman are residents of Pennsylvania. The promissory notes and assignment were apparently executed in Pennsylvania and are governed by Pennsylvania law. There is nothing to suggest that any of these individuals has ties to this forum or that these individuals would voluntarily submit to the jurisdiction of this Court.

B. The Investors Are Indispensable Parties Under Rule 19(b)

Where, as here, joinder is not feasible under Rule 19(a), "the court shall determine [under Rule 19(b)] whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party thus being regarded as indispensable." Fed. R. Civ. P. 19(b). In the patent context, all owners of the patents-in-suit are "per se indispensable" to an infringement action. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1472 (Fed. Cir. 1998) (citation omitted). "The presence of the owner of the patent as a party is indispensable. . . to enable the alleged infringer to respond in one action to all claims of infringement for his act . . . ." *Indep. Wireless Telegraph Co.*, 269 U.S. at 468. Courts typically consider the following four factors to determine whether a necessary party is also indispensable

8.

under Rule 19(b): (1) the extent to which a judgment rendered in that party's absence would prejudice that party or the accused infringer; (2) the extent to which these prejudices may be lessened or avoided; (3) the extent to which such a judgment would be adequate *i.e.*, serve the public interest in complete, consistent, and efficient resolution of controversies; and (4) whether the plaintiff would have an adequate remedy if its patent infringement claims are dismissed. *See Tycom Corp.*, 380 F. Supp. at 1188-90. Each of these factors weighs heavily in favor of finding the investors to be indispensable parties.

A judgment in this case would severely prejudice both the investors and Defendants. As stated above, to allow this case to continue would require this Court to find that the investors – who never disclaimed their rights – own no rights in the patents-in-suit. Such a holding would deprive the investors of due process and impair their ability to protect their interests. *See, e.g., Gonzalez v. Cruz*, 926 F.2d 1, 6 (1st Cir. 1991) ("Although the [absent party] would not be bound by the judgment . . ., an adverse ruling could, as a practical matter, impair its probability of success in a future proceeding . . . ."). Moreover, a judgment in this case would not preclude a subsequent suit by the investors (or their assignees) against Swisslog and Translogic on the very same patents. The severe prejudice to both the investors and Defendants can be avoided only by dismissing the instant action. On the other hand, if this case were dismissed, McKesson would suffer relatively little prejudice and would have an adequate remedy. McKesson would be free to start an action in Pennsylvania against the investors to quiet title to the patents. Once ownership of the patents is resolved – which should have been done *before* McKesson initiated this action – either McKesson or the investors would be free to bring an action to enforce the patents against Defendants.

9.

Because the investors are both necessary and indispensable parties to this action, this case must be dismissed.

## II. MCKESSON IS UNABLE TO PROVE THAT IT OWNS ALL OF THE RIGHTS TO THE PATENT IN SUIT

McKesson's opposition to this motion rests almost entirely on attempts to decipher the intent of the investors from the 1991 loan documents and subsequent transactions. McKesson's strained interpretation of the transaction and its attempts to recast it as something other than what it was should be rejected.

A.      REDACTED

REDACTED

However, Article 9 applies only to transactions in which the parties intend to secure with a security interest, not to an assignment. "Security interests and absolute assignments [are] two entirely distinct methods for creating credit against collateral which a party may borrow funds." *In re 5877 Poplar, L.P.*, 268 B.R. 140, 146 (W.D. Tenn. Bankr. 2001); see also *Lyon v. Ty-Wood Corp.*, 212 Pa. Super. 69, 71-72 (1968). The two methods are entirely separate and an

REDACTED

Contrary to McKesson's assertions,    REDACTED

REDACTED

[McKesson Opp. at 9].

REDACTED

10.

REDACTED

Nowhere REDACTED
REDACTED

To the extent the parties' practices, objectives, business activities and relationship are relevant to show whether the parties intended to create a security interest or an assignment, these factors also demonstrate that an assignment, not a security interest, was intended by the parties and created. *See, e.g., Major's Furniture Mart, Inc. v. Castle Credit Corp., Inc.*, 602 F.2d 538, 545 (3d Cir. 1979). What is striking in this case is that the investors first considered securing the loan with a security interest, but specifically chose to secure the loan with an assignment instead. REDACTED

REDACTED

11.

Decl. Exh. R at SH000426].

REDACTED

McKesson's opposition papers focus excessively on the question   REDACTED
REDACTED

---
5

REDACTED

REDACTED

fact is the absence of the reassignment.

      B.      **McKesson's Argument of Lack of Notice of the Assignment Must Fail**

McKesson attempts to rely on 35 U.S.C. § 261, which governs ownership and assignment of patent rights. That section provides, in pertinent part:

> An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.

*Id.* McKesson argues, in essence, that because the assignment was never recorded in the Patent Office, it is void as against McKesson. [McKesson Opp. at 19].

This argument is unavailing. Section 261 voids a prior assignment only if a new assignee is a bona fide purchaser for value, *i.e.*, where the assignment is received "without notice" of the prior assignment. If there is a question as to a prior assignment, "[a] person must . . . make accessible inquiries. If he does not, and avoids the inquiry, he. . . cannot be considered a *bona fide* purchaser." *U.S. v. Orozco-Prada*, 636 F.Supp. 1537, 1543 (S.D.N.Y. 1986).

REDACTED

13.

REDACTED

McKesson had ample opportunity to confirm for itself whether

REDACTED

C. The Investors' Activities on the Board of AHI Do Not Void
   The Investors' Rights in the Patents

REDACTED

REDACTED

14.

REDACTED

REDACTED

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Rule 12(b)(1) Motion To Dismiss in all respects.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

February 15, 2008
1543955

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia, S.p.A. and Translogic Corporation*

---

6

REDACTED
REDACTED

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 20, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Dale R. Dubé, Esquire
>Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 20, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire | Blair M. Jacobs, Esquire |
| Blank Rome LLP | Sutherland Asbill & Brennan LLP |
| Chase Manhattan Centre | 1275 Pennsylvania Avenue, NW |
| 1201 Market Street, Suite 800 | Washington, DC  20004 |
| Wilmington, DE  19801 | |

>*/s/ Julia Heaney (#3052)*
>_____
>Julia Heaney (#3052)
>jheaney@mnat.com