IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-028 (SLR/LPS) |
| | ) |
| SWISSLOG ITALIA S.P.A. and | ) |
| TRANSLOGIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**STIPULATED SEVENTH AMENDED SCHEDULING ORDER**

At Wilmington this __ day of ___ 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED THAT:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) Discovery has taken place on at least the following subjects: technology of each party, damages, market shares, sales practices, corporate structure,

    (b) All fact discovery shall be commenced in time to be completed by January 31, 2008.[1]

---

[1] Unless specifically agreed to otherwise by the parties, no depositions of additional witnesses, other than experts, Mr. Heilman, Mr. Demmler, Mr. Balsamo, Mr. Provvisionato, Steven Weisburd, Alfred Fabricant and Ian Blum, shall be noticed after October 10, 2007 unless otherwise ordered by the Court. The parties recognize that willfulness discovery may need to continue beyond the January 31 deadline due to scheduling issues associated with Messrs. Provvisionato's and Balsamo's depositions as well as this Court's December 3, 2007 Order. Defendants also note that they have previously noticed a 30(b)(6) deposition of a McKesson witness on the willfulness issue, and believe that the prior Scheduling Orders in this case would permit Defendants to conduct such a deposition. If necessary, Defendants will seek to depose a witness on the willfulness issue following the Court's ruling on Defendants' Motion to Dismiss McKesson's Willfulness Allegations. Notwithstanding, by making this

>(1) Document production shall be completed on or before September 8, 2007
>
>(2) Maximum of **27** interrogatories by each party to any other party.
>
>(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.
>
>(4) Maximum of **150** requests of admission by each party to any other party.
>
>(5) In the absence of agreement among the parties or by order of this court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.
>
>(6) Maximum of **70 hours** for fact depositions (excluding 30(b)(6) depositions, inventor's depositions and expert depositions).

(c) Expert discovery shall be commenced in time to be completed by **June 30, 2008**.

>(1) Expert reports on issues for which the parties have the burden of proof due March 31, 2008. Rebuttal expert reports due **May 28, 2008**.

---

stipulation, Defendants are not agreeing to permit any depositions relating to willfulness beyond those expressly permitted by the Court and/or those properly noticed prior to the Court's December 3, 2007 Order. Nothing in this Stipulation shall be construed as a concession by Defendants to permit the noticing of any additional depositions relating to willfulness. The parties are working to complete such discovery as expeditiously as possible. Plaintiff disagrees with Defendants contention that it is entitled to a willfulness deposition. McKesson has likewise previously noticed a Rule 30(b)(6) deposition of a witness from Defendants on Defendants' defenses and counterclaims, including the preexisting antitrust counterclaim. To the extent Defendants are entitled to a deposition on the willfulness issue, McKesson is likewise entitled to a deposition on Defendants' defenses and counterclaims. McKesson further reserves the right to notice a Rule 30(b)(6) deposition on any issue or claim added to this matter by Defendants' pending Motion for Leave to Amend Their Answers and Counterclaims. If necessary, Plaintiff will seek to depose a witness on these issues following the Court's ruling on Defendants' Motion to Amend.

(2) Expert depositions to be limited to a maximum of **7 hours** per expert unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) If willfulness has been asserted and absent agreement among the parties, the Defendants must inform Plaintiff as to whether it intends to rely on advice of counsel within 20 calendar days from the issuing of an Order from the Court deciding Defendants' Motion to Dismiss Plaintiff's Willfulness Allegations to decide whether they will rely on opinions of counsel provided by attorneys of Dickstein Shapiro, LLP. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendants to its counsel and whatever other materials related to the issues in dispute that Defendants had in its possession at the time the advice was sought.

(e) <u>Supplementations under Rule 26(e) have been exchanged.</u> The parties will supplement their interrogatory responses and produce subsequently created documents relevant to the issue of damages on a date to be agreed upon by the parties.

(f) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on _____ from _____m. to \_\_\_\_\_m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **December 20, 2006**.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **on March 19, 2008.**  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Join Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before **September 10, 2008**.  Opposition Briefs are due **October 3, 2008** and Reply Briefs are due **October 20, 2008**, unless otherwise agreed to by the parties and approved by the court.

7. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **May 30, 2008**, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on **July 10, 2008**.  Simultaneous response briefs should be filed by **August 11, 2008**.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on _____ at _____ _m.

8. **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

>(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**
>
>(b) No telephone calls shall be made to chambers.
>
>(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourt.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mail.

4

9.  **Motions in Limine.**  **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.**  A pretrial conference will be held on _____ at _____ _.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**.  This matter is scheduled for a _____ day/week bench/jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Agreed to by the parties this 16th day of April, 2008.

| | |
|---|---|
| BLANK ROME LLP | MORRIS, NICHOLS ARSHT & TUNNELL LLP |
| */s/ Dale R. Dubé (#2863)* | */s/ Julia Heaney (#3052)* |
| Dale R. Dubé (#2863)<br>1201 N. Market Street<br>Suite 800<br>Wilmington, DE 19801<br>(302) 425-6400<br>dube@blankrome.com | Julia Heaney (#3052)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19801<br>(302) 351-9221<br>jheaney@mnat.com |
| *Counsel for Plaintiff McKesson Automation, Inc.* | *Counsel for Defendants Swisslog Italia S.p.A. and Translogic Corporation* |

SO ORDERED this ____ day of _____, 2008.

_____
United States District Judge