UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.
a Delaware Corporation,

Plaintiff,

v.

TRANSLOGIC CORPORATION
a Delaware Corporation, and

SWISSLOG ITALIA S.P.A.
an Italian Corporation,

Defendants.

Civ. Action No. 1:06CV00028-SLR/LPS

PUBLIC VERSION

**PLAINTIFF MCKESSON AUTOMATION, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WILLFULNESS ALLEGATIONS**

Dale R. Dubé (#2863)
BLANK ROME LLP
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Katherine R Lahnstein-Bertocci
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

*Counsel for Plaintiff McKesson Automation, Inc.*

Filed Under Seal April 15, 2008
Public Version filed April 22, 2008

## TABLE OF CONTENTS


I. SUMMARY OF ARGUMENT ....... 1

II. STATEMENT OF FACTS ....... 2

III. STATEMENT OF THE LAW ....... 6

A. Legal Standard for Rule 12(b)(6) Motion to Dismiss ....... 6

B. Legal Standard for Willful Infringement ....... 7

1. Proving Willful Infringement ....... 7

2. Pleading Willful Infringement ....... 7

IV. ARGUMENT ....... 8

A. In Re Seagate Does Not Alter The Pleading Standard for Alleging Willful Infringement ....... 8

B. McKesson is Able to Allege Conduct by Defendants That Can Support a Claim of Willful Infringement ....... 9

V. CONCLUSION ....... 12

# TABLE OF AUTHORITIES

## Cases

*Adidas America, Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655-KI, 2008 WL 508060 (D. Or. Feb. 22, 2008) .......... 11

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......... 6, 7

*Dunlap v. Schofield*, 152 U.S. 244 (1894) .......... 8

*Energy Trans. Group, Inc., v. William Demant Holding*, C.A. No. 05-422 GMS, 2008 WL 11486 (D. Del. Jan. 4, 2008) .......... 7

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007) .......... 6

*F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927, 2008 WL 687114 (W.D. Wash. March 10, 2008) .......... 7, 8

*In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007) .......... passim

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994) .......... 7

*Sentry Prot. Prods., Inc. v. Hero Prods, Inc.* 400 F.3d 910 (Fed. Cir. 2005) .......... 8

*SRI Int'l, Inc. v. Advanced Tech. Labs.*, 127 F.3d 1462 (Fed.Cir.1997) .......... 11

*Strum v. Clark*, 835 F.2d 1009 (3d Cir. 1987) .......... 6, 7

## Rules

Fed. R. Civ. P. 12(b)(6) .......... 1, 6

Fed. R. Civ. P. 8 .......... 7

Fed. R. Civ. P. 8(a)(2) .......... 7

Fed.R.Civ.P. 8(a) .......... 6

## I. SUMMARY OF ARGUMENT

Swisslog is attempting to manipulate *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007) to create a heightened pleading requirement similar to the requirements applicable to fraud claims. Contrary to Swisslog's assertions, the Federal Circuit's decision in *Seagate* did not impose a heightened pleading requirement on willful infringement allegations. This fundamental error in Swisslog's analysis undermines its entire argument.

While *Seagate* changed the law surrounding willful infringement, it did not change the pleading requirements for willful infringement, which are long established. Indeed, notice pleading is all that is required. With regard to willful infringement, a factual allegation of the defendant's prior knowledge of the patent is one way to properly plead willful infringement. Here, the Complaint reveals that McKesson made exactly the type of factual allegation that the law has long condoned. Swisslog's motion, therefore, should be denied.

Swisslog's efforts to argue the merits of McKesson's willfulness allegations are similarly futile. This Motion is before the Court pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the legal sufficiency of the Complaint. Whether or not McKesson's willfulness claims can survive the evidentiary standard propounded by *Seagate* is an issue that can and should be resolved at a later stage in the proceedings on the factual record. It is not an issue for a motion to dismiss.

Finally, out of an abundance of caution, McKesson has contemporaneously submitted a Motion For Leave to File a Second Amended Complaint to include additional facts relating to Swisslog's willful infringement should the Court deem additional factual information necessary.

## II. STATEMENT OF FACTS

Plaintiff McKesson Automation, Inc. ("McKesson") is the leading innovator in pharmacy automation systems. (Declaration of Christina A. Ondrick ("Ondrick Dec."), Exh. 1). McKesson's pioneering work in the field of pharmacy automation revolutionized drug storage and dispensing at hospital pharmacies. (Ondrick Dec. Exh. 2). McKesson's first product, its robotic drug storage and dispensing system, achieved outstanding commercial success. (Ondrick Dec. Exh. 3). This product is covered by several patents, including the patents-in-suit. (Ondrick Dec. Exhs. 4, 5). McKesson has received numerous industry awards and accolades for these inventions. (Ondrick Dec. Exh. 6). Among other things, these inventions add important certainty to dispensing operations by eliminating the human error associated with repetitive tasks to help ensure the proper medicine is dispensed to the patient. (Ondrick Dec. Exh. 7). This benefit directly translates into saved lives. (Ondrick Dec. Exh. 3). In fact, McKesson's robots dispense more than a half billion medications error free every year. (Ondrick Dec. Exh. 1 at M0005045).

Defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A. ("Swisslog Italia") (collectively "Swisslog") entered the United States market with its robotic storage and dispensing system known as the PillPick System in 2003. (Ondrick Dec. Exh. 13). This was neither company's first entrance into the market. Translogic served as a sales agent for McKesson's patented Robot Rx product in the mid 1990's when McKesson was in need of sales force assistance. (Ondrick Dec. Exh. 9 at 255:19 – 257:2). Unfortunately, Translogic's sales efforts were not fruitful and the arrangement was terminated in less than a year. (Ondrick Dec. Exh. 10).

Swisslog Italia, through its predecessor company, manufactured a robotic storage and dispensing system known as Homerus from approximately 1996 to 2001. (Ondrick Dec. Exh. 12 at 26:8- 33:9). Homerus failed to achieve commercial success for, among other reasons, design flaws resulting in well-publicized reliability problems. (Ondrick Dec. Exh. 12 at 36:17 – 58:19).

In approximately 2001, Swisslog Italia set out to re-design the Homerus product. (Ondrick Dec. Exh. 12 at 39:23-40:5; Ondrick Dec. Exh. 13).

**REDACTED**

(Ondrick Dec. Exh. 12 at 40:21; Ondrick Exh. 8 at T010820).

Swisslog was aware of McKesson's U.S. Patent Nos. 5,468,110 and 5,593,267 at least as early as 2002, prior to the date that this action was filed. (Ondrick Dec. Exh. 11 at 175:15 - 176:3; Ondrick Dec. Exh. 12 at 92:14 – 96:2).

**REDACTED**

REDACTED

It is important to note that independent claims in the '267 patent do not include or require a package reader limitation, the only limitation found to be missing with regard to the '110 patent. Instead, the '267 patent contains claims with features similar to those that were deemed

REDACTED

The claims of the '110 patent recite a bar code reader "associated with" not the picking means. (Ondrick Dec. Exh. 4, col. 13, ln. 34). Further, as previously discussed, the independent claims of the '267 patent do not include



REDACTED

# REDACTED

On January 13, 2006, McKesson filed this patent infringement lawsuit against Translogic alleging willful infringement of McKesson's '110 and '267 patents. (D.I. 1, ¶¶ 17, 22). McKesson then filed its First Amended Complaint ("Complaint") alleging willful infringement of those same patents against Swisslog Italia on July 3, 2006. In the Complaint, McKesson alleged:

> Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '110 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.
>
> Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '267 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

(D.I. 47 at ¶¶ 15, 20).

## III. STATEMENT OF THE LAW

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Generally, notice pleading is all that is required. Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007); *Strum v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). When reviewing a motion to dismiss, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be

accepted as true and viewed in the light most favorable to the non-moving party." *Strum*, 835 F.2d at 1011; *see also Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.*

**B. Legal Standard for Willful Infringement**

**1. Proving Willful Infringement**

To prove, not plead, willful infringement the Federal Circuit recently announced following test:

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Seagate*, 497 F.3d at 1371. *Seagate* did not alter the requirement that the totality of circumstances must be taken into account when determining willful infringement. *Energy Trans. Group, Inc., v. William Demant Holding*, C.A. No. 05-422 GMS, 2008 WL 114861, * 1 (D. Del. Jan. 7, 2008).

**2. Pleading Willful Infringement**

"An allegation of willful infringement is not subject to a heightened pleading standard but must meet the requirements of Rule 8." *F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927, 2008 WL 687114, *1 (W.D. Wash. March 10, 2008) (citing *Seagate*). Rule 8 of the Federal Rules of Civil Procedure only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level." *F5 Networks* 2008 WL 687114, *1.

Specifically, the Supreme Court has required "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Id.* (citing *Sentry Prot. Prods., Inc. v. Hero Prods, Inc.* 400 F.3d 910, 918 (Fed. Cir. 2005) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894))).

Thus, the post-*Seagate* case, *F5 Networks*, confirms that notice pleading of willful infringement is permissible. Specifically, an allegation that "On information and belief, [defendant] has performed such acts of infringement in a willful and deliberate manner [because] it has committed such acts with knowledge of [plaintiff's] patent" was deemed legally sufficient in that case. *F5 Networks*, 2008 WL 687114 at *1 n. 2.

## IV. ARGUMENT

### A. In Re Seagate Does Not Alter The Pleading Standard for Alleging Willful Infringement

In *Seagate*, the Federal Circuit announced a new standard for willful infringement. The Federal Circuit did not, however, create a pleading requirement that requires "clear and convincing 'threshold evidence' of objectively reckless conduct," as Swisslog contends. *See* Swisslog Opening Brief (D.I. 225), p.5. Contrary to the erroneous pleading requirement postulated by Swisslog, a patent holder must only assert that the accused infringer had prior knowledge of the asserted patent to satisfy notice pleading requirements. *F5 Networks*, 2008 WL 687114 at *1.

