UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:06CV00028-SLR/LPS |
| v. | ) ) ) | |
| TRANSLOGIC CORPORATION a Delaware Corporation, and | ) ) ) | PUBLIC VERSION |
| SWISSLOG ITALIA S.P.A. an Italian Corporation, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF MCKESSON AUTOMATION, INC.'S
## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Dale R. Dubé (#2863)
BLANK ROME LLP
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Katherine R Lahnstein-Bertocci
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

Filed Under Seal April 15, 2008
Public Version filed April 22, 2008

*Counsel for Plaintiff McKesson Automation, Inc.*

Pursuant to Rule 15(a) and 16(b) of the Federal Rules of Civil Procedure, Plaintiff

McKesson Automation, Inc. ("McKesson") hereby moves to amend its First Amended

Complaint to more specifically plead its prior allegation of willful infringement of the '110 and

'267 patents, should the Court deem it necessary.

Pursuant to Local Rule 15.1, a copy of McKesson's proposed Second Amended

Complaint is attached as Exhibit A hereto. A redline version of the Second Amended Complaint

is attached as Exhibit B showing how the pleading differs from First Amended Complaint. A

Proposed Order has also been lodged herewith.

Dated: April 15, 2008                    BLANK ROME LLP

Dale R. Dubé (#2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Katherine R. Lahnstein-Bertocci
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2008, I served by hand delivery and electronic filing the public version of PLAINTIFF McKESSON AUTOMATION, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, using CM/ECF, which will send notification of such filing to the following:

> Julia Heaney, Esquire
> MORRIS, NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I also certify that, on this 22nd day of April, 2008, I served the aforementioned document, by email and First Class Mail to the following participants:

> Lawrence C. Drucker, Esquire
> Alfred R. Fabricant, Esquire
> Richard LaCava, Esquire
> Bryan N. DeMattio, Esquire
> DICKSTEIN SHAPIRO LLP
> 1177 Avenue of the Americas
> New York, NY 10036

> /s/ Dale R. Dubé
> Dale R. Dubé  (I.D. No. 2863)

## RULE 7.1.1 CERTIFICATE

Pursuant to D. Del. L.R. 7.1.1, this is to certify that counsel for Plaintiff raised the subject matter of this motion with counsel for Defendants and Defendants' counsel stated that they will oppose the motion.

Dale R. Dubé

Dale R. Dubé (#2863)

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation, )))) | |
| Plaintiff, ) | Civil Action No. 1:06CV00028-SLR/LPS |
| v. )) | [PROPOSED] ORDER |
| TRANSLOGIC CORPORATION a Delaware Corporation, and ))) | |
| SWISSLOG ITALIA S.P.A. an Italian Corporation, ))) | |
| Defendants. )) | |

Upon consideration of Plaintiff McKesson Automation, Inc.'s Motion for Leave to File a

Second Amended Complaint and papers filed in support thereof, and good cause being shown, IT

IS HEREBY ORDERED THAT:

    1.    Plaintiff's Motion for Leave to File A Second Amended Complaint is

GRANTED; and

    2.    The attached Second Amended Complaint shall be deemed filed, as of the

date of this Order.

_____

District of Delaware

13

# EXHIBIT  A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MCKESSON AUTOMATION, INC. <br> a Pennsylvania Corporation, | : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | Civil Action No. 06-028 (SLR/LPS) <br><br> Demand for Jury Trial |
| SWISSLOG ITALIA S.P.A <br> an Italian Corporation, and | : <br> : <br> : | |
| TRANSLOGIC CORPORATION <br> a Delaware Corporation, | : <br> : <br> : | |
| Defendants. | : <br> : <br> : | |

## SECOND AMENDED COMPLAINT

Plaintiff McKesson Automation, Inc., by and through the undersigned attorneys, hereby

files this Complaint requesting damages and injunctive relief upon personal knowledge as to

their own acts and circumstances, and upon information and belief as to the acts and

circumstances of others.

## PARTIES

1.      Plaintiff McKesson Automation, Inc. ("McKesson") is a Pennsylvania

corporation, with a principal place of business located at 500 Cranberry Woods Drive, Cranberry

Two., PA 16066. McKesson designs, manufactures, markets and sells, among other things,

inpatient medication and supply management systems that provide automated and reliable drug

distribution in hospital and other environments to reduce errors, improve cost savings and

7876220.1

enhance the quality of care. McKesson is the assignee of various United States Patents relating to medication and supply management systems including U.S. Patent Nos. 5,468,110 and 5,593,267, which concern automated systems for selecting and/or delivering packages from storage areas.

