UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:06CV00028-SLR/LPS |
| v. | ) ) ) | |
| TRANSLOGIC CORPORATION a Delaware Corporation, and | ) ) ) | PUBLIC VERSION |
| SWISSLOG ITALIA S.P.A. an Italian Corporation, | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Dale R. Dubé (#2863)
BLANK ROME LLP
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Katherine R. Lahnstein-Bertocci
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

Filed Under Seal April 15, 2008          *Counsel for Plaintiff McKesson Automation, Inc.*
Public Version filed April 22, 2008

**TABLE OF CONTENTS**

I.      INTRODUCTION..................................................................................................... 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY.............................. 2

III.    LEGAL STANDARDS............................................................................................ 4

III.    ARGUMENT............................................................................................................ 6

   A.   McKesson's Motion Should Be Granted Because There Is No Undue Delay,
        Bad Faith or Dilatory Motives By McKesson .................................................. 6

   B.   McKesson's Motion Should Be Granted Because It Is Not Futile ..................... 7

   C.   The Amendment Will Not Prejudice Swisslog................................................. 11

IV.     CONCLUSION ...................................................................................................... 11

## TABLE OF AUTHORITIES

### Cases

*Adidas America, Inc. v. Payless Shoesource, Inc.,*
   No. CV 01-1655-KI, 2008 WL 508060 (D. Or. Feb. 22, 2008) ............................................... 10

*Bell Atlantic Corp. v. Twombley,*
   127 S.Ct. 1955 (2007) ....................................................................................................... 7

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.,*
   295 F.Supp.2d 430 (D.Del. 2003) ....................................................................................... 5

*Charpentier v. Godsil,*
   937 F.2d 859 (3d Cir. 1991) ............................................................................................... 5

*Energy Trans. Group, Inc., v. William Demant Holding, C.A. No. 05-422 GMS,*
   2008 WL 11486 (D. Del. Jan. 4, 2008) ............................................................................... 7

*F5 Networks, Inc. v. A10 Networks, Inc., No. C07-1927,*
   2008 WL 687114 (W.D. Wash. March 10, 2008) .................................................................. 7

*Foman v. Davis,*
   371 U.S. 178 (1962) ......................................................................................................... 5

*Fraser v. Nationwide Mut. Ins. Co.,*
   352 F.3d 107 (3d Cir. 2003) ............................................................................................... 5

*In re Burlington Coat Factory Secs. Litig.,*
   114 F.3d 1410 (3d Cir. 1997) ............................................................................................. 7

*In re Seagate Tech. LLC,*
   497 F.3d 1360 (Fed. Cir. 2007) ................................................................................. 3, 6, 7, 10

*In re Warfarin Sodium Antitrust Litig.,*
   214 F.3d 395 (3d Cir. 2000) ............................................................................................... 7

*Inline Connection Corp. v. AOL Time Warner Inc.*
   237 F.R.D. 361 (D.Del. 2006) ............................................................................................ 5

*Kost v. Kozakiewicz,*
   1 F.3d 176 (3d Cir. 1993) .................................................................................................. 7

*Micron Tech., Inc. v. Rambus, Inc.,*
   409 F. Supp. 2d 552 (D. Del. 2006) .................................................................................... 5

*SRI Int'l, Inc. v. Advanced Tech. Labs.,*
   127 F.3d 1462 (Fed.Cir.1997).......................................................................................................... 10

*Venetec Inter., Inc. v. Nexus Medical, LLC,* No. 07-57,
   2008 WL 821038 (D.Del. March 28, 2008)....................................................................................... 5

**Rules**                                               .

FED. R. CIV. P. 15(a) ......................................................................................................... 1, 4, 5, 11

Fed. R. Civ. P. 15(d) ................................................................................................................. 6

FED. R. CIV. P. 16(b) ......................................................................................................... 1, 5, 11

## I.    INTRODUCTION

Plaintiff McKesson Automation, Inc. ("McKesson") has simultaneously filed this Motion

for Leave to File a Second Amended Complaint ("Motion to Amend") along with an opposition

to Swisslog's Motion to Dismiss McKesson's Willful Infringement Allegations. McKesson

vigorously opposes Swisslog's Motion to Dismiss and strongly believes that Swisslog's Motion

is based upon an erroneous reading of the law, and should thus be denied. However, out of an

abundance of caution and to the extent McKesson's willfulness allegations are somehow deemed

insufficient, McKesson submits this Motion to Amend the pleadings. The proposed amendment

supplements McKesson's previously pled willful infringement allegations. A copy of a clean

and redline versions of the pleading are attached hereto as Exhibits A and B, respectively.

