IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.<br>a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRANSLOGIC CORPORATION<br>a Delaware Corporation, and<br><br>SWISSLOG ITALIA S.P.A.<br>an Italian Corporation,<br><br>Defendants. | Civil Action No. 1:06CV00028-SLR/LPS |

**PLAINTIFF MCKESSON AUTOMATION, INC.'S REPLY
BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Dale R. Dubé (#2863)
BLANK ROME LLP
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

Dated: May 14, 2008            *Counsel for Plaintiff McKesson Automation, Inc.*

I.  **INTRODUCTION**

Defendants' opposition brief continues a pattern of unnecessary filings by the Defendants. Indeed, notwithstanding the twisting of facts in Defendants' opposition, Defendants cannot demonstrate delay or prejudice associated with McKesson's Motion to Amend and Defendants' arguments relating to these issues distort and omit critical facts.

The futility of Defendants' opposition becomes apparent when the opposition is placed in proper context. McKesson filed this Motion to Amend out of an abundance of caution, only after Defendants filed an unnecessary and unsupported Motion to Dismiss Willfulness Allegations. McKesson made clear in its opposition to the Motion to Dismiss that while its original pleadings fully satisfied the pleading requirements associated with asserting willfulness, a Motion to Amend would be filed as a safety precaution to address the slight possibility that the Court deemed its original pleading insufficient. Now, like a cat looking to spring some ill-conceived trap on a mouse, Defendants illogically argue that McKesson should not be permitted to amend its Complaint to include the very facts that Defendants claimed were necessary and missing.

In any event, Defendants' opposition fails as a matter of law because there is no prejudice. McKesson has alleged willful infringement since the inception of this lawsuit and full discovery has occurred on those allegations. It defies logic to contend, as Defendants do here, that McKesson's willful infringement allegation is an "eleventh hour" allegation requiring additional discovery. Magistrate Thynge previously laid out a detailed plan for willfulness discovery and the Defendants have been fully involved in that discovery throughout this litigation.

Defendants' undue delay argument is equally frail. The argument inexplicably ignores Magistrate Judge Thynge's prior consideration of *Seagate's* application here and the binding

Court Order, which resulted in staged willfulness discovery and briefing. Magistrate Judge Thynge set a precise day for McKesson's briefing. McKesson filed its Motion on the exact date required by Court Order.

Swisslog further ties its allegations of undue delay to a tortured reading of *Seagate*. Swisslog's sweeping interpretation ignores the critical fact that *Seagate* has not change the <u>pleading requirements</u> associated with pleading willfulness, which requires only notice pleading.

Courts freely grant leave to amend, particularly where, as here, the amended pleading alleges additional facts in support of an <u>existing claim</u>. Defendants fail to raise a single credible basis for opposing McKesson's Motion. McKesson thus respectfully requests that the Court grant its Motion to Amend should the Court deem McKesson's existing pleading legally insufficient. Otherwise, as noted in prior briefing, McKesson will withdraw this precautionary Motion.

## II.     ARGUMENT

### A.     Swisslog Will Suffer No Prejudice If the Court Deems It Necessary for McKesson to Amend Its Complaint

Swisslog's argument that it will be severely prejudiced if McKesson's amends its Complaint is fanciful, at best. Swisslog blithely argues, without support, that it "will have no opportunity to conduct discovery to explore these eleventh hour allegations." (Opp. Brief p. 6). This argument fails, however, because the willfulness allegations at issue were raised in the initial Complaint filed in this suit. (D.I. 1, ¶¶ 17, 22). McKesson similarly charged Swisslog Italia with willful infringement in the First Amended Complaint, which added Swisslog Italia to this lawsuit in June 2006. (D.I. 47, ¶¶ 15, 20).

Moreover, the willfulness issue has been part of discovery for some time now in this action, even requiring the intervention of Magistrate Thynge and the establishment of a schedule

specifically directed at willfulness discovery. The Defendants had ample opportunity to conduct discovery on the issue but never once issued an interrogatory to explore the willful infringement allegations. Regarding depositions, McKesson properly objected to Defendants' Rule 30(b)(6) deposition topics seeking legal conclusions. Indeed, the parties met and conferred and agreed that corporate deposition categories that called for legal conclusions would be postponed, and that another form of discovery would better suit such contention requests. Finally, Magistrate Judge Thynge's Order provides for additional willfulness fact discovery after the Court issues a ruling on the pending willfulness Motions. (D.I. 215).

