IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 06-028 (SLR/LPS) |
| SWISSLOG ITALIA S.P.A. and TRANSLOGIC CORPORATION, | ) PUBLIC VERSION ) ) ) |
| Defendants. | ) |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND TRANSLOGIC CORPORATION'S
BRIEF IN OPPOSITION TO MCKESSON'S MOTION
<u>FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Julia Heaney (#3052)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jheaney@mnat.com
>
> *Attorneys for Defendants Swisslog Italia, S.p.A. and Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

Confidential Version Filed: May 9, 2008
Public Version Filed: May 20, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ..................................................................................................................1

ARGUMENT...........................................................................................................................2

    I.    MCKESSON HAS UNDULY DELAYED IN SEEKING LEAVE TO FILE ITS SECOND AMENDED COMPLAINT ............................................2

    II.    DEFENDANTS WOULD BE SEVERELY PREJUDICED IF MCKESSON'S MOTION FOR LEAVE TO AMEND IS GRANTED ...........................................................................................................6

CONCLUSION........................................................................................................................6

ii.

## TABLE OF AUTHORITIES

Page(s)

Cases

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................... 2

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands,
   Inc.*, 663 F.2d 419 (3d Cir. 1981) .............................................................................. 3

*In re Bristol-Myers Squibb Sec. Litig.*,
   228 F.R.D. 221 (D.N.J. 2005) .................................................................................... 3

*In re Seagate Tech.*,
   497 F.3d 1360 (Fed. Cir. 2007) ........................................................................ *passim*

Statutes

Fed. R. Civ. P. 15(a) ............................................................................................................ 2

1.

INTRODUCTION

Defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (collectively "Defendants") submit this brief in opposition to plaintiff McKesson Automation, Inc.'s ("McKesson") motion for leave to file a second amended complaint. A Declaration of Bryan N. DeMatteo ("DeMatteo Decl.") is submitted herewith.

With respect to willfulness, McKesson's original and first amended complaint alleged only that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]" and that this alone constituted willful infringement. In August, 2007, however, the Federal Circuit in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007) abolished the "duty of care," which permitted knowledge of the patents-in-suit to form the basis of a willfulness allegation. Defendants have moved to dismiss the willfulness allegations in McKesson's complaint for this reason. (D.I. 224).

Despite being fully aware of the *Seagate* decision since August, 2007, McKesson failed for almost eight months to seek leave to amend its complaint and, actually, went to great lengths *not to disclose* the basis of its willfulness allegations to Defendants and this Court.

REDACTED




REDACTED




Defendants also repeatedly requested that McKesson produce a

2.

30(b)(6) witness to testify regarding McKesson's willfulness allegations so that Defendants could learn the basis of McKesson's willfulness assertions. McKesson refused (and continues to refuse) to make such a witness available. Even when Defendants filed their motion to dismiss McKesson's willfulness allegations on January 25, 2008 (D.I. 224), McKesson failed to request leave to file their motion to amend.

It was not until April 15, 2008 – almost eight months after *Seagate* was decided, six months after Defendants first alerted McKesson to the deficiencies in its complaint and almost three months after the close of fact discovery and the filing of Defendants motion – that McKesson finally revealed the basis of its willfulness allegations and sought leave to amend its complaint. McKesson's undue delay and apparent efforts to keep from disclosing the basis of its willfulness allegations for as long as possible, should not now be rewarded by granting it leave to amend. Permitting McKesson to amend at this late juncture would also be highly prejudicial to Defendants, as fact discovery has been completed. Accordingly, McKesson's motion for leave to file a second amended complaint should be denied in all respects.

ARGUMENT

I. MCKESSON HAS UNDULY DELAYED IN SEEKING LEAVE TO FILE ITS SECOND AMENDED COMPLAINT

McKesson Motion for leave to file a second amended complaint is governed by Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court held that, under Rule 15(a), leave to amend shall be freely granted *unless* the defendant can show, *inter alia*, "undue delay, bad faith . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182. Where delay becomes undue, a Court has discretion to deny a motion to amend. *Id*. A motion to amend should be denied without requiring a showing of prejudice, when the amended pleading is based on "bad

3.

faith or dilatory motive, truly undue or unexplained delay . . . ." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). In making the determination of whether a delay is undue, the Court looks to the reasons for failing to seek to amend the complaint earlier. *Id*. If those reasons reveal bad faith or inaction, the Court may deny the motion to amend. *See, e.g., In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221 (D.N.J. 2005).

