IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,           )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    C.A. No. 06-028 (SLR/LPS)
                                     )
SWISSLOG ITALIA S.P.A. and           )    PUBLIC VERSION
TRANSLOGIC CORPORATION,              )
                                     )
            Defendants.              )

**DECLARATION OF BRYAN N. DEMATTEO
IN OPPOSITION TO MCKESSON'S MOTION
<u>FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Defendants Swisslog Italia,
S.p.A. and  Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

Confidential Version Filed:  May 9, 2008

Public Version Filed: May 20, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-028 (SLR/LPS) |
| | ) | |
| SWISSLOG ITALIA S.P.A. and | ) | PUBLIC VERSION |
| TRANSLOGIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BRYAN N. DEMATTEO
IN OPPOSITION TO MCKESSON'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

I, Bryan N. DeMatteo, declare as follows:

1.      I am associated with the law firm Dickstein Shapiro LLP, counsel of record for Defendants Swisslog Italia S.p.A and Translogic Corporation (collectively "Defendants").  I make this declaration in support of Defendants' Opposition to McKesson Automation, Inc.'s Motion for Leave to File a Second Amended Complaint.

2.      Attached as Exhibit A is a true and correct copy of a letter dated October 22, 2007, from Defendants to opposing counsel.

3.      Attached as Exhibit B is a true and correct copy of an email dated November 26, 2007, from Defendants to opposing counsel.

4.      Attached as Exhibit C is a true and correct copy of a letter dated October 25, 2007, from opposing counsel to Defendants.

5.      Attached as Exhibit D is a true and correct copy of a letter dated November 27, 2007, from Defendants to the Honorable Mary Pat Thynge.

1

6.      Attached as Exhibit E is a true and correct copy of a letter dated November 28, 2007, from counsel for McKesson Automation, Inc. to the Honorable Mary Pat Thynge.

7.      Attached as Exhibit F is a true and correct copy of excerpts of the transcript of the telephone conference of November 29, 2007, held before the Honorable Mary Pat Thynge.

8.      Attached as Exhibit G is a true and correct copy of a draft version of the Stipulated Seventh Amended Scheduling Order.

9.      Attached as Exhibit H is a true and correct copy of an email dated April 17, 2008 from opposing counsel to Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.  This declaration is executed this 9th day of May, 2008.


*/s/ Bryan N. DeMatteo*
_____
            Bryan N. DeMatteo

2321816

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 20, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 20, 2008 upon the following individuals in the manner indicated

**<u>BY E-MAIL</u>**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE  19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com

# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED

# EXHIBIT C

## FULLY REDACTED

# EXHIBIT D

## FULLY REDACTED

# EXHIBIT E

## FULLY REDACTED

# EXHIBIT F

SHEET 1

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                         - - -

    MCKESSON AUTOMATION, INC.,
 4  a Pennsylvania Corporation,     :    CIVIL ACTION
                                    :
 5              Plaintiff,          :
                                    :
 6         v                        :
                                    :
 7  SWISSLOG HOLDING AG,            :
    SWISSLOG MANAGEMENT AG,         :
 8  TRANSLOGIC CORPORATION, and     :
    SWISSLOG NORTH AMERICA,         :
 9                                  :    NO. 06-28 (***)
              Defendants.
10                         - - -

11                   Wilmington, Delaware
            Thursday, November 29, 2007 at 9:00 a.m.
12                   TELEPHONE CONFERENCE

13                         - - -

14  BEFORE:  HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE

15                         - - -

    APPEARANCES:
16

17            BLANK ROME, LLP
              BY:  DALE R. DUBE, ESQ.
18
                   and
19
              SUTHERLAND ASBILL & BRENNAN, LLP
20            BY:  BLAIR M. JACOBS, ESQ., and
                   CHRISTOPHER L. MAY, ESQ.
21                 (Washington, District of Columbia)

