IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SWISSLOG ITALIA S.P.A. and ) <br> TRANSLOGIC CORPORATION, ) <br> ) <br> Defendants. ) | C.A. No. 06-028 (SLR-LPS) <br><br> PUBLIC VERSION |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND
TRANSLOGIC CORPORATION'S REPLY BRIEF
IN FURTHER SUPPORT OF THEIR MOTION
<u>TO DISMISS MCKESSON'S WILLFULNESS ALLEGATIONS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia,
  S.p.A. and Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

Confidential Version Filed: April 29, 2008
Public Version Filed: May 20, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I      INTRODUCTION ........................................................................................................1

II.    ARGUMENT ...............................................................................................................2

        A.    MCKESSON FAILS TO SET FORTH A GOOD FAITH
            BASIS FOR ALLEGING WILLFULNESS ...........................................................2

        B.    MCKESSON IS UNABLE TO CURE THE
            DEFICIENCIES IN ITS WILLFULNESS
            ALLEGATIONS .....................................................................................................3

III.   CONCLUSION ............................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cohesive Tech., Inc. v. Waters Corp.*,
    2007 U.S. Dist. LEXIS 69464 (D. Mass. 2007) ........................................................................3

*In re Seagate Tech.*,
    497 F.3d 1360 (Fed. Cir. Aug. 2007) ................................................................................... 1-3

*View Eng'g, Inc. v. Robotic Vision Sys.*,
    208 F.3d 981 (Fed. Cir. 2000) ................................................................................................2

I.  INTRODUCTION

The Federal Circuit in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. Aug. 2007) made clear that a patent holder must have a reasonable basis to allege willfulness at the time the complaint was filed.  McKesson has completely failed to come forth with any evidence establishing that it had a good faith basis at the time suit was filed to allege willfulness against Defendants.[1]

The activities that McKesson relies on to establish willfulness, both in its opposition and in its motion for leave to file a second amended complaint, are based exclusively on information that was obtained by McKesson more than a year *after* McKesson filed suit and eight months after filing its first amended complaint.[2]  McKesson had no good faith basis for alleging willfulness, and its willfulness allegations should, therefore, be dismissed.

McKesson attempts to divert attention from this point by arguing that Defendants' motion is premised on an interpretation of *Seagate* that would impose a heightened pleading requirement to allege willfulness.  This is a red herring, as Defendants do not assert that *Seagate* imposes such a requirement, only that McKesson's allegations of willfulness, as plead, are insufficient as a matter of law. McKesson's complaint alleges that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]" and that this constituted willful

---

[1]  After Defendants made the instant motion, McKesson moved for leave to file a second amended complaint in the event Defendants' motion is granted.  Defendants believe that this was premature.  The parties have stipulated, subject to the Court's approval, that Defendants may have until 10 days after the Court's decision on the motion to dismiss to file their opposition (D.I. 282).

[2]  McKesson filed suit on January 13, 2006, and filed its first amended complaint on July 3, 2006.  REDACTED were not produced by Defendants until March 1, 2007 consistent with the Court's Scheduling Order. DeMatteo Rep. Decl. Exh. G.

infringement. *Seagate* did away with the duty of care, which required an entity having knowledge of the patents to obtain an opinion of counsel. Knowledge of the patents alone cannot form the basis of a willfulness allegation. As such, McKesson's allegations of willfulness are insufficient and should be dismissed.

II. ARGUMENT

    A. <u>MCKESSON FAILS TO SET FORTH A GOOD FAITH BASIS FOR ALLEGING WILLFULNESS</u>

According to the Federal Circuit, "the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed *before filing* the claim that it had a reasonable chance of proving infringement." *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *see also In re Seagate Tech.*, 497 F.3d. at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement."). McKesson's opposition fails to provide any evidence whatsoever that it had a good faith basis for alleging willfulness at the time, either in its initial or first amended complaint.

McKesson first accused Defendants of infringing the patents-in-suit in its December 16, 2005 cease and desist letter. DeMatteo Rep. Decl. Exh. H. Before Defendants could respond, McKesson filed suit just three weeks later on January 13, 2006. It is undisputed that Defendants did not sell any accused products between the time that McKesson mailed its letter and the time it filed suit.     REDACTED

, as required by *Seagate*. Indeed, both McKesson's opposition to the motion and proposed second amended complaint are based exclusively on

- 2 -

information produced by Defendants almost a year *after* McKesson filed suit.  Because McKesson had absolutely no basis on which to allege willful infringement at the time it filed its complaint, its allegations of willfulness should be dismissed.

      B.      MCKESSON IS UNABLE TO CURE THE DEFICIENCIES IN ITS WILLFULNESS ALLEGATIONS

McKesson's argument that Defendants seek to impose a heightened pleading requirement in view of *Seagate* is incorrect. Defendants do not contest that willfulness allegations are subject to the notice pleading requirements of Rule 8, only that McKesson's allegations of willfulness, as plead, fail to set forth a claim for willfulness upon which relief may be granted.

McKesson's complaint for willfulness alleges that Defendants sold accused products with "full knowledge of McKesson's rights in the [patents-in-suit]" and that this act constituted willful infringement. (D.I. 47 at ¶¶15, 20).  However, *Seagate* did away entirely with the "duty of care," which virtually required a potential infringer having knowledge of the asserted patents to seek an opinion of counsel before conducting sales activity.  In *Seagate*, the Federal Circuit expressly held that "there is no affirmative obligation to obtain an opinion of counsel," regardless of whether the accused infringer has knowledge of the asserted patents. *In re Seagate Tech., LLC*, 497 F.3d at 1368-69, 1371; *see also Cohesive Tech., Inc. v. Waters Corp.*, 2007 U.S. Dist. LEXIS 69464, at *50 (D. Mass. 2007) (citing *Seagate* and recognizing that "[w]illful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents."). Mere "knowledge" of the patents-in-suit cannot form the basis of a willfulness claim. *Id*.

McKesson's allegations of willfulness – which at best consist of nothing more than REDACTED – fail as a matter of law and should be dismissed.

- 4 -

III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss McKesson's Willfulness Allegations.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Swisslog Italia,*
   *S.p.A. and  Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

April 29, 2008
2309542

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 20, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 20, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire | Blair M. Jacobs, Esquire |
| Blank Rome LLP | Sutherland Asbill & Brennan LLP |
| Chase Manhattan Centre | 1275 Pennsylvania Avenue, NW |
| 1201 Market Street, Suite 800 | Washington, DC  20004 |
| Wilmington, DE  19801 | |

*/s/ Julia Heaney*

Julia Heaney (#3052)
jheaney@mnat.com