

BLANK ROME LLP
COUNSELORS AT LAW

Phone:   (302) 425-6438
Fax:     (302) 428-5134
Email:   Azar@BlankRome.com

May 22, 2008

**VIA ELECTRONIC FILING & HAND DELIVERY**

The Honorable Leonard P. Stark
United States Magistrate Judge
United States District Court
844 King Street
Wilmington, DE 19801

Re:   *McKesson Automation, Inc. v. Swisslog Italia S.p.A,. et al.,*
      C.A. No. 06-28 (SLR/LPS)

Dear Judge Stark:

Plaintiff respectfully requests that the Court accept this letter in order to briefly clarify an issue raised at the hearing two days ago. During the hearing on the standing issue, Your Honor asked how one could look beyond the four corners of the Assignment document if that document, standing alone, was deemed unambiguous. Under Pennsylvania black letter law, "where several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other; and this is so although the instruments may have been executed at different times and do not in terms refer to each other." *Huegel v. Mifflin Construction Company, Inc.*, 796 A.2d 350, 354-355 (Pa. Super. Ct. 2002). The four corners of all writings constituting the transaction must be read as a whole to determine the true intent of the parties. *Von Lange v. Morrison-Knudsen Co.*, 460 F. Supp. 643, 647-48 (M.D. Pa. 1978).

Here, the Assignment and Promissory Notes were executed the same day and concern a single transaction. They must thus be read together. The four corners of these documents collectively demonstrate that the parties intended a security interest, because the Notes indicate that they ***will be secured*** by an assignment of the patent application. Furthermore, to the extent reading these documents together results in any ambiguity because, for example, one requires a written reassignment and the other does not, extrinsic evidence should be considered to determine the intent of the parties. *Ney v. Open Solutions, Inc.*, Civ. No. 06-CV-4354, 2007 WL



May 22, 2008
Page 2

3377239, *7 – 8 (E.D. Pa. November 8, 2007).  As discussed at the hearing, the parol evidence available further confirms that the parties here intended a security interest.

Respectfully submitted,

Christine S. Azar
I.D. No. 4170

cc:    Dale R. Dubé, Esq.
       Alfred R. Fabricant, Esq.
       Richard LaCava, Esq.
       Larry Drucker, Esq.
       Brian DeMatteo, Esq.
       Blair Jacobs, Esq.
       Christina Ondrick, Esq.
       Christopher May, Esq.
       Kate Lahnstein-Bertocci, Esq.