UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MCKESSON AUTOMATION, INC.
a Delaware Corporation,

Plaintiff,

v.

TRANSLOGIC CORPORATION
a Delaware Corporation, and

SWISSLOG ITALIA S.P.A.
an Italian Corporation,

Defendants.

Civ. Action No. 1:06CV00028-SLR/LPS

PUBLIC VERSION

**DECLARATION OF CHRISTINA A. ONDRICK, ESQ.**

I, CHRISTINA A. ONDRICK, hereby declare, affirm and state the following:

1. I am an attorney with the law firm of Sutherland Asbill & Brennan LLP in Washington, DC at 1275 Pennsylvania Avenue, NW.

2. I am submitting this declaration in support of Plaintiff McKesson Automation, Inc.'s Motion for Reconsideration.

3. The facts set forth below are known to me personally and I have first-hand knowledge of them.

4. On November 5, 2007, McKesson Automation, Inc. produced documents bearing bates number M0481110 – M0484720.

5. Documents from Dr. M. Stephen Heilman were made available on January 17, 2008 at his deposition. These same documents were produced on February 11, 2008 bearing bates numbers SH000001 – SH000476.

6. Attached hereto as Exhibit 1 is a true and correct copy of a letter dated July 26, 1990 from Frank Demmler to Stephen Heilman bearing bates number SH000409 – SH000413.

7. Attached hereto as Exhibit 2 is a true and correct copy of

REDACTED

8. Attached hereto as Exhibit 3 is a true and correct copy of

REDACTED

9. Attached hereto as Exhibit 4 is a true and correct copy of

REDACTED

10. Attached hereto as Exhibit 5 is true and correct copy of a letter dated December 28, 1990 from David Cohen to Dr. Stephen Heilman regarding Automated Healthcare, Inc. bearing bates numbers SH000079 – SH000091.

11. Attached hereto as Exhibit 6 is a true and correct copy of

REDACTED

12. Attached hereto as Exhibit 7 is a true and correct copy of a letter dated December 21, 1991 from Mark Baseman to Sean McDonald bearing bates numbers SH000119 – SH000121.

13.    Attached hereto as Exhibit 8 is a true and correct copy of a Stock Purchase

Warrant for Series A Preferred Stock bearing bates numbers SH000071 – SH000078.

14.    Attached hereto as Exhibit 9 is true and correct copy of

REDACTED

15.    Attached hereto as Exhibit 10 is a true and correct copy of

REDACTED

16.    Attached hereto as Exhibit 11 is a true and correct copy of

REDACTED

I declare under penalty and perjury that the foregoing is true and correct under the laws of

the United States.

Dated: June 3, 2008

Christina A. Ondrick

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2008, I served by email and electronic filing the Public Version of the DECLARATION OF CHRISTINA A. ONDRICK, ESQ., using CM/ECF, which will send notification of such filing to the following:

Julia Heaney, Esquire
MORRIS, NICHOLS ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

I also certify that, on this 11th day of June, 2008, I served the aforementioned document, by email to the following participants:

Lawrence C. Drucker, Esquire
Alfred R. Fabricant, Esquire
Richard LaCava, Esquire
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

Dale R. Dubé

Dale R. Dubé (I.D. No. 2863)

# EXHIBIT 1

*PITTSBURGH SEED FUND PARTNERS*

4516 HENRY STREET, SUITE 102
PITTSBURGH, PENNSYLVANIA 15213
PHONE: (412) 687-5200

July 26, 1990

M. Stephen Heilman, M.D.
VASCOR
566 Alpha Drive
Pittsburgh, PA 15238

Dear Steve:

Enclosed is the original note we promised you several weeks ago. Sorry for the delay.

Sincerely,

L. Frank Demmler
General Partner

LFD:dml

Enclosure

GENERAL PARTNERS: THOMAS N. CANFIELD, L. FRANK DEMMLER, J. STUART LOVEJOY, JOHN R. THORNE
PITTSBURGH SEED FUND PARTNERS IS THE GENERAL PARTNER OF THE PITTSBURGH SEED FUND

SH000409

SH000410

Figinal returned at closing on 12/27/90

PROMISSORY NOTE

THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES LAWS (THE "ACTS") AND MAY NOT BE TRANSFERRED EXCEPT: (I) PURSUANT TO A REGISTRATION STATEMENT EFFECTIVE UNDER THE ACTS OR (II) PURSUANT TO AN EXEMPTION FROM REGISTRATION REQUIREMENTS OF THE ACTS.

