IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRANSLOGIC CORPORATION a Delaware Corporation, and<br><br>SWISSLOG ITALIA S.P.A. an Italian Corporation,<br><br>Defendants. | Civil Action No. 06-028 SLR/LPS |

**PLAINTIFF MCKESSON AUTOMATION'S ANSWER
TO DEFENDANT TRANSLOGIC CORPORATION'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff McKesson Automation, Inc. ("McKesson" or "Counterclaim defendant") by and through the undersigned attorneys, hereby states its reply to Defendant Translogic Corporation's ("Translogic") Counterclaims, and admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

33. McKesson admits the allegations set forth in paragraph 33 with respect to subject matter jurisdiction and venue, to the extent that Translogic's First and Second Counterclaims are alleged as relating to the patent infringement asserted in the First Amended Complaint. McKesson denies any and all remaining allegations in paragraph 33.

**THE PARTIES**

34. Upon information and belief, McKesson admits the allegations in paragraph 34.

35. McKesson admits the allegations in paragraph 35.

## FACTS COMMON TO ALL COUNTERCLAIMS

### Introduction

36. McKesson admits the allegations in paragraph 36.

37. Upon information and belief, McKesson admits that Swisslog manufactures a hospital pharmacy automation system. Upon information and belief, McKesson admits that Swisslog, through its United States distributor Translogic, sells and offers for sale in the United States Swisslog's hospital pharmacy automation system. McKesson denies any and all remaining allegations in paragraph 37.

38. McKesson admits the allegations in paragraph 38.

39. McKesson denies the allegations in paragraph 39.

40. McKesson denies the allegations in paragraph 40.

### Relevant Market and McKesson's Economic Power

41. McKesson admits that it sells centralized robotic systems for automating the dispensing of medications from hospital pharmacies. Upon information and belief, McKesson admits that Swisslog sells centralized robotic systems for automating the dispensing of medications from hospital pharmacies. McKesson denies any and all remaining allegations in paragraph 41.

42. McKesson admits that it sells its hospital pharmacy automation systems nationwide. Upon information and belief, McKesson admits that Defendants sell their hospital pharmacy automation system nationwide. McKesson denies any and all remaining allegations in paragraph 42.

43. McKesson denies the allegations in paragraph 43.

### Facts Giving Rise To Translogic's Claims

44. McKesson denies the allegations in paragraph 44.

45. McKesson denies the allegations in paragraph 45.

46. McKesson denies the allegations in paragraph 46.

47. McKesson denies the allegations in paragraph 47.

48. McKesson denies the allegations in paragraph 48.

49. McKesson denies the allegations in paragraph 49.

50. McKesson denies the allegations in paragraph 50.

### Anti-Competitive And Other Injury

51. McKesson denies the allegations in paragraph 51.

52. McKesson denies the allegations in paragraph 52.

53. McKesson denies the allegations in paragraph 53.

54. McKesson denies the allegations in paragraph 54.

### FIRST COUNTERCLAIM
(Declaratory Judgment of Invalidity)

55. In responding to paragraph 55, McKesson repeats and realleges its previous responses to paragraphs 33-54, as if fully set forth herein.

56. McKesson denies the allegations in paragraph 56.

57. McKesson denies the allegations in paragraph 57.

### SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

58. In responding to paragraph 58, McKesson repeats and realleges its previous responses to paragraphs 33-57, as if fully set forth herein.

59. McKesson denies the allegations in paragraph 59.

60.     McKesson denies the allegations in paragraph 60.

### THIRD COUNTERCLAIM
(Unenforceability Due To Inequitable Conduct)

61.     In responding to paragraph 61, McKesson repeats and realleges its previous responses to paragraphs 33-60, as if fully set forth herein.

62.     McKesson states that paragraph 62 states a legal conclusion, to which no response is necessary. To the extent that paragraph 62 makes factual allegations, McKesson denies any and all factual allegations in paragraph 62.

63.     McKesson admits the allegations in paragraph 63.

64.     McKesson admits that AHI, McKesson's predecessor-in-interest and original assignee of the patents-in-suit, developed hospital pharmacy automation systems. McKesson denies any and all remaining allegations in paragraph 64.

65.     McKesson denies the allegations in paragraph 65.

66.     McKesson admits that AHI's business plans were distributed to potential investors to help raise money for AHI's initial business dealings. McKesson admits that these written business plans describe hospital pharmacy automation systems being developed by AHI. McKesson denies any and all remaining allegations in paragraph 66.

67.     McKesson admits that M0188753 states that "[AHI] has designed a prototype of the automated pharmacy APS and has completed an arrangement with both the University of Pittsburgh School of Pharmacy and the Presbyterian University Hospital to use their facilities for both testing and demonstrating the APS." McKesson denies any and all remaining allegations in paragraph 67.

68. McKesson states that paragraph 68 states a legal conclusion, to which no response is necessary. To the extent paragraph 68 makes factual allegations, McKesson denies any and all factual allegations in paragraph 68.

