IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-028 (SLR/LPS) |
| | ) |
| SWISSLOG ITALIA S.P.A. and | ) |
| TRANSLOGIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S AND TRANSLOGIC CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

June 30, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendants Swisslog Italia,
  S.p.A. and  Translogic Corporation*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION ........................................................................................1

II.   MCKESSON MOTION SHOULD BE DENIED
      BECAUSE PARTIES SEEKING RECONSIDERATION
      ARE NOT PERMITTED A REPLY BRIEF ...............................................3

III.  DEFENDANTS' STANDING ARGUMENT DOES NOT
      PROVIDE A BASIS FOR A REPLY ..........................................................4

IV.   DEFENDANTS' REQUEST FOR SANCTIONS WAS
      FORESEEABLE AND PROVIDES NO BASIS FOR A
      REPLY ..........................................................................................................4

V.    CONCLUSION .............................................................................................6

TABLE OF AUTHORITIES

**CASES**

*KLOTH v. S. Christian University*,
   2007 U.S. Dist. Lexis 76916 (D. Del. 2007).................................................................4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   2006 U.S. Dist LEXIS (D. Del. 2006) .......................................................................3

*Samuel v. Caroll*,
   505 F. Supp. 2d. 256 (D. Del. 2007)...........................................................................6


**RULES**

Local rule 7.1.5 ........................................................................................................3

Rule 19 ....................................................................................................................2

I.   INTRODUCTION

Defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (together, "Defendants") submit this brief in opposition to plaintiff McKesson Automation, Inc.'s ("McKesson") Motion For Leave To File A Reply Brief In Support Of McKesson's Motion for Reconsideration. McKesson's Motion For Leave to File A Reply Brief is without merit and should be denied. It is well settled in this District that a party seeking reconsideration is not permitted a reply brief. McKesson had every opportunity to present evidence in opposition to Defendants' Motion to Dismiss and in its opening brief on its Motion for Reconsideration. McKesson's request to file a reply adds nothing new and appears to be an attempt by McKesson to multiply proceedings on the ownership dispute and cause Defendants to continue to expend considerable resources needlessly.

Defendants' choice to argue the standing issue in its opposition provides no basis for a reply. McKesson's Motion sought reconsideration of the Court's Report and Recommendation in its entirety. It was, thus, incumbent upon both parties to present to the Court all arguments (including those relating to the standing issue) that would be considered by the Court in deciding whether to change its recommendation. McKesson should not be rewarded now for its tactical decision not to do so by being granted the opportunity to file a reply.

Defendants' request for sanctions – which was prompted by McKesson's clear violation of the rules in this District – also provides no basis for a reply. It is well settled that motions for reconsideration may not be used to present new evidence and are appropriate to correct factual errors only so far as those facts, as presented, were misunderstood by the Court. Here, McKesson does not contend that the Court misunderstood anything; it merely seeks to introduce new evidence of repayment that it should have introduced earlier. In so doing,

- 2 -

McKesson all but invited Defendants' motion for sanctions, which seeks compensation for the wasted expense and effort in opposing McKesson's Motion for Reconsideration. McKesson should not be allowed to use its own violation of the rules as a basis to obtain the right to file a reply.

Finally, it is worth noting that McKesson's proposed reply conspicuously fails to address virtually all of the questions on the ownership issue raised in Defendants' opposition. Defendants should not be required to endure the potential Rule 19 prejudice (duplicative damages, lack of finality in judgment, etc.) attendant to AHI's and McKesson's failure for the past 18 years to seek reassignment of the patents-in-suit, as their own investment documents expressly required. Assuming, arguendo, that the loan was repaid and a security interest created, as suggested by McKesson, the investors' presence is necessary if for no other reason than to ensure that they would be bound by any such decision on ownership and be precluded from asserting infringement against Defendants in the future. Only after McKesson and the investors resolve the ownership dispute, should the rightful owners of the patents-in-suit be free to assert these patents against Defendants.

For the foregoing reasons, McKesson's Motion for Leave to File A Reply should be denied.

## II. MCKESSON MOTION SHOULD BE DENIED BECAUSE PARTIES SEEKING RECONSIDERATION ARE NOT PERMITTED A REPLY BRIEF

McKesson's Motion should be denied because Delaware local rule 7.1.5, which governs motions for reargument, permits the filing of opening and opposition briefs only, not reply briefs.[1] This Court has stated:

> . . . Local Rule 7.1.5 does not contemplate the filing of a reply brief in the context of a motion for reconsideration. Indeed, motions for reconsideration may not be used to allow a 'never-ending polemic between litigants and the Court.' . . . [T]he filing of a reply brief frustrates that principle and encourages a cycle of endless litigation on issues already decided by the Court . . . .

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2006 U.S. Dist LEXIS, at *5-6 (D. Del. 2006). McKesson had every opportunity to present evidence in opposition to Defendants' Motion to Dismiss and in its opening brief on reconsideration, but chose not to do so. It should not get another bite at the apple by submitting a reply that merely seeks to reargue many of the points made in its opening brief. McKesson's Motion is frivolous and just the latest in a long line of apparent attempts by McKesson to multiply the proceedings on the ownership issue and cause Defendants to expend considerable resources.[2] McKesson's Motion for Leave to File a Reply should, therefore, be denied.

---

[1] Local rule 7.1.5 states, in pertinent part, "[i]f a party chooses to file a motion for reargument, . . . [t]he motion shall briefly and distinctly state the grounds therefore. Within 10 days after filing of such motion, the opposing party may file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted."

