IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-028 (SLR-LPS) |
| | ) |
| SWISSLOG ITALIA S.P.A. and | ) **PUBLIC VERSION** |
| TRANSLOGIC CORPORATION, | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS SWISSLOG ITALIA S.P.A'S
AND TRANSLOGIC CORPORATION'S BRIEF
IN OPPOSITION TO MCKESSON'S MOTION
<u>FOR RECONSIDERATION</u>**

                                          Morris, Nichols, Arsht & Tunnell LLP
                                          Julia Heaney (#3052)
                                          120 1 N. Market Street
                                          P.O. Box 1347
                                          Wilmington, DE  19899
                                          (302) 658-9200
                                          jheaney@mnat.com
                                              *Attorneys for Defendants Swisslog Italia, S.p.A. and*
                                              *Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

Confidential Version Filed: June 20, 2008
Public Version Filed: July 10, 2008

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................6

    A. MCKESSON'S MOTION SHOULD BE DENIED BECAUSE IT IS BASED ON INFORMATION PREVIOUSLY AVAILABLE TO MCKESSON ....................................................6

    B. MCKESSON'S MOTION SHOULD BE DENIED BECAUSE IT FAILS TO ESTABLISH MCKESSON'S STANDING TO MAINTAIN ITS INFRINGEMENT ACTION ...............................................................................................8

    C. MCKESSON SHOULD BE REQUIRED TO PAY SANCTIONS FOR SEEKING RECONSIDERATION BASED ON EVIDENCE AVAILABLE TO IT EARLIER ...............................12

III. CONCLUSION ....................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Akira Akazawa v. Link New Tech Int'l, Inc.*,
   520 F.3d 1354 (Fed. Cir. 2008)..................................................................................................10

*Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*,
   247 F.3d 79 (3d Cir. 2001).........................................................................................................10

*Brambles USA, Inc. v. Blocker*,
   735 F. Supp. 1239 (D. Del. 1990)................................................................................................7

*DDB Tech. L.L.C. v. MLB Advanced Media L.P.*,
   2008 U.S. App. LEXIS 3086 (Fed. Cir. 2008) ...........................................................................9

*Gottfried v. Miller*,
   104 U.S. 521 (1882).....................................................................................................................2

*Greenwald v. Orb Communications & Marketing, Inc.*,
   2003 WL 660844 (S.D.N.Y. 2003)..............................................................................................7

*Huegel v. Mifflin Construction Co.*,
   796 A.2d 350 (Pa. Super. Ct. 2002)..........................................................................................11

*In re Rambus*,
   Docket No. 9302 (March 26, 2003 Order Denying Respondent's Applications for
   Review of February 26, 2003, Order, etc.) ................................................................................7

*IPVenture, Inc. v. Prostar Comp., Inc.*,
   503 F.3d 1324 (Fed. Cir. 2007)....................................................................................................9

*Karr v. Castle,*
   768 F. Supp. 1087 (D. Del. 1991)................................................................................................7

*KLOTH v. Christian University*,
   2007 U.S. Dist. LEXIS 76916 (D. Del. 2007) ......................................................................7, 12

*Minco, Inc. v. Combustion Engineering, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996)......................................................................................................2

*Neville v. Scott*,
   127 A.2d 755 (Pa. Super. Ct. 1956)..........................................................................................11

*Regency Communications, Inc. v. Cleartel Communications, Inc.*,
   212 F. Supp. 2d 1 (D.D.C. 2002)..........................................................................................6, 12

*Singer Asset Finance Co., L.L.C. v. Bachus*,
   294 A.D.2d 818 (N.Y. App. Div. 2002) ...................................................................................10

*Von Lange v. Morrison-Knudsen Co., Inc.*,
    460 F. Supp. 643 (M.D. Penn. 1978) ...................................................................................11

*Welcome Co. v. Harriet Carter Gifts, Inc.*,
    1998 U.S. Dist. LEXIS (C.D. Cal. 1998) ................................................................................2

**RULES AND STATUTES**

35 U.S.C. § 251 ..............................................................................................................................2

35 U.S.C. § 261 ..............................................................................................................................3

Rule 11 ...........................................................................................................................................5

Rule 19 ...........................................................................................................................................9

Uniform Commercial Code ("UCC") .........................................................................................10

Case 1:06-cv-00028-SLR-LPS    Document 339    Filed 07/10/2008    Page 4 of 18

iii

I.   INTRODUCTION

Defendants Translogic Corporation ("Translogic") and Swisslog Italia S.p.A ("Swisslog") (together, "Defendants") submit this brief in opposition to plaintiff McKesson Automation, Inc.'s ("McKesson") Motion for Reconsideration (RE: D.I. 310). A declaration of Bryan N. DeMatteo ("DeMatteo Decl.") is submitted herewith.

McKesson's motion is improper and should be denied because a motion for reconsideration cannot be based on information that was readily available at the time the underlying motion was heard. All of the documents on which McKesson now relies to show that

REDACTED

before it filed its opposition to Defendants Motion to Dismiss in April, 2008. For its own tactical reasons, McKesson chose not to put those documents before the Court in its opposition or at oral argument on May 20, 2008. Now that the Court has ruled against McKesson, it should not now be given a second chance to put different evidence before the Court under the guise of a motion for reconsideration.

As a purported justification,            REDACTED

This is no excuse for failing to come forward with evidence central to McKesson's own argument.

REDACTED


In light of this, and this Court's direct inquiry into the issue at oral argument, it

REDACTED

1

REDACTED [1]   McKesson instead remained silent until after the Court rendered its decision. Blaming Defendants for these decisions demonstrates just how far McKesson has to stretch to come up with some ground for a motion for reconsideration.

More importantly, McKesson's motion should be denied because it does not resolve the question as to whether the patents-in-suit, *i.e.*, U.S. Patent No. 5,468,110 ("the '110 patent") and U.S. Patent No. 5,593,267 ("the '267 patent"),     REDACTED

REDACTED

REDACTED

---

[1]   REDACTED

[2]   As the Court noted at oral argument,     REDACTED
REDACTED   DeMatteo Decl. Exh. A.  To respond to the question posed at oral argument,     REDACTED
REDACTED

DeMatteo Decl. Exh. B.

REDACTED

McKesson's motion also fails to address serious issues of fact, such as the following:

- REDACTED

- REDACTED

- REDACTED

- REDACTED

- REDACTED

- In October, 2007, after the discovery cut-off, McKesson's counsel urged the Court REDACTED DeMatteo Decl. Exh. K. According to Blair Jacobs, lead counsel for McKesson:

    > [McKesson] noticed the depositions REDACTED that [it believes] have information that is extremely important to

3

understand the circumstances REDACTED
REDACTED . . . . We have no way of bringing that evidence into dispute this issue and to show REDACTED
REDACTED

*. . . [T]here would be great prejudice . . . if [McKesson] were not allowed just a brief additional period of time to gather facts that are necessary to fully apprise the court with regard to the circumstances surrounding the [loan] transaction.*

DeMatteo Decl. Exh. K at 4-6 (emphasis added). McKesson was allowed to conduct the depositions REDACTED
REDACTED

At a minimum, these and other facts evidence a clear *question* regarding

REDACTED

McKesson's position is particularly untenable, given that it requires this Court to (i) REDACTED

---

3  The fact that this issue REDACTED has been pending for so many months and has been the subject of ever changing theories and explanations by McKesson should, by itself, cast serious doubt as to whether the issue can and should be resolved by this Court at this time. The sheer volume of the submissions on the question of standing is telling. In addition to the instant motion, the parties have participated in six conferences with the Court, filed seven briefs and five declarations, and submitted approximately 40 exhibits on this one issue.

4

REDACTED

REDACTED

Defendants simply submit that this is not the proper forum to resolve REDACTED REDACTED

If this case is allowed to proceed in the absence REDACTED Defendants will face the possibility at any time of an additional claim of infringement REDACTED REDACTED

REDACTED

---

[4] These are not risks to which the Defendants should be subjected through no fault of their own.

[4] REDACTED

(Continued . . .)

REDACTED

McKesson should have resolved this issue before bringing suit and subjecting Defendants to the uncertainty and expense of this litigation.   REDACTED

REDACTED

## II. ARGUMENT

### A. MCKESSON'S MOTION SHOULD BE DENIED BECAUSE IT IS BASED ON INFORMATION PREVIOUSLY AVAILABLE TO MCKESSON

McKesson's motion is based on information readily available to it long before it filed its opposition to Defendants Motion to Dismiss and for this reason, should be denied. It is

---

(. . . continued)

REDACTED

well-settled that motions for reconsideration should be granted sparingly and only where: (1) there has been an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or manifest injustice. *Regency Communications, Inc. v. Cleartel Communications, Inc.*, 212 F. Supp. 2d 1 (D.D.C. 2002); *see also Karr v. Castle,* 768 F. Supp. 1087, 1090 (D. Del. 1991). Reconsideration motions are not intended to be opportunities "to take a second bite at the apple" or re-litigate matters already decided. *Greenwald v. Orb Communications & Marketing, Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. 2003)." *In re Rambus*, Docket No. 9302 (March 26, 2003 Order Denying Respondent's Applications for Review of February 26, 2003, Order, etc.) (McGuire, Ch. J.). Nor may motions for reconsideration be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). This Court has held that,

> Evidence that is not newly discovered does not support a motion for reconsideration. . . . *There is a strong policy against granting a motion for reconsideration when the motion is based on evidence that was readily available at the time that the original motion was heard*.

*KLOTH v Christian University*, 2007 U.S. Dist. LEXIS 76916, at *5-6 (D. Del. 2007) (emphasis added).

In this case, none of the evidence REDACTED relied upon by McKesson in its motion for reconsideration was newly discovered; all of it was available and accessible to McKesson long before McKesson filed its Opposition to Defendants' Motion to Dismiss. Defendants addressed       REDACTED       in their Opening Brief filed October 3, 2007 (D.I. 166) and, in their Reply Brief filed February 15, 2008 (D.I. 239).     REDACTED

REDACTED

7

REDACTED . McKesson had ample opportunity to present the additional evidence it now submits in its opposition to Defendants' motion, during numerous conferences with the Court or, at the very least, during oral argument. McKesson did not even ask at oral argument for leave to submit this additional evidence.

REDACTED

McKesson Br. at 1. McKesson's position is plainly untenable. REDACTED

As the Court noted in its Report and Recommendation, McKesson failed to make such a demonstration – a fact that McKesson apparently does not contest. McKesson should not now be allowed a second bite at the apple by submitting new evidence that it had every opportunity to submit earlier. McKesson's Motion for Reconsideration should, therefore, be denied.

    **B.    MCKESSON'S MOTION SHOULD BE DENIED BECAUSE IT FAILS TO ESTABLISH MCKESSON'S STANDING TO MAINTAIN ITS INFRINGEMENT ACTION**

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

These are precisely the kinds of prejudices that Rule 19 is meant to avoid and why Courts in cases such as *IPVenture, Inc. v. Prostar Comp., Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007) have held that all rights holders are necessary and indispensable parties who must be present to maintain an action for patent infringement.

REDACTED

The Federal Circuit in *DDB Tech. L.L.C. v. MLB Advanced Media L.P.*, 2008 U.S. App. LEXIS 3086 (Fed. Cir. 2008), made clear that, while state law governs the ultimate question of patent

---

[5] REDACTED

ownership and construction of contracts in general, patent assignment clauses in contracts are interpreted with respect to federal law solely in accordance with "the contractual language." *Id.* at 12.                                       REDACTED

Contrary to McKesson's contention, there is no basis to apply Article 9 of Pennsylvania's Uniform Commercial Code ("UCC") to rewrite       REDACTED
REDACTED .[6]

There is also no basis to look beyond the four corners of the assignment document to construe its meaning.                           REDACTED

See, e.g., *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 96 (3d Cir. 2001) ("a contract that is unambiguous on its face must be interpreted according to the natural meaning of its terms, unless the contract contains a latent ambiguity.").

REDACTED

*See, e.g., Singer Asset Finance Co., L.L.C. v. Bachus*, 294 A.D.2d 818, 820 (N.Y. App. Div. 2002):

> *[W]e would . . . conclude that the transaction between [the parties] is not a loan but an absolute assignment. . . . Although the documents executed by [the defendant] include a promissory note and a security agreement, the parties' intent to effect an assignment rather than a loan is evinced by the absolute and*

---

[6] McKesson cites to *Akira Akazawa v. Link New Tech Int'l, Inc.*, 520 F.3d 1354 (Fed. Cir. 2008) for the proposition that state law governs patent ownership. DeMatteo Decl. Exh. L at 47-48. While ownership of patents in general is a matter of state law, federal law governs interpretation of assignment clauses in contracts. Reading *DDB Tech. L.L.C. and Akira Akazawa* together would, therefore,          REDACTED

*irrevocable language of the assignment*.

*Id*. (emphasis added).   REDACTED

REDACTED

The potential prejudice attendant to a decision now   REDACTED REDACTED cannot be overstated. If, for example, Defendants lose the infringement case in Delaware,   REDACTED

Defendants would be subject to duplicative damages – potentially being liable to both McKesson and   REDACTED   for the same alleged acts of infringement. Or, alternatively, if Defendants win the infringement case in Delaware, for example, by establishing

---

7   REDACTED

the invalidity and unenforceability of the patents-in-suit, such a holding would not be binding in a subsequent suit REDACTED, who would be free to relitigate the issues of invalidity and unenforceability before a different court. REDACTED

REDACTED

The essential point is that these questions need not and should not be decided by this Court. REDACTED

### C. MCKESSON SHOULD BE REQUIRED TO PAY SANCTIONS FOR SEEKING RECONSIDERATION BASED ON EVIDENCE AVAILABLE TO IT EARLIER

As stated above, a motion for reconsideration cannot be based on evidence that was readily available to the movant at the time the original motion was heard. *Regency Communications, Inc.*, 212 F. Supp. 2d 1 (D.D.C.2002); *KLOTH*, 2007 U.S. Dist. LEXIS, at *5-6 (D. Del. 2007). REDACTED

If McKesson had done so, the Court could have considered such evidence earlier, which would have obviated the need for Defendants to oppose the instant motion.

12

REDACTED

If the Court grants Defendants' request for sanctions, Defendants respectfully request an opportunity to submit evidence of such legal fees and costs.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny McKesson's Motion For Reconsideration.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Julia Heaney*

        Julia Heaney (#3052)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
        jheaney@mnat.com
          *Attorneys for Defendants Swisslog Italia, S.p.A. and Translogic Corporation*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Richard LaCava
Bryan N. DeMatteo
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY  10036
(212) 277-6500

June 20, 2008

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 10, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Dale R. Dubé, Esquire
Blank Rome LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 10, 2008 upon the following individuals in the manner indicated

**BY E-MAIL**

| | |
|---|---|
| Dale R. Dubé, Esquire | Blair M. Jacobs, Esquire |
| Blank Rome LLP | Sutherland Asbill & Brennan LLP |
| Chase Manhattan Centre | 1275 Pennsylvania Avenue, NW |
| 1201 Market Street, Suite 800 | Washington, DC 20004 |
| Wilmington, DE 19801 | |

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)
jheaney@mnat.com