# Exhibit E

# Part 3

d)   a computer having a database containing the
     locations of all packages in the holding means able
     to receive orders for packages and able to direct
     the means for picking packages.

     25.   A system as described in claim 24 wherein the
structure includes a plurality of rod supports from which the
rods extend, said structure with back rod supports form an X, Y
coordinate system with each rod and medicine packages therein
having a unique X and Y coordinate, said picking means disposed
adjacent said structure such that a given medicine package on an
associated rod can be picked by the picking means to fill a
patient's prescription; or a given medicine package in the
supplying means can be picked by the picking means to restock the
associated rod.

     26.   A system as described in claim 25 including a
conveyor in communication with the picking means; and patient
prescription boxes which are moved by the conveyor to the picking
means such that the picking means provides the medicine packages
it has picked to fill a given prescription to an associated box.

     27.   A system as described in claim 26 wherein the
picking means includes at least one gripper that picks the
medicine packages; and a tooling support structure having at
least one column to support the tooling and at least one row to

~~support the column such that the tooling moves along the column~~
as the column moves along the row to pick a given medicine
package hanging from a corresponding support rod, or restock a
given medicine package on a corresponding support rod; and means
for moving the column with respect to the row, said moving means
controlled by the computer.

28.  A system as described in claim 27 wherein the
tooling is comprised of

a housing;

means for storing medicine packages attached to the
housing;

means for obtaining a medicine package, said
obtaining means slidingly attached to the housing such
that it can move in a Z direction, which is perpendicular
to the X and Y directions, to pick a medicine package
from a support structure when the housing is adjacent to
and aligned with a support rod, and can move in the Z
direction to place a picked package on the storing means;
and

wherein the identifying means is part of the gripper
such that it can identify a package to be picked by the
obtaining means, each of said packages having an identity
disposed on them which can be read by the identifying
means.

- 37 -

29. A system described in claim 28 wherein the identity
of each package is a bar code, and the identifying means includes
a bar code reader disposed on the obtaining means.

30. A system as described in claim 29 wherein
the obtaining means includes means for producing a
suction; a suction rod in fluidic connection with the
suction producing means, said suction rod slidingly
attached with respect to the Y and Z directions to the
housing and maintaining a suction therethrough when the
suction producing means is activated;
a suction is connected to the suction rod through
which a medicine package is picked with suction; and
means for sensing when a package is properly positioned
on the suction head such that the package rod is then
moved to the storing means and deposits the package
thereon.

31. A system as described in claim 30 wherein the
storing means is a storing rod which extends from the housing
such that the suction head and the suction rod can deposit a
package thereon.

32. A system as described in claim 31 wherein the
tooling includes valves and pneumatic cylinders for moving the
suction rod in the Y and Z direction; and a vacuum pump for

providing suction to the suction rod and support head sufficient
to pick a package from a rod of the support structure and then
hold it to the suction head.

33.  A system as described in claim 32 wherein the
suction head has two faces through which a suction can be drawn,
each face capable of picking a package.

34.  A system as described in claim 33 wherein the two
faces are parallel to each other and are parallel to the x-axis,
and wherein each package has a face and the package are held by
the storing rod and the rods of the support structure such that
the face of each package is parallel to the x-axis.

35.  A system as claimed in claim 24 wherein the rods
extend from the back rod supports in sets of two, with a first
rod and a second rod on each set pointing essentially in a Z
direction, which is perpendicular to the X and Y directions, but
approximately 180° apart from each other, and wherein the picking
means includes a first gripper and a second gripper that picks
the medicine packages; and a first and second tooling support
structure each tooling support structure having at least one
column and at least one row to support the column, such that the
first and the second tooling moves along the respective column
and the respective column moves along the respective row of the
first and second tooling support structure, respectively, to pick

~~a given medicine package from a corresponding support rod, or restock a support rod with an associated medicine package.~~

36.  A system as described in claim 20 wherein the picking means includes at least one gripper that picks the packages; and a tooling support structure having at least one column to support the tooling and at least one row to support the column such that the tooling moves along the column as the column moves along the row to pick a given package hanging from a corresponding support rod, said gripper able to turn on the column to pick packages on either the first or second holding means; and

means for moving the column with respect to the row, said moving means controlled by a computer and in communication therewith.



871833

ABSTRACT OF THE DISCLOSURE

A system for filling orders, such as prescriptions for
patients, comprising a device for holding packages.  Each package
has the same type of contents being held in a predetermined
location by the holding device.  Each package has an identity
which defines the contents therein.  The holding device has a
plurality of predetermined locations corresponding to a plurality
of different types of contents.  Additionally, the system is
comprised of a device for supplying packages to the holding
device.  Also, there is a device for picking a package from the
holding device that is identified in the order for the purpose of
restocking the holding device.  The picking device is in
communication with the holding device and supplying device.  In a
preferred embodiment, the contents of each package is a single
dosage of medicine.

-41-

Docket No. 920015

### DECLARATION AND POWER OF ATTORNEY

I, the below named inventor, hereby declare that:

My residence, post office address and citizenship is as stated below next to my respective name.

I believe I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled
the specification of which is attached hereto.
I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56(a).

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing of this application.

| Application Serial No. | Filing Date | Status (Patented, Pending, Abandoned) |
|---|---|---|
| 07/469,217 | 1/24/90 | Pending |
| | | |
| | | |
| | | |
| | | |

I hereby declare that all statements made hereby of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorney(s) to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith: Lynn J. Alstadt, Reg. No. 29,362; George P. Baier, Reg. No. 26,717; Paul A. Beck, Reg. No. 22,289; Michael L. Dever, Reg. No. 32,216; Gordon Harris, Reg. No 15,384, George Raynovich, Jr., Reg. No. 19,829 and Alvin E. Ring, Reg. No. 18,697.

Address all telephone calls to   Lynn J. Alstadt
Address all correspondence to   Buchanan Ingersoll Professional Corporation,
56th Floor, 600 Grant Street
Pittsburgh, Pennsylvania 15219
(412) 562-1632

*1-00*

Full name of sole or first inventor ___Sean C. McDonald___

Inventor's Signature ___Sean McDonald___                                    Date ___4/20/92___

Residence ___Pittsburgh, Allegheny County, Pennsylvania___ PA    Citizenship ___USA___

Post Office Address ___419 South Braddock Avenue, Pittsburgh, Pennsylvania   15221___


Full name of second joint inventor, if any ___Ellen J. Hertz___

Inventor's Signature _____    Date _____

Residence ___Clemmons, Forsyth County, North Carolina___           Citizenship ___USA___

Post Office Address ___4232 Lake Cliff Drive, Clemmons, North Carolina 27012___


*2-00*

Full name of third joint inventor, if any ___James A. Smith___

Inventor's Signature ___James A. Smith___                                    Date ___4/20/92___

Residence ___Allison Park, Allegheny County, Pennsylvania___ PA    Citizenship ___USA___

Post Office Address ___3909 Ash Drive, Allison Park, Pennsylvania   15101___


Full name of fourth joint inventor, if any ___Gregory Toto___

Inventor's Signature _____    Date _____

Residence ___Santa Cruz, Santa Cruz County, California___           Citizenship ___USA___

Post Office Address ___815B Corcoran Avenue, Santa Cruz, California 95062___


Full name of fifth joint inventor, if any _____

Inventor's Signature _____    Date _____

Residence _____               Citizenship _____

Post Office Address _____

Applicant or Patentee: _ ·an C. McDonald et al. _____    _____

Attorney's Serial or Paten. o.: _____    Docket No.: __920015__

Filed or Issued: _____

AN AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA

VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS
(37 CFR 1.9(f) and 1.27(c)) - SMALL BUSINESS CONCERN

I hereby declare that I am

| | the owner of the small business concern identified below:
|X| an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN   Automated Healthcare, Inc.

ADDRESS OF CONCERN   261 Kappa Drive
            Pittsburgh, Pennsylvania 15238

I hereby declare that the above identified small business concern qualified as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention, entitled AN AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA _____ by inventor(s) Sean C. McDonald, Ellen J. Hertz, James A. Smith and Gregory Toto _____
described in

|X| the specification filed herewith
| | application serial no. _____, filed _____
| | patent no. _____, issued _____.

If the rights held by the above-identified small business concern are not exclusive, each individual, concern or organization having rights to the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who could not qualify as a small business concern under 37 CFR 1.9(d) or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e). *Note: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

NAME _____

ADDRESS _____
            | | Individual     | | Small Business Concern      | | Nonprofit Organization

NAME _____

ADDRESS _____
            | | Individual     | | Small Business Concern      | | Nonprofit Organization

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING   Sean C. McDonald

TITLE OF PERSON OTHER THAN OWNER   President

ADDRESS OF PERSON SIGNING   261 Kappa Drive
            Pittsburgh, Pennsylvania 15238

SIGNATURE _Sean M. Donald_    DATE 4/20/92



Figure 1

295495

| APPROVED | O.G. FIG. | |
|----------|-----------|--|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |



Figure 2





Figure 3







Figure 4



Figure 5







Figure 6

APPROVED BY DRAFTSMAN | O.G. FIG.
CLASS | SUBCLASS

295495



Figure 7



FIGURE 8



FIGURE 9



07 871832

FIGURE 10

07 871832



80 PSI air line

Figure 11



| APPROVED | O.G. FIG. | |
|----------|-----------|----------|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |



Figure 12

| APPROVED | O.G. FIG. | |
|---|---|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |





Figure 13

| APPROVED | O.G. FIG. |  |
| BY | CLASS | SUBCLASS |
| DRAFTSMAN |  |  |





Figure 14



Figure 15



Figure 16



Figure 17

07 871832

07 871832



Figure 18



Figure 19

07 871832

| CERTIFICATE OF MAILING BY " EXPRESS MAIL " UNDER 37 CFR 1.10 – SEPARATE PAPER – | ATTORNEY'S DOCKET NO. 920015 |
|---|---|

| IN RE APPLICATION OF Sean C. McDonald et al. | |
|---|---|
| SERIAL NUMBER | FILED |

FOR AN AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA (CIP of Serial No. 469,217, Filed 1/24/90)

| GRP. ART UNIT | EXAMINER |
|---|---|

" Express Mail " mailing label number  B84265991

Date of deposit _____ April 21, 1992 _____


I hereby certify that this paper or fee is being deposited with

the United States Postal Service " Express Mail Post Office to

Addressee " service under 37 CFR 1.10 on the date indicated above

and is addressed to the Commissioner of Patents and Trademarks,

Washington, D.C. 20231.


Lynn J. Alstadt
( Typed or printed name of person mailing paper or fee )

( Signature of person mailing paper or fee )

MAIL ROOM
APR 21 1992
51
PAT. & TRADEMARK OF.

Form PTO-FB-A640 ( 8-83 )    Patent and Trademark Office - U.S. DEPT. of COMMERCE



Figure 1



OT 871832



Figure 2

As Originally Filed

OT 871832



Figure 3

Print of Drawings
As Originally Filed

UT 871832



Figure 4

Print of Drawings
As Originally Filed

07 871832



Figure 5



07 871832



Figure 6



07 871832



Figure 7



FIGURE 8



FIGURE 9

Print Of Drawings
As Originally Filed

01 871832



FIGURE 10

Print of Drawings
As Originally Filed

07 871832



Figure 11



01 871832



Figure 12



Print of Drawings
As Originally Filed

07 871832



Figure 13



01 871832



Figure 14



Figure 15



Figure 16



Figure 17

01 871832



Print of Drawings
As Originally Filed

OT 871832

Figure 18

115 → Start Return

116 → Scan Box

117 → Identify Patient ID and Nursing Unit

118 → Check Patient Location

119 → Label Box With Correct Location

120 → Retrieve Patient Dispensing Record

121 → Display Record

122 → Scan Packages

123 → Verify

124 → Is Drug OK?

YES

NO

Return to Storage

125 → Discard

129

STOP

126

Scan Any Additional Packages

Process Return List

127

128



Figure 19



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTY DOCKET NO./TITLE |
|---|---|---|---|---|
| 07/871,832 | 04/21/92 | MCDONALD | S | 920015 |

```
LYNN J. ALSTADT
BUCHANAN INGERSOLL PROFESSIONAL CORP.
56TH FLOOR, 600 GRANT ST.
PITTSBURGH, PA 15219                                        0000
```

DATE MAILED:    05/11/92

## NOTICE TO FILE MISSING PARTS OF APPLICATION
## FILING DATE GRANTED

A filing date has been granted to this application. However, the following parts are missing.

If all missing parts are filed within the period set below, the total amount owed by applicant as a

☐ large entity, ☑ small entity (verified statement filed), is $ 65⁰⁰ .

1. ☐  The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity
    ☐ small entity, must submit $ _____ to complete the basic filing fee and MUST ALSO
    SUBMIT THE SURCHARGE AS INDICATED BELOW.

2. ☐  Additional claim fees of $ _____ as a ☐ large entity ☐ small entity, including any required multiple
    dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional
    claims for which fees are due. NO SURCHARGE IS REQUIRED FOR THIS ITEM.

3. ☐  The oath or declaration:
    ☐  is missing.
    ☐  does not cover items omitted at time of execution.
    An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application
    Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED
    BELOW.

4. ☐  The oath or declaration does not identify the application to which it applies. An oath or declaration in
    compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date
    is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

5. ☐  The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the
    inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in
    compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date
    is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW..

6. ☑  The signature of the following joint inventor(s) is missing from the oath or declaration:
    _E.A. Herts + G. Toto_ An oath or declaration listing the names of all inventors and signed by
    the omitted inventor(s), identifying this application by the above Application Number and Receipt Date is
    required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

7. ☐  The application was filed in a language other than English. Applicant must file a verified English
    translation of the application and a fee of $30.00 under 37 CFR 1.17(k), unless this fee has already been
    paid. NO SURCHARGE IS RERQUIRED FOR THIS ITEM.

8. ☐  A $50.00 processing fee is required for returned checks. (37 CFR 1.21(m)).

9. ☐  Your filing receipt was mailed in error because check was returned without payment.

10. ☐  Other. 120⁰⁰    65⁰⁰
    An Application Number and Filing Date have been assigned to this application. The missing parts and fees
    identified above in items 1 and 3-6 must be timely provided ALONG WITH THE PAYMENT OF A
    SURCHARGE of $120.00 for large entities or $60.00 for small entities who have filed a verified statement
    claiming such status. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given ONE MONTH FROM
    THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE of this application,
    WHICHEVER IS LATER, within which to file all missing parts and pay any fees required above to avoid
    abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee
    under the provisions of 37 CFR 1.136(a).

Direct the response to, and any questions about, this notice to ATTENTION: Application Division,
Special Handling Unit.

*A copy of this notice **MUST** be returned with response.*

For: Manager, Application Division
(703) 557- 308-1202



**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of | : | |
| SEAN McDONALD et al. | : | AN AUTOMATED SYSTEM FOR SELECTING AND |
| Serial No. 07/871,832 | : | DELIVERING PACKAGES FROM A STORAGE AREA |
| Filed April 21, 1992 | : | |

L E T T E R

Pittsburgh, Pennsylvania 15219

June 22, 1992

Hon. Commissioner of Patents and Trademarks

    Washington, D.C.  20231

Sir:

    This is in response to the Notice to File Missing Parts of Application mailed May 11, 1992.  Submitted herewith is an original supplemental Declaration and Power of Attorney signed by the four inventors of the above-identified patent application.  A check in the amount of $65.00 is also enclosed to cover the surcharge fee.  Any additional fees may be charged against deposit account No. 02-4553.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on

June 22, 1992

Buchanan Ingersoll

By _____

Lynn J. Alstadt

Registration No. 29,362

Attorneys for Applicants

(412) 562-1632



Docket No. __920015__

### DECLARATION AND POWER OF ATTORNEY

I, the below named inventor, hereby declare that:

My residence, post office address and citizenship is as stated below next to my respective name.

I believe I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled AN AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA, the specification of which was filed on April 21, 1992, and bears Serial No. 07/871,832. I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56(a).

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing of this application.

| Application Serial No. | Filing Date | Status (Patented, Pending, Abandoned) |
|---|---|---|
| 07/469,217 | 1/24/90 | Abandoned |
| | | |
| | | |
| | | |
| | | |

I hereby declare that all statements made hereby of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorney(s) to prosecute this application and to transact all business in the Patent and Trademark Office connected herewith: Lynn J. Alstadt, Reg. No. 29,362; George P. Baier, Reg. No. 26,717; Paul A. Beck, Reg. No. 22,269; Michael L. Dever, Reg. No. 32,216; Craig N. Killen, Reg. No. 35,218; George Raynovich, Jr., Reg. No. 19,829 and Alvin E. Ring, Reg. No. 18,697.

Address all telephone calls to   Lynn J. Alstadt
Address all correspondence to   Buchanan Ingersoll Professional Corporation,
56th Floor, 600 Grant Street
Pittsburgh, Pennsylvania 15219
(412) 562-1632

*1-00*

Full name of sole or first inventor  Sean C. McDonald
Inventor's Signature _____  Date 6-19-92
Residence  Pittsburgh, Allegheny County, Pennsylvania  *Pa*  Citizenship  USA
Post Office Address  419 South Braddock Avenue, Pittsburgh, Pennsylvania  15221

*2-00*

Full name of second joint inventor, if any  Ellen J. Hertz
Inventor's Signature _____  Date 6-8-92
Residence  Clemmons, Forsyth County, North Carolina  *NC*  Citizenship  USA
Post Office Address  4232 Lake Cliff Drive, Clemmons, North Carolina  27012

*3-00*

Full name of third joint inventor, if any  James A. Smith
Inventor's Signature _____  Date 6/19/92
Residence  Allison Park, Allegheny County, Pennsylvania  *Pa*  Citizenship  USA
Post Office Address  3909 Ash Drive, Allison Park, Pennsylvania  15101

*4-00*

Full name of fourth joint inventor, if any  Gregory Toto
Inventor's Signature _____  Date 6/18/92
Residence  Santa Cruz, Santa Cruz County, California  *Ca*  Citizenship  USA
Post Office Address  815B Corcoran Avenue, Santa Cruz, California  95062

Full name of fifth joint inventor, if any _____
Inventor's Signature _____  Date _____
Residence _____  Citizenship _____
Post Office Address _____



65.-205  A/N

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| FILING DATE | FIRST NAMED APPLICANT | ATTY DOCKET NO./TITLE |
|---|---|---|

MAIL ROOM JUN 24 1992 PATENT & TRADEMARK OFF.

DATE MAILED:

## NOTICE TO FILE MISSING PARTS OF APPLICATION
## FILING DATE GRANTED

RECEIVED
JUN 30 1992
APPLICATION BRANCH

A filing date has been granted to this application. However, the following parts are missing.

If all missing parts are filed within the period set below, the total amount owed by applicant as a

☐ large entity, ☑ small entity (verified statement filed), is $ _____

1. ☐   The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity, must submit $ _____ to complete the basic filing fee and MUST ALSO SUBMIT THE SURCHARGE AS INDICATED BELOW.

2. ☐   Additional claim fees of $_____ as a ☐ large entity ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due. NO SURCHARGE IS REQUIRED FOR THIS ITEM.

3. ☐   The oath or declaration:
   ☐   is missing.
   ☐   does not cover items omitted at time of execution.

   An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

4. ☐   The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

5. ☐   The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW..

6. ☑   The signature of the following joint inventor(s) is missing from the oath or declaration:

   _____: An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Receipt Date is required. A SURCHARGE MUST ALSO BE SUBMITTED AS INDICATED BELOW.

7. ☐   The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $30.00 under 37 CFR 1.17(k), unless this fee has already been paid. NO SURCHARGE IS RERQUIRED FOR THIS ITEM.

8. ☐   A $50.00 processing fee is required for returned checks. (37 CFR 1.21(m)).

9. ☐   Your filing receipt was mailed in error because check was returned without payment.

10. ☐   Other.

   An Application Number and Filing Date have been assigned to this application. The missing parts and fees identified above in items 1 and 3-6 must be timely provided ALONG WITH THE PAYMENT OF A SURCHARGE of $120.00 for large entities or $60.00 for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE of this application, WHICHEVER IS LATER, within which to file all missing parts and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

Direct the response to, and any questions about, this notice to ATTENTION: Application Division, Special Handling Unit.

## *A copy of this notice MUST be returned with response.*

For: Manager, Application Division
(703) 557-_____

1 205     65.00 CK



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of                    :

SEAN McDONALD et al.                    :    AN AUTOMATED SYSTEM
                                             FOR SELECTING AND
Serial No. 07/871,832                   :    DELIVERING PACKAGES FROM
                                             A STORAGE AREA
Filed April 21, 1992                    :

                                                    RECEIVED

      INFORMATION DISCLOSURE STATEMENT                JUN 2 8 1992
         UNDER 37 C.F.R. §1.56
                                                    GROUP 230

                              Pittsburgh, Pennsylvania  15219

                              July 21, 1992

Hon. Commissioner of Patents and Trademarks

      Washington, D.C.  20231

Sir:

      The above-identified patent application is a

continuation-in-part of Serial No. 07/469,217, now abandoned.

Applicants advise the Office that the only pertinent prior art of

which they are aware was cited in the parent application or its

corresponding European counterpart.  A copy of the European

search report and references there cited is enclosed.

                              Respectfully submitted,

                              BUCHANAN INGERSOLL, P.C.

I hereby certify that this correspondence is being depo-
sited with the United States Postal Service as first
class mail in an envelope addressed to: Commissioner
of Patents and Trademarks, Washington, D.C. 20231,
on
      July 21, 1992                   By
      Buchanan Ingersoll                    Lynn J. Alstadt
                                            Registration No. 29,362

                                      Attorneys for Applicants

      (412) 562-1632

SHEET 1 OF 1

| FORM PTO-1449 (Rev. 7-80) | U.S. Department of Commerce Patent and Trademark Office | | ATTY. DOCKET NO. 920015 | | SERIAL NO. 07/871,382 | | |
|---|---|---|---|---|---|---|---|
| LIST OF PRIOR ART CITED BY APPLICANT *(Use several sheets if necessary)* | | | APPLICANT Sean McDonald et al. | | | | |
| | | | FILING DATE April 21, 1992 | | GROUP 3007 | | |

Port of paper #4

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| ✓ | AA | 3,986,612 | 10/76 | Kamm et al. | 209 | 111.7 | |
| ✓ | AB | 4,687,390 | 7/87 | Bonneton et al. | 414 | 282 | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | RECEIVED | | |
| | AF | | | | JUL 2 8 1992 | | |
| | AG | | | | GROUP 230 | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| ✓ | AL | 2 596 299 | 10/87 | French | — | — | | ✓ |
| ✓ | AM | FR85/00232 | 8/84 | PCT | — | — | ✓ | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

**OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER F. E. Werner | DATE CONSIDERED 9/93 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with PEP 609. Draw line through question if not in conformance and not considered. Include copy of this form with next communication to applicant

EUROPEAN PATENT
OFFICE
Branch at
The Hague
Search
Division

OFFICE EUROPEEN
DES BREVETS
Département à
La Haye
Division de la
recherche

P.B.5818 Patentlaan, 2
2280 HV RIJSWIJK (ZH)
Pays-Bas / Netherlands / Niederlande

Telex 31651
(070) 340-20 40
BREVPATENT



Jones, Michael Raymond
HASELTINE LAKE & CO.
Hazlitt House
28 Southampton Buildings
Chancery Lane
London WC2A 1AT
GRANDE BRETAGNE



HASELTINE LAKE & CO.
ACKNOWLEDGEMENT
REF.
29 JUL 1991
ORIGL. TO
COPY

26. 07. 91

| Zeichen/Ref./Réf. | Anmeldung Nr /Application No./Demande n° //Patent Nr /Patent No /Brevet n° |
|---|---|
| HL42220/000/MRJ | 91300543.5- |

Anmelder/Applicant/Demandeur//Patentinhaber/Proprietor/Titulaire
AUTOMATED HEALTHCARE, INC.

## COMMUNICATION

The European Patent Office herewith transmits

[X] the European search report

[ ] the declaration under Rule 45 of the European Patent Convention

[ ] the partial European search report under Rule 45 of the European Patent Convention

[ ] the supplementary European search report concerning the international application number

relating to the above-identified European patent application; copies of the documents cited in the search report are enclosed.

The Search Division approved the following items, as submitted by the applicant:

[X] Abstract          [X] Title          [ ] Figure

[ ] The abstract was modified by the Search Division and the definitive text is attached to the present communication.

[✓] The following figure will be published with the abstract, since the Search Division considers that it ~~better~~ characterises the invention ~~than the one indicated by the applicant.~~

Figure:

[ ] Additional copy(ies) of the documents cited in the European search report.



## REFUND OF THE SEARCH FEE

If applicable under Art.10 of the Rules relating to fees, a separate communication from the Receiving Section on the refund of the search fee will be sent to you later.

EPO Form 1507 07.90



European Patent Office

## EUROPEAN SEARCH REPORT

Application Number

EP  91 30 0543

### DOCUMENTS CONSIDERED TO BE RELEVANT

| Category | Citation of document with indication, where appropriate, of relevant passages | Relevant to claim | CLASSIFICATION OF THE APPLICATION (Int. Cl.5) |
|---|---|---|---|
| X | US-A-4 678 390  (BONNETON)<br>* Column 6, lines 50-57; column 10, lines 33-47; column 13, lines 46-54; column 16, lines 3-12; figures * | 1,19,20 | B 65 G    1/137 |
| Y |  | 2,3,4,5<br>,8,18 |  |
| A |  | 11,12,<br>21,22,<br>23 |  |
|  | --- |  |  |
| Y | FR-A-2 596 299  (COMPAGNIE GENERALE D'AUTOMATISME CGA-HBS)<br>* Page 6, line 28 - page 13, line 19; figures * | 2,3,4,5<br>,8,18 |  |
|  | --- |  |  |
| A | US-A-3 986 612  (KAMM)<br>* Column 1, lines 32-46; figures * | 1,22 |  |
| X |  | 19 |  |
|  | --- |  |  |
| A | WO-A-8 601 386  (SOCIETE VYNEX)<br>* Page 11, lines 3-13; figures *<br>----- | 6,21 | TECHNICAL FIELDS SEARCHED (Int. Cl.5)<br><br>B 65 G<br>G 06 F |

The present search report has been drawn up for all claims

| Place of search | Date of completion of the search | Examiner |
|---|---|---|
| THE HAGUE | 26-06-1991 | OSTYN T.J.M. |

EPO FORM 1503 03.82 (P0401)

CATEGORY OF CITED DOCUMENTS

X : particularly relevant if taken alone
Y : particularly relevant if combined with another
    document of the same category
A : technological background
O : non-written disclosure
P : intermediate document

T : theory or principle underlying the invention
E : earlier patent document, but published on, or
    after the filing date
D : document cited in the application
L : document cited for other reasons
----------------------------------------
& : member of the same patent family, corresponding
    document

## ANNEX TO THE EUROPEAN SEARCH REPORT
## ON EUROPEAN PATENT APPLICATION NO.

EP  91 30 0543

This annex lists the patent family members relating to the patent documents cited in  the above-mentioned European search report.
The members are as contained in the European Patent Office EDP file on 17/07/91
The European Patent Office is in no way liable for these particulars which are merely given for the purpose of information.

| Patent document cited in search report | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|
| US-A- 4678390 | 07-07-87 | EP-A,B | 0235488 | 09-09-87 |
| FR-A- 2596299 | 02-10-87 | US-A-<br>US-A- | 4874281<br>4971513 | 17-10-89<br>20-11-90 |
| US-A- 3986612 | 19-10-76 | None | | |
| WO-A- 8601386 | 13-03-86 | FR-A-<br>AU-A-<br>CA-A-<br>DE-A-<br>EP-A,B<br>US-A- | 2569548<br>4775185<br>1240769<br>3562863<br>0192690<br>4797819 | 07-03-86<br>24-03-86<br>16-08-88<br>30-06-88<br>03-09-86<br>10-01-89 |

For more details about this annex : see Official Journal of the European Patent Office, No. 12/82

GP 310



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Group Art Unit 3101 | : PATENT APPLICATION |
| In re application of | : |
| SEAN MCDONALD ET AL. | : AN AUTOMATED SYSTEM |
| | FOR SELECTING AND |
| Serial No. 871,832 | : DELIVERING PACKAGES FROM A |
| | STORAGE AREA |
| Filed April 21, 1992 | : |

STATUS LETTER

Pittsburgh, Pennsylvania  15219

September 23, 1993

Hon. Commissioner of Patents and Trademarks

       Washington, D. C.  20231

Sir:

       Please advise us of the status of the above-identified

patent application.

                              Respectfully submitted,

                              *Lynn J. Alstadt*
                              Lynn J. Alstadt
                              Registration No. 29,362
                              BUCHANAN INGERSOLL, P.C.
                              56th Floor, 600 Grant Street
                              Pittsburgh, Pennsylvania  15219

(412) 562-1632

Status Letter
Expected date for
action on this application
with action of 10/83
Mo._____ Yr._____

                              Examiner

                              FRANK E. WERNER
                              PRIMARY EXAMINER



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**    Sn07/871832
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | MCDONALD | S    920015 |

FIM1/1015

PENN & JACKSON PROFESSIONAL CORP.

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 6 |

EXAMINER

WERNER,F

DATE MAILED:    10/15/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___**3**___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.  35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☑ Notice re Patent Drawing, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☑ Status Letter (Sept.28,1993)

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _1~36_ _____ are pending in the application.

    Of the above, claims _24-35_ _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1-23 and 36_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☑ Claims _1~36_ _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____ . Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received

    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 871832                          -2-

Art Unit    317

-PART III-

1.    Restriction to one of the following inventions is required

under 35 U.S.C. § 121:

I.    Claims 1-23 and 36, drawn to a storage area (with X-Y

coordinates, automated picking means and a computer

subcombination, classified in Class 414, subclass 273.

II.    Claims 24-35, drawn to a holding means, supply means,

picking means and a computer combination, classified in Class

414, subclass 281.

2.    The inventions are distinct, each from the other because of

the following reasons:

3.    Inventions II and I are related as combination and

subcombination.  Inventions in this relationship are distinct if

it can be shown that (1) the combination as claimed does not

require the particulars of the subcombination as claimed for

patentability, and (2) that the subcombination has utility by

itself or in other combinations.  (M.P.E.P. § 806.05(c)).  In the

instant case, the combination as claimed does not require the

particulars of the subcombination as claimed because at least

base claim 1 (of the Group II invention) can have a non-gripping

support picking means and can have the support rods in a non-X-Y

arrangement.  The subcombination has separate utility such as

being utilized alone or in combinations.

4.    Because these inventions are distinct for the reasons given

Serial No. 871832                              -3-

Art Unit   317

above and have acquired a separate status in the art as shown by
their different classification, restriction for examination
purposes as indicated is proper.

5.     During a telephone conversation with Mr. Alstadt on Sept.
30, 1993 a provisional election was made with traverse to
prosecute the invention of Group I, claims 1-23 and 36.
Affirmation of this election must be made by applicant in
responding to this Office action.  Claims 24-35 are withdrawn
from further consideration by the Examiner, 37 C.F.R. § 1.142(b),
as being drawn to a non-elected invention.

6.     Applicant is reminded that upon the cancellation of claims
to a non-elected invention, the inventorship must be amended in
compliance with 37 C.F.R. § 1.48(b) if one or more of the
currently named inventors is no longer an inventor of at least
one claim remaining in the application.  Any amendment of
inventorship must be accompanied by a diligently-filed petition
under 37 C.F.R. § 1.48(b) and by the fee required under 37 C.F.R.
§ 1.17(h).

7.     Claims 1-23 and 36 are rejected under 35 U.S.C. § 112,
second paragraph, as being indefinite for failing to particularly
point out and distinctly claim the subject matter which applicant
regards as the invention.

        A double inclusion of structure is present re "automated
picking means "(claim 1, line 9), "a computer" (claim 1, line

Serial No. 871832                                    -4-

Art Unit   317


15), "storage area locations" (claim 1, lines 11 and 12), "a

package" (claim 3, line 2), "automated picking means" (claim 9,

line 6), and "in memory" (claim 21, line 24).  No antecedent

basis exists for "the first or second holding means" (claim 36,

lines 8 and 9).  Further, re claim 1, it is not understood what

the storage area locations are structurally comprised of; also,

no means has been claimed to move the picking means; lastly, it

is not clear how the types are distinguished from each other.  Re

claims 9 and 10, no means has been set forth to move the supply

station and it is not clear as to what the supply station is

structurally comprised of.

8.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

9.   This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered

Serial No. 871832                                    -5-

Art Unit    317

therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

10.  Claims 1, 7, 9, 10, 12-14, 22 and 23 are rejected under 35

U.S.C. § 103 as being unpatentable over Morello et al.

    Morello et al disclose storage areas 40, automated picking

means 20, 62, etc. on tracks 98 (99) and computer means 16 to

assign the package to X-Y coordinates (column 11, lines 11-17)

and to control the picking means.  It would have been obvious to

have operated the system in the claimed manner.  Re claim 9, note

supply station 22.  It would have been an obvious and

conventional extension of Morello et al's matrix to have included

a matrix supply station.  Re claims 12 & 13, it would have been

obvious to have programmed the computer in the claimed manner, if

desired.  Re claim 14, it would have been obvious to have

included a conveyor to minimize manual intervention.  Re claim

22, it would have been obvious to have handled medicine packages,

if desired.

    Re claim 10, the use of a conventional movable supply

station to lend flexibility to the system would have been

obvious.

11.  Claims 3 & 2 are rejected under 35 U.S.C. § 103 as being

unpatentable over Morello et al as applied to claims 1, 7, 9, 10,

12-14, 22 and 23 above, and further in view of Boucher, Jr. et al

Serial No. 871832                          -6-

Art Unit   317

or Pohjonen.  Boucher, Jr. et al (62,64) or Pohjonen et al (Sa)

disclose and render obvious the substitution of a vacuum head.

Re claim 3, Boucher, Jr. el (24,26) teach that it would have been

obvious to have included a sensor for the package.

12.  Claims 4-6 are rejected under 35 U.S.C. § 103 as being

unpatentable over Morello et al as applied to claims 1, 7, 9, 10,

12-14, 22 & 23 above, and further in view of O'Neil et al.

     O'Neil et al (100,102, 97) teach and render obvious the use

of a machine readable label to identify the contents.  That the

reader be conventionally attached to the gripper would have been

obvious.  Re claim 6, it would have been obvious to have included

any relevant information on the label, including an expiration

date.

13.  Claims 8 & 11 are rejected under 35 U.S.C. § 103 as being

unpatentable over Morello et al as applied to claims 1, 7, 9, 10,

12-14, 22 & 23 above, and further in view of the European Patent.

     It would have been obvious to have substituted rods and

holes in the package as taught by the European Patent (1,15,

etc.)

14.  Claim 15 is rejected under 35 U.S.C. § 103 as being

unpatentable over Morello et al as applied to claims 1, 7, 9, 10,

12-14, 22 and 23 above, and further in view of Buttarazzi.

     Buttarazzi (42,21,88,etc.) teach and render obvious the

alternate use of containers (filled by picking means) placed on a

Serial No. 871832                          -7-

Art Unit    317

conveyor.  The use of conventional plural containers (as claimed)
would have been obvious.

15.  Claims 16-21 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Buttarazzi as applied
to claim 15 above, and further in view of O'Neil et al or
Henderson.

   Re claim 16, it would have been obvious to have included a
machine readable label as taught by O'Neil et al or Henderson
(34).  The use of a conventional check station (re claims 20 and
21) operating as claimed would have been obvious.

16.  Claim 36 is rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Buttarazzi & O'Neil et
al or Henderson as applied to claims 16-21 above, and further in
view of the European Patent.

   Note the obviousness discussion of the European Patent
above.  It would have been obvious to have conventionally
accessed the rods in the claimed manner.

17.  The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.

18.  Any inquiry concerning this communication or earlier
communications from the examiner should be directed to F.E.
Werner whose telephone number is (703) 308-1140.

   Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-1113.

Summary:

Serial No. 871832                          -8-

Art Unit   317


    Claims 1-23 and 36 are rejected

    Claims 24-35 are withdrawn

    Rejection-SSP 3 mos.



Werner/oc
October 08, 1993
October 12, 1993

FRANK E WERNER
PRIMARY EXAMINER 10/93
GROUP 3100

PTO FORM 948
(Rev 6-91)

GROUP 3107

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| ATTACHMENT TO PAPER NUMBER |
|---|
| 5 |
| APPLICATION NUMBER |
| 871833 |

## NOTICE OF DRAFTSMAN'S PATENT DRAWING REVIEW

The PTO Draftsman review all originally filed drawings regardless
of whether they were designated as informal or formal.

The drawings filed _____ 4/21/92 _____

A. ☐ are approved.

B. ☒ are objected to under 37 CFR 1.84 for reason(s) checked below. The examiner will require submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the instructions listed on the back of this Notice.

1. Paper and ink. 37 CFR 1.84(a)
   ☐ Poor Quality Paper. Must Be White. Transparent Paper Not Allowed.
   Sheet(s) _____

2. Size of Sheet and Margins. 37 CFR 1.84(b)
   Acceptable Paper Sizes and Margins

   Paper Size

   | Margin | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
   |---|---|---|---|
   | Top | 2 inches | 1 inch | 2.5 cm. |
   | Left | 1/4 inch | 1/4 inch | 2.5 cm. |
   | Right | 1/4 inch | 1/4 inch | 1.5 cm. |
   | Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☐ Proper Size Paper Required. All Sheets Must be Same Size.
   Sheet(s) _____

   ☐ Proper Margins Required.
   Sheet(s) _____
   ☐ Top      ☐ Right
   ☐ Left     ☐ Bottom

3. Character of Lines. 37 CFR 1.84(c)
   ☐ Lines Pale, Rough and Blurred, or Jagged. Fig(s) _____

   ☐ Solid Black Shading Not Allowed. Fig(s) _____

4. ☐ Photographs Not Approved. _____

5. Hatching and Shading. 37 CFR 1.84(d)
   ☐ Shade Lines are Required.
   Fig(s) _____

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s) _____

   ☐ Double Line Hatching Not Allowed.
   Fig(s) _____

   ☐ Parts in Section Must be Hatched Properly. Fig(s) _____

6. Reference Characters. 37 CFR 1.84(f)
   ☐ Reference Characters Poor or Rough and Blurred. Fig(s) _____

   ☒ Minimum 1/8 inch (3.2 mm.) in height is required. Fig(s) 8-10, 16-19

   ☒ Figure Legends Poor or Placed outside of Incorrectly. Fig(s) 19 dwg.

7. Views. 37 CFR 1.84(i) & (j)
   ☐ Figures Must be Numbered Separately. _____

   ☐ Figures Must Not be Connected. Fig(s) _____

8. Identification of Drawings. 37 CFR 1.84(t)
   ☐ Extraneous Matter or Copy Machine Marks Not Allowed. Fig(s) _____

9. ☐ Changes Not Completed from Prior PTO-948 dated _____

☒ Comments:
~ Remove Box from around dwgs. Figs 8-10

Telephone inquires concerning this review should be directed to the Chief Draftsman at telephone number (703) 557-6404.

_____ Reviewing Draftsman

2/9/92
Date

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892<br>(REV. 2-92) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>NOTICE OF REFERENCES CITED | SERIAL NO.<br>07/871832 | GROUP ART UNIT<br>3107 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER | 5 |
|---|---|---|---|---|---|
| | | APPLICANT(S)<br>Sean C. McDonald et al | | | |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 8 9 6 0 2 4 | 1-1990 | Morello et al | 414 | 274xr | 10-19-87 |
| B | | 4 7 8 9 2 9 5 | 12-1988 | Boucher, Jr. et al | 414 | 280xr | |
| C | | 5 1 2 9 7 7 7 | 7-1992 | Pohjonen et al | 414 | 280 | 12-24-90<br>6-30-89 |
| D | | 4 8 1 2 6 2 9 | 3-1989 | O'Neil et al | 414 | 274xr | 4-23-87<br>3-6-85 |
| E | | 4 5 4 6 9 0 1 | 10-1985 | Buttarazzi | 414 | 280xr | |
| F | | 4 7 8 6 2 2 9 | 11-1988 | Henderson | 414 | 273xr | |
| G | | 4 7 9 2 2 7 0 | 12-1988 | Yoshida | 414 | 273 | |
| H | | 4 6 6 9 0 4 7 | 5-1987 | Chueta | 414 | 331xr | |
| I | | 4 8 2 0 1 0 9 | 4-1989 | Witt | 414 | 282 | 4-11-86 |
| J | | 4 6 5 1 8 6 3 | 3-1987 | Rester et al | 414 | 280xr | |
| K | | 3 8 0 2 5 8 0 | 4-1974 | Castaldi | 414 | 280xr | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | 3 0 4 | 1-1979 | PCT | — | 414 | 273 | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER<br>F.E. Werner | DATE<br>9/93 | |
|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:  Sean McDonald et al.        Group No.:  3107

Serial No.:    07/871,832                          Examiner: F. Werner

Filed:        April 21, 1992

For:    AN AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA

Commissioner of Patents and Trademarks
Washington, D.C.  20231

### PETITION AND FEE FOR EXTENSION OF TIME (37 CFR 1.136(a))

1.  This is a petition for an extension of time for a total period of ___one___ months:
    (check and complete the applicable item below)

    ( x )    to respond to the Office Letter mailed on  10/15/93
    (  )     for _____
                        (indicate matter being extended)

2.  A response in connection with the matter for which this extension is requested:

    ( x )    is filed herewith.
    (  )     has been filed.

3.  Applicant is

    ( x )    a small entity -- verified statement:

             (  ) attached.
             ( x ) already filed.

    (  )     other than a small entity.

4.  Calculation of extension fee

| | Total months requested | Fee for other than small entity | Fee for small entity |
|---|---|---|---|
| ( x ) | one month | $ 110.00 | $ 55.00 |
| (  ) | two months | $ 360.00 | $ 180.00 |
| (  ) | three months | $ 840.00 | $ 420.00 |
| (  ) | four months | $1320.00 | $ 660.00 |

                                                        $ 55.00

050 KS 02/28/94 07871832                1 215     5.00 CK

### CERTIFICATE OF MAILING (37 CFR 1.8a)

050 KS 02/28/94 07871832                1 215    50.00 CK

I hereby certify that this paper (along with any referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Commissioner of Patents and Trademarks, Washington, D.C.  20231.

                                        Angie F. Beyerl
                                        _____
Date: February 15, 1994                 (Signature of person mailing paper)

(Petition and Fee for Extension of Time (37 CFR 1.136(a)) [11-2]--page 1 of 2)

(check and complete the next item, if applicable)

( )     An extension for _____ has already been secured and the fee paid
therefore of $_____ is deducted from the total fee due for the
total months of extension now requested.

Extension fee due with this request $_____

5.  Fee Payment

( x )     Attached is a check in the sum of $ 55.00 _____
(  )     Charge fee to Account No. 02-4553 and for any additional extension
fee required or credit for any excess fee paid.  A duplicate of this
petition is attached.

Reg. No.: 29,362

Tel. No.: 412-562-1632

_Lynn J. Alstadt_
Lynn J. Alstadt
Buchanan Ingersoll Professional Corporation
56th Floor, 600 Grant Street
Pittsburgh, Pennsylvania   15219

FEE APPLIED under 37 CFR 1.136(a)
EXTENSION OF TIME GRANTED
TO _2-15-99_
CLERK, GROUP 310

(Petition and Fee for Extension of Time (37 CFR 1.136(a)[11-2]—page 2 of 2)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Group Art Unit 3107 | : | PATENT APPLICATION |
| Examiner F. Werner | : | |
| In re application of | : | AN AUTOMATED SYSTEM |
| | | FOR SELECTING PACKAGES |
| SEAN McDONALD et al. | : | FROM A STORAGE AREA |
| Serial No. 07/871,832 | : | |
| Filed April 21, 1992 | : | |

A M E N D M E N T

Pittsburgh, Pennsylvania 15219

February 15, 1994

Hon. Commissioner of Patents and Trademarks

Washington, D.C. 20231

Sir:

Please amend the claims as follows:

1.   (Amended) A system for selecting and delivering packages from a [stored] storage area to fill orders comprising:

a)  a storage area comprised of a plurality of storage area locations each location [being] having package holding means sized and configured to hold [at least one package] a plurality of individual packages each individual package having a machine readable label which identifies a type of package, the packages being held in a manner so that [the] each package can be placed into and removed from the storage area

locations [by automated picking means], each

location having a distinct x, y coordinate;

b) automated picking means sized and configured to be

able to hold packages, to select packages from the

storage area locations and place packages in storage

area locations in accordance with computer

controlled instructions [received from a computer],

the picking means having a gripper for grasping and

moving individual packages;

c) means for moving the automated picking means to

selected storage locations;

[c)] d)  a computer having at least one memory which

contains a program for directing the picking means to

chosen storage area locations and a database containing

at least one x, y coordinate location in the storage

area for each package held within the storage area the

computer being connected to the automated picking means

and the means for moving the automated picking means

[,]; and

e)  a package reader associated with the picking means

and being positioned for reading the machine

readable labels on packages located within the

storage area,

wherein only one type of package is stored in each x, y

coordinate location.

In claim 3, line 2, change "a package" to -- the package --.

7. (Amended)  The system of claim 1 wherein the picking means contains one picking means storage area for holding the plurality of packages selected by the picking means.

8. (Amended)  The system of claim 1 also comprising a supply station for receiving new and returned packages, the supply station having a plurality of locations each location [being] having package holding means sized and configured to hold at least one package in a manner so that the package can be placed into and removed from the locations by the automated picking means, each location having a distinct x, y coordinate.

9. (Amended)  The system of claim 8 also comprising means for moving the supply station wherein the supply station is [movable and is sized to be] removably positioned adjacent the storage area.

10. (Amended)  The system of claim 1 wherein the package holding means in the storage area is comprised of a plurality of rods and a hole is provided in each package to permit the package to be held on the rods.

In claim 21, line 4, before "memory" insert -- the --.

Cancel claims 24-35

20. (Amended)  A system as described in claim 18 wherein
the picking means includes at least one gripper that picks the
packages; and a tooling support structure having at least one
column to support the tooling and at least one row to support the
column such that the tooling means moves along the column as the
column moves along the row to pick a given package hanging from a
corresponding support rod, said gripper able to turn at least
180° on the column to pick packages [on either the first or
second holding means] from selected storage locations which
locations are positioned opposite and facing one another; and

        means for moving the column with respect to the row, said
moving means controlled by [a] the computer and in communication
therewith.

### REMARKS

        This is in response to the Office Action dated October
15, 1993.  Applicants are submitting herewith a request for a one
month extension of time along with the appropriate fee.

        In the Office Action the Examiner repeated his
requirement for restriction.  Applicants confirm the provisional
election of claims 1 thru 23 and 36.  Therefore, claims 24 thru
35 were cancelled.  Applicants also confirm that cancellation of
the non-elected claims does not require a change of inventorship
of the elected claims.

- 4 -

The Section 112 Rejections

The Examiner rejected claims 1, 3, 9 and 21 under Section 112 because of a perceived double inclusion of structure. Although applicants disagree with this conclusion, they have nevertheless amended the cited portions of these claims so that they can no longer be read to provide such double inclusion.

Claim 36 was amended to cure the antecedent basis problem cited by the Examiner. This amended claim also more clearly recites the movement of the gripper and relative positions of the selected packages.

Claims 1 and 9 have been amended to state that the storage locations or supply station locations have package holding means. As disclosed in the specification, such structure could be shelves or rods. Indeed, amended claim 11 specifies that the package holding means are rods.

New element c) has been added to claim 1 to specify means for moving the automated picking means. This change is in response to the Examiner's suggestion that such means should be included.

Amended claim 1 also specifies that the packages have machine readable labels which identify the type of package. That label could give package contents, expiration dates or other information useful for grouping or distinguishing among packages in the system.

Finally, claim 10 was amended to include means for moving the supply station.

- 5 -

Applicants submit that these amendments overcome the Section 112 rejections. Reconsideration of the claims as amended and withdrawal of the Section 112 rejections are respectfully requested.

The Section 113 Rejections

The pending claims have been rejected under Section 103 as obvious from United States Patent No. 4,896,024 to Morello et al. alone or in combination with patents to Boucher, Jr. et al. or Pohjonen et al. or O'Neil et al. or Buttarazzi or Henderson or the cited European application. Applicants have amended the pending claims to distinguish over these references. As amended, the claims now require that each storage location be capable of holding a plurality of packages, that each package have a machine readable label and that a package reader be associated with the picking means which reader is positioned for reading the machine readable labels on packages located within the storage area.

Morello et al. discloses an apparatus for dispensing and accepting the return of reusable articles such as videotapes. The reusable articles each have their own identification code, such as the 13 digit number illustrated in Figure 13. The apparatus has a housing containing a plurality of stationary locations each location being capable of holding a single reusable article therein and having its own location code. A computer and memory are provided for holding details of the location codes and article codes and controlling input and output

- 6 -

of information into and from the memory.  A transfer assembly is utilized to remove individual articles from selected locations and return articles to selected locations.  A central processing unit correlates the article identification code with the location code.  As shown in Figures 3, 7, 8 and 9 and described at column 9, line 50 thru column 10, line 37, the system includes a picker assembly having a platen suitable for receiving the articles. The platen contains two generally parallel spaced apart plates mounted to a base plate.  The plates define the location into which the selected article is positioned.  A code sensor and reader is provided below the upper plate to read an article code on any article positioned above the base plate and between the two generally parallel plates.  The teaching of Morello et al. is that the transfer assembly be sent to a specific location to select the desired article.  The article is removed from the location into the picker assembly.  There the identification code of the article is read.  The picker assembly then delivers the article to a pick-up position.  The picker assembly can also receive individual articles which have been placed at the gate mechanism 22.  As disclosed, the picker assembly and the gate mechanism can handle only a single article at any given point in time.  Similarly each storage location can accommodate a single article at any given point in time.  This system relies upon the information in memory to direct the picker assembly to a selected location to find the desired article.  When the picker assembly arrives at that location it cannot read the article

- 7 -

identification while the article remains in the storage location.
This teaching is quite different from the system of amended claim
1.  The claimed storage locations accommodate a plurality of
packages and a package reader is positioned to read the package
label while the package is in the storage location.  Thus, this
system does not rely solely upon the information in the computer
memory to select articles from storage locations.  Articles are
removed from storage locations after the reader confirms that the
desired article has been found.  Consequently, the amount of
false picks are substantially minimized.  Furthermore,
applicants' system is faster, since fewer wrong selections will
be made.  Both Morello's system and applicants' system can have
memory errors or failures.  Should there be an error in the
memory or a crash, applicants' system can still operate using the
package reader to locate desired packages.  In contrast, should
the Morello et al. system lose the stored information correlating
package identification to individual locations, the system is
inoperative until the memory has been totally reprogramed.

The Morello reference also does not teach or suggest the
following elements of applicants' system:  a vacuum head gripper
(required by claim 2), a sensor attached to the picking means
(claim 3), bar codes (claim 5), expiration dates on labels (claim
6), a storage area in the picking means for holding a plurality
of packages (claim 7), storage rods for holding the packages
(claims 8 and 11), a supply station which holds a plurality of
packages (claim 9) and is movable (claim 10), a program for

checking compatibility of selected products (claim 13), a
conveyor to carry selected packages (claim 14) or labeled
containers holding selected packages (claims 16-19), a check
station (claims 20 and 21) medicine packages (claim 22), or a
track and column structure over which the picking means travels
(claims 23 and 26).  Consequently, the claims as amended are
patentable over Morello.

   O'Neil et al. teaches a method and apparatus for vending
which has a plurality of storage positions that are accessed by a
picking unit directed by a computer and microprocessor memory
system.  The picking unit travels over a horizontal bar which can
move up and down on support posts. O'Neil teaches the use of
mechanical fingers on a rotatable table device with a magnetic
means for removing articles from the storage locations.  Like
Morello, O'Neil provides a package reader which can only read
packages after they have been removed from the storage location.
The picking unit may deliver the selected article to a removal
location (Figure 1) or a conveyor (Figure 9).  O'Neil also
teaches that one article is positioned in each storage location
(see Figure 1).  Like Morello, the O'Neil device includes a
return station 18.  This station also accommodates only a single
article at any given point in time.  O'Neil does not teach or
suggest the elements of applicants' claims 2, 3, 6, 7, 8, 9, 10,
11, 13 and 16 thru 23.  Moreover, the bar and post arrangement
used by O'Neil is significantly different from applicants' track
and column system.  Whereas, the O'Neil picking means can only

- 9 -

travel in a single plane, applicants' device can move in any x-y-z direction limited only by the track layout which can be any shape. O'Neil can only access one bank of storage locations whereas applicants' unit can access any number of banks of storage locations. Consequently, the O'Neil system is not suitable for many storage and access situations, such as a pharmacy, where hundreds or thousands of different packages are stored and selectively retrieved.

United States Patent No. 4,789,295 to Boucher et al. discloses an article manipulator for robots. That manipulator utilizes two vacuum cups for gripping articles. There is no disclosure of any type of storage locations beyond the positions of articles being held by the vacuum cups. Since it would be impractical to hold a separate article by each suction cup, this reference also teaches that only one article be held by the picking means at any point in time. Boucher's gripper does not include any type of package reader although it does utilize sensors for sensing the position of the article manipulator relative to an article (column 3, lines 3 thru 7). Boucher et al. also does not teach or suggest the elements of applicants' dependent claims 5 thru 23 and 36.

Pohjonen et al. also disclose a load handling method and system which utilizes a suction cup or an electromagnet for engaging articles. This patent teaches that articles are stored in boxes which are placed on and removed from a shelf. There is no teaching of the use of storage locations having x,y

coordinates which locations can receive a plurality of packages
that can be separately selected.  There is also no teaching of
the elements required by claims 4 thru 13 and 15 thru 36.

United States Patent 4,546,901 to Buttarazzi discloses
an apparatus for dispensing medication.  The particular apparatus
is essentially comprised of a plurality of pill dispensing units
comprised of shelves containing bins of pills.  The pills are
individually blister packaged on a strip.  The pill strips are
withdrawn from the bins by a pair of gripping fingers supported
on a carriage and placed on trays.  A high speed conveyor
transports the pills from the dispensing units to an inspection
station.  The carriage is mounted for transverse movement on a
bar.  The bar is attached transverse to a vertical column on
which it moves up and down.  This structure is very similar to
that of O'Neil.  Because the pill strips have been positioned in
a precise predetermined location in the dispensing units, the
dispensing carriage assemblies can be directed in advance to the
locations of the desired medication.  Like the other references,
Buttarazzi does not teach storage locations which hold a
plurality of individual packages each of which can be
individually removed and replaced.  Furthermore, no package
reader is utilized by Buttarazzi which reader is positioned for
reading machine readable labels on packages located within the
storage locations.  Buttarazzi also does not disclose a supply
station for restocking the storage areas or the elements required
by dependent claims 2 thru 14, 16 thru 23 and 36.

Henderson discloses a document storage retrieval system including a plurality of containers each having machine readable identifying indicia thereon. The disclosed containers are boxes of documents or ther articles. Each box is stored in a separate location "so that all of the articles or all articles or all of the documents are stored and retrieved as a unit." (Col. 4, lines 50-51). Thus, this system also does not permit storage of a plurality of packages in a single location such that individual packages may be retrieved and replaced. Like Morello and O'Neil each storage location contains only an individual container.

The cited European patent discloses a sorting machine wherein grippers support objects for attachment to a hook or a rail. This system does not rely upon a set of storage locations having distinct x,y coordinates. This reference was cited to show storage of packages on rods and removal of the packages from those rods. The storage system there disclosed is otherwise completely different from applicants' system.

Clearly none of the cited references disclose the claimed system. Taken together the cited prior art does not teach or suggest a system in which a plurality of individually retrievable packages are stored in a single location. The cited retrieval systems also do not have machines for reading machine readable labels on a package while that package is in a storage location. Consequently, amended claim 1 is patentable over the cited references. The remaining claims depend directly or indirectly from claim 1. Therefore, those claims are also

patentable over the cited references.  Additionally, there is no teaching or suggestion of a picking means having a storage area which will hold a plurality of articles selected by the picking means as required by claim 7.  The prior art also does not teach or suggest a movable supply station which holds a plurality of packages which can be removed by the picking means and placed in storage locations as set forth in claims 9 and 10.  None of the prior art systems utilize a program for checking compatibility among products in packages selected by the picking means for a given order (claim 13).  The art does not teach the tooling support structure of claim 36 which can pick packages from either a first or second holding means located opposite one another.

For the foregoing reasons, applicants submit that the claims as amended are patentable over the prior art. Reconsideration and allowance of the claims as amended are respectfully requested.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _____
Lynn J. Alstadt
Registration No. 29,362

Attorneys for Applicant

(412) 562-1632

- 13 -

FORM PTO-1083                                          C    Docket No.: ___920015___

In re application of: __Sean McDonald et al__
Serial No.: _____07/871,832_____
Filed: _____April 21, 1992_____

For: __AN AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA__

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

☒    Small entity status of this application under 37 CFR 1.9 and 1.27 has been established by a verified statement previously submitted.

☐    A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

☒    No additional fee is required.

The fee has been calculated as shown below:

| | (Col. 1) | | (Col. 2) | | SMALL ENTITY | | | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | ADDIT. RATE | ADDIT. FEE | OR | ADDIT. RATE | ADDIT. FEE |
| Total | 24 | MINUS | 36 | 0 | x 11 = | $ | OR | x 22 = | $ |
| Indep | 2 | MINUS | 2 | 0 | x 37 = | $ | OR | x 74 = | $ |
| FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | + 115= | $ | OR | + 230= | $ |
| | | | | | TOTAL ADDIT. FEE | $ ___ | OR | TOTAL | $ |

\*      If entry in Col. 1 is less than entry in Col. 2, write "0" in Col. 3.
\*\*     If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
\*\*\*    If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

☐    Please charge by Deposit Account No. 02-4553 the amount of $ _____.
     A duplicate copy of this sheet is attached.

☐    A check in the amount of $ _____ is attached.

☒    The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 02-4553. A duplicate copy of this sheet is attached.

     ☒    Any filing fees required under 37 CFR 1.16 for the presentation of extra claims.

     ☐    Any patent application processing fees under 37 CFR 1.17.

Respectfully submitted,

*[signature]*

Registration No. 29,362
BUCHANAN INGERSOLL PROFESSIONAL CORPORATION
600 Grant Street, 56th Floor
Pittsburgh, PA 15219

(412) 562-1632



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sn 07/871832

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | MCDONALD | |

| | |
|---|---|
| | WERNER F |
| | EXAMINER |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED:

..... PROFESSIONAL CORP.
..... ANT ST.

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☑ Responsive to communication filed on _Feb. 17, 1994_    ☑ This action is made final.

A shortened statutory period for response to this action is set to expire_____ _3_ month(s),_____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I**    **THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II**    **SUMMARY OF ACTION**

1. ☑ Claims _1 - 23 and 36_ _____ are pending in the application.

     Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _24 - 35_ _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1 - 23 and 36_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
     are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
     examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
     ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
     accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

Serial No. 871832                                        -2-

Art Unit   317


                              -PART III-

1.    Claims 1-23 and 36 are rejected under 35 U.S.C. § 112,

second paragraph, as being indefinite for failing to particularly

point out and distinctly claim the subject matter which applicant

regards as the invention.

      Re claim 1, "a storage area" (line 3), individual packages"

(line 18) and "storage area locations" (line 15) are a double

inclusion of structure.  Re claim 4, this claim repeats all of

the structure in base claim 1.  Re claim 18, this claim repeats

structure from claim 1, i.e. a, package with a machine readable

label.

2.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

      A patent may not be obtained though the invention is not
      identically disclosed or described as set forth in section
      102 of this title, if the differences between the subject
      matter sought to be patented and the prior art are such that
      the subject matter as a whole would have been obvious at the
      time the invention was made to a person having ordinary
      skill in the art to which said subject matter pertains.
      Patentability shall not be negatived by the manner in which
      the invention was made.

      Subject matter developed by another person, which qualifies
      as prior art only under subsection (f) or (g) of section 102
      of this title, shall not preclude patentability under this
      section where the subject matter and the claimed invention
      were, at the time the invention was made, owned by the same
      person or subject to an obligation of assignment to the same
      person.

3.    This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered

Serial No. 871832                                    -3-

Art Unit   317


therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4.    Claims 1-7, 9, 10, 12-14, 22 and 23 are rejected under 35

U.S.C. § 103 as being unpatentable over Morello et al in view of

Boucher et al and Chucta.

     Morello et al disclose storage areas 40, automated picking

means 20, 62, etc. on tracks 98 (99) and computer means 16 to

assign the package to X-Y coordinates (column 11, lines 11-17)

and to control the picking means, but do not disclose a gripper

which is disclosed by Boucher et al (62,64) and in view of the

same, it would have been obvious to have substituted a gripper as

taught by Boucher et al as this would have been the substitution

of equivalent handling means productive of no unexpected result.

Morello et al do not disclose the article's bar code being read

prior to transfer from the storage area which is disclosed by

Chucta (194,188,118,etc.) and in view of the same, it would have

been obvious to have read the bar code prior to transfer to guarantee

the correct article's selection prior to transfer as taught by

Chucta.  Re claim 2, Boucher, Jr. et al (62,64) disclose and

render obvious the substitution of a vacuum head.  Re claim 3,

Boucher, Jr. el (24,26) teach that it would have been obvious to

have included a sensor for the package.  Re claim 6, it would

have been obvious to have included any relevant information on

Serial No. 871832                          -4-

Art Unit    317

the label including an expiration date.  Re claim 7, the
inclusion of plural packages would have been obvious.  Re claim
9, note supply station 22 of Morello et al.  It would have been
an obvious and conventional extension of Morello et al's matrix
to have included a matrix supply station.  Re claims 12 & 13, it
would have been obvious to have programmed the computer in the
claimed manner, if desired.  Re claim 14, it would have been
obvious to have included a conveyor to minimize manual
intervention.  Re claim 22, it would have been obvious to have
handled medicine packages, if desired.

5.    Claims 8 & 11 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Boucher et al and
Chucta as applied to claims 1 to 7, 9, 10, 12-14, 22 & 23 above,
and further in view of the European Patent.

    It would have been obvious to have substituted rods and
holes in the package as taught by the European patent (1,15,etc.)

6.    Claims 15 to 21 are rejected under 35 U.S.C § 103 as being
unpatentable over Morello et al in view of Boucher et al and
Chucta 12-14, 22 and 23 above, and further in view of Buttarazzi.

    Buttarazzi ( 42, 21, 88, etc.) teaches and renders obvious
the alternate use of containers (filled by picking means) placed
on a conveyor.  The use of conventional plural containers (as
claimed) would have been obvious.

    Re claim 16, it would have been obvious to have included a

Serial No. 871832                          -5-

Art Unit   317

machine readable label as taught by Chucta (34).  The use of a
conventional check station (re claims 20 and 21) operating as
claimed would have been obvious.

7.     Claim 36 is rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Boucher, Jr. et al,
Chucta and as applied to claims 15-21 above, and further in view
of the European Patent.

     Note the obviousness discussion of the European Patent
above.  It would have been obvious to have conventionally
accessed the rods in the claimed manner.

8.     Applicant's arguments filed Feb. 17, 1994 have been fully
considered but they are not deemed to be persuasive.

     Re applicant's "Remarks" on the top of page 8, the same are
not well-taken since the claimed subject matter, not the
specification, is the measure of invention.  Limitations in the
specification cannot be read into the claims for the purpose of
avoiding the prior art.  In re Self, 213 USPQ 1,5 (CCPA 1982); In
re Priest, 199 USPQ 11,15 (CCPA 1978).  Re the "Remarks" on pages
10-12 concerning Boucher, Jr. et al, Buttarazzi and the European
Patent, please note the application of the same in the above
rejections.

9.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the
extension of time policy as set forth in 37 C.F.R. § 1.136(a).

Serial No. 871832                        -6-

Art Unit   317


     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.   IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

10.  Any inquiry concerning this communication or earlier
communications from the examiner should be directed to F.E.
Werner whose telephone number is (703) 308-1140.

     Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-1113.

Summary:

     Claims 1-23 and 36 are rejected.

     Final Rejection-SSP 3 mos.


                                        FRANK E. WERNER
                                        PRIMARY EXAMINER  5/24
                                        GROUP 3100


Werner/oc
May 16, 1994



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/878 32 | 04/21/92 | Sean C. McDonald et al | 920015 |

| EXAMINER |
|---|
| F. E. Werner |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 10 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Alstadt _____ (3) _____

(2) Exmr. Werner _____ (4) _____

Date of Interview July 20, 1994 _____

Type: ☐ Telephonic ☑ Personal (copy is given to ☐ applicant ☑ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☑ No. If yes, brief description: _____

_____

Agreement ☑ was reached with respect to some or all of the claims in question. *tentatively* ☐ was not reached.

Claims discussed: at least claims 1, 4 and 18

Identification of prior art discussed: the art of record

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: In a continuing application, it was suggested that claim 1 be further amended to include that in a face-to-face relationship, after retrieval from the holding means & more than one package is suspended, from the picking means, prior to delivery of the package.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☐ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

Examiner's Signature

FRANK E. WERNER
PRIMARY EXAMINER 7/20/94
GROUP 3100

PTOL-413 (REV. 2-93)    ORIGINAL FOR INSERTION IN RIGHT-HAND FLAP OF FILE WRAPPER



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office          Sno 7/871832

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/871,832 | 04/21/92 | MCDONALD | 5 | 920015 |

F1M1/1026

LYNN J. ALSTADT
BUCHANAN INGERSOLL PROFESSIONAL CORP.
56TH FLOOR, 600 GRANT ST.
PITTSBURGH, PA 15219

| WERNER EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |
| 3107 | 11 |

DATE MAILED:
                    10/26/94

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☑ ~~Applicant's failure to respond to the Office letter, mailed~~ _____ .

2. ☑ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138. ✳

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____ .

   ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.

   ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.

✳ Expressly abandoned in favor of Sn 08/295495 filed 8/25/94

FRANK E. WERNER
PRIMARY EXAMINER 10/94
GROUP 3100

PTO-1432 (REV. 5-83)

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective December 16, 1991

**Application or Docket Number**

87/832

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $ 345.00 | OR | | $ 690.00 |
| TOTAL CLAIMS | 36 minus 20 = | * 16 | x $10= | 160 | OR | x $20= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | * | x 36 = | | OR | x 72 = | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | + 110 = | | OR | + 220 = | |
| | | | TOTAL | 505 | OR | TOTAL | |

*  If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x $10= | | OR | x $20= | |
| Independent | * | Minus *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 110 = | | OR | + 220 = | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x $10= | | OR | x $20= | |
| Independent | * | Minus *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 110 = | | OR | + 220 = | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x $10= | | OR | x $20= | |
| Independent | * | Minus *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 110 = | | OR | + 220 = | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Form PTO-875
(Rev. 12-91)

*U.S. Government Printing Office: 1992 — 308-890

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



| BAR CODE LABEL | U.S. PATENT APPLICATION | | |
|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/295,495 | 08/25/94 | 414 | 3107 |

**APPLICANT**

SEAN C. MCDONALD, PITTSBURGH, PA; ELLEN J. HERTZ, CLEMMONS, NC; JAMES A. SMITH, ALLISON PARK, PA; GREGORY TOTO, SANTA CRUZ, CA.


**CONTINUING DATA********************
VERIFIED        THIS APPLN IS A CON OF   07/871,832 04/21/92
                WHICH IS A CIP OF   07/469,217 01/24/90 ABN



**FOREIGN/PCT APPLICATIONS***********
VERIFIED



FOREIGN FILING LICENSE GRANTED 10/01/94        ***** SMALL ENTITY *****

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| PA | 19 | 24 | 2 | $399.00 | 920015 |

**ADDRESS**

LYNN J. ALSTADT
BUCHANAN INGERSOLL
600 GRANT STREET, 56TH FLOOR
PITTSBURGH, PA  15219

**TITLE**

AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____        Certifying Officer _____

$ 399.00 — 201—A/2wc

**295495**

| DOCKET NUMBER | ANTICIPATED CLASSIFICATION OF THIS APPLICATION: | | PRIOR APPLICATION: | | ART UNIT |
|---|---|---|---|---|---|
| | CLASS | SUBCLASS | EXAMINER | | |
| 920015 | | | Frank E. Werner | | 3107 |

Address to:

Commissioner of Patents and Trademarks
Box FWC
Washington, DC 20231

12/8
10/26/94
oct

This is a Request for filing a [ ] continuation-in-part XX continuation [ ] divisional application under 37 CFR 1.62 of prior application Serial No. 07/871,832 filed on April 21, 1992 entitled AN AUTOMATED SYSTEM FOR SELECTING / PACKAGES FROM A STORAGE AREA by the following named inventor[s].

| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
|---|---|---|---|
| | McDonald 1—∞ | Sean | C. |
| RESIDENCE & CITIZENSHIP | CITY Pittsburgh | STATE OR FOREIGN COUNTRY Pennsylvania | COUNTRY OF CITIZENSHIP United States |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS 405 S. Braddock Ave | CITY Pittsburgh | STATE & ZIP CODE/COUNTRY PA 15221, USA |
| FULL NAME OF INVENTOR | FAMILY NAME Hertz  2—∞ | FIRST GIVEN NAME Ellen | SECOND GIVEN NAME J. |
| RESIDENCE & CITIZENSHIP | CITY Clemmons | STATE OR FOREIGN COUNTRY North Carolina | COUNTRY OF CITIZENSHIP United States |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS 4232 Lake Cliff Dr. | CITY Clemmons | STATE & ZIP CODE/COUNTRY NC 27012, USA |
| FULL NAME OF INVENTOR | FAMILY NAME Smith  3—∞ | FIRST GIVEN NAME James | SECOND GIVEN NAME A. |
| RESIDENCE & CITIZENSHIP | CITY Allison Park | STATE OR FOREIGN COUNTRY Pennsylvania | COUNTRY OF CITIZENSHIP United States |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS 3909 Ash Dr. | CITY Allison Park | STATE & ZIP CODE/COUNTRY PA 15101, USA |

The above identified prior application in which no payment in the issue fee, abandonment of, or termination of proceedings has occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application. (note: 37 CFR 1.60 may be used for applications where the prior application is not to be abandoned.)

1. [ ] Enter the amendment previously filed on _____ under 37 CFR 1.116 but unentered, in the prior application.

2. [ ] A preliminary amendment is enclosed.

The filing fee is calculated on the basis of the claims existing in the prior application as amended at 1 and 2 above.

| Claims | (1) For | (2) Number filed | (3) Number extra | (4) Rate | (5) Calculations |
|---|---|---|---|---|---|
| | Total Claims | 24 - 20 = | 4 | X $ 22 | 201 $88    15.00 |
| | | 09/02/94  UW050 08295495 | | | |
| | Independent Claims | 2 - 3 = | 0 | X $ 74 | |
| | Multiple Dependent Claim(s) (if applicable) | | | + $ 230 | |
| | | | Basic Fee | | + $ 710 |
| | | | Total of above Calculations = | | $ 798 |
| | Reduction by 1/2 for filing by small entity (Note 37 CFR 1.9, 1.27, 1.28); if applicable, affidavit must be filed also | | | | - $ 399 |
| | | | Total National Fee | | $399 |

3. ☐ The Commissioner is hereby authorized to charge fees under 37 CFR 1.16 and 1.17 which may be required, or credit any overpayment to Deposit Account No. \ 02-4553

4. ☒ A check in the amount of $ 384.00 plus $15.00 is enclosed.

5. ☐ A new oath or declaration is included since ☐ this application is a continuation-in-part which discloses and claims additional matter, ☐ correction of inventorship is being made.

6. ☒ Amend the specification by inserting before the first line the sentence:

This application is a ☐ continuation-in-part, ☒ continuation, ☐ division, of application Serial No. 07/871,832 , filed April 21, 1992 _now abandoned which is a C-I-P of_
_Ser. 07/483,213 fib 1/15/90 now_
_abandoned_

7. ☒ Small entity status is still proper in view of the verified statement filed in the parent application Serial No. 07/871,832 filed on April 21, 1992

8. ☐ Priority of application Serial No. \ filed on \ in \ is claimed under 35 U.S.C. 119.

9. ☒ The prior application is assigned of record to \ Automated Healthcare, Inc., \ 261 Kappa Drive, Pittsburgh, Pennsylvania 15238

10. ☒ The power of attorney in the prior application is to: Lynn J. Alstadt, Esq. \ 600 Grant Street, Pittsburgh, Pennsylvania 15219

11. ☒ Also enclosed is an Information Disclosure Statement

Address all future communications to: (May only be completed by applicant, or attorney or agent of record)
\ Lynn J. Alstadt, Esq.
\ Buchanan Ingersoll, P.C.
\ 600 Grant Street, 56h Floor
\ Pittsburgh, Pennsylvania 15219

It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

August 25, 1994
Date

_Lynn J. Alstadt_
Signature

☐ inventor(s)
☐ assignee of complete interest
☒ attorney or agent of record
☐ filed under §1.34(a)

| FULL NAME OF INVENTOR | FAMILY NAME  Toto 父-の | FIRST GIVEN NAME  Gregory | SECOND GIVEN NAME |
|---|---|---|---|
| RESIDENCE & CITIZENSHIP | CITY  Santa Cruz | STATE OR FOREIGN COUNTRY  California  Ca | COUNTRY OF CITIZENSHIP  United |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS  815B Corcoran Ave. | CITY  Stata Cruz | STATE & ZIP CODE/COUNTRY  CA 95062, USA |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |

| CERTIFICATE OF MAILING BY " EXPRESS MAIL " UNDER 37 CFR 1.10 – SEPARATE PAPER – | ATTORNEY'S DOCKET NO. 920015 |
|---|---|

IN RE APPLICATION OF

Sean C. McDonald et al

SERIAL NUMBER | FILED

FOR AN AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA

GRP. ART UNIT | EXAMINER
3107 | Frank E. Werner

" Express Mail " mailing label number B 188 307 92Y

Date of deposit    August 25, 1994

I hereby certify that this paper or fee is being deposited with the United States Postal Service " Express Mail Post Office to Addressee " service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Lynn J. Alstadt
( Typed or printed name of person mailing paper or fee )

( Signature of person mailing paper or fee )

Form PTO-FB-A640 ( 8-83 )                    Patent and Trademark Office - U.S. DEPT. of COMMERCE

08 295495

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107                    ;

Examiner Frank E. Werner              :    AN AUTOMATED SYSTEM
                                           FOR SELECTING PACKAGES
In re application of                  :    FROM A STORAGE AREA

SEAN McDONALD et al.                  :


                    INFORMATION DISCLOSURE STATEMENT


                              Pittsburgh, Pennsylvania 15219

                              August 25, 1994

Hon. Commissioner of Patents and Trademarks
     Washington, D.C.  20231

Sir:

        The most pertinent prior art known to applicants has

been cited in the parent application Serial No. 07/871,832, filed

April 21, 1992.  Form PTO 1449 listing that prior art is attached

hereto.  Pursuant to 37 C.F.R. 1.98(d) no copy of these

references are submitted herewith.

                              Respectfully submitted,

                              BUCHANAN INGERSOLL, P.C.


                         By _____
                              Lynn J. Alstadt
                              Registration No. 29,362

                              Attorneys for Applicants

     (412) 562-1632

SHEET 1 OF 1

FORM PTO-1449
(Rev 7-80)

U.S. Department of Commerce
Patent and Trademark Office

LIST OF PRIOR ART CITED BY APPLICANT

*(Use several sheets if necessary)*

| ATTY DOCKET NO | SERIAL NO |
|---|---|
| 920015 | |
| APPLICANT Sean McDonald et al. | |
| FILING DATE | GROUP |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | AA | 3,986,612 | 10/76 | Kamm et al. | 209 | 111.7 | |
| | AB | 4,687,390 | 7/87 | Bonneton et al. | 414 | 282 | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | 2 596 299 | 10/87 | French | | | | |
| | AM | FR85/00232 | 8/84 | PCT | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with PEP 609. Draw line through question if not in conformance and not considered. Include copy of this form with next communication to applicant.



VW
SN 08/295495

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

08/295,495     08/25/94     MCDONALD

| | EXAMINER |
|---|---|
| S 890015 | |
| | WERNER, F |

F1M1/1104

LYNN J. ALSTADT
BUCHANAN INGERSOLL
600 GRANT STREET, 56TH FLOOR
PITTSBURGH, PA  15219

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 13 |

DATE MAILED:                    11/04/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ ~~This application has been examined~~     ☒ Responsive to communication filed on feb. 17, 1994     ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.     35 U.S.C. 133

**Part I     THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.     2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.     4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.     6. ☐ _____

**Part II     SUMMARY OF ACTION**

1. ☒ Claims _1-23 and 36_ _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _24-35_ _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-23 and 36_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☒ Other The preamendment of Aug. 25, 1994 has been entered.

**EXAMINER'S ACTION**

Serial No. 295495                    -2-

Art Unit   317

1.   Claims 1-23 and 36 are rejected under 35 U.S.C. § 112,
second paragraph, as being indefinite for failing to particularly
point out and distinctly claim the subject matter which applicant
regards as the invention.

Re claim 1, "a storage area" (line 3), individual packages"
(line 18) and "storage area locations" (line 15) are a double
inclusion of structure.  Re claim 4, this claim repeats all of
the structure in base claim 1.  Re claim 18, this claim repeats
structure from claim 1, i.e. a package with a machine readable
label.

2.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.
>
> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

3.   This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out

Serial No. 295495                           -3-

Art Unit   317

the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4.   Claims 1-7, 9, 10, 12-14, 22 and 23 are rejected under 35 U.S.C. § 103 as being unpatentable over Morello et al in view of Boucher et al and Chucta.

Morello et al disclose storage areas 40, automated picking means 20, 62, etc. on tracks 98 (99) and computer means 16 to assign the package to X-Y coordinates (column 11, lines 11-17) and to control the picking means, but do not disclose a gripper which is disclosed by Boucher, Jr. et al (62,64) and in view of the same, it would have been obvious to have substituted a gripper as taught by Boucher, et al as this would have been the substitution of equivalent handing means productive of no unexpected result.  Morello et al do not disclose the article's bar code being read prior to transfer from the storage area which is disclosed by Chucta (194,188,118,etc.) and in view of the same, it would have been obvious to have read the barcode prior-to-transfer to guarantee the correct article's selection prior to transfer as taught by Chucta.  Re claim 2, Boucher Jr. et al (62,64) disclose and render obvious the substitution of a vacuum head.  Re claim 3, Boucher, Jr. et al (24,26) teach that it would have been obvious to have included a sensor for the package.  Re claim 6, it would have been obvious to have included any relevant information on the label including an expiration date.  Re claim

Serial No. 295495                              -4-

Art Unit   317

7, the inclusion of plural packages would have been obvious.  Re
claim 9, note supply station 22 of Morello et al.  It would have
been an obvious and conventional extension of Morello et al's
matrix to have included a matrix supply station.  Re claims 12 &
13, it would have been obvious to have programmed the computer in
the claimed manner, if desired.  Re claim 14, it would have been
obvious to have included a conveyor to minimize manual
intervention.  Re claim 22, it would have been obvious to have
handled medicine packages, if desired.

5.   Claims 8 and 11 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Boucher and Chucta et
al as applied to claims 1-7, 9, 10, 12-14, 22 and 23 above, and
further in view of the European Patent.

It would have been obvious to have substituted rods and
holes in the package as taught by the European patent
(1,15,etc.).

6.   Claims 15-21 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of Boucher, Jr. et al and
Chucta as applied to claims 1-7, 9, 10, 12-14, 22 and 23 above,
and further in view of Buttarazzi.

Buttarazzi (42, 21, 88, etc.) teaches and renders obvious
the alternate use of containers (filled by picking means) placed
on a conveyor.  The use of conventional plural containers (as
claimed) would have been obvious.

Serial No. 295495                         -5-

Art Unit    317


Re claim 16, it would have been obvious to have included a machine readable label as taught by Chucta (34). The use of a conventional check station (re claims 20 and 21) operating as claimed would have been obvious.

7.    Claim 36 is rejected under 35 U.S.C. § 103 as being unpatentable over Morello et al in view of Boucher, Jr. et al and Buttarazzi as applied to claims 15-21 above, and further in view of the European Patent.

Note the obviousness discussion of the European Patent above. It would have been obvious to have conventionally accessed the rods in the claimed manner.

8.    Applicant's arguments filed Feb. 17, 1994 have been fully considered but they are not deemed to be persuasive.

Re applicant's "Remarks" on the top of page 8, the same are not well-taken since the claimed subject matter, not the specification, is the measure of invention. Limitations in the specification cannot be read into the claims for the purpose of avoiding the prior art. _In re Self_, 2B USPQ 1,5 (CCPA 1982); _In re Priest_, 199 USPQ 11,15 (CCPA 1978). Re the "Remarks" on pages 10-12 concerning Boucher, Jr. et al, Buttarazzi and the European Patent, please note the application of the same in the above rejections.

9.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to F.E. Werner whose telephone number is (703) 308-1140.

Serial No. 295495                        -6-

Art Unit    317


    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-1113.

Summary:

    Claims 1-23 and 36 are rejected.

    Rejection-SSP 3 mos.


                                        FRANK E. WERNER    11/94
                                        PRIMARY EXAMINER
                                        GROUP 3100

Werner/oc
November 03, 1994

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107                :    PATENT APPLICATION

Examiner F. Werner                 :

In re application of               :    AN AUTOMATED SYSTEM
                                        FOR SELECTING PACKAGES
SEAN McDONALD et al.               :    FROM A STORAGE AREA

Serial No. 08/295,495              :

Filed August 25, 1994              :

I hereby certify that this correspondence is being
deposited with the United States Postal Service as first
class mail in an envelope addressed to: Commissioner
of Patents and Trademarks, Washington, D.C. 20231,
on _February 6, 1995_
   _Bea McDonald_

**A M E N D M E N T**

Pittsburgh, Pennsylvania 15219

February 6, 1995

Hon. Commissioner of Patents and Trademarks

Washington, D.C.  20231

Sir:

Please amend the claims as follows:

1.    (Amended)    A system for selecting and delivering packages [from a storage area] to fill orders comprising:

a)    a storage area comprised of a plurality of storage area locations each location having package holding means sized and configured to hold a plurality of individual packages each individual package having a machine readable label which identifies a type of package, the packages being held in a manner so that each package can be placed into and removed from the storage area locations and so that the machine



- 1 -

39

readable label on at least one package <u>in a storage</u> <u>location can be read without removing the package from</u> <u>the storage location,</u> each location having a distinct x, y coordinate;

b)  automated picking means sized and configured to be able to hold packages, to select packages from the storage area locations and place packages in <u>the</u> storage area locations in accordance with computer controlled instructions, the picking means having a gripper for grasping and moving [individual] <u>the</u> packages <u>and having a picking means storage location</u> <u>sized and configured to hold a plurality of packages</u> <u>in a face to face relationship after the plurality of</u> <u>packages have been retrieved from the storage area and</u> <u>prior to delivery of the plurality of packages to a</u> <u>desired destination separate from the picking means</u>;

c)  means for moving the automated picking means to selected storage locations;

d)  a computer having at least one memory which contains a program for directing the picking means to chosen storage area locations and a database containing at least one x, y coordinate location in the storage area for each package held within the storage area the computer being connected to the automated picking means and the means for moving the automated picking means; and

- 2 -

     e)   a package reader associated with the picking means and being positioned for reading the machine readable labels on packages located within the storage area, wherein only one type of package is stored in each x, y coordinate location.

Cancel claims 4 and 18.

<u>REMARKS</u>

This is in response to the Office Action dated November 4, 1994.

<u>The Section 112 Rejections</u>

The Examiner rejected all pending claims under Section 112 because of a perceived double inclusion of structure. Claim 1 has been amended and claims 4 and 18 were cancelled to overcome the problem. Reconsideration of the claims as amended and withdrawal of the Section 112 rejections are, therefore, respectfully requested.

<u>The Section 103 Rejections</u>

The pending claims have been rejected under Section 103 as obvious from United States Patent No. 4,896,024 to Morello et al. in combination with patents to Boucher, Jr. et al. or Chucta or Buttarazzi or the cited European application. Applicants have amended claim 1 to require that the picking means have a picking means storage location capable of holding a plurality of packages

- 3 -

after those packages have been retrieved from the storage area and prior to delivery to a location separate from the picking means. This change is consistent with the suggestion made by the Examiner in an interview dated July 20, 1994, in the parent application.

Morello et al. discloses an apparatus for dispensing and accepting the return of reusable articles such as videotapes. The apparatus has a housing containing a plurality of stationary locations each location being capable of holding a single reusable article therein and having its own location code. A transfer assembly is utilized to remove individual articles from selected locations and return articles to selected locations. As shown in Figures 3, 7, 8 and 9 and described at column 9, line 50 thru column 10, line 37, the Morello system includes a picker assembly having a platen suitable for receiving a selected article. The platen contains two generally parallel spaced apart plates mounted to a base plate. The plates define the location into which the selected article is positioned. The teaching of Morello et al. is that the transfer assembly be sent to a specific location to select one desired article stored in that location. The article is removed from the location into the picker assembly. There the identification code of the article is read. The picker assembly then delivers the article to a pick-up position. The picker assembly can also receive individual articles which have been placed at the gate mechanism 22. As disclosed, the picker assembly and the gate mechanism can handle only a single article at any given point in time. Similarly each storage location can

- 4 -

accommodate a single article at any given point in time. This system relies upon the information in memory to direct the picker assembly to a selected location to find the desired article. When the picker assembly arrives at that location it cannot read the article identification while the article remains in the storage location. This teaching is quite different from the system of amended claim 1. Both the claimed storage locations and the picking means can accommodate a plurality of packages. A package reader is positioned to read the package label while the package is in the storage location. Thus, this system does not rely solely upon the information in the computer memory to select articles from storage locations. Articles are removed from storage locations after the reader confirms that the desired article has been found. Consequently, the amount of false picks are substantially minimized. Furthermore, applicants' system is faster, since fewer wrong selections will be made. Both Morello's system and applicants' system can have memory errors or failures. Should there be an error in the memory or a crash, applicants' system can still operate using the package reader to locate desired packages. In contrast, should the Morello et al. system lose the stored information correlating package identification to individual locations, the system is inoperative until the memory has been totally reprogrammed.

The Morello reference also does not teach or suggest the following elements of applicants' system:  a vacuum head gripper (required by claim 2), a sensor attached to the picking means

- 5 -

(claim 3), bar codes (claim 5), expiration dates on labels (claim 6), a storage area in the picking means for holding a plurality of packages (claim 7), storage rods for holding the packages (claims 8 and 11), a supply station which holds a plurality of packages (claim 9) and is movable (claim 10), a program for checking compatibility of selected products (claim 13), a conveyor to carry selected packages (claim 14) or labeled containers holding selected packages (claims 16-19), a check station (claims 20 and 21) medicine packages (claim 22), or a track and column structure over which the picking means travels (claims 23 and 26). Consequently, the claims as amended are patentable over Morello.

Chutca discloses an automated parts supply system in which a computer controlled guided vehicle carries one or more modules holding several trays. Each tray contains several parts. Each module and each tray has a machine readable label. The vehicle is operated by a computer to deliver trays of parts to work stations. A transfer mechanism is provided to remove trays from the module and replace those trays into the module. Thus, this system moves and tracks only trays of parts, not individual parts. Neither the parts nor the trays are stored on the vehicle in a face-to-face relationship. Additionally, only a single container is held at each storage location within the system. In contrast, the system of claim 1 contains storage locations in which a plurality of machine readable labeled packages are kept. Additionally, the selected package of applicants' system are then held in a face-to-face relationship on the picking means. Thus, Chutca in

- 6 -

combination with Morello does not teach or suggest the system of claim 1 as here amended.

United States Patent No. 4,789,295 to Boucher et al. discloses an article manipulator for robots. That manipulator utilizes two vacuum cups for gripping articles. There is no disclosure of any type of storage location beyond the positions of articles being held by the vacuum cups. Since it would be impractical to hold a separate article by each suction cup, this reference also teaches that only one article be held by the picking means at any point in time. Boucher's gripper does not include any type of package reader although it does utilize sensors for sensing the position of the article manipulator relative to an article (column 3, lines 3 thru 7). Boucher et al. also does not teach or suggest the elements of applicants' dependent claims 5 thru 23 and 36.

United States Patent 4,546,901 to Buttarazzi discloses an apparatus for dispensing medication. The particular apparatus is essentially comprised of a plurality of pill dispensing units comprised of shelves containing bins of pills. The pills are individually blister packaged on a strip. The pill strips are withdrawn from the bins by a pair of gripping fingers supported on a carriage and placed on trays. A high speed conveyor transports the pills from the dispensing units to an inspection station. The carriage is mounted for transverse movement on a bar. The bar is attached transverse to a vertical column on which it moves up and down. Because the pill strips have been positioned in a precise

- 7 -

predetermined location in the dispensing units, the dispensing carriage assemblies can be directed in advance to the locations of the desired medication. Like the other references, Buttarazzi does not teach storage locations which hold a plurality of individual packages each of which can be individually removed and replaced. Furthermore, no package reader is utilized by Buttarazzi which reader is positioned for reading machine readable labels on packages located within the storage locations. Buttarazzi also does not disclose a supply station for restocking the storage areas or the elements required by dependent claims 2, 3, 5 thru 14, 16, 17, 19 thru 23 and 36.

The cited European patent discloses a sorting machine wherein grippers support objects for attachment to a hook or a rail. This system does not rely upon a set of storage locations having distinct x,y coordinates. This reference was cited to show storage of packages on rods and removal of the packages from those rods. The storage system there disclosed is otherwise completely different from applicants' system.

Clearly, none of the cited references disclose the claimed system. Taken together the cited prior art does not teach or suggest a system in which a plurality of individually retrievable packages can be stored in a single storage location and in a single picking means storage location. Consequently, amended claim 1 is patentable over the cited references. The remaining claims depend directly or indirectly from claim 1. Therefore, those claims are also patentable over the cited references. The prior art also does

- 8 -

not teach or suggest a movable supply station which holds a plurality of packages which can be removed by the picking means and placed in storage locations as set forth in claims 9 and 10. None of the prior art systems utilize a program for checking compatibility among products in packages selected by the picking means for a given order (claim 13). The art does not teach the tooling support structure of claim 36 which can pick packages from either a first or second holding means located opposite one another.

For the foregoing reasons, applicants submit that the claims as amended are patentable over the prior art. Reconsideration and allowance of the claims as amended are respectfully requested.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _Lynn J. Alstadt_
Lynn J. Alstadt
Registration No. 29,362

Attorneys for Applicant

(412) 562-1632

- 9 -



V W

SN 08/295495

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

08/295,495     08/25/94     MCDONALD

F1M1/0307

LYNN J. ALSTADT
BUCHANAN INGERSOLL
600 GRANT STREET, 56TH FLOOR
PITTSBURGH, PA  15219

| | 920015 |
|---|---|
| **EXAMINER** | |
| WERNER,F | |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 15 |

DATE MAILED: 07

03/07/95

**EXAMINER INTERVIEW SUMMARY RECORD**

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Alstadt                          (3) _____

(2) Exmr. Werner                         (4) _____

Date of Interview  3/3/95

Type: ☑ Telephonic    ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative).

Exhibit shown or demonstration conducted? ☐ Yes  ☐ No.  If yes, brief description: _____

Agreement  ☑ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed:  5, 6, 19 and 20

Identification of prior art discussed: _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: It was agreed that claims 5 and 6 be made dependent on claim 1 and that claims 19 and 20 be made dependent on claim 15 and this has been done by the Examiner.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☑ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form).  If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☑ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

FRANK E. WERNER

Examiner's Signature    PRIMARY EXAMINER 3/3/95
GROUP 3100

PTOL-413 (REV. 2 -93)          ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER



*V*W

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**    *SN 08/295,495*
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/295,495 | 08/25/94 | MCDONALD | S | 920015 |

F1M1/0307

LYNN J. ALSTADT
BUCHANAN INGERSOLL
600 GRANT STREET, 56TH FLOOR
PITTSBURGH, PA  15219

| WERNER, F EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 16 |

DATE MAILED:    03/07/95

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☑ This communication is responsive to *the amendment of*_____

2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☑ The allowed claims are *1-3, 5-17, 19-23 and 36*

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____, filed on _____

6. ☐ Note the attached Examiner's Amendment.

7. ☑ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

11. ☑ *The claims have been allowed because the prior art does not disclose or teach the mod-*
*ification thereof to arrive at the claimed combination of a storage area with pickups*
*(as claimed) automated picking means (as claimed) a computer (as claimed) and a reader*
*(as claimed) arranged in the claimed manner.*

**PART II.**
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☑ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. ___S___. CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☑ Formal drawings are now REQUIRED.

---------------------------------------------------------------------

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

**Attachments:**

_ Examiner's Amendment
✓ Examiner Interview Summary Record, PTOL-413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

FRANK E. WERNER
PRIMARY EXAMINER  3/1/95
GROUP 3100



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

F1M1/0307

LYNN J. ALSTADT
BUCHANAN INGERSOLL
600 GRANT STREET, 56TH FLOOR
PITTSBURGH, PA  15219

**NOTICE OF ALLOWANCE**
**AND ISSUE FEE DUE**

☐ Note attached communication from the Examiner
☐ This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/295,495 | 08/25/94 | 022 | WERNER, F       3107 | 03/07/95 |

| First Named Applicant | MCDONALD, SEAN C. |
|---|---|

TITLE OF INVENTION  AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 3 | 920015 | 414-273.000 | J50 | UTILITY | YES | $605.00 | 06/07/95 |

**THE APPLICATION IDENTIFIES ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
***PROSECUTION ON THE MERITS IS CLOSED.***

**THE ISSUE FEE MUST BE PAID WITHIN *THREE MONTHS* FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.
If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the
FEE DUE shown above and notify the patent and
Trademark Office of the change in status, or
  B. If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
pay of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communication prior to issuance to Box ISSUE FEE unless advised to contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees.  It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (REV. 12-93) (0651-0033)                    PATENT AND TRADEMARK OFFICE COPY

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107            :  PATENT

Examiner F. Werner             :

In re application of           :

SEAN MCDONALD ET AL.           :  AUTOMATED SYSTEM FOR
                                  SELECTING PACKAGES FROM
Serial No. 08/295,495          :  A STORAGE AREA

Filed August 25, 1994          :

Allowed March 7, 1995          :


                    L E T T E R

                         Pittsburgh, Pennsylvania 15219

                         August 21, 1995

Hon. Commissioner of Patents and Trademarks

     Washington, D. C.  20231

     Attention:  Brenda Moore - Drawing Processing Branch

Sir:

          This is in response to the Notice of Outstanding

Drawing Requirement of August 16, 1995 indicating that the

requirement for formal drawings (Form PTOL-37) attached to the

official Notice of Allowance of March 7, 1995 has not been

satisfied.

          We are enclosing herewith a copy of our letter of

April 25, 1995 enclosing seven (7) sheets of formal drawings and

a copy of the postcard received and stamped by the Mail Room on April 27, 1995.

In view of the fact that the drawings were obviously misplaced or lost by the Patent and Trademark Office, we are enclosing herewith the seven (7) sheets of formal drawings containing Figures 8 thru 10 and 16 thru 19 for entry into the above-entitled application.

Please substitute these drawings for the drawings originally filed with the application.  A copy of the Notice of Draftsperson's Patent Drawing Review (Form 948) is also enclosed which objects to the original drawings filed with the application.  These drawings overcome the objections.

Entry of the formal drawings is respectfully requested.

Respectfully submitted,

Lynn J. Alstadt
Registration No. 29,362
BUCHANAN INGERSOLL, P.C.
600 Grant Street, 56th Floor
Pittsburgh, PA  15219
(412) 562-1632

-2-

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Group Art Unit 3107 | : | PATENT |
| Examiner F. Werner | : | |
| In re application of | : | AUTOMATED SYSTEM FOR |
| | | SELECTING PACKAGES FROM |
| SEAN MCDONALD et al. | : | A STORAGE AREA |
| Serial No. 08/295,495 | : | |
| Filed August 25, 1994 | : | |
| Allowed March 7, 1995 | : | |

L E T T E R

Pittsburgh, Pennsylvania 15219

April 25, 1995

Hon. Commissioner of Patents and Trademarks

Washington, D.C.  20231

Sir:

Enclosed herewith are seven sheets of formal drawings containing Figures 8 thru 10 and 16 thru 19 for entry into the above-titled application.   Please substitute these drawings for the drawings originally filed with the application.  A copy of the Notice of Draftperson's Patent Drawing Review (Form 948) is also enclosed which objects to the original drawings filed with the application.  These drawings overcome the objections.

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington, D.C.
20231

April 25, 1995

Entry of the formal drawings is respectfully requested.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _Lynn J. Alstadt_____
Lynn J. Alstadt
Registration No. 29,362

Attorneys for Applicants

(412) 562-1632



295495

FIGURE 8



295495

FIGURE 9





FIGURE 10



FIGURE 16



295495

FIGURE 17



FIGURE 18





295495

FIGURE 19



APPROVED BY DRAFTSMAN
O.G. FIG.
CLASS | SUBCLASS

130 — START RESTOCKING

131 — POSITION GRIPPING ASSEMBLY

132 — SCAN PACKAGE

133 — IDENTIFY PACKAGE CONTENTS

134 — CHECK DATABASE FOR STROAGE LOCATION

135 — POSITION VACUUM CUPS

136 — APPLY SUCTION TO GRIP PACKAGE

137 — ACTIVATE SUCTION SENSOR

144 — RELEASE PACKAGE

143 — PLACE PACKAGE IN STORAGE RACK

142 — GRIP PACKAGE ON STORAGE ROD

POSITION AT STORAGE RACK — 141

PLACE PACKAGE ON STORAGE ROD — 138

RELEASE SUCTION GRIP — 139

MORE DRUGS ON RETURN RACK? — 140

146 — MORE PACKAGES ON STORAGE ROD?   NO / YES

READY — 145

NO

The dating stamp of the Patent Office on this card will be taken as an indication that the accompanying paper was filed.

Applicant(s) McDonald et al

Ser. No. 08/295,495

Paper dated April 25, 1995

Atty's File No. 940688/lja

Letter

7 sheets of formal drawings

A copy of draftsperson's patent drawing review



PTO FORM 948
(Rev 5-91)

GROUP 3107

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER
5

APPLICATION NUMBER
09/688,822

## NOTICE OF DRAFTSMAN'S PATENT DRAWING REVIEW

The PTO Draftsmen review all originally filed drawings regardless
of whether they were designated as informal or formal.

The drawings filed _____ 9/21/73

A. ☐ are approved.

B. ☒ are objected to under 37 CFR 1.84 for reasons checked below. The examiner will require submission of new,
corrected drawings at the appropriate time. Corrected drawings must be submitted according to the instructions
listed on the back of this Notice.

1. Paper and Ink. 37 CFR 1.84(a)
   ☐ Poor Quality Paper. Must Be White.
      Transparent Paper Not Allowed.
      Sheet(s) _____

2. Size of Sheet and Margins. 37 CFR 1.84(b)
   Acceptable Paper Sizes and Margins

   Paper Size

   | Margin | 8 1/2 by 14 inches | 6 1/2 by 13 inches | DIN size A4 21 by 29.7 cm |
   |--------|--------------------|--------------------|---------------------------|
   | Top    | 2 inches           | 1 inch             | 2.5 cm.                   |
   | Left   | 1/4 inch           | 1/4 inch           | 2.5 cm.                   |
   | Right  | 1/4 inch           | 1/4 inch           | 1.5 cm.                   |
   | Bottom | 1/4 inch           | 1/4 inch           | 1.0 cm.                   |

   ☐ Proper Size Paper Required. All
      Sheets Must be Same Size.
      Sheet(s) _____

   ☐ Proper Margins Required.
      Sheet(s) _____
         ☐ Top      ☐ Right
         ☐ Left     ☐ Bottom

3. Character of Lines. 37 CFR 1.84(c)
   ☐ Lines Pale, Rough and Blurred, or
      Jagged. Fig(s) _____

   ☐ Solid Black Shading Not Allowed.
      Fig(s) _____

4. ☐ Photographs Not Approved.

5. Hatching and Shading. 37 CFR 1.84(d)
   ☐ Shade Lines are Required.
      Fig(s) _____

   ☐ Criss-Cross Hatching Not Allowed
      Fig(s) _____

   ☐ Double Line Hatching Not Allowed.
      Fig(s) _____

   ☐ Parts in Section Must be Hatched
      Properly. Fig(s) _____

6. Reference Characters. 37 CFR 1.84(f)
   ☐ Reference Characters Poor or Rough
      and Blurred. Fig(s) _____

   ☒ Minimum 1/8 inch (3.2 mm.) in height
      is required. Fig(s) 8-10, 16-17

   ☒ Figure Legends Poor or Placed
      Incorrectly. Fig(s) 10

7. Views. 37 CFR 1.84(h) & (j)
   ☐ Figures Must be Numbered Separately.

   ☐ Figures Must Not be Connected
      Fig(s) _____

8. Identification of Drawings. 37 CFR 1.84(l)
   ☐ Extraneous Matter or Copy Machine
      Marks Not Allowed. Fig(s) _____

9. ☐ Changes Not Completed from Prior
      PTO-948 dated _____

☒ Comments:

- Remove box from patent drawing Fig 8-10

Telephone inquiries concerning this review should be directed to the Chief Draftsman at telephone number (703) 557-8404.

_____
Reviewing Draftsman

2/7/02
Date

Applicant's Copy

605—242

PART B—ISSUE FEE TRANSMITTAL

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to addressee unless Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate FEE ADDRESS for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| F1M1/0307<br><br>LYNN J. ALSTADT<br>BUCHANAN INGERSOLL<br>600 GRANT STREET, 56TH FLOOR<br>PITTSBURGH, PA  15219 | INVENTOR'S NAME<br><br>Street Address<br><br>City, State and ZIP Code<br><br>CO-INVENTOR'S NAME<br><br>Street Address<br><br>City, State and ZIP Code<br><br>☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/295,405 | 08/25/94 | 022 | WERNER, F | 3107 | 03/07/95 |

| First Named Applicant | MCDONALD, SEAN C. |
|---|---|

TITLE OF INVENTION  AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE AREA

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 3 | 920015 | 414-273.000 | J50 | UTILITY | YES | $605.00 | 06/07/95 |

| 3. Correspondence address change (Complete only if there is a change) | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. | 1 Buchanan Ingersoll<br><br>2 Lynn J. Alstadt<br><br>3 |
|---|---|---|

**DO NOT USE THIS SPACE**

160 KJ 07/06/95 08295495                    1 242       605.00 CK

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) | |
|---|---|
| (1) NAME OF ASSIGNEE:<br>Automated Healthcare, Inc.<br>(2) ADDRESS: (CITY & STATE OR COUNTRY)<br>Pittsburgh, PA | 6a. The following fees are enclosed:<br>☒ Issue Fee     ☐ Advance Order - # of Copies _____<br>6b. The following fees should be charged to:<br>DEPOSIT ACCOUNT NUMBER  02-4553<br>(ENCLOSE PART C)<br>☐ Issue Fee     ☐ Advance Order - # of Copies _____<br>☒ Any Deficiencies in  Enclosed Fees |

A. ☐ This application is NOT assigned.
☒ Assignment previously submitted to the Patent and Trademark Office.
☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS.
*PLEASE NOTE:* Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply this Issue Fee to the application identified above.

(Authorized Signature) _____  (Date) 7/6/95

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

**TRANSMIT THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE**

PTOL-85B (REV.12-93)(0651-0033)

## Certificate of Mailing

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to:

Box ISSUE FEE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

on     June 7, 1995
_____
                                    (Date)

Vicki Cremonese
(Name of person making deposit)

_____
(Signature)

_____
(Date)

Note:  If this certificate of mailing is used, it can only be used to transmit the Issue Fee. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

Burden Hour Statement: This form is estimated to take .2 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Office of Information Systems, Patent and Trademark Office, Washington, D.C. 20231, and to the Office of Information and Regulatory Affairs, Office of Management and Budget, (Project 0651-0033), Washington, D.C. 20503.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO: Commissioner of Patents and Trademarks, Box Issue Fee, Washington, DC 20231.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER| FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/293,495 | 08/25/94 | MCDONALD          S | 920015 |

```
                                    4102/0816
    LYNN J. ALSTADT
    BUCHANAN INGERSOLL
    600 GRANT STREET, 56TH FLOOR
    PITTSBURGH, PA  15219
```

| | WERNER EXAMINER |
|---|---|
| ART UNIT | PAPER NUMBER |
| 3107 | 17 |

DATE MAILED:        08/16/95

## NOTICE OF OUTSTANDING DRAWING REQUIREMENT

Office records indicate that the requirement for

     [X] formal drawings
     [ ] drawing corrections
     [ ] _____

which was made in the form PTOL-37

     [X] attached to the Notice of Allowance and Issue Fee Due mailed    _3/7/95_

     [ ] mailed  _____

has not been satisfied. As set forth in the form PTOL-37 and form PTO-1474, required drawing corrections must have been made by a bonded draftsman or new drawings submitted during the three month statutory period set for payment of the issue fee. The *three* month period for payment of the issue fee is a statutory requirement (35 USC 151) and cannot be extended. However, drawing corrections and new formal drawings will be accepted as timely filed through the end of a *six* month statutory period (35 USC 133), provided a request for extension of time and the correct fee in accordance with 37 CFR 1.136(a) is submitted before the end of the six month period. The required fees are set forth in 37 CFR 1.17(a), (b), and (c). If the requirements are not satisfied within the statutory period, this application will be abandoned.

**Brenda Moore**
**Drawing Processing Branch**
**703-305-8428**

Drafting Branch
Office of Publications

FORM PTOL-429 (4-83)



PTO UTILITY GRANT
Paper Number___ *19*

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person or persons having title to this patent the right to exclude others from making, using or selling the invention throughout the United States of America for the term of seventeen years from the date of this patent, subject to the payment of maintenance fees as provided by law.*

*Commissioner of Patents and Trademarks*

*Attest*

PTO–1584

FPI-LOM

(RIGHT INSIDE)



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107            : PATENT APPLICATION

In re application of                  :

SEAN C. MCDONALD ET AL.       : AUTOMATED SYSTEM FOR
                                     SELECTING PACKAGES FROM
Serial No. 295,495                    : A STORAGE AREA

Filed August 25, 1994                :

Patent No. 5,468,110               :

Issued November 21, 1995           :

## L E T T E R

Pittsburgh, Pennsylvania 15219
January 8, 1996

Hon. Commissioner of Patents and Trademarks
     Washington, D. C.  20231

Sir:

       Applicant requests that a Certificate of Correction be issued to correct the errors
which are indicated on the attached form for Certificate of Correction.

                                       Respectfully submitted,

APPROVED

MAR 1 9 1996

Lynn J. Alstadt
Registration No. 29,362
BUCHANAN INGERSOLL, P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
(412) 562-1632

# UNITED STATES PATENT AND TRADEMARK OFFICE
# **CERTIFICATE OF CORRECTION**

PATENT NO.    : 5,468,110

DATED         : November 21, 1995

INVENTOR(S) : SEAN C. McDONALD, ELLEN J. HERTZ, JAMES A. SMITH, GREGORY TOTO

It is certified that error appears in the above-indentified patent and that said Letters Patent is hereby corrected as shown below:

Column 1, line 6, change "07/87/832" to ––07/871,832––.

Column 14, lines 47-48, claim 20, delete "[on either the first or".

MAILING ADDRESS OF SENDER: Lynn J. Alstadt
BUCHANAN INGERSOLL, P.C.
301 Grant Street, 20th Floor
Pittsburgh, PA  15219

PATENT NO. 5,468,110

No. of add'l copies
@ 50¢ per page

FORM PTO 1050 (Rev. 2-93)

Staple
Here
Only !

PRINTER'S TRIM LINE

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO. : 5,468,110
DATED      : November 21, 1995
INVENTOR(S) : SEAN C. McDONALD, ELLEN J. HERTZ, JAMES A. SMITH, GREGORY TOTO

It is certified that error appears in the above-indentified patent and that said Letters Patent is hereby corrected as shown below:

Column 1, line 6, change "07/87/832" to --07/871,832--.

Column 14, lines 47-48, claim 20, delete "[on either the first or".

Signed and Sealed this

Sixteenth Day of April, 1996

BRUCE LEHMAN

Attest:

Attesting Officer

Commissioner of Patents and Trademarks

| Application or Docket Number |
|---|
| 295 495 |

## PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 1992

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $355.00 | OR | | $710.00 |
| TOTAL CLAIMS | 24 minus 20 = | 4 | x$11= | 44 | OR | x$22= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | | x 37= | | OR | x 74= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +115= | | OR | +230= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | 399 | OR | TOTAL | |

### CLAIMS AS AMENDED - PART II

| AMENDMENT A | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | * 22 | Minus | ** 24 | = | x$11= | | OR | x$22= | |
| | Independent | * 1 | Minus | *** 2 | = | x 37= | | OR | x 74= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 115= | | OR | +230= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| | Independent | * | Minus | *** | = | x 37= | | OR | x 74= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 115= | | OR | + 230= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT C | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | * 28 | Minus | ** | = | x$11= | | OR | x$22= | |
| | Independent | * | Minus | *** | = | x 37= | | OR | x 74= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +115= | | OR | +230= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev.10-92)

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Form PTO 1130
(REV 2/94)

**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office

# PACE DATA ENTRY CODING SHEET

| 1ST EXAMINER | 2ND EXAMINER | DATE 9/28/94 |
|---|---|---|

APPLICATION NUMBER: 08/295495

TOTAL CLAIMS: 24   INDEPENDENT CLAIMS: 2

TYPE APPL: 2   SMALL ENTITY?: 1

FILING DATE — MONTH 08   DAY 25   YEAR 94

FILING FEE: 394   FOREIGN LICENSE: 4   SPECIAL HANDLING

GROUP ART UNIT: 3107   CLASS: 4/4

ATTORNEY DOCKET NUMBER: 92 0015

SHEETS OF DRAWING: 19

**CONT CODE** 0 2 3   **STATUS CODE** 1 3 3

**PARENT APPLICATION SERIAL NUMBER** 0 7 / 4 6 9 , 2 1 3 7

**FOREIGN PRIORITY CLAIMED**   **COUNTRY CODE**

**CONTINUITY DATA**

PCT APPLICATION SERIAL NUMBER
PCT /
PCT /
PCT /
PCT /
PCT /
PCT /

**PARENT PATENT NUMBER**

**PARENT FILING DATE** — MONTH 04   DAY 12   YEAR 90

**PCT/FOREIGN APPLICATION DATA**

PCT/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN FILING DATE — MONTH   DAY   YEAR

★ U.S.G.P.O.: 1994—300-974



Figure 1





Figure 11

Figure 15