Here, McKesson specifically alleges that Swisslog had "full knowledge" of McKesson's patents when it committed its infringing acts. (D.I. 47 at ¶¶ 15, 20). Swisslog's infringing acts are specifically identified as the "making, using, importing, offering to sell, or selling automated storage systems, including the systems Swisslog refers to as the Swisslog PillPick Automated Drug Management System." (D.I. 47 ¶ 11). Thus, contrary to Swisslog's argument, McKesson has properly pled a claim for willful infringement.

Swisslog's motion relies on an erroneous argument that McKesson is required to plead the types of proof required to support an evidentiary claim for willful infringement at summary judgment or trial. No such requirement exists.

**B. McKesson is Able to Allege Conduct by Defendants That Can Support a Claim of Willful Infringement**

To the extent the Court finds that its First Amended Complaint is deficient, McKesson has contemporaneously filed a motion to amend the pleadings. Should Swisslog's motion to dismiss be denied, McKesson will withdraw its motion to amend. In any event, the facts demonstrate numerous events that alone or in combination support a claim for willful infringement under *Seagate*. A reasonable jury could determine that Swisslog willfully infringes under such facts, which are addressed herein and in McKesson's proposed Second Amended Complaint.[1]

The evidence demonstrates that Swisslog became aware of the patents-in-suit at least as early as 2002.

**REDACTED**

It would be objectively reckless to rely on an opinion that misread the patent. Moreover, the Opinion provides

**REDACTED**

[1] To the extent the Court considers converting Swisslog's motion to dismiss into a summary judgment motion as Swisslog suggests, McKesson, like Swisslog, requests the opportunity to submit additional evidence in support of its opposition. The facts provided in this brief are only some of the facts relevant to proving Swisslog's willful infringement. The better course of conduct at this point would be to deny Swisslog's motion to dismiss and to permit Swisslog to file a motion for summary judgment pursuant to the scheduling order.

REDACTED

Thus, Swisslog proceeded knowing the likelihood of infringement. It was objectively reckless for Swisslog to continue manufacture of the PillPick system after being advised of potential infringement.

Swisslog fairs no better regarding the '110 patent.

REDACTED

REDACTED

REDACTED The purportedly missing limitation, was only missing under a contorted claim construction contradicted by the claim language, patent specification, and the law. Furthermore, REDACTED REDACTED The claims and specification never once use the word Redacted (*See* Ondrick Dec. Exh. 4).

Further, these Opinions never discuss literal infringement or infringement under the doctrine of equivalents. Moreover, the February 2002 Opinion relies on the position of a package reader in a prototype product that was never sold in the U.S. as the basis for non-

Finally, the

REDACTED

For opinions to be objectively reliable they must contain more than mere conclusory statements about noninfringement. *See, e.g., SRI Int'l, Inc. v. Advanced Tech. Labs.*, 127 F.3d 1462, 1466 (Fed.Cir.1997); *Adidas America, Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655-KI, 2008 WL 508060, * 11-12 (D. Or. Feb. 22, 2008) (relying on *SRI* post-*Seagate*). The Redacted received by Swisslog do not satisfy this requirement.

Being aware of the package reader limitation in the '110 patent, REDACTED REDACTED Swisslog had

REDACTED Swisslog REDACTED

REDACTED In the

end, Swisslog chose to put four bar code readers in system, with full knowledge of the potential infringement risks. This is objectively reckless behavior.

When the facts are viewed in a light most favorable to McKesson, it is clear that a reasonable jury could find an objectively high likelihood that Swisslog's selling of the PillPick System in the United States constituted infringement of the valid McKesson patents. At least each of these Opinions individually and collectively made Swisslog aware of this objective infringement risk or at a minimum made it so obvious that Swisslog should have known its actions constituted infringement of the patents.

## V. CONCLUSION

Swisslog's motion to dismiss repetitively argues that McKesson's allegations are inadequate to support a willfulness claim under *Seagate*. This argument is flawed, however, because *Seagate* changed the law with regard to evidentiary requirements for proving willfulness, not for pleading willful infringement. McKesson provided adequate notice in its willfulness allegations and, for this reason, Swisslog's motion to dismiss should be denied in its entirety.

Alternatively, should the Court decide to grant Swisslog's motion in whole or in part, McKesson respectfully asks leave to amend its complaint to overcome any deficiency. McKesson has contemporaneously submitted a motion for leave to amend and a proposed amended complaint with additional factual allegations.

This 15th day of April, 2008

Respectfully submitted,

Dale R. Dubé

Dale R. Dubé (#2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

*Counsel for Plaintiff McKesson Automation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2008, I served by hand delivery and electronic filing the public version of PLAINTIFF McKESSON AUTOMATION, INC'.S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WILLFULNESS ALLEGATIONS, using CM/ECF, which will send notification of such filing to the following:

Julia Heaney, Esquire
MORRIS, NICHOLS ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

I also certify that, on this 22nd day of April, 2008, I served the aforementioned document, by email and First Class Mail to the following participants:

Lawrence C. Drucker, Esquire
Alfred R. Fabricant, Esquire
Richard LaCava, Esquire
Bryan N. DeMattio, Esquire
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)