2.    On information and belief, Defendant Swisslog Italia S.p.A. ("Swisslog Italia") is an entity organized under the laws of Italy, with its principal place of business located at Via Taruffi 30/38, 41053 Maranello MO, Italy. Swisslog Italia S.p.A.is engaged in the manufacturing, sales and installation of automated storage systems for medications.

3.    On information and belief, Defendant Translogic Corporation ("Translogic") is a Delaware Corporation, with its principal place of business located at 10825 E 47th Avenue, Denver, Colorado. On information and belief, Translogic transacts business under the names of Swisslog, Swisslog Healthcare Solutions, Swisslog North America, Swisslog Quantum, and Swisslog Translogic Corporation. Translogic is engaged in the manufacturing, sales and installation of automated storage systems for medications.

4.    On information and belief, the acts of Translogic complained of herein are, in fact, acts of Swisslog Italia, or were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, or for at least in part the benefit of Swisslog Italia.

5.    Swisslog Italia and Translogic are referred to hereinafter collectively as "Swisslog."

## JURIDICTION AND VENUE

6.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendant Translogic resides in this judicial district and Defendant Swisslog Italia is a foreign defendants.

## FACTS

8.    McKesson has made significant investment in research and development in technology relating to drug administering systems and automated storage systems relating to medication and supply management. McKesson's efforts and investment have resulted in innovative advancements in the area of automated storage systems for medications, including automated drug management systems that fully automate the packing, storing and picking of drugs in unit-doses. Many such advancements are the subject of patents issued to McKesson by the United States Patent and Trademark Office, such as, for example, U.S. Patent Nos. 5,468,110 and 5,593,267.

9.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,468,110 (hereinafter "the '110 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA," which duly and legally issued on November 21, 1995. A copy of the '110 patent is attached as Exhibit 1.

10.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,593,267 (hereinafter "the '267 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA," which duly and legally issued on January 14, 1997. A copy of the '267 patent is attached as Exhibit 2.

7876220.1                                                3

11.     Swisslog is making, using, importing, offering to sell, or selling automated storage systems, including systems Swisslog refers to as the Swisslog PillPick Automated Drug Management System (hereinafter "the accused products"). Such systems use the patented inventions claimed in McKesson's '110 and '267 patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,468,110

12.     McKesson incorporates and realleges paragraphs 1 – 11 as if fully set forth herein.

13.     Each Defendant is directly infringing, contributing to the infringement of, or inducing others to infringe the '110 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

14.     Each Defendant has profited through infringement of the '110 patent. As a result of each Defendant's unlawful infringement of the '110 patent, McKesson has suffered and will continue to suffer grievous damage.

15.     Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '110 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

16.     Each Defendant was aware of the '110 patent at least as early as 2002. Employees of Swisslog Italia had examined the '110 patent at least as early as 2002.

17.     In 2002, the PillPick System was in the prototype phase and thus in the process of being developed.

# REDACTED

# REDACTED

19.    The PillPick Systems sold in the United States do not contain

REDACTED    Instead, the PillPick Systems sold in the United States have four package

readers REDACTED

REDACTED

23.     The Defendants chose to place the PillPick System on sale in the United States despite  $\mathcal{R} \in \mathcal{D} \mathcal{A} \subset \mathcal{T} \in \mathcal{D}$  containing inaccuracies.

24.     At least these facts made each Defendant aware that its actions would constitute infringement of the '110 patent.

25.     A reasonably prudent business person in the position of each Defendant would have known of the objectively high risk of infringement of the '110 patent. Each Defendant knew of this objective risk or should have known of the objective risk.

26.     Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,593,267

27.     McKesson incorporates and realleges paragraphs 1 – 26 as if fully set forth herein.

28.     Each Defendant is directly infringing, contributing to the infringement of, or inducing others to infringe the '267 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

29.     Each Defendant has profited through infringement of the '267 patent. As a result of each Defendant's unlawful infringement of the '267 patent, McKesson has suffered and will continue to suffer grievous damage.

30.     Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '267 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

31.     Each Defendant was aware of the '267 patent at least as early as 2002. Employees of Swisslog Italia had examined the '267 patent at least as early as 2002.

32.    In 2002, the PillPick System was in the prototype phase and thus in the process of being developed.

# REDACTED

35.    Upon being notified of its alleged infringement of McKesson's patents in December 2005,

# REDACTED

# REDACTED

39.    At least these facts made each Defendant aware that its actions would constitute infringement of the '267 patent.

40.    A reasonably prudent business person in the position of each Defendant would have known of the objectively high risk of infringement of the '267 patent. Each Defendant knew of this objective risk or should have known of the objective risk.

41.    Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McKesson prays that this Court enter judgment:

1.    That each Defendant has infringed United States Patent Nos. 5,468,110 and 5,593,267;

2.    That each Defendant's infringement is willful;

3.    That this is an exceptional case;

4.    Permanently enjoining and restraining each Defendant and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. 5,468,110 and 5,593,267;

5.    Awarding McKesson actual damages, not less than a reasonable royalty, for each Defendant's infringement including cost and pre- and post-judgment interest as allowed by law;

6.    Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of each Defendant's conduct;

7.    Awarding all costs of this action, including Plaintiff's reasonable attorney's fee and interest; and

8.    Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.


Dated: April __, 2008

_____
Dale R. Dubé (#2863)
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464


Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP

1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-1100

Fax: (202) 637-3593
*Counsel for Plaintiff*
*McKesson Automation, Inc.*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MCKESSON AUTOMATION, INC. a Pennsylvania Corporation, | : : : |
| Plaintiff, | : : |
| v. | Civil Action No. 06-028 (SLR/LPS) : : |
| SWISSLOG ITALIA S.P.A an Italian Corporation, and | Demand for Jury Trial : : : |
| TRANSLOGIC CORPORATION a Delaware Corporation, | : : : |
| Defendants. | : : : |

## ~~FIRST~~ SECOND AMENDED COMPLAINT

Plaintiff McKesson Automation, Inc., by and through the undersigned attorneys, hereby

files this Complaint requesting damages and injunctive relief upon personal knowledge as to

their own acts and circumstances, and upon information and belief as to the acts and

circumstances of others.

### PARTIES

1.    Plaintiff McKesson Automation, Inc. ("McKesson") is a Pennsylvania

corporation, with a principal place of business located at 500 Cranberry Woods Drive, Cranberry

Two., PA 16066. McKesson designs, manufactures, markets and sells, among other things,

inpatient medication and supply management systems that provide automated and reliable drug

distribution in hospital and other environments to reduce errors, improve cost savings and

enhance the quality of care. McKesson is the assignee of various United States Patents relating to medication and supply management systems including U.S. Patent Nos. 5,468,110 and 5,593,267, which concern automated systems for selecting and/or delivering packages from storage areas.

2.      On information and belief, Defendant Swisslog Italia S.p.A. ("Swisslog Italia") is an entity organized under the laws of Italy, with its principal place of business located at Via Taruffi 30/38, 41053 Maranello MO, Italy. Swisslog Italia S.p.A.is engaged in the manufacturing, sales and installation of automated storage systems for medications.

3.      On information and belief, Defendant Translogic Corporation ("Translogic") is a Delaware Corporation, with its principal place of business located at 10825 E 47th Avenue, Denver, Colorado. On information and belief, Translogic transacts business under the names of Swisslog, Swisslog Healthcare Solutions, Swisslog North America, Swisslog Quantum, and Swisslog Translogic Corporation. Translogic is engaged in the manufacturing, sales and installation of automated storage systems for medications.

4.      On information and belief, the acts of Translogic complained of herein are, in fact, acts of Swisslog Italia, or were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, or for at least in part the benefit of Swisslog Italia.

5.      Swisslog Italia and Translogic are referred to hereinafter collectively as "Swisslog."

**JURIDICTION AND VENUE**

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendant Translogic resides in this judicial district and Defendant Swisslog Italia is a foreign defendants.

## FACTS

8.    McKesson has made significant investment in research and development in technology relating to drug administering systems and automated storage systems relating to medication and supply management. McKesson's efforts and investment have resulted in innovative advancements in the area of automated storage systems for medications, including automated drug management systems that fully automate the packing, storing and picking of drugs in unit-doses. Many such advancements are the subject of patents issued to McKesson by the United States Patent and Trademark Office, such as, for example, U.S. Patent Nos. 5,468,110 and 5,593,267.

9.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,468,110 (hereinafter "the '110 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA," which duly and legally issued on November 21, 1995. A copy of the '110 patent is attached as Exhibit 1.

10.    McKesson is the sole owner of all right, title and interest in and to the inventions claimed in United States Patent No. 5,593,267 (hereinafter "the '267 patent"), entitled "AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA," which duly and legally issued on January 14, 1997. A copy of the '267 patent is attached as Exhibit 2.

11.    Swisslog is making, using, importing, offering to sell, or selling automated

storage systems, including systems Swisslog refers to as the Swisslog PillPick Automated Drug

Management System (hereinafter "the accused products"). Such systems use the patented

inventions claimed in McKesson's '110 and '267 patents.

**COUNT I**

INFRINGEMENT OF U.S. PATENT NO. 5,468,110

12.    McKesson incorporates and realleges paragraphs 1 – 113 as if fully set forth

herein.

13.    Each Defendant is directly infringing, contributing to the infringement of, or

inducing others to infringe the '110 patent by making, using, importing, offering to sell, or

selling the accused products in the United States.

14.    Each Defendant has profited through infringement of the '110 patent. As a result

of each Defendant's unlawful infringement of the '110 patent, McKesson has suffered and will

continue to suffer grievous damage.

15.    Each Defendant's acts of infringement herein have been made with full

knowledge of McKesson's rights in the '110 patent. Such acts constitute willful and deliberate

infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

16.    Each Defendant was aware of the '110 patent at least as early as 2002.

Employees of Swisslog Italia had examined the '110 patent at least as early as 2002.

17.    In 2002, the PillPick System was in the prototype phase and thus in the process of

being developed.

# REDACTED

# REDACTED

19. The PillPick Systems sold in the United States do not contain REDACTED

REDACTED Instead, the PillPick Systems sold in the United States have four package

readers not discussed in the opinion.

# REDACTED

# REDACTED

23.    The Defendants chose to place the PillPick System on sale in the United States despite receiving ᴜ R E D A C T E D

24.    At least these facts made each Defendant aware that its actions would constitute infringement of the '110 patent.

25.    A reasonably prudent business person in the position of each Defendant would have known of the objectively high risk of infringement of the '110 patent. Each Defendant knew of this objective risk or should have known of the objective risk.

16.26.  Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,593,267

17.27.  McKesson incorporates and realleges paragraphs 1 – 26.18 as if fully set forth herein.

18.28.  Each Defendant is directly infringing, contributing to the infringement of, or inducing others to infringe the '267 patent by making, using, importing, offering to sell, or selling the accused products in the United States.

19.29.  Each Defendant has profited through infringement of the '267 patent. As a result of each Defendant's unlawful infringement of the '267 patent, McKesson has suffered and will continue to suffer grievous damage.

20.30.  Each Defendant's acts of infringement herein have been made with full knowledge of McKesson's rights in the '267 patent. Such acts constitute willful and deliberate infringement, entitling McKesson to enhanced damages and reasonable attorney's fees.

31.    Each Defendant was aware of the '267 patent at least as early as 2002. Employees of Swisslog Italia had examined the '267 patent at least as early as 2002.

32.    In 2002, the PillPick System was in the prototype phase and thus in the process of being developed.

**REDACTED**

35.    Upon being notified of its alleged infringement of McKesson's patents in December 2005,

**REDACTED**

|  .

# REDACTED

39.    At least these facts made each Defendant aware that its actions would constitute infringement of the '267 patent.

40.    A reasonably prudent business person in the position of each Defendant would have known of the objectively high risk of infringement of the '267 patent. Each Defendant knew of this objective risk or should have known of the objective risk.

21.41. Each Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

7876213.1                                                8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McKesson prays that this Court enter judgment:

1.      That each Defendant has infringed United States Patent Nos. 5,468,110 and

5,593,267;

2.      That each Defendant's infringement is willful;

3.      That this is an exceptional case;

4.      Permanently enjoining and restraining each Defendant and its agents, servants,

employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or

participating with them from directly or indirectly infringing United States Patent Nos. 5,468,110

and 5,593,267;

5.      Awarding McKesson actual damages, not less than a reasonable royalty, for each

Defendant's infringement including cost and pre- and post-judgment interest as allowed by law;

6.      Awarding treble the amount of losses and damages because of the willful,

knowing and wanton nature of each Defendant's conduct;

7.      Awarding all costs of this action, including Plaintiff's reasonable attorney's fee

and interest; and

8.      Granting Plaintiff such other and further relief as the Court may deem just and

equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Dated: April __, 2008

                                                            Dale R. Dubé (#2863)
                                                            BLANK ROME LLP
                                                            Chase Manhattan Centre

1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-1100

Fax: (202) 637-3593
*Counsel for Plaintiff*
*McKesson Automation, Inc.*