McKesson's request for leave to amend its pleadings, pursuant to FED. R. CIV. P. 15(a)

and 16(b), should be granted because:

- McKesson's request follows the timing set forth by Magistrate Judge Thynge's rulings on the parties' willful infringement dispute;

- McKesson recently completed the deposition of Italian opinion counsel that brought to light new facts that concern Swisslog's willful infringement;

- Supplementation of the willful infringement allegations conform the pleadings to the parties' understanding of the issues in this case; and

- McKesson's proposed supplementation will not unduly prejudice Swisslog, in part, because Swisslog has been aware of McKesson's willful infringement allegation from the outset of the litigation, and because Swisslog has been in control and/or had unfettered access to the relevant documents, information and witnesses.

To the extent Swisslog's Motion to Dismiss is denied, McKesson will withdraw this

Motion to Amend.

1

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 13, 2006, McKesson filed this patent infringement lawsuit against Translogic

Corporation ("Translogic") alleging willful infringement of McKesson's U.S. Patent Nos.

5,468,110 and 5,593,267. (D.I. 1). McKesson then filed its first amended complaint alleging

willful infringement of those same patents against Swisslog Italia S.p.A. ("Swisslog Italia") on

July 3, 2006. (D.I. 47). The Defendants are collectively referred to herein as "Swisslog."

In both the Complaint and the First Amended Complaint, McKesson alleged:

> Each Defendant's acts of infringement herein have been made with full
> knowledge of McKesson's rights in the '110 patent. Such acts constitute willful
> and deliberate infringement, entitling McKesson to enhanced damages and
> reasonable attorney's fees.
>
> Each Defendant's acts of infringement herein have been made with full
> knowledge of McKesson's rights in the '267 patent. Such acts constitute willful
> and deliberate infringement, entitling McKesson to enhanced damages and
> reasonable attorney's fees.

(D.I. 1 ¶¶ 17, 22 and D.I. 47 at ¶¶ 15, 20 respectively).

The opinions and other documents relating to Swisslog's knowledge of McKesson's

patents were produced *after* the December 20, 2006 deadline for amending the pleadings found

in the Fourth Amended Scheduling Order (D.I. 159 at 1). The Second Amended Scheduling

Order required Swisslog to make its advice of counsel defense election on February 28, 2007 and

produce all opinions it intended to rely as part of its defense together with all documents related

to the opinions. (D.I. 87). On February 28, 2007, Swisslog made its election. Swisslog,

however, produced only the opinions themselves and not supporting documents, in violation of

the Second Amended Scheduling Order. (D.I. 87). Swisslog slowly supplemented its production

of documents relating to willfulness after being made aware of its failure to produce the

additional documents required by Court order. (Ondrick Dec. ¶25).

2

McKesson sought to schedule the necessary depositions of Defendants' witnesses upon receipt of the opinions and opinion related documents. (Ondrick Dec. ¶26). These witnesses include 30(b)(6) deponents from Swisslog Italia and Translogic on topics relating to the Defendants' advice of counsel defense, two Italian opinion writers, and three attorneys from Defendants' trial counsel, Dickstein Shapiro LLP. (Ondrick Dec. ¶27). McKesson completed the depositions of Defendants' Rule 30(b) witnesses in July of 2007. (Ondrick Dec. ¶28). McKesson also sought to depose Italian opinion counsel that same month. (Id.) The deposition did no go forward for a variety of reasons. (Ondrick Dec. ¶29). McKesson repeatedly attempted to reschedule the dates but was informed that the depositions could not occur until later in the Fall of 2007. (Id.) Defendants' attorneys coordinated deposition logistics with Italian opinion counsel. Swisslog never provided another deposition date. (Ondrick Dec. ¶30).

On November 27, 2007, Swisslog changed course and argued to Magistrate Judge Thynge that McKesson was not entitled to conduct further willfulness discovery. (D.I. 211). Swisslog argued that McKesson could not allege a claim willful infringement under the new legal standard announced by the Federal Circuit in *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007). (D.I. 211 at 1). On November 29, 2007, Magistrate Judge Thynge rejected Swisslog's argument during a teleconference with the parties and ruled that McKesson was entitled to further willfulness discovery. The Court further ordered, at Swisslog's urging, that Swisslog be provided further time to reevaluate what previously elected opinions it wants to use as a defense to willful infringement in light of *Seagate*. (*See* D.I. 215 at 49-52). The Court also set a framework for the briefing and discovery triggered by the willfulness issue. (*See* D.I. 215 at 51-54). The Court ordered that McKesson was entitled to take the deposition of Italian opinion counsel. (*See* D.I. 215 at 37). Following these depositions, Swisslog would be

3

permitted to file a motion to dismiss McKesson's willful infringement allegations. *(See* D.I. 215 at 41-42). If Swisslog's motion to dismiss was denied, then Swisslog must confirm which opinions it intends to rely on as a defense to willful infringement. *(See* D.I. 215 at 51-52).

This second-bite at the apple for Swisslog will determine whether additional willfulness discovery or further briefing is necessary. For example, should Swisslog confirm its reliance on

REDACTED                                              then further discovery on these

opinions will be necessary. In addition, the Court ordered that McKesson could then bring a Motion to Disqualify the Dickstein Lawfirm if REDACTED opinions are being relied upon. *(See* D.I. 215 at 27- 29; 49-51).

Around the same time, Swisslog's attorneys informed McKesson that writers of the Italian opinions were no longer cooperating in the scheduling process and McKesson would have to serve the witnesses under the Hague Convention. McKesson diligently prepared the necessary paperwork which was signed and handled by the relevant authorities, including this Court. (D.I. 230). Upon service of the Italians, Swisslog once again was able to schedule the depositions. McKesson took the deposition of Italian opinion counsel on March 26, 2008.

On January 25, 2008, Swisslog prematurely filed its Motion to Dismiss McKesson's willful infringement allegations. Magistrate Judge Thynge confirmed that McKesson need not respond to the motion until after the completion of the Italian deposition and set specific due dates for briefing. (D.I. 246 at 11:1-7). The parties submitted a Stipulated Order memorializing the briefing deadlines. (D.I. 257).

## III.  LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by "leave of the court," and that leave to amend "shall be freely given when justice so

4

requires." FED. R. CIV. P. 15 (a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("this mandate is to be heeded"). Rule 15(a) embodies a liberal approach to the allowance of amendments. It requires the court to grant leave to amend where there is no prejudice or delay. *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991). It also promotes a policy of favoring decisions on the merits. *Micron Tech., Inc. v. Rambus, Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006). Leave to amend should only be denied where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116-17 (3d Cir. 2003).

In the event that a party seeks to amend the pleadings after the deadline set in the scheduling order, the party must demonstrate that it has good cause to amend the pleadings. FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge ...."). The good cause element under Rule 16(b) turns on the diligence of the movant and not on prejudice to the non-moving party. *Venetec Inter., Inc. v. Nexus Medical, LLC*, No. 07-57, 2008 WL 821038, *3 (D. Del. March 28, 2008). It "requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Id.* Good cause includes discovering evidence after the time allotted for pleading amendments. *See Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 433 (D. Del. 2003). Good cause is also found where no new legal theory will be introduced, and the opposition is already on notice, such as when a parties requests to supplement an existing claim in response to a motion to dismiss. *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 366 (D. Del. 2006).

## III.    ARGUMENT

### A.    McKesson's Motion Should Be Granted Because There Is No Undue Delay, Bad Faith or Dilatory Motives By McKesson

McKesson has alleged that Swisslog willfully infringed the '110 and '267 patents from the inception of this lawsuit. This Motion, brought about only as a result of Swisslog's motion to dismiss McKesson's willfulness charges, simply seeks to supplement a claim already brought by McKesson. Importantly, McKesson's filing of this Motion is in accordance with the timing set by Magistrate Judge Thynge for willful infringement briefing. (D.I. 215, 246).

Moreover, McKesson completed the deposition of Italian opinion counsel just three weeks ago and this deposition brought to light new facts including, but not limited to, REDACTED

# REDACTED

Additionally, should the Court determine that Swisslog's motion to dismiss is well-founded, then supplementation should be permitted by a change in the law necessitated by the *Seagate* opinion. Fed. R. Civ. P. 15(d). McKesson thus has good cause for bringing its motion at this time and there is no undue delay, bad faith or dilatory motive on the part of McKesson.

Further, to grant McKesson's motion would not require substantial changes in other deadlines. The Court has a teleconference set for April 17, to address scheduling deadlines in this matter. There is no new discovery contemplated by the granting of this Motion. All additional discovery is contemplated and staged by Magistrate Judge Thynge's prior Order. (D.I. 215).

6

**B.    McKesson's Motion Should Be Granted Because It Is Not Futile**

In determining futility, the Court applies the same standard for legal sufficiency as under Rule 12(b)(6), which requires the court to "accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *see also In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As a result, when drawing all reasonable inferences in favor of McKesson, amended pleadings are only insufficient if "no relief could be granted under any set of facts consistent with the allegations ...." *In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397 (3d Cir. 2000). Thus, the issue is not whether McKesson will succeed at trial on the proposed supplemental allegations, but whether McKesson has pled such allegation from which to support a claim.

To properly plead willful infringement, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927, 2008 WL 687114, *1, (W.D. Wash. March 10, 2008) (citing *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964-65 (2007)). Post-*Seagate* case law provides that a willful infringement claim is properly pled when a patent holder alleges that the accused infringer had prior knowledge of the asserted patent. *Id.* Contrary to Swisslog's argument, there is no heightened pleading requirement for willful infringement. *Id.* Additionally, *Seagate* did not alter the requirement that the totality of circumstances must be taken into account when determining willful infringement. *Energy Trans. Group, Inc., v. William Demant Holding*, C.A. No. 05-422 GMS, 2008 WL 114861, *1 (D. Del. Jan. 7, 2008).

McKesson's proposed Second Amended Complaint sets forth allegations that, if taken as true, support a claim for willful infringement under both the objective and subjective inquiries. McKesson alleges that Swisslog became aware of the patents-in-suit at least as early as 2002.

7

Prior to deciding to enter the United States market with the PillPick System, Swisslog was aware of the design of McKesson's product, McKesson's '110 and '267 patents, and the substantial similarities, if not identical correspondence, between the claims of the '110 and '267 patents and the PillPick System. To arrive at the design of the PillPick System, Swisslog appears to have copied McKesson's design elements. This is shown, for example, by the design changes Swisslog made when redesigning its failed Homerus into the current PillPick System design. (*See* Ondrick Exh. 12 at 40:21; Exh. 8 at T010820).

# REDACTED

The claims of the '110 patent recite a bar code reader "associated with" not 𝓡ℰ𝒟𝒜𝒞𝒯ℰ𝒟 the picking means. (Ondrick Dec. Exh. 4, col. 13, l. 34). Further, as previously discussed, the independent claims of the '267 patent do not

8

include the very limitation the Opinion relies on to avoid infringement and the Opinion provides

no additional information regarding non-infringement of the '267 patent claims.

    In December 2005, prior to the filing of this lawsuit, Swisslog

## REDACTED

Swisslog received the

exact opposite.

## REDACTED

    Swisslog was also aware of, or should have been aware of, potential infringement of the

'110 patent. From the beginning, Swisslog was informed that

## REDACTED

    The purportedly missing limitation,

## REDACTED

    After receiving this

reader outside of the PillPick system at least in part because of the '110 patent. (Ondrick Dec.

    Rather than

Swisslog made the decision to put four bar code readers in the system.

9

REDACTED          Swisslog put the bar code readers in the system with full knowledge of

the potential infringement risks.

    In addition, the

# REDACTED

    For opinions to be objectively reliable they must contain

more than mere conclusory statements about noninfringement. *See, e.g., SRI Int., Inc. v.*

*Advanced Tech. Labs.*, 127 F.3d 1462, 1466 (Fed. Cir. 1997); *Adidas America, Inc. v. Payless*

*Shoesource, Inc.*, No. CV 01-1655-KI, 2008 WL 508060, *11-12 (D. Or. Feb. 22, 2008) (relying

on *SRI* post-*Seagate*). The Opinions received by Swisslog do not satisfy this requirement.

    The conclusory nature of all these opinions is most simply demonstrated from the

# REDACTED

# REDACTED

    From these facts, when viewed in a light most favorable to McKesson, a reasonable jury

could conclude that there was an objectively high likelihood that Swisslog's selling of the

PillPick System in the United States constituted infringement of the McKesson patents. At least

10

each of these opinions individually and collectively made Swisslog aware of this objective infringement risk or at a minimum made it so obvious that Swisslog should have known its actions constituted infringement of the patents. Thus, amendment of the Complaint would not be futile.

**C.    The Amendment Will Not Prejudice Swisslog**

No prejudice can credibly be argued by Swisslog. Swisslog has been aware of McKesson's willfulness allegation from the inception of the lawsuit. Swisslog has had access to all facts relevant to its willful infringement and no discovery has been denied. The facts added to the proposed Second Amended Complaint are facts that have come to light through the course of discovery provided by Swisslog and its opinion counsel.

**IV.    CONCLUSION**

For the reasons above, and in view of the liberal amendment policy of Rule 15(a) and 16(b) of the Federal Rules of Civil Procedure, McKesson respectfully requests that the Court grant its Motion for Leave to Amend Its Complaint to supplement its willful infringement allegation to overcome any deficiency, should the Court grant Swisslog's Motion to Dismiss McKesson's Willfulness Allegation.

Dated: April 15, 2008

BLANK ROME LLP

Dale R. Dubé (#2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Katherine R. Lahnstein-Bertocci
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2008, I served by hand delivery and electronic filing the public version of PLAINTIFF McKESSON AUTOMATION, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, using CM/ECF, which will send notification of such filing to the following:

> Julia Heaney, Esquire
> MORRIS, NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I also certify that, on this 22nd day of April, 2008, I served the aforementioned document, by email and First Class Mail to the following participants:

> Lawrence C. Drucker, Esquire
> Alfred R. Fabricant, Esquire
> Richard LaCava, Esquire
> Bryan N. DeMattio, Esquire
> DICKSTEIN SHAPIRO LLP
> 1177 Avenue of the Americas
> New York, NY 10036

> /s/ Dale R. Dubé
> Dale R. Dubé (I.D. No. 2863)