The Defendants vague and mild assertions of prejudice do not amount to the level of prejudice necessary under current law. To show undue prejudice, Defendants must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989). The Defendants have not come close to meeting this standard.

    **B.**    **McKesson Has Not Unduly Delayed In Filing Its Motion to Amend Because McKesson's Motion Is Precautionary and Timed In Accordance With Magistrate Thynge's Court Order**

The Defendants argue that McKesson "unduly delayed in setting forth the basis of its willfulness allegations and in seeking leave to file its amended complaint" after the *Seagate* decision. (Opp. Brief p. 3). Swisslog argues that McKesson was required to immediately amend its willful infringement allegations because *Seagate* imposed a heightened pleading requirement. (Opp. Brief p. 4). Swisslog's argument misses the mark. Notice pleading of willful infringement is all that is required. Fed. R. Civ. P. 8. *Seagate* left the pleading requirements unchanged. If anything, *Seagate* bolsters the need for notice pleading because *Seagate* expressly holds that willful infringement is "determined by the record developed in the infringement proceeding." *Seagate,* 497 F.3d at 1371. Indeed, the only case to address the pleading

3

requirement issue post-*Seagate* held that notice pleading was legally sufficient with an allegation like that provided by McKesson. *F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927, 2008 WL 687114, *1 (W.D. Wash. March 10, 2008).

Tellingly, Defendants fail to even mention the applicable Rule 8 notice pleading requirement in its opposition papers. Defendants attempt to obfuscate the issue by ignoring important distinctions between notice pleading and the standards for obtaining summary judgment or a finding of willful infringement at trial. Under Defendants' sweeping interpretation of *Seagate*, a patentee must continuously amend its willful infringement allegations throughout discovery as new facts are uncovered. As the case law correctly states, a patentee need only provide notice of its willful infringement allegation.

In any event, there is also no undue delay here because McKesson's motion complies with a willfulness discovery timeline set by Magistrate Judge Thynge. Magistrate Judge Thynge evaluated the impact of *Seagate* and set a specific timeline for willfulness resulting in staged discovery and briefing. Specifically, Magistrate Judge Thynge ordered that the Italian depositions must go forward first and temporarily put on hold the remaining willfulness fact discovery and related briefing.[1] Upon completion of the Italian depositions, the Court permitted Defendants to file a motion testing the sufficiency of the willful infringement allegations. (D. I. 215). Defendants prematurely filed their Motion to Dismiss before the Italian depositions. (D.I. 224). As a result, Magistrate Judge Thynge issued another order reaffirming the timing of

---

[1] Under Magistrate Judge Thynge's Order, important willfulness discovery and related briefing still remains. After a ruling on the sufficiency of the pleadings, Defendants must re-elect which opinions of counsel they intend to rely on a defense to willful infringement and further fact discovery commences. For example, if Defendants maintain reliance on the opinions issued by the Dickstein Firm, depositions of those attorneys may occur. After those depositions, McKesson may file a Motion to Disqualify the Dickstein attorneys if a conflict exists. (D.I. 215).

4

McKesson's briefing. (D.I. 246). McKesson filed its Motion to Amend on the exact date set by the Court. (D.I. 272 & 273). Thus, there has been no undue delay.

## IV. CONCLUSION

Rule 15(a) embodies a liberal approach to the allowance of amendments. Under Rule 15(a), a Court shall freely grant leave to amend when justice so requires. McKesson timely brought its Motion, demonstrated that amendment would not be futile (a factor not contested by Defendants), and showed that Defendants will suffer no prejudice from the amendment. For the foregoing reasons, McKesson respectfully requests that the Court grant McKesson's Motion For Leave To File a Second Amended Complaint should the Court grant Defendants' Motion to Dismiss McKesson's Willful Infringement Allegations.

Dated: May 14, 2008

BLANK ROME LLP

*Dale R. Dubé*

Dale R. Dubé (#2863)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, I served PLAINTIFF MCKESSON AUTOMATION, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT to the following in the manner indicated:

**HAND DELIVERY AND EMAIL**

Julie Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

**FIRST CLASS MAIL AND EMAIL**

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 277-6500
Fax.: (212) 277-6501

/s/ Dale R. Dubé
Dale R. Dubé

# UNREPORTED CASE

Westlaw.

Slip Copy
Slip Copy, 2008 WL 687114 (W.D.Wash.)
(Cite as: Slip Copy, 2008 WL 687114)

Page 1

F5 Networks, Inc. v. A10 Networks, Inc.
W.D.Wash.,2008.
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington, at Seattle.
F5 NETWORKS, INC., Plaintiff,
v.
A10 NETWORKS, INC., Defendant.
No. C07-1927RSL.

March 10, 2008.

Ramsey M. Al-Salam, Ryan Mcbrayer, Perkins Coie, Seattle, WA, for Plaintiff.
Bryan J. Sinclair, Karineh Khachatourian, Buchanan Ingersoll & Rooney PC, Redwood Shores, CA, Miles Aaron Yanick, Stephen C. Willey, Savitt & Bruce LLP, Seattle, WA, for Defendant.

ORDER GRANTING MOTION TO STRIKE PORTIONS OF THE COMPLAINT

ROBERT S. LASNIK, District Judge.

I. INTRODUCTION

*1 This matter comes before the Court on a motion filed by defendant A10 Networks, Inc. ("A10") for an order, pursuant to Federal Rule of Civil Procedure 12(f), striking the request for treble damages and the allegation of willfulness in the complaint filed by plaintiff F5 Networks, Inc. ("F5"). A10 contends that the complaint does not actually allege any willful conduct by A10. In the alternative, A10 moves for an order pursuant to Rule 12(e) for a more definite statement of the factual basis for plaintiff's request for treble damages and allegation of willful infringement.

For the reasons set forth below, the Court grants defendant's motion.[FN1]

FN1. Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

II. DISCUSSION

This is an action for patent infringement under 35 U.S.C. § 271 et seq. F5 is the owner of United States Patent No. 6,473,802 ("the '802 patent") entitled, "Method and System for Storing Load Balancing Information with an HTTP Cookie."F5 alleges that A10 has infringed the patent.

In a patent infringement case, "[u]pon a finding of willful infringement, a district court may, at its discretion, grant up to treble damages."*Odetics, Inc. v. Storage Tech. Corp.,* 185 F.3d 1259, 1274 (Fed.Cir.1999)."To willfully infringe a patent, the patent must exist and one must have knowledge of it."*State Indus., Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed.Cir.1985).

Federal Rule of Civil Procedure 12(f) provides, "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."An allegation of willful infringement is not subject to a heightened pleading standard but must meet the requirements of Rule 8. *See, e.g., In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed.Cir.2007).

The complaint alleges, "On information and belief, A10 has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of F5's '802 patent."Complaint at ¶ 11. F5 argues, citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that it is only required to provide notice of the nature of the claim. However, the Supreme Court has recently clarified that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*Bell Atlantic Corp. v.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 687114 (W.D.Wash.)
(Cite as: Slip Copy, 2008 WL 687114)

Page 2

*Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)."Factual allegations must be enough to raise a right to relief above the speculative level."*Id.* at 1965.Regarding willful infringement, the Supreme Court has required "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'"*Sentry Prot. Prods., Inc. v. Hero Prods., Inc.,* 400 F.3d 910, 918 (Fed.Cir.2005) (quoting *Dunlap v. Schofield,* 152 U.S. 244, 248, 14 S.Ct. 576, 38 L.Ed. 426 (1894)).

In this case, the complaint does not contain any facts to support a claim of willful infringement or to put A10 on notice of the grounds on which that claim rests. Despite F5's assertion to the contrary, the complaint does not allege prior knowledge of the patent. Asserting that A10 willfully infringed "insofar"-or to the extent-that it had knowledge of the patent is not the same as actually alleging that A10 had knowledge of the patent. The former is a legal tautology while the latter is a factual allegation. F5 could have amended its complaint [FN2] after receiving A10's motion but chose not to do so.

> FN2. Amending the language would have been a simple matter. For example, it would be sufficient to allege willful infringement "because" (rather than "insofar as") A10 had prior knowledge.

*2 F5 also contends that "A10 has not alleged or provided any evidence that it did not know of the '802 Patent prior to the filing of the suit."F5's Opposition at p. 2. F5 is required to meet its pleading burden. A10 is not required to disprove the allegations at the pleading stage.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion (Dkt. # 13) and strikes the allegation of willfulness and request for treble damages without prejudice. F5 may move to file an amended complaint to reassert those allegations if and when appropriate.

W.D.Wash.,2008.
F5 Networks, Inc. v. A10 Networks, Inc.
Slip Copy, 2008 WL 687114 (W.D.Wash.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.