The record is replete with evidence that McKesson unduly delayed in setting forth the basis of its willfulness allegations and in seeking leave to file its amended complaint. Indeed, McKesson appears to have concealed the basis of its willfulness allegations for as long as possible and to disclose this basis only after Defendants moved to dismiss and, even then, three months after the motion was filed and just before argument of that motion when it became absolutely necessary to do so.[1] McKesson's inaction in seeking leave to file its amended complaint evidences dilatory motive and undue delay. For this reason, McKesson's motion for leave to file a second amended complaint should be denied.

McKesson's complaint for willfulness alleges that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]" and that this act – the only act identified by McKesson in its complaint – constituted willful infringement. (D.I. 47 at ¶¶15, 20). In August, 2007, however, the Federal Circuit in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007) abolished the "duty of care," which required a potential infringer having knowledge of the asserted patents to seek an opinion of counsel before conducting sales activity.

---

[1] Defendants moved to dismiss McKesson's willfulness allegations on January 25, 2008 (D.I. 224). McKesson waited until April 15, 2008 to seek leave to amend. (D.I. 272).

4.

REDACTED

Despite *Seagate*'s clear holding that knowledge of the patents-in-suit cannot form the basis of a willfulness allegation, McKesson inexplicably failed to seek leave of the Court to file an amended complaint after the case was decided. The deficiencies in McKesson's complaint post-*Seagate* are clear        REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

5.

REDACTED

*Id.* (emphasis added.)

REDACTED

Judge Thynge ultimately rejected McKesson's numerous attempts to depose the Dickstein attorneys and postponed those depositions until after Defendants' motion to dismiss is decided. DeMatteo Decl. Exh. F at 49.

In the face of McKesson's repeated refusals to clarify its willfulness position and to correct the deficiencies in its complaint, Defendants sought the 30(b)(6) deposition of a person at McKesson having knowledge of facts relating to willfulness. McKesson has repeatedly refused to make such a witness available and, as recently as April 16, 2008, has taken the position that Defendants are not even entitled to such a deposition.[2]

Absent any explanation or detail behind McKesson willfulness allegations, Defendants were left with no choice but to move on January 25, 2008 to dismiss McKesson's willfulness allegations. (D.I. 224). Even then, McKesson did nothing to clarify the basis of its willfulness claim, much less to seek leave to amend its complaint. Instead, it sought to delay its response to the motion until after the depositions of the Italian attorneys were completed and sought leave to amend simultaneously with its opposition on April 15, 2008 – almost eight

---

[2] In a version of the Stipulated Seventh Amended Scheduling Order circulated among the parties on April 16, 2008, footnote 1 was amended by McKesson to state "Plaintiff disagrees with Defendants contention that it is entitled to a willfulness deposition." DeMatteo Decl. Exh. G at 2. Footnote 1 was ultimately removed from the Order, but McKesson made clear in an April 17, 2008 e-mail that it was reserving its rights with respect to the subject matter contained in the footnote. DeMatteo Decl. Exh. H.

6.

months after *Seagate* was decided, six months after Defendants first alerted McKesson to the deficiencies in its complaint and three months after the close of fact discovery.

McKesson's actions evidence a continuous course of dilatory conduct designed to conceal the basis of its willfulness allegations from Defendants and this Court for as long as possible. McKesson's inaction in seeking leave to file its second amended complaint was done with bad faith and dilatory motive. McKesson's motion for leave to amend should, therefore, be denied. At a minimum, if the motion is granted, McKesson should be required to pay Defendants' costs and fees incurred in making its motion to dismiss McKesson's willfulness allegations, which apparently forced McKesson to finally reveal the basis of its claim.

## II. DEFENDANTS WOULD BE SEVERELY PREJUDICED IF MCKESSON'S MOTION FOR LEAVE TO AMEND IS GRANTED

To allow McKesson to amend its complaint at this late juncture would severely prejudice Defendants. Defendants only recently learned of the basis for McKesson's willfulness allegations on April 15, 2008 when it filed the instant motion. As fact discovery has been closed since January 31, 2008, Defendants will have no opportunity to conduct discovery to explore these eleventh hour allegations. McKesson has also repeatedly refused to make a 30(b)(6) witness available for deposition and has taken the position that Defendants are not entitled to such a deposition. For these reasons, McKesson's motion for leave to file a second amended complaint should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny McKesson's Motion For Leave To File A Second Amended Complaint.

7.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Swisslog Italia, S.p.A. and Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

May 9, 2008

2322608

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 20, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Dale R. Dubé, Esquire
>Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 20, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire<br>Blank Rome LLP<br>Chase Manhattan Centre<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801 | Blair M. Jacobs, Esquire<br>Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Avenue, NW<br>Washington, DC 20004 |

*/s/ Julia Heaney*

Julia Heaney (#3052)
jheaney@mnat.com