22                   Counsel for Plaintiff

23

24
                           Brian P. Gaffigan
25                         Registered Merit Reporter
```

SHEET 13

**46**

1  THE COURT:  That is the privilege documents that
2  you raise in your letter of November 27th?
3  MR. JACOBS:  They were raised, Your Honor, in
4  plaintiff's letter of November 13th.
5  THE COURT:  Okay.  But I'm trying to find where
6  it's related.  I know it was raised in your letter of
7  November 13th.  I'm just trying to find where it was raised
8  in the response by Swisslog.
9  MR. JACOBS:  I think it's the next-to-last
10  paragraph, the privileged document, on the second page.
11  THE COURT:  That's what I said, the second page
12  regarding that.
13  MR. JACOBS:  Yes.
14  THE COURT:  Question:  When did defendants
15  advise plaintiff of this inadvertent production?
16  MR. JACOBS:  Your Honor, it was the morning of
17  the deposition of the individual that had been involved in
18  preparing it, Mr. Gambarelli.  And it was shortly after they
19  were produced -- I will acknowledge that, shortly after they
20  were produced.  The problem, Your Honor, is that they have
21  waived everything relating to infringement advice, relating
22  to opinions.  As of right now, they have waived that, and
23  they have an opinion that was provided on January 26th and
24  another opinion that was provided on March 16, both of 2006,
25  and then they have these documents which have the same

**47**

1  information that is contained in the opinions on February 14
2  of 2006 right between those two opinions.  So to say these
3  are pure trial strategy documents, it just defies logic,
4  Your Honor.
5  THE COURT:  Well, what I said to you was you are
6  going to be allowed to take the deposition of the Italian
7  attorneys who were involved in rendering opinions in 2001,
8  2002 and the one that was rendered shortly after the lawsuit
9  was filed from the Italians.  I haven't said what happens
10  with the documents of opinions of counsel that were the
11  American counsel's opinions of counsel.  I'm not certain
12  that they get clawed back automatically.  I think they're
13  just kind in abeyance.
14  MR. JACOBS:  Okay.
15  THE COURT:  The issue, though, that Fred has
16  addressed are what he has addressed as privileged documents
17  that are not part of those opinions of counsel.  Am I
18  corrects in understanding what the issue is?
19  MR. FABRICANT:  That is correct.  These are
20  communications, correspondence between the two companies,
21  related companies on the facts that the attorneys, the trial
22  attorneys asked them to gather to put in an answer.
23  THE COURT:  No, wait a minute.  Who are the two
24  related companies, Fred?  Because now I got a little bit
25  confused.

**48**

1  MR. FABRICANT:  Translogic is the defendant who
2  is the American company.
3  THE COURT:  Okay.
4  MR. FABRICANT:  And Swisslog Italia is the
5  plaintiff in Italy.  So the distributor in Colorado, at
6  the trial lawyer's specific request, asked the Italian
7  manufacturers to provide certain information about the
8  machines that they manufacture so that the trial lawyers
9  could prepare answers and counterclaims.  It had nothing to
10  do with the preparation of opinions of counsel by patent
11  lawyers.  It had to do with trial preparation for trial
12  defense, answers, counterclaims, trial strategy.
13  THE COURT:  Were any of those like documents
14  provided to the attorneys who were going to be rendering
15  opinion of counsel, that is, the American attorneys?
16  MR. FABRICANT:  Absolutely not.  They never even
17  saw these documents.
18  THE COURT:  Were any of these documents
19  provided to the Italian attorneys who rendered opinion of
20  counsel?
21  MR. FABRICANT:  I'm sorry?
22  THE COURT:  I'm sorry.  Were any of these
23  documents that you referenced as being privileged provided
24  to Italian counsel for their use?
25  MR. FABRICANT:  No, Your Honor.  These were all

**49**

1  generated well after the Italian lawyers were completely out
2  of the picture.
3  MR. JACOBS:  Your Honor, these documents were
4  prepared on February 14th of 2006.  There is an opinion
5  rendered on March 16th of 2006 which contains very much the
6  same information in the opinion.  That is one month later.
7  That opinion bears the initials of Mr. Fabricant on the
8  bottom under the Dickstein Shapiro signature.  I asked the
9  CEO of Translogic do you think Mr. Fabricant was responsible
10  and assisted in preparing this opinion?  He said yes, that's
11  what I'm thinking.  I'm thinking that is part of the
12  continuing series of opinions that had been provided to us
13  for the two prior months before that.
14  They're relying upon that opinion in this case.
15  The scope of waiver obviously is fairly broad when you rely
16  upon something, so they can't rely upon these opinions and
17  the information in the letters that was in the opinions and
18  then claw back information such as these letters that might
19  be able to contradict or refute what is in the opinions.
20  THE COURT:  Okay.  What I have said today and my
21  ruling is that the American lawyers will not be deposed; the
22  documents, the opinions that were prepared kind of just are
23  held in abeyance because the argument right now that I have
24  got from both sides basically is, if this goes forward and
25  there is a potential for continuing willfulness, judge,

SHEET 14

50

1  probably, probably Swisslog, the defendants in this case
2  are going to be relying upon American counsel's opinion of
3  counsel but that choice hasn't been made yet. To the extent
4  that those documents relate to or are part of the opinion of
5  counsel, they kind of get incorporated into that. To the
6  extent that they aren't, they could very well be privileged.
7  I don't think I need to make a ruling on it. I think they
8  just get held in this pocket along with the rest. Do you
9  understand what I'm saying?
10      MR. JACOBS:  That's fine, Your Honor.
11      MR. FABRICANT:  That's fine, Your Honor.
12      THE COURT:  So they're marked out and we kind of
13  put a box around them, a fence around them, hold them in
14  abeyance, figure out what is going to happen with this
15  motion to dismiss, which, by the way, counsel, there is a
16  good chance myself or Judge Stark will be deciding,
17  potentially. I don't know when, but potentially. Motions
18  to dismiss, it seems like we're going to probably be
19  deciding, but not motions for summary judgment.
20      MR. FABRICANT:  That would be fine, Your Honor.
21      MR. JACOBS:  That's fine, Your Honor.
22      THE COURT:  The latest feeling by the judges on
23  this court is that potentially could happen because it's not
24  generally getting rid of the entire case, as well as other
25  determinations that may not be fully case dispositive.

51

1      So that is my ruling and that's the best way I
2  think I can cut it apart right now for the purposes of a
3  scheduling order that was unable to address what happened
4  with Seagate because it pre-dated Seagate.
5      MR. JACOBS:  Your Honor, this is Mr. Jacobs.
6  Just to make sure that I have a clear understanding. We're
7  saying basically, I think I understand, let's go ahead and
8  get the Italian deposition out of the way. Let's get the
9  motion to dismiss on file. And then let's see if it
10  survives the challenge.
11      THE COURT:  Yes.
12      MR. JACOBS:  Now, what period of time would be a
13  fair period of time? Assuming we survive a motion to
14  dismiss and there is some basis under post-Seagate law to
15  move forward with the willfulness case, when can I get a
16  lockdown commitment from the defendants that they're going
17  to rely upon these Dickstein Shapiro opinions or not rely
18  upon the Dickstein Shapiro opinions? I would like to have
19  that within 15-30 days, some reasonable period of time after
20  a ruling came out on the motion to dismiss.
21      THE COURT:  Oh, I see what you are saying. I
22  see what your question is.
23      Okay. I think that is directed to you, Fred,
24  more than it is to me.
25      MR. FABRICANT:  Well, obviously after the motion

52

1  to dismiss is ruled upon, as far as I understand I think
2  what the concept of Your Honor's ruling is, we'll have to
3  make an election at that time whether we want to use or not
4  use the Dickstein Shapiro opinions. And if we do, then
5  they'll be permitted to take the lawyer's deposition.
6      THE COURT:  That's right. That would be with
7  the whole situation. I think you can probably make that
8  decision within two weeks after the opinion is rendered.
9      MR. FABRICANT:  That's fine, Your Honor.
10      THE COURT:  Okay. Does that help you, Blair?
11      MR. JACOBS:  Yes. Thank you, Your Honor.
12      THE COURT:  All right. Now, I don't know how
13  this affects the rest of the schedule. My gut feeling is it
14  generally shouldn't because there are other things going on
15  in this case and I can't remember how far out we did your
16  schedule.
17      MR. JACOBS:  Forty-five days we pushed
18  everything, and we're still negotiating where we pushed
19  everything.
20      THE COURT:  I apologize, Blair. I didn't make
21  myself quite clear. I can't remember whether we included a
22  due date for claim construction, whether we included a due
23  date for motions for summary judgment in the scheduling
24  order we had before or whether we kind of left that open.
25      MR. JACOBS:  Mr. Drucker might know better than

53

1  I, but my understanding is that we did not with regard to
2  claim construction, we did have a date of summary judgment
3  but we're probably going to be adjusting those and pushing
4  those back in light of pushing back fact discovery.
5      Larry, is that right?
6      MR. DRUCKER:  I don't remember specifically if
7  we had a date. I think we may have had claim construction
8  briefing in the schedule, Blair.
9      MR. JACOBS:  We did, Larry. Absolutely.
10      THE COURT:  But I don't know whether you had
11  summary judgment. I can't remember all the scheduling
12  orders I've entered in every one of the cases, and some of
13  the cases, I know that we've kind of stopped it at a certain
14  point and then come back and readdressed it. But I couldn't
15  remember if in this matter we actually had dates, cutoff
16  date for claim construction and/or summary judgment motions.
17  I ask that counsel address those and look at that, get a
18  scheduling order to me or at least an order for me to review
19  that you agree upon to address those issues in light of the
20  ruling that I made today.
21      MR. FABRICANT:  Your Honor, this is
22  Mr. Fabricant. I know under Judge Jordan's original
23  scheduling order, the summary judgment briefs went along
24  simultaneously with claim construction.
25      THE COURT:  Yes, and I'm generally keeping it

SHEET 15

54

1   that way.  But I just didn't know if, when I got into the
2   picture, whether we modified Judge Jordan's scheduling order
3   and we made adjustments, recognizing I would not be deciding
4   that and we didn't have a District Court Judge assigned to
5   this case.
6           MR. FABRICANT:  I think we just kept rolling the
7   dates back as they originally were constituted.  But we're
8   more than happy to sit down with Mr. Jacobs and come up with
9   something that we can try to agree on as a reasonable
10  schedule.
11          THE COURT:  Sure, that's fine.  And I would ask,
12  I only ask that you do that so we've got goals that we're
13  working at.  And if we need to adjust them, we can still
14  continue to do that.  I just want to make sure all of us are
15  on the same page.
16          I will not be issuing an order today outlining
17  what was said during this conversation because I have
18  learned that when I do that, it doesn't always come out
19  exactly the way I wanted it to, but consider this, the
20  rulings and the conclusions that I addressed with you or
21  told you today to be rulings in this case on the discovery
22  issues that we talked about.
23          MR. JACOBS:  That's fine, Your Honor.  Thank
24  you.
25          THE COURT:  Now, I'm sorry.  I kept

55

1   interrupting.  Larry, were you trying to say something?
2           MR. FABRICANT:  No, I think we covered it, Your
3   Honor.
4           THE COURT:  I just wanted to make sure.  I kept
5   hearing a voice in the background so I wanted to make sure.
6           Thank you, counsel.  If I don't talk to you
7   before the holidays, have a safe and happy one.
8           MR. JACOBS:  You do the same, Your Honor.
9           MR. FABRICANT:  Thank you, Your Honor.
10          THE COURT:  Take care now.  Good-bye.
11          (Telephone conference ends at 10:17 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

United States District Court - Honorable Mary Pat Thynge

EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.,       )
                                         )
        Plaintiff,              )
                                         )
     v.                       )   C.A. No. 06-028 (SLR/LPS)
                                         )
SWISSLOG ITALIA S.P.A. and       )
TRANSLOGIC CORPORATION       )
                                         )
        Defendants.          )

**STIPULATED SEVENTH AMENDED SCHEDULING ORDER**

At Wilmington this __ day of ___ 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED THAT:

1.    **Pre-Discovery Disclosures**.  The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery**.

(a) Discovery has taken place on at least the following subjects: technology of each party, damages, market shares, sales practices, corporate structure,

(b) All fact discovery shall be commenced in time to be completed by January 31, 2008.[1]

(1) Document production shall be completed on or before September 8, 2007

(2) Maximum of **27** interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of **150** requests of admission by each party to any other party.

---

[1] Unless specifically agreed to otherwise by the parties, no depositions of additional witnesses, other than experts, Mr. Heilman, Mr. Demmler, Mr. Balsamo, Mr. Provvisionato, Steven Weisburd, Alfred Fabricant and Ian Blum, shall be noticed after October 10, 2007 unless otherwise ordered by the Court. The parties recognize that willfulness discovery may need to continue beyond the January 31 deadline due to scheduling issues associated with Messrs. Provvisionato's and Balsamo's depositions as well as this Court's December 3, 2007 Order. Defendants also note that they have previously noticed a 30(b)(6) deposition of a McKesson witness on the willfulness issue, and believed that the prior Scheduling Orders in this case would permit Defendants to conduct such a deposition. McKesson disagrees. If necessary, Defendants will seek to depose a witness on the willfulness issue following the Court's ruling on Defendants' Motion to Dismiss McKesson's Willfulness Allegations. Notwithstanding, by making this stipulation, Defendants are not agreeing to permit any depositions relating to willfulness beyond those expressly permitted by the Court and/or those properly noticed prior to the Court's December 3, 2007 Order. Nothing in this Stipulation shall be construed as a concession by Defendants to permit the noticing of any additional depositions relating to willfulness. The parties are working to complete such discovery as expeditiously as possible. Plaintiff disagrees with Defendants contention that it is entitled to a willfulness deposition. McKesson has likewise previously noticed a Rule 30(b)(6) deposition of a witness from Defendants on Defendants' defenses and counterclaims, including the preexisting antitrust counterclaim. To the extent Defendants are entitled to a deposition on the willfulness issue, McKesson is likewise entitled to a deposition on Defendants' defenses and counterclaims. McKesson further reserves the right to notice a Rule 30(b)(6) deposition on any issue or claim added to this matter by Defendants' pending Motion for Leave to Amend Their Answers and Counterclaims. If necessary, Plaintiff will seek to depose a witness on these issues following the Court's ruling on Defendants' Motion to Amend.

2

(5) In the absence of agreement among the parties or by order of this court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of **70 hours** for fact depositions (excluding 30(b)(6) depositions, inventor's depositions and expert depositions)

(c) Expert discovery shall be commenced in time to be completed by **June 30, 2008**.

(1) Expert reports on issues for which the parties have the burden of proof due March 31, 2008. Rebuttal expert reports due **May 28, 2008**.

(2) Expert depositions to be limited to a maximum of **7 hours** per expert unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) If willfulness has been asserted and absent agreement among the parties, the Defendants must inform Plaintiff as to whether it intends to rely on advice of counsel within by _____, except that Defendants will have 20 calendar days from the issuing of an Order from the Court deciding Defendants' Motion to Dismiss Plaintiff's Willfulness Allegations to decide whether they will rely on opinions of counsel provided by attorneys of Dickstein Shapiro, LLP. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendants to its counsel and whatever other materials related to the issues in dispute that Defendants had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) have been exchanged. McKesson seeks supplemental discovery on damages.

(f) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on _____ from ____ m. to ____ m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

3

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **December 20, 2006**.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **on March 19, 2008**.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Join Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before **September 10, 2008**.  Opposition Briefs are due **October 3, 2008** and Reply Briefs are due **October 20, 2008**, unless otherwise agreed to by the parties and approved by the court.

7. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **May 30, 2008**, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on **July 10, 2008**.  Simultaneous response briefs should be filed by **August 11, 2008**.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on _____ at _____ .m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

> (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

> (b) No telephone calls shall be made to chambers.

> (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourt.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mail.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on _____ at _____ .m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a [day/week] bench/jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Agreed to by the parties this ___ day of April, 2008

BLANK ROME LLP                         MORRIS, NICHOLS ARSHT & TUNNELL LLP

_____        _____
Dale R. Dubé (#2863)                   Julia Heaney (#3052)
1201 N. Market Street                  1201 N. Market Street
Suite 800                              P.O. Box 1347
Wilmington, DE 19801                   Wilmington, DE 19801
(302) 425-6400                         (302) 351-9221
dube@blankrome.com                     jheaney@mnat.com

Blair M. Jacobs                        Lawrence C. Drucker
Robert A. Gutkin                       Alfred R. Fabricant
Christina A. Ondrick                   Richard LaCava

5

SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  (202) 383-0100

*Counsel for Plaintiff McKesson Automation, Inc.*

DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036
Tel:  (212) 277-6500

*Counsel for Defendants Swisslog Italia S.p.A. and Translogic Corporation*

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge

6

EXHIBIT H

## DeMatteo, Bryan

| | |
|---|---|
| **From:** | May, Christopher [Christopher.May@sablaw.com] |
| **Sent:** | Thursday, April 17, 2008 1:28 PM |
| **To:** | Heaney, Julie; DeMatteo, Bryan |
| **Cc:** | Dube, Dale R.; Jacobs, Blair; Ondrick, Christina; May, Christopher |
| **Subject:** | RE: McKesson/Swisslog - scheduling order |

We can agree to that so long as Swisslog acknowledges that removal of the footnote isn't dropping the issues raised there, just that we don't see a need for those issues to be in the scheduling order.

---

**From:** Heaney, Julie [mailto:JHeaney@MNAT.com]
**Sent:** Thursday, April 17, 2008 1:13 PM
**To:** 'DeMatteo, Bryan'; May, Christopher
**Cc:** 'Dube, Dale R.'
**Subject:** McKesson/Swisslog - scheduling order

Bryan and Chris,
Attached is the scheduling order including the dates that Judge Robinson gave us. Footnote 1 is still in there -- she didn't say anything about it at the conference, but it is not something she would include in her typical scheduling order and I think she may balk at signing off on it. Do you think it can be removed, since it was included in the stipulation filed yesterday and has gotten into the record that way?
Julie

---

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

CIRCULAR 230 DISCLOSURE: To comply with Treasury Department regulations, we inform you that, unless otherwise expressly indicated, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter.

The information contained in this message from **Sutherland Asbill & Brennan LLP** and any attachments are confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message.