$42,857.14

Pittsburgh, Pennsylvania
June 29, 1990

FOR VALUE RECEIVED, the undersigned, AUTOMATED HEALTHCARE, INC., a Pennsylvania corporation (the "Company"), with its principal place of business located at P.O. Box 10557, Pittsburgh, Pennsylvania 15235, promises to pay to the order of M. Stephen Heilman (the "Payee"), a Pennsylvania resident, with his principal residence located at 187 Iron Ridge Road, Sarver, Pennsylvania 16055 ON DEMAND the principal sum of FORTY-TWO THOUSAND, EIGHT HUNDRED AND FIFTY-SEVEN AND FOURTEEN/HUNDREDTHS DOLLARS ($42,857.14), with interest at twelve percent (12%) per annum and warrants to purchase shares of common stock, the number of which will accrue at the rate of those shares equivalent to 1% per month of the outstanding loan at a price per share defined by the transaction contemplated by the term sheet dated June 27, 1990.

This Note will be secured by an Assignment of Application for Patent for the technology rights associated with the patent application of January 24, 1990 entitled "A System For Filling Orders," with serial number 07/469,217. Assignment will be made back to the Company upon full satisfaction of the obligations under this Note.

All payments on account of this Promissory Note shall be made at such place as the holder hereof shall designate to the Company in writing, in lawful money of the United States of America and in immediately available funds.

In the event of any action at law or suit in equity with respect to this Promissory Note, the Company, in addition to all other sums which it may be required to pay hereunder, will pay a reasonable sum for attorneys' fees and all other costs of collection incurred by the holder of this Note.

Default is failure to pay principal and interest within five (5) days of demand by the holder of this Note. In the event a default hereunder shall occur and be continuing, the Company hereby empowers any attorney of any court of record within the United States of America, or elsewhere, to appear for the Payee and, with or without complaint filed, confess judgment, or a series of judgments, against the Company in favor of any holder

hereof, as of any term, for the unpaid balance of the principal debt and other sums payable by the Company as aforesaid, together with unpaid interest on said debt and other sums at the rate provided in this Note, costs of suit and reasonable attorney's commission for collection, on which judgment or judgments one or more executions may issue forthwith.

If any principal of, interest on or other sum payable under this Note falls due on a Saturday, Sunday or legal holiday for banks at the place of payment, then such due date shall be extended to the next succeeding full business day at such place and interest shall be payable in respect of any such extension of principal.

This Promissory Note shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania in all respects, including matters of construction, validity and performance, shall bind the Company, its successors and assigns, and shall inure to the benefit of the Payee, its successors and assigns.

ATTEST:

AUTOMATED HEALTHCARE, INC. (SEAL)

By ____________________

Title President

SH000413

# EXHIBITS 2, 3 and 4

# SEALED DOCUMENTS

# EXHIBIT 5

REED SMITH SHAW & McCLAY

MAILING ADDRESS:
P.O. BOX 2009
PITTSBURGH, PA 15230-2009

TELEX 277871 (RCA)
FAX 412-288-3063

MELLON SQUARE
435 SIXTH AVENUE
PITTSBURGH, PA 15219-1886

412-288-3131

WASHINGTON, DC
PHILADELPHIA, PA
HARRISBURG, PA
McLEAN, VA

WRITER'S DIRECT DIAL NUMBER

(412) 288-3006

December 28, 1990

CERTIFIED MAIL

M. Stephen Heilman, M.D.
566 Alpha Drive
Pittsburgh, PA 15238

Re: Automated Healthcare, Inc.

Dear Dr. Heilman:

Enclosed please find the following documentation in connection with your investment in Automated Healthcare, Inc.:

1. A check payable to you from Automated Healthcare in the amount of $2,550.29;

2. The original Warrant evidencing your right to purchase 1,406 additional shares of Series A Preferred Stock;

3. Stock Certificate No. 2 representing 223,304 shares of Preferred Stock; and

4. Finally, a copy of your check No. 1211 payable to Automated Healthcare, Inc. in the amount of $161,309.53.

Very truly yours,

REED SMITH SHAW & McCLAY

By [signature]
David I. Cohen

DIC:kas

Enclosures

SELECT

MARLIN S. HEILMAN
566 ALPHA DRIVE
PITTSBURGH, PA 15238

1211

Dec. 28 90

8-9
430

Pay to the order of Automated Healthcare, Inc. $ 161,309.53

One hundred sixty one thousand three hundred nine & 53/100 DOLLARS

PITTSBURGH NATIONAL BANK
Pittsburgh, PA
An affiliate of PNC FINANCIAL CORP

⑆043000096⑆ 1211⑈ 2 702428⑈

SH000081

Copy Aerbon 5/20/96

# LETTER OF TRANSMITTAL

**To Accompany Certificates Formerly Representing Shares of COMMON STOCK and of SERIES A, SERIES B, SERIES C, SERIES D and SERIES E PREFERRED STOCK of AUTOMATED HEALTHCARE, INC.**

| Name and Address of Registered Holder | Certificates Enclosed (Attach additional sheets if necessary) | | |
|---|---|---|---|
| | Common or Series A, B, C, D, or E Preferred Stock | Certificate No. | No. of Shares |
| 24<br><br>**M. Stephen Heilman**<br>187 Iron Bridge Road<br>Sarver, PA 16055 | A Preferred | 26 | 20,000 |
| | A Preferred | 38 | 651,229 |
| | C Preferred | 97 | 20,000 |
| | C Preferred | 110 | 616 |
| | | | |
| | | Total Shares | 691,845 |

☐ I have lost my Common Stock certificate(s) for __________ shares and /or my Series ___ Preferred Stock certificate(s) for _____________ shares. (Please complete, date and sign the remainder of this Letter of Transmittal, including the Affidavit of Lost or Destroyed Stock Certificate on the reverse side hereof, and return it as instructed below. See Instruction 6 on the reverse side.)

Mail or Hand Deliver to:

Wells Fargo Bank, N.A.
345 California Street, 8th Floor
San Francisco, CA 94104
Attention: Nassif Malouf

Ladies and Gentlemen:

Pursuant to the terms of that certain Agreement and Plan of Reorganization dated April 10, 1996, by and among McKesson Corporation ("**Buyer**"), IHA Corp. and Automated Healthcare, Inc. (the "**Company**") and the related Plan of Merger (collectively the "**Merger Agreement**"), the undersigned hereby surrenders the certificate(s) formerly representing the shares of capital stock listed above for cancellation and conversion into cash in accordance with and subject to the terms of the Merger Agreement

Please issue a check payable in the name indicated above (unless another name is otherwise indicated below) for the surrendered shares.

| COMPLETE ONLY IF PAYMENT IS TO BE MADE OTHER THAN TO THE NAME AND ADDRESS SET FORTH ABOVE. | |
|---|---|
| **Special Transfer Instructions** See Instruction 3 | **Special Mailing Instructions** |
| Issue to: | Mail to: |
| Name: ______ (*Type or print. Use full first name, initial and last name.*) | Name: M. Stephen Heilman (*Type or print.*) |
| Address: ______ (*number*) (*street*) | Address: 566 Alpha Drive (*number*) (*street*) |
| (*city*) (*state*) (*zip code*) | Pittsburgh PA 15238 (*city*) (*state*) (*zip code*) |

SIGN HERE: Telephone No.: 412/963-8879

[signature]
*Signature(s) of Owner(s) or Authorized Agent. (See Instruction 2.)*

Date: May 20, 1996

**Instructions for Surrendering Certificate of Common Stock, Series A, Series B, Series C, Series D and Series E Preferred Stock of Automated Healthcare, Inc.**

The undersigned understands that the undersigned's shares of Common Stock and/or Series A, Series B, Series C, Series D, and Series E Preferred Stock have been canceled and converted into the right to receive cash pursuant to the terms and conditions of the Merger Agreement.

The payment to and receipt by the undersigned of cash shall be made in accordance with the following instructions:

1. *Delivery of Letter of Transmittal and Certificates.* This Letter of Transmittal must be properly completed, signed, accompanied by the certificate(s) to be surrendered and transmitted to Wells Fargo Bank, N.A. (the "**Exchange Agent**"). The method of transmittal to the Exchange Agent is at the option and risk of the surrendering shareholder and delivery will be deemed effective only when received by the Exchange Agent. If the certificate(s) are sent by mail, registered mail is recommended.

2. *Signature of Record Holder.* If the registered holder(s) of the surrendered certificate(s) is to receive payment, the surrendered certificate(s) need not be endorsed. The Letter of Transmittal must be signed by the registered holder(s) of the surrendered



certificate(s) and the signature must correspond exactly with the name(s) as it appears on the face of the certificate(s). If the surrendered certificate(s) are owned of record by two or more joint owners, all such owners must sign the Letter of Transmittal. Signatures of trustees, executors, administrators, guardians, officers of a corporation, attorneys-in-fact or their authorized representatives acting in a fiduciary capacity must be accompanied by proper evidence of the signatory's authority to act.

3. *Payment to Different Person.* If payment is to be received by a person other than the registered holder(s) of the surrendered certificate(s), the surrendered certificate(s) must be duly endorsed in blank or accompanied by an appropriate, signed stock power. Further, if any stock transfer taxes or stock transfer stamps must be paid or purchased, then cash funds sufficient therefor must be transmitted to the Exchange Agent herewith. If payment is to be mailed to an address other than the address set forth above for the registered holder, the Special Mailing Instructions must be completed.

4. *Escrow and Reimbursement Agreements.* The undersigned acknowledges and agrees that from the aggregate purchase price payable by Buyer pursuant to the Merger Agreement there has been withheld $6,358,500 placed in escrow (the "Escrow") under the terms of the Escrow Agreement as defined in the Merger Agreement, and $500,000 placed in the Reimbursement Account pursuant to the Reimbursement Agreement as defined in the Merger Agreement and agrees to the terms and conditions set forth in the Escrow Agreement and the Reimbursement Agreement. As a result of the foregoing, the undersigned is entitled to receive an initial distribution of approximately $5.96 for each share of capital stock held by the undersigned less the amount of any applicable federal, state, or local withholding taxes. Depending upon whether any claims are asserted against the escrow and the resolution and costs of resolution of any such claims, the undersigned may be entitled to receive an additional distribution. The undersigned acknowledges and agrees that there is no assurance that the undersigned will receive any distribution beyond the initial distribution. The undersigned also acknowledges and agrees (i) that pursuant to the Merger Agreement, a Stockholders' Committee has been established which has the right in their sole and unfettered discretion to contest, settle, compromise or otherwise dispose of any claim made by Buyer under the Escrow Agreement and (ii) that the Stockholders' Committee members shall not be liable to anyone whatsoever, including the undersigned, by reason of any error of judgment or act done or step taken or omitted by any such member in good faith (and any act done or step taken in accordance with the advice of legal counsel shall be deemed to be in good faith) or for any mistake of fact or law or for anything which they may do or refrain from doing in connection with the Escrow Agreement and the Reimbursement Agreement and (iii) that the Stockholders' Committee shall be entitled to recourse against and to indemnity from the funds held pursuant to the Reimbursement Agreement for any costs and expenses (including reasonable attorneys fees incurred in contesting or settling any claim) incurred in connection with acting as members of the Stockholders' Committee,

unless with respect to any particular member caused by or arising from the gross negligence or willful misconduct of such member.

5. *Prompt Surrender of Certificates.* It is important that you surrender your certificate(s) as soon as possible in accordance with the provisions hereof, since interest will not be paid upon the amounts due under the Merger Agreement.

6. *Lost Automated Healthcare Certificates.* If you have lost one or more certificates for the capital stock of the Company, please complete, date and sign this Letter of Transmittal, including the Affidavit of Lost or Destroyed Stock Certificate below, and deliver it to the Exchange Agent together with any certificate(s) in your possession.

7. *Further Information.* All inquiries with respect to the surrender of the certificate of the capital stock of the Company should be directed to the Exchange Agent at Wells Fargo Bank, N.A., 345 California Street, 8th Floor, MAC #0115-082, San Francisco, California 94104, telephone number (415) 773-7808, Attention: Nassif Malouf, Assistant Vice President.

Form **W-9**
(Rev. March 1994)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

Give form to the requester. Do NOT send to the IRS.

Please print or type

Name (If joint names, list first and circle the name of the person or entity whose number you enter in Part I below. See Instructions on page 2 if your name has changed.)
MARLIN S. HEILMAN

Business name (Sole proprietors see instructions on page 2.)

Please check appropriate box: [✓] Individual/Sole proprietor [ ] Corporation [ ] Partnership [ ] Other ▶

Address (number, street, and apt. or suite no.)
187 IRON BRIDGE ROAD

Requester's name and address (optional)

City, state, and ZIP code
SARVER, PA 16055

## Part I Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). For sole proprietors, see the instructions on page 2. For other entities, it is your employer identofiation number (EIN). If you do not have a number, see How To Get a TIN below.

Note: If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.

Social security number
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

OR

Employer identification number

List account number(s) here (optional)

## Part II For Payees Exempt From Backup Withholding (See Exempt Payees and Payments on page 2)

▶

## Part III Certification

Under penalties of perjury, I certfy that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issed to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service that I am subject to backup withholding as result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

**Certification Instructions.** - You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, the acquistion or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (Also see Part III instructions on page 2.)

Sign Here | Signature ▶ Marlin Stephen Heilman | Date ▶ May 20, 1996

Form W-9 (Rev. 3-94)

JSA
5W9050 3.000

ORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF

PENNSYLVANIA

NUMBER 26

SHARES 20,000

AUTOMATED HEALTHCARE, INC.

This Certifies that M. STEPHEN HEILMAN is the registered holder of Twenty Thousand (20,000) Shares of Series A Eight Percent (8%) Convertible Preferred, $.8847 par value

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 21st day of October A.D. 1994

Secretary

President

GOES NR 305

SH000087





ORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF

PENNSYLVANIA

NUMBER 38

SHARES 651,229

AUTOMATED HEALTHCARE, INC.

This Certifies that M. STEPHEN HEILMAN is the registered holder of Six Hundred Fifty-One Thousand Two Hundred Twenty-Nine (651,229) Shares of Series A Eight Percent (8%) Convertible Preferred Stock, $.8847 par value

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 15th day of December A.D. 1994

Secretary

President



ORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF

PENNSYLVANIA

NUMBER 97

SHARES 20,000

AUTOMATED HEALTHCARE, INC.

This Certifies that M. Stephen Heilman is the registered holder of Twenty Thousand Shares of Series C Eight Percent (8%) Convertible Preferred Stock, par value $2.3306 per share

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 29th day of July A.D. 19 94

Secretary

President

SH000089

ORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF

PENNSYLVANIA

NUMBER 110

SHARES 616

AUTOMATED HEALTHCARE, INC.

This Certifies that ____M. Stephen Heilman--------------- is the registered holder of Six Hundred and Sixteen (616)------------------------------------ Shares of Series C Eight Percent (8%) Convertible Preferred Stock, par value $2.3306 per shar[e] transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 29th day of July A.D. 1994.

Secretary President

GOES No 385

SH000091

# EXHIBIT  6

# SEALED DOCUMENT

# EXHIBIT 7

COHEN & GRIGSBY
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

2900 CNG TOWER
625 LIBERTY AVENUE
PITTSBURGH, PENNSYLVANIA 15222-3115

TELEPHONE (412) 394-4900
FAX (412) 391-3382

December 24, 1991

Mr. Sean McDonald, President
Automated Healthcare, Inc.
261 Kappa Drive
Pittsburgh, PA 15238

Dear Sean:

Per our recent telephone conversation and Dr. Heilman's request, enclosed please find Joinder Agreements to be executed by Dr. Heilman's children, as custodians for his grandchildren, and Stock Certificates reflecting the transfer by Dr. Heilman of 80,000 shares of his Automated Healthcare Preferred Stock to his eight grandchildren. Also enclosed is one certificate in the name of Dr. Heilman, representing the balance of the Preferred Shares remaining in his name from Certificate No. 16.

Please have the Stock Certificates duly executed by the President and Secretary of the company, and apply the corporate seal. Please keep two copies of them -- one for your records and one for our records.

Dr. Heilman should also return Certificate No. 16 in return for the enclosed certificates.

Please call if your have any questions or comments.

Very truly yours,

COHEN & GRIGSBY

By: Mark
Mark I. Baseman

MIB/kgt
Enclosures

1cc: Dr Heilman

ORGANIZED UNDER THE LAWS OF THE COMMONWEALTH OF

PENNSYLVANIA

NUMBER 2

SHARES 223,304

AUTOMATED HEALTHCARE, INC.

This Certifies that M. Stephen Heilman is the registered holder of Two hundred twenty three thousand three hundred four Shares of Preferred Stock, $ .9143 par value

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 27th day of December A.D. 1990

Sec'y

Pres

© GOES No. 385

SEE REVERSE SIDE FOR TRANSFER RESTRICTIONS

SH000121

# EXHIBIT 8

copy

NOTICE: THIS WARRANT AND THE UNDERLYING SHARES ARE SUBJECT TO RESTRICTIONS ON TRANSFER AS SET FORTH HEREIN

AUTOMATED HEALTHCARE, INC.

December 27, 1990

Right to Purchase 1,406 Shares (Subject to Adjustment)

Stock Purchase Warrant for Series A Preferred Stock

AUTOMATED HEALTHCARE, INC., a Pennsylvania corporation (the "Company"), hereby certifies that, for value received,

M. STEPHEN HEILMAN,

or his registered assigns (the "Holder"), is entitled to purchase from the Company at any time or from time to time up to one thousand four hundred and six (1,406) (which number is subject to adjustment as provided below) fully paid and non-assessable shares of the Series A Eight Percent (8%) Cumulative Convertible Preferred Stock of the Company, $ .9143 par value per share (the "Series A Stock"), upon the surrender of this Warrant duly signed by the registered Holder hereof at the time of exercise, accompanied by payment of the Exercise Price, as hereinafter defined, upon the terms and subject to the conditions hereinafter set forth.

The Warrant represented hereby is delivered pursuant to that certain Stock Purchase Agreement dated as of December 27, 1990, by and among the Company and, among others, the Holder hereof (the "Purchase Agreement"). Capitalized terms used herein without definition shall have the meaning set forth in the Purchase Agreement.

1. Exercise of Warrant. This Warrant may be exercised at any time on or after the date hereof, in whole or in part, as follows:

The Holder shall surrender this Warrant to the Company at its then principal office or that of the duly authorized and acting transfer agent for its Preferred Stock, together with an exercise form substantially in the form of Exhibit A attached hereto, signifying the Holder's election to exercise this Warrant and specifying the number of shares of Series A Stock to be issued, duly signed, together with a check in the amount of the Exercise Price payable to the order of the Company. The Exercise Price shall be equal to the product of One Cent ($ .01) multiplied by the number of shares of Series A Stock to be purchased.

2. Delivery of Stock Certificate on Exercise of Warrant. As soon as practicable after the exercise of all or any part of this Warrant and payment of the Exercise Price, the Company shall cause to be issued in the name of and delivered to the registered Holder hereof or his assigns, or such Holder's nominee or nominees, a certificate or certificates for the number of full shares of Series A Stock of the Company to which such Holder shall be entitled upon such exercise. In the case of a partial exercise of this Warrant, the Company shall cause to be issued in the name of and delivered to the registered Holder hereof or his assigns, or such Holder's nominee or nominees, a Warrant of like tenor for the unexercised portion or, at the Holder's option, this Warrant shall be returned to the Holder with an appropriate notation made hereon. For all corporate purposes, such certificate or certificates shall be deemed to have been issued and such Holder or such Holder's designee to be named therein shall be deemed to have become a holder of record of such shares of Series A Stock as of the date the duly executed exercise form pursuant to this Warrant, together with full payment of the Exercise Price, is received by the Company as aforesaid. No fraction of a share or scrip certificate for such fraction shall be issued upon the exercise of this Warrant. In lieu thereof, the Company shall pay or cause to be paid to such Holder cash in an amount equal to the product of the prevailing fair market price for a share of Series A Stock multiplied by such fraction.

3. Anti-Dilution Provisions.

(a) Dividends. In the event that a dividend shall be declared upon the Series A Stock payable in shares of said stock, the number of shares of Series A Stock covered by this Warrant shall be adjusted by adding thereto the number of shares which would have been distributable thereon if such shares had been outstanding on the date fixed for determining the stockholders entitled to receive such stock dividend.

(b) Reorganizations, Consolidations, Mergers. In the event that the outstanding shares of Series A Stock shall be changed into or exchanged for a different number or kind of shares of stock or other securities of the Company or of another corporation, whether through reorganization, recapitalization, stock split, combination of shares, merger or consolidation or otherwise, then there shall be substituted for the shares of Series A Stock covered by this Warrant, the number and kind of shares of stock or other securities which would have been substituted therefor if such shares had been outstanding on the date fixed for determining the stockholders entitled to receive such changed or substituted stock or other securities.

(c) Other Changes. In the event there shall be any change, other than specified in Paragraphs 3(a) or 3(b) hereof, in the number or kind of outstanding shares of Series A Stock or of any stock or other securities into which such Series A Stock shall

be changed or for which it shall have been exchanged, then, if the Board of Directors of the Company shall determine in good faith that such change equitably requires an adjustment in the number or kind of shares covered by this Warrant, such adjustment shall be made by the Board of Directors of the Company and shall be effective for purposes of this Warrant.

4. Lost, Stolen, Destroyed or Mutilated Warrants. Upon receipt by the Company of evidence reasonably satisfactory to it of the ownership of and the loss, theft or destruction or mutilation of this Warrant, and (a) in the case of loss, theft or destruction, of indemnity reasonably satisfactory to the Company and (b) in the case of mutilation, upon the surrender and cancellation of such Warrant, the Company shall issue and deliver, in lieu thereof, a new Warrant of like tenor. The costs associated with such issuance and delivery shall be borne by the registered Holder of the lost, stolen, destroyed or mutilated Warrant.

5. Transfer and Transfer Restrictions.

(a) Owner of Warrant. The Company may deem and treat the person in whose name this Warrant is registered as the Holder and owner hereof for all purposes (notwithstanding any notations of ownership or writing hereon made by anyone other than the Company) and shall not be affected by any notice to the contrary, until presentation of this Warrant for registration of transfer as provided below.

(b) Transfer of Warrant. The Company agrees to maintain at its then principal place of business books for the registration of and the registration of transfers of this Warrant and, subject to the provisions of Paragraph 5(c) hereof as well as the restrictions on transfer contained in the Purchase Agreement, this Warrant and all rights hereunder are transferable, in whole or in part, on said books at said office upon surrender of this Warrant at said office, together with a written assignment of this Warrant duly executed by the Holder hereof or his duly authorized agent or attorney and funds sufficient to pay any transfer taxes payable upon the making of such transfer. Upon such surrender and payment, the Company shall execute and deliver a new Warrant or Warrants in the name of the assignee or assignees and in the denominations specified in such instrument of assignment, and this Warrant shall promptly be cancelled.

(c) Restrictions on Exercise and Transfer.

(i) Neither this Warrant nor the shares of Series A Stock purchasable on exercise of this Warrant have been registered under the Securities Act of 1933, as amended (the "Act"), or the Pennsylvania Securities Act of 1972, as amended (the "Pennsylvania Act"). Notwithstanding anything else in this Warrant to the contrary, the Holder of this Warrant, including any



successive Holder, agrees by accepting this Warrant that this Warrant and the shares of Series A Stock which may be purchased on the exercise hereof may not be exercised, sold, transferred, pledged or hypothecated in the absence of (1) an effective registration statement or post-effective amendment thereto covering such Warrant or shares of Series A Stock under the Act and the Pennsylvania Act or any other applicable state securities laws; or (2) the availability of an exemption from the registration requirements of the Act and the Pennsylvania Act or any other applicable state securities laws and, at the reasonable request of the Company, an opinion of counsel reasonably satisfactory to the Company that registration is not required under the Act and the Pennsylvania Act or any other applicable state securities laws.

(ii) In the event that the Holder hereof desires to transfer all or any part of this Warrant in accordance with the terms hereof, it shall first deliver to the Company a written notice specifying the name and address of the proposed transferee of the Warrant and all the terms, including the price, upon which the Holder hereof proposes to transfer the Warrant to the proposed transferee. Such notice shall include an offer to sell all or any part of this Warrant to the Company at the price and upon the other terms and conditions of the proposed transfer; provided, however, that the Company shall not be required to meet any non-monetary terms of such proposed transfer, including, without limitation, delivery of other securities in exchange for the offered Warrant. If the Company desires to purchase all or any part of this Warrant on such terms, it shall within ten (10) days of its receipt of the notice give written notice of its election to purchase all or any part of this Warrant to the Holder hereof, and shall consummate such purchase within thirty (30) days of its receipt of the notice from the Holder hereof. If the Company fails to give such notice of its election to purchase this Warrant, the Holder shall be free to transfer the same to the third party on the terms specified in the notice; provided, however, that such transfer must comply with the provisions of Paragraph 5(c)(ii) hereof.

(d) <u>Legend on Shares</u>. Each certificate for shares of Series A Stock issued upon exercise of this Warrant, unless at the time of exercise such shares are registered under the Act and the Pennsylvania Act or any other applicable state securities laws, shall bear the following legend (and any additional legend required under said Acts or otherwise):

> THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR UNDER THE SECURITIES LAWS OF ANY STATE. SUCH SHARES MAY NOT BE OFFERED FOR SALE, SOLD, PLEDGED, HYPOTHECATED OR OTHERWISE TRANSFERRED OR DISPOSED OF IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT AS TO SUCH SHARES UNDER THE SECURITIES ACT OF 1933 AND ANY APPLICABLE

STATE SECURITIES LAWS OR AN OPINION OF COUNSEL SATISFACTORY TO AUTOMATED HEALTHCARE, INC. (THE "COMPANY") THAT REGISTRATION UNDER SAID ACT AND LAWS IS NOT REQUIRED BECAUSE AN EXEMPTION FROM REGISTRATION IS THEN AVAILABLE.

THIS CERTIFICATE AND THE SHARES REPRESENTED HEREBY MAY NOT BE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF A CERTAIN PRINCIPAL SHAREHOLDERS AGREEMENT DATED AS OF DECEMBER 27, 1990 AMONG THE COMPANY AND CERTAIN OF ITS SHAREHOLDERS, AND ANY AMENDMENTS THERETO, COPIES OF WHICH AGREEMENTS AND ANY AMENDMENTS THERETO ARE ON FILE AT THE PRINCIPAL OFFICE OF THE COMPANY.

6. Covenants of the Company. The Company covenants and agrees that all shares of Series A Stock which may be issued upon the exercise of all or any part of this Warrant will, upon issuance, be duly authorized, validly issued, fully paid and nonassessable and free from all preemptive rights of any shareholder and all taxes, liens and charges with respect to the issuance thereof (other than taxes in respect of any transfer occurring contemporaneously with such issue). The Company further covenants and agrees that the Company shall at all times have authorized and reserved, free from preemptive rights, a sufficient number of shares of Series A Stock to provide for the exercise in full of this Warrant. The Company shall not, through any reorganization, reclassification, consolidation, merger, sale of assets, dissolution, issue or sale of securities or other voluntary action, avoid or seek to avoid the observance or performance of any of the terms of this Warrant, but shall at all times in good faith carry out all such terms and take all such action as may be necessary or appropriate in order to protect the rights of the Holder of this Warrant.

7. Holder's Rights. This Warrant shall not entitle the Holder hereof to any rights of a holder of shares of Preferred Stock of the Company, except that should the Company before exercise in full of this Warrant make a distribution in respect of the shares of Series A Stock payable otherwise than in cash out of earnings or earned surplus (computed in accordance with generally accepted accounting principles) or otherwise than in shares of Series A Stock or securities convertible into shares of Series A Stock, then, thereafter, the Holder hereof, upon exercise of this Warrant, shall receive the number of shares of Series A Stock purchasable upon such exercise and, in addition and without further payment, the cash, stock or other securities and/or other property (or its substantial equivalent) which the Holder hereof would have received by way of distribution (otherwise than in cash out of such earnings or earned surplus or in shares of Series A Stock or securities convertible into shares of Series A Stock) in respect of the shares of Series A Stock as if, continuously since the date hereof, such Holder (a) had been the record holder of the

number of shares of Series A Stock then being purchased, and (b) had retained all such cash, stock and other securities (other than shares of Series A Stock or securities convertible into shares of Series A Stock) and/or other property payable in respect of such shares of Series A Stock or in respect of any securities paid as dividends and originating directly or indirectly from such shares of Series A Stock.

8. Applicable Law. The validity, interpretation and performance of this Warrant shall be governed by the laws of the Commonwealth of Pennsylvania.

9. Successors and Assigns. This Warrant and the rights evidenced hereby shall inure to the benefit of and be binding upon the successors and assigns of the Company and the Holder hereof and shall be enforceable by any such Holder.

IN WITNESS WHEREOF the Company has executed this Warrant as of the date first above written.

ATTEST:

Robert H McDonald
Secretary

AUTOMATED HEALTHCARE, INC.

By Sean McDonald
President

[Corporate Seal]

SH000077

Exhibit A

[Subscription Form to be Executed upon Exercise of Warrant]

The undersigned registered Holder or assignee of such registered Holder of the within Warrant, hereby (1) subscribes for _____ shares of Series A Stock which the undersigned is entitled to purchase under the terms of the within Warrant, (2) makes the full cash payment called for by the within Warrant, and (3) directs that the shares of Series A Stock issuable upon exercise of said Warrant be issued as follows:

______________________________
(Name)

______________________________

______________________________

______________________________
(Address)

______________________________
(Signature)

Dated: ____________________

# EXHIBITS 9, 10 and 11

# SEALED DOCUMENTS