69. McKesson admits that the activities described in paragraphs 65-68 of Translogic's Counterclaims were not disclosed to the United States Patent and Trademark Office. McKesson denies that any such documents or activities constitute prior art. McKesson denies any and all remaining allegations in paragraph 69.

70. McKesson denies the allegations in paragraph 70.

**FOURTH COUNTERCLAIM**
(Unfair Competition Under Delaware Law)

71. In responding to paragraph 71, McKesson repeats and realleges its previous responses to paragraphs 33-70, as if fully set forth herein.

72. McKesson denies the allegations in paragraph 72, and specifically alleges that any injury that Translogic may suffer as the result of its infringement of the patents-in-suit is due to Translogic's wrongful and unlawful actions.

73. McKesson denies the allegations in paragraph 73.

74. McKesson denies the allegations in paragraph 74, and specifically alleges that any harm that Translogic may suffer as the result of its infringement of the patents-in-suit is due to Translogic's wrongful and unlawful actions.

75. McKesson denies the allegations in paragraph 75.

76. McKesson denies the allegations in paragraph 76.

## FIFTH COUNTERCLAIM
(Sherman Act § 2, 15 U.S.C. § 2 – Sham Litigation)

77. In responding to paragraph 77, McKesson repeats and realleges its previous responses to paragraphs 33-76, as if fully set forth herein.

78. McKesson admits that in paragraph 78, Translogic purports to bring a claim under Section 2 of the Sherman Act, 15 U.S.C. § 2. McKesson denies that said claim has any merit whatsoever. McKesson denies any and all remaining allegations in paragraph 78.

79. McKesson denies that there is any merit whatsoever to Translogic's purported antitrust claim, and therefore further denies that there is any "relevant market" for said claim. McKesson denies any and all remaining allegations in paragraph 79.

80. McKesson admits that its hospital pharmacy automation services are used or sold throughout the United States. McKesson denies that there is any merit whatsoever in Translogic's purported antitrust claim, and therefore further denies that there is any "geographic market" for said claim. McKesson denies any and all remaining allegations in paragraph 80.

81. McKesson denies the allegations in paragraph 81.

82. McKesson admits that pursuant to the laws of the United States regarding patents, 35 U.S.C. § 271, and by grant from the United States Patent and Trademark Office, McKesson, as the lawful owner of the patents-in-suit, is provided with the specific right to exclude others from practicing the inventions in the patents-in-suit without express permission. McKesson denies any and all remaining allegations in paragraph 82.

83. McKesson states that paragraph 83 states a legal conclusion, to which no response is necessary. To the extent that paragraph 83 makes factual allegations, McKesson denies any and all factual allegations in paragraph 83.

84. McKesson states that paragraph 84 states a legal conclusion, to which no response is necessary. To the extent that paragraph 84 makes factual allegations, McKesson denies any and all factual allegations in paragraph 84.

85. McKesson states that paragraph 85 states a legal conclusion, to which no response is necessary. To the extent that paragraph 85 makes a factual allegation, McKesson denies any and all factual allegations in paragraph 85.

86. McKesson denies the allegations in paragraph 86.

87. McKesson denies the allegations in paragraph 87.

88. McKesson denies the allegations in paragraph 88, and specifically alleges that any attorneys' fees and costs that Translogic may incur as the result of its infringement of the patents-in-suit is due to Translogic's wrongful and unlawful actions.

89. McKesson denies the allegations in paragraph 89, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

90. McKesson denies the allegations in paragraph 90.

**SIXTH COUNTERCLAIM**
(Sherman Act § 2, 15 U.S.C. § 2 – Illegal Monopoly in Hospital Pharmacy Automation Market)

91. In responding to paragraph 91, McKesson repeats and realleges its previous responses to paragraphs 33-90, as if fully set forth herein.

92. McKesson denies that there is any merit whatsoever to Translogic's purported antitrust claim, and therefore further denies that there is any "relevant market" for said claim. McKesson denies any and all remaining allegations in paragraph 92.

93. McKesson admits that its hospital pharmacy automation services are used or sold throughout the United States. McKesson denies that there is any merit whatsoever in

Translogic's purported antitrust claim, and therefore further denies that there is any "geographic market" for said claim. McKesson denies any and all remaining allegations in paragraph 93.

94. McKesson denies the allegations in paragraph 94.

95. McKesson denies the allegations in paragraph 95, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

96. McKesson denies the allegations in paragraph 96, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

97. McKesson denies the allegations in paragraph 97, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

98. McKesson denies the allegations in paragraph 98.

99. McKesson denies the allegations in paragraph 99.

## SEVENTH COUNTERCLAIM
(Sherman Act § 1, 15 U.S.C. § 1 – Illegal
Anti-Competitive Contract in Hospital Pharmacy Automation Market)

100. In responding to paragraph 100, McKesson repeats and realleges its previous responses to paragraphs 33-99, as if fully set forth herein.

101. McKesson denies that there is any merit whatsoever to Translogic's purported antitrust claim, and therefore further denies that there is any "relevant market" for said claim. McKesson denies any and all remaining allegations in paragraph 101.

102. McKesson admits that its hospital pharmacy automation services are used or sold throughout the United States. McKesson denies that there is any merit whatsoever in Translogic's purported antitrust claim, and therefore further denies that there is any "geographic market" for said claim. McKesson denies any and all remaining allegations in paragraph 102.

103. McKesson denies the allegations in paragraph 103.

104.  McKesson denies the allegations in paragraph 104, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

105.  McKesson denies the allegations in paragraph 105, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

106.  McKesson denies the allegations in paragraph 106, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

107.  McKesson denies the allegations in paragraph 107, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

108.  McKesson denies the allegations in paragraph 108.

109.  McKesson denies the allegations in paragraph 109.

### EIGHTH COUNTERCLAIM
(Clayton Act § 3, 15 U.S.C. § 14 – Illegal
Anti-Competitive Contract in Hospital Pharmacy Automation Market)

110.  In responding to paragraph 110, McKesson repeats and realleges its previous responses to paragraphs 33-109, as if fully set forth herein.

111.  McKesson denies that there is any merit whatsoever to Translogic's purported antitrust claim, and therefore further denies that there is any "relevant market" for said claim. McKesson denies any and all remaining allegations in paragraph 111.

112.  McKesson admits that its hospital pharmacy automation services are used or sold throughout the United States. McKesson denies that there is any merit whatsoever in Translogic's purported antitrust claim, and therefore further denies that there is any "geographic market" for said claim. McKesson denies any and all remaining allegations in paragraph 112.

113.  McKesson denies the allegations in paragraph 113.

114. McKesson denies the allegations in paragraph 114, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

115. McKesson denies the allegations in paragraph 115, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

116. McKesson denies the allegations in paragraph 116, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

117. McKesson denies the allegations in paragraph 117, and specifically denies that there is any merit whatsoever to Translogic's antitrust claims.

118. McKesson denies the allegations in paragraph 118.

119. McKesson denies the allegations in paragraph 119.

### NINTH COUNTERCLAIM
(6 Del. C. § 2103 – Illegal Anti-Competitive Contract in Hospital Pharmacy Automation Market)

120. In responding to paragraph 120, McKesson repeats and realleges its previous responses to paragraphs 33-119, as if fully set forth herein.

121. McKesson denies that there is any merit whatsoever to Translogic's purported antitrust claim, and therefore further denies that there is any "relevant market" for said claim. McKesson denies any and all remaining allegations in paragraph 121.

122. McKesson admits that its hospital pharmacy automation services are used or sold throughout the United States. McKesson denies that there is any merit whatsoever in Translogic's purported antitrust claim, and therefore further denies that there is any "geographic market" for said claim. McKesson denies any and all remaining allegations in paragraph 122.

123. McKesson denies the allegations in paragraph 123.

124. McKesson denies the allegations in paragraph 124, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

125. McKesson denies the allegations in paragraph 125, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

126. McKesson denies the allegations in paragraph 126, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

127. McKesson denies the allegations in paragraph 127, and specifically denies that there is any merit whatsoever to Translogic's antitrust claim.

128. McKesson denies the allegations in paragraph 128.

129. McKesson denies the allegations in paragraph 129.

### RESPONSE TO TRANSLOGIC'S PRAYER FOR RELIEF

McKesson denies that Translogic is entitled to any relief as plead in Translogic's Prayer for Relief, or any relief whatsoever for its wrongful and unlawful actions.

### PRAYER FOR RELIEF

WHEREFORE, the Counterclaim Defendant prays for judgment against Translogic as follows:

A. That Translogic take nothing by way of its Counterclaims and the relief sought by Translogic be denied;

B. That the Counterclaims be dismissed with prejudice in their entirety;

C. For judgment in favor of the Counterclaim Defendant on the Counterclaims;

D. For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E. For such further or alternate relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), McKesson hereby demands a trial by jury on all triable issues raised in this action.

Respectfully submitted,

Dated: June 27, 2008

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)
BLANK ROME LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
Tel.: (302) 425-6472
Fax: (302) 425-6464

Blair M. Jacobs
Robert A. Gutkin
Christina A. Ondrick
Christopher L. May
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-0100

*Attorneys for Plaintiff*
*McKesson Automation Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2008, I served by hand delivery and electronic filing PLAINTIFF MCKESSON AUTOMATION'S ANSWER TO DEFENDANT TRANSLOGIC CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS, using CM/ECF, which will send notification of such filing to the following:

> Julia Heaney, Esquire
> MORRIS, NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I also certify that, on this 27th day of June, 2008, I served the aforementioned document, by First Class Mail to the following participants:

> Lawrence C. Drucker, Esquire
> Alfred R. Fabricant, Esquire
> Richard LaCava, Esquire
> Bryan N. DeMattio, Esquire
> DICKSTEIN SHAPIRO LLP
> 1177 Avenue of the Americas
> New York, NY 10036

/s/ Dale R. Dubé
Dale R. Dubé  (I.D. No. 2863)