[2] In addition to filing a Motion for Reconsideration and Motion For Leave to File a Reply, McKesson has previously (i) sought leave to file a sur-reply on Defendants' Motion to Dismiss; (ii) sought and conducted depositions of the investors after the discovery cut-off; (iii) submitted four letters to the Court, including one citing irrelevant subsequent authority; and (iv) requested oral argument on the ownership issue.

### III. DEFENDANTS' STANDING ARGUMENT DOES NOT PROVIDE A BASIS FOR A REPLY

McKesson's contention that it is entitled to a reply because it chose not to discuss the standing issue in its opening brief should be rejected. McKesson Br. at 2. McKesson's Motion sought reconsideration of the Court's Report and Recommendation as a whole, not just the Court's finding in that Report that McKesson failed to establish repayment of the loan. If the Court were to accept McKesson's evidence of repayment, it would be expected to reopen the issue of patent ownership and consider evidence presented by both sides (such as the absolute assignment and investors' rejection of a security interest) in deciding whether to maintain or change its recommendation. It was, therefore, appropriate for Defendants to argue McKesson's lack of standing in opposition to McKesson's Motion. McKesson should not be rewarded for its tactical choice to withhold evidence and argumentation relevant to its own motion by being given the opportunity to file a reply. McKesson's Motion should, therefore, be denied.

### IV. DEFENDANTS' REQUEST FOR SANCTIONS WAS FORESEEABLE AND PROVIDES NO BASIS FOR A REPLY

Defendants' request for sanctions was foreseeable and provides absolutely no basis for a reply. It is well-settled that reconsideration is not appropriate to present new evidence that was available to the movant at the time the motion was heard. See, e.g., *KLOTH v. S. Christian University*, 2007 U.S. Dist. Lexis 76916, at *5-6 (D. Del. 2007). McKesson all but invited Defendants' request for sanctions by boldly seeking reconsideration of the Court's Recommendation based exclusively on evidence of repayment that was available long before McKesson filed its opposition to Defendants' Motion to Dismiss. If McKesson submitted this evidence earlier, as it should have, the Court could have considered such evidence before issuing

its Recommendation  This would have saved resources of the Court[3] and avoided the need for Defendants to expend considerable time and money in opposing the instant motion and McKesson's Motion for Reconsideration.  McKesson's violation of the rules provides no basis for a reply in this case.

McKesson's contention that Defendants somehow bear blame for McKesson's tactical decision to withhold evidence central to its opposition to Defendants' Motion to Dismiss is simply ludicrous.  McKesson's Br. Exh. A at 2.  It was McKesson, not Defendants, that put repayment into issue by suggesting that the loan documents created a security interest in the patents-in-suit. Without evidence of repayment, McKesson's entire opposition – which relies on repayment to extinguish a security interest – would be utterly meaningless.  Regardless of whether Defendants believed repayment to be relevant, McKesson chose to rely on a "security interest" defense, chose to rely only on promissory notes of questionable authenticity to evidence repayment, and chose not to bring to the Court's attention further evidence of repayment, despite the Court's direct inquiry into the issue during oral argument. To suggest that Defendants are somehow to blame for these poor choices defies logic and strains all bounds of reason.

Also far-fetched is McKesson's assertion that it was somehow justified in introducing new evidence of repayment because the Court disagreed with its version of the facts. McKesson Br. Exh. A at 2.  Motions for reconsideration are appropriate to correct errors of fact "not of reasoning but of apprehension" – i.e., only where the Court misapprehends a fact, as that

---

[3]    McKesson's contention that the Court somehow condoned McKesson's reliance on new evidence to support its Motion for Reconsideration is puzzling. McKesson Br. Exh. A at 4.  The Court expressly questioned McKesson's counsel during the June 4, 2008 teleconference as to an appropriate sanction for McKesson's failure to "make a record [of repayment] prior to the time that the Court spent its time and energy reaching a decision." 6/4/08 Tr. at 8-9.

fact was presented to the Court by the parties. See, e.g., *Samuel v. Caroll*, 505 F. Supp. 2d. 256, 261 (D. Del. 2007). Here, McKesson is not suggesting that the Court misunderstood or misapprehended the evidence already of record that was relied upon by McKesson to establish repayment (i.e., the canceled promissory notes). It is simply submitting new evidence of repayment that was readily available to it earlier precisely because the Court found the promissory notes insufficient to evidence repayment of the loan.[4] Such new evidence should not be permitted.

For these reasons, sanctions are entirely appropriate and provide no basis for a reply in this case.

V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny McKesson's Motion For Leave To File A Reply Brief In Support Of Its Motion For Reconsideration.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendants Swisslog Italia, S.p.A. and*
   *Translogic Corporation*

---

[4]    If McKesson's position were accepted by this Court, no motion seeking reconsideration based on evidence available earlier would ever be inappropriate. Under McKesson's rationale, a litigant would always be justified in filing a motion for reconsideration based on evidence available earlier anytime the Court disagreed with its version of the facts. This is not the law.

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

June 30, 2008

2388868

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 30, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Dale R. Dubé, Esquire
>Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 30, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

Dale R. Dubé, Esquire
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE  19801

Blair M. Jacobs, Esquire
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC  20004

*/s/ Julia Heaney*

Julia Heaney (#3052)
jheaney@mnat.com