# Exhibit I
# Part 2

09/452646

FIGURE 8



09./452646



FIGURE 9

09/452646



FIGURE 10

09/452646



80 PSI air line

Figure 11

08/452646



Figure 12

09./**452646**





32

30

16 →

14

Figure 13

09/452646





Figure 14

09/452646



Figure 15

09./452646

FIGURE 16



09/452646



FIGURE 17

09/452646

FIGURE 18



09/452646



FIGURE 19

PRINT OF DRAWINGS
AS ORIGINALLY FILED

08/452646



Figure 1

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 2

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 3

PRINT OF DRAWINGS
AS ORIGINALLY FILED

08/452646



Figure 4

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 5

PRINT OF DRAWINGS
AS ORIGINALLY FILED

08/452646



Figure 6

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 7

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646

FIGURE 8



PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646

FIGURE 9



PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



FIGURE 10

PRINT OF DRAWINGS
AS ORIGINALLY FILED

08/452646



Figure 11

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 12

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 13

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 14

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



Figure 15

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09./452646



FIGURE 16

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



FIGURE 17

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



FIGURE 18

PRINT OF DRAWINGS
AS ORIGINALLY FILED

09/452646



FIGURE 19

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107                    ;

Examiner Frank E. Werner              :    AN AUTOMATED SYSTEM
                                           FOR SELECTING PACKAGES
In re application of  08/452646       :    FROM A STORAGE AREA

SEAN McDONALD et al.                  :

INFORMATION DISCLOSURE STATEMENT

Pittsburgh, Pennsylvania 15219

May 25, 1995

Hon. Commissioner of Patents and Trademarks

Washington, D.C.  20231

Sir:

The most pertinent prior art known to applicants has
been cited in the parent application Serial No. 07/871,832, filed
April 21, 1992.  Form PTO 1449 listing that prior art is attached
hereto.  Pursuant to 37 C.F.R. 1.98(d) no copy of these
references are submitted herewith.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By
Lynn J. Alstadt
Registration No. 29,362

Attorneys for Applicants

(412) 562-1632

SHEET: 1 OF 2

| FORM PTO-1449 (Rev. 7-80) | U.S. Department of Commerce Patent and Trademark Office | ATTY DOCKET NO. 950441 | | SERIAL NO. 08/452646 |
|---|---|---|---|---|
| LIST OF PRIOR ART CITED BY APPLICANT | | APPLICANT Sean McDonald et al. | | |
| (Use several sheets if necessary) | | FILING DATE 5-25-95 | | GROUP 3107 |

*Part of papers* #

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| RW | AA | 4,896,024 | 1/90 | Morello et al. | 414 | 274 | |
| RW | AB | 4,789,295 | 12/88 | Boucher, Jr., et al. | 414 | 280 | |
| RW | AC | 5,129,777 | 7/92 | Pohjonen et al. | 414 | 280 | |
| RW | AD | 4,812,629 | 3/89 | O'Neil et al. | 414 | 274 | |
| RW | AE | 4,546,901 | 10/85 | Butarazzi | 414 | 280 | |
| RW | AF | 4,786,229 | 11/88 | Henderson | 414 | 273 | |
| RW | AG | 4,792,270 | 12/88 | Yoshida | 414 | 273 | |
| RW | AH | 4,669,047 | 5/87 | Chucta | 414 | 331 | |
| RW | AI | 4,820,109 | 4/89 | Witt | 414 | 282 | |
| RW | AJ | 4,651,863 | 3/87 | Reuter et al. | 414 | 280 | |
| RW | AK | 3,802,580 | 4/74 | Castaldi | 414 | 280 | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| RW | AL | 304 | 1/79 | PCT | 414 | 273 | ✓ | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER P.E. Werner | DATE CONSIDERED 8/95 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with PEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

SHEET 2 OF 2

FORM PTO-1449
(Rev 7-80)

U.S. Department of Commerce
Patent and Trademark Office

LIST OF PRIOR ART CITED BY APPLICANT

*(Use several sheets if necessary)*

| ATTY DOCKET NO | SERIAL NO |
|---|---|
| 950441 | 08/452646 |

APPLICANT
Sean McDonald et al.

| FILING DATE | GROUP |
|---|---|
| 5-25-95 | 3107 |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| PW | AA | 3,986,612 | 10/76 | Kamm et al. | 209 | 111.7 | |
| PM | AB | 4,678,390 | 7/87 | Bonneton et al. | 414 | 282 | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| PM | AL | 2 596 299 | 10/87 | French | — | — | | ✓ |
| PW | AM | FR85/00232 | 8/84 | PCT | — | — | ✓ | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER F.E. Werner | DATE CONSIDERED 8/95 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with PEP 609. Draw line through question if not in conformance and not considered. Include copy of this form with next communication to applicant.

414-273        AU 314    47901

EP 0000304
JAN 1979

HOTC- ★        Q35              A2971B/02  ★EP -----304
Sorting machine for e.g. small hardware kits - has reader delivering
signals to logic control circuits which route items between transfer
and receiving rails
    HOTCHKISS-BRANDT   05.07.77-FR-020658
    P43   (10.01.79) B07c-03/08 B65g-47/61
D/S: DT, GB, SW.

The sorting machine has a storage rail which receives ob-
jects from work stations, suspension hooks being driven
by a transfer device. A gripper supports each object for
attachment to a hook, an unhooking device disengaging
each gripper from its hook so that the objects can be at-
tached to respective receiving rails.
    The hooks and receiving rails are pref. mounted at dif-
ferent levels, a guide element maintaining the grippers in
position during transfer. The machine pref. includes a
reader which is responsive to index markings on the ob-
jects to control their transfer to the receiving rails.
    The machine may be used to sort high turnover hard-
ware items, partic. those consisting of several small
components. It may also be adopted for use in an automa-
tic document retrieval system.
16.6.78 as 400023 (25pp934).
ISR: DT1265044; DT1251236; FR2040483; FR1541475;
FR1334995; US3572546; US2998136.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231    5 n o 8 / 4 5 2 6 4 6

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|

08/452,646    05/25/95    MCDONALD    S    950441

| | EXAMINER |
|---|---|
| WERNER, | |

F1M1/0821

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 3 |

LYNN J ALSTADT
BUCHANAN INGERSOLL
56TH FLOOR
600 GRANT STREET
PITTSBURGH PA  15219

DATE MAILED:    08/21/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on_____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ____3____ month(s), _____days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☑ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims __24-35__ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims __1 - 23 and 36__ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims __24-35__ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims_____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed  additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner;  ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been  ☐ approved;  ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appeares to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial Number: 08/452,646                              Page 2

Art Unit: 3107

-Part III-

1.    The fee calculation sheet and file wrapper indicates 12
claims (apparently claims 24-35) are present in the application.
An apparent preamendment cancelling claims 1-23 and 36 (which
were prosecuted in parent application SN 08/295495) has been
misplaced.  If the above is correct, Applicants cooperation in
ratifying the cancellation of claims 1-23 and 36 would be
appreciated.

2.    Claims 24-35 are rejected under 35 U.S.C. § 112, second
paragraph, as being indefinite for failing to particularly point
out and distinctly claim the subject matter which applicant
regards as the invention.

    Re claim 24, it is not understood how the packages" (line 1)
relate to the "medicine packages" (lines 4 and 5, etc.); further,
no antecedent basis exists for "the location" (lines 14 and 15);
lastly, an improper inference is created that the supply means
supplies the rod when in point of disclosure, the rods are
supplied from the supplying means by means of the picking means.
Re claim 27, no antecedent basis exists for "tooling" (line 4).
Re claim 35, no antecedent basis exists for "the back rod
supports".

3.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

        A patent may not be obtained though the invention is not
        identically disclosed or described as set forth in section

Serial Number: 08/452,646                                    Page 3

Art Unit: 3107

          102 of this title, if the differences between the subject
          matter sought to be patented and the prior art are such that
          the subject matter as a whole would have been obvious at the
          time the invention was made to a person having ordinary
          skill in the art to which said subject matter pertains.
          Patentability shall not be negatived by the manner in which
          the invention was made.

          Subject matter developed by another person, which qualifies
          as prior art only under subsection (f) or (g) of section 102
          of this title, shall not preclude patentability under this
          section where the subject matter and the claimed invention
          were, at the time the invention was made, owned by the same
          person or subject to an obligation of assignment to the same
          person.

4.    This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

5.    Claims 24, 25 and 35 are rejected under 35 U.S.C. § 103 as

being unpatentable over Morello et al in view of the European

Patent (,304).

     Morello et al disclose storage areas 40, automated picking

means 20, 62, etc. on tracks 98 (99), supplying means 22 and

computer means 26 to assign the package to X-Y coordinates

(column 11, lines 11-17) and to control the picking means, but do

not disclose support rods which is disclosed by the European

Patent (, 304) (15, etc.) and in view of the same, it would have

been obvious to have substituted holding means as taught by the

European Patent (, 304) as this would have been the substitution

Serial Number: 08/452,646                          Page 4

Art Unit: 3107

of equivalent holding means productive of no unexpected result.
The handling of conventional medicine packages (as claimed) would
have been obvious to one skilled in the art. Re claim 35, it
would have been obvious to have conventionally formed the rods
and gripper (as claimed) depending on the intended application.

6.    Claims 26 to 29 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of the European Patent (,
304) as applied to claims 24, 25 and 35 above, and further in
view of Buttarazzi.

      Buttarazzi (42, 21, 88, etc.) teaches and renders obvious
the alternate use of containers (filled by picking means) placed
on a conveyor. The use of conventional plural containers (as
claimed) would have been obvious. Re claims 28 and 29, the use
of conventional identifying means (such as a bar code in claim
29) would have been obvious.

7.    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to F.E.
Werner whose telephone number is (703) 308-1140. The examiner
can normally be reached on Tuesday-Friday from 6:30 AM to 5:00
PM.

Serial Number: 08/452,646                                    Page 5

Art Unit: 3107

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mr. Huppert, can be reached on (703) 308-1107.  The fax phone number for this Group is (703) 305-7687.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-1113.

Summary:

Claims 24-35 are rejected.

Rejection-SSP 3 mos.

Werner/mm
August 08, 1995

FRANK E. WERNER
PRIMARY EXAMINER  8/9/95
GROUP 3100

Form PTO 948 (Rev. 10-94)    U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office    Application No. 452(A6

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) 5/25/95, are
___ not objected to by the Draftsperson under 37 CFR 1.84 or 1.152.
_B_ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   ___ Not black solid lines. Fig(s)_____
   ___ Color drawings are not acceptable until petition is granted.
      Fig(s)_____
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   ___ Photographs are not acceptable until petition is granted.
      Fig(s)_____
   ___ Photographs not properly mounted (must use bristol board or
      photographic double-weight paper). Fig(s)_____
   ___ Poor quality (half-tone). Fig(s)_____
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   ___ Chemical or mathematical formula not labeled as separate figure.
      Fig(s)_____
   ___ Group of waveforms not presented as a single figure, using
      common vertical axis with time extending along horizontal axis.
      Fig(s)_____
   ___ Individuals waveform not identified with a separate letter
      designation adjacent to the vertical axis. Fig(s)_____
4. TYPE OF PAPER. 37 CFR 1.84(e)
   ___ Paper not flexible, strong, white, smooth, nonshiny, and durable.
      Sheet(s)_____
   ___ Erasures, alterations, overwritings, interlineations, cracks, creases,
      and folds copy machine marks not accepted. Fig(s)_____
   ___ Mylar, velum paper is not acceptable (too thin). Fig(s)_____
5. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   21.6 cm. by 35.6 cm. (8 1/2 by 14 inches)
   21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   21.0 cm. by 29.7 cm. (DIN size A4)
   ___ All drawing sheets not the same size. Sheet(s)_____
   ___ Drawing sheet not an acceptable size. Sheet(s)_____
6. MARGINS. 37 CFR 1.84(g): Acceptable margins:

Paper size

| | 21.6 cm. X 35.6 cm. (8 1/2 X 14 inches) | 21.6 cm. X 33.1 cm. (8 1/2 X 13 inches) | 21.6 cm. X 27.9 cm. (8 1/2 X 11 inches) | 21.0 cm. X 29.7 cm. (DIN Size A4) |
|---|---|---|---|---|
| T | 5.1 cm. (2") | 2.5 cm. (1") | 2.5 cm. (1") | 2.5cm. |
| L | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 2.5 cm. |
| R | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.5 cm. |
| B | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.0 cm. |

___ Margins do not conform to chart above. 1-3(6)7,11,15-19
   Sheet(s)_____
   _X_ Top (T)___ Left (L)___ Right (R)___ Bottom (B)
7. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to
   drawing changes.
   ___ All views not grouped together. Fig(s)_____
   ___ Views connected by projection lines or lead lines.
      Fig(s)_____
   ___ Partial views. 37 CFR 1.84(h) 2

___ View and enlarged view not labled separatly or properly.
   Fig(s)_____
___ Sectional views. 37 CFR 1.84 (h) 3
___ Hatching not indicated for sectional portions of an object.
   Fig(s)_____
___ Cross section not drawn same as view with parts in cross section
   with regularly spaced parallel oblique strokes. Fig(s)_____
8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ___ Words do not appear on a horizontal, left-to-right fashion when
      page is either upright or turned so that the top becomes the right
      side, except for graphs. Fig(s)_____
9. SCALE. 37 CFR 1.84(L)
   ___ Scale not large enough to show mechanism with crowding
      when drawing is reduced in size to two-thirds in reproduction.
      Fig(s)_____
   ___ Indication such as "actual size" or scale 1/2" not permitted.
      Fig(s)_____
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
   _X_ Lines, numbers, & letters not uniformly thick and well defined,
      clean, durable, and black (except for color drawings).
      Fig(s) 6
11. SHADING. 37 CFR 1.84(m)
   _X_ Solid black shading areas not permitted.
      Fig(s) 11,15
   ___ Shade lines, pale, rough and blurred. Fig(s)_____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.84(p)
   ___ Numbers and reference characters not plain and legible. 37 CFR
      1.84(p)(1) Fig(s)_____
   ___ Numbers and reference characters not oriented in same direction
      as the view. 37 CFR 1.84(p)(1) Fig(s)_____
   ___ English alphabet not used. 37 CFR 1.84(p)(2)
      Fig(s)_____
   _X_ Numbers, letters, and reference characters not measure at least
      .32 cm. (1/8 inch) in height. 37 CFR(p)(3)
      Fig(s) 5,6
13. LEAD LINES. 37 CFR 1.84(q)
   ___ Lead lines cross each other. Fig(s)_____
   ___ Lead lines missing. Fig(s)_____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
   ___ Sheets not numbered consecutively, and in Arabic numerals,
      beginning with number 1. Sheet(s)_____
15. NUMBER OF VIEWS. 37 CFR 1.84(u)
   ___ Views not numbered consecutively, and in Arabic numerals,
      beginning with number 1. Fig(s)_____
   ___ View numbers not preceded by the abbreviation Fig.
      Fig(s)_____
16. CORRECTIONS. 37 CFR 1.84(w)
   ___ Corrections not made from prior PTO-948.
      Fig(s)_____
17. DESIGN DRAWING. 37 CFR 1.152
   ___ Surface shading shown not appropriate. Fig(s)_____
   ___ Solid black shading not used for color contrast.
      Fig(s)_____

COMMENTS:

ATTACHMENT TO PAPER NO. 3    REVIEWER_____

PTO Copy

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP--APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/452646 | GROUP ART UNIT 3107 | ATTACHMENT TO PAPER NUMBER 3 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Sean C, McDonald et al | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | 3 0 4 | 1-1979 | European | ——— | 414 | 273 | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | R | |
|---|---|---|
| | S | |
| | T | |
| | U | |

| EXAMINER F.E. Werner | DATE 8/95 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of          :
MCDONALD, S.                  :
Application No.  08/452,646   :     Art Group_____
Filing Date  05/25/95         :
                              :     August 1, 1995
                              :

Short Title: AN AUTOMATED SYSTEM FOR SELECTING PACKAGES FROM A STORAGE

--------------------------
CHANGE OF ADDRESS
--------------------------

Hon. Commissioner of Patents and Trademarks
     Washington, D. C.


     Please note that effective September 1, 1995, the
attorney's address will be changed from 600 Grant Street,
Pittsburgh, Pa. to:

                              Buchanan Ingersoll P.C.
******************
*                *            One Oxford Centre
*  NEW ADDRESS   *
*                *            20th Floor
******************
                              301 Grant Street

                              Pittsburgh, Pa.

                              15219-1410

Please address all correspondence to us at the new address.
     The telephone numbers for our attorney(s) remains
unchanged, and the general telephone number is 412 562-8800
if you need any further information.

                              Respectfully submitted,

                              BUCHANAN INGERSOLL, P.C.


atty. docket 950441                              move-usapp



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107      :  PATENT

Examiner F. Werner      :

In re application of       :  AN AUTOMATED SYSTEM FOR
                 SELECTING AND DELIVERING
SEAN C. McDONALD et al.   :  PACKAGES FROM A STORAGE
                 AREA
Serial No. 08/452,676     :

Filed May 25, 1995      :

**A M E N D M E N T**

Pittsburgh, Pennsylvania 15219

November 21, 1995

Hon. Commissioner of Patents and Trademarks

  Washington, D.C.  20231

  Sir:

      Please amend the claims as follows:

      24.  (Amended)  A system for selecting and delivering <u>medicine</u> packages from a

holding <u>means</u> to fill orders comprising:

      a) <u>a holding means comprised of</u> a frame having a plurality of support rods <u>each</u>

<u>support rod sized</u> for holding <u>a plurality of</u> medicine packages, each rod associated with a given

medicine and holding medicine packages with only the same medicine <u>each support rod having a</u>

<u>distinct X, Y coordinate location</u>;

b) [means for supplying medicine packages to the support rods;

c)] means for picking medicine packages from the support rods in accordance with instructions received from a computer, said picking means being able to access the holding means [and the supply means]; the picking means capable of holding a plurality of medicine packages which have been picked from the holding means; and

c [d]) a computer having a database containing an X, Y coordinate location [the locations of] for all packages in the holding means, the computer able to receive orders for packages and able to direct the means for picking packages.

25. (Amended)  A system as described in claim 24 also comprising a supply [wherein the] structure [including] having a plurality of [rod supports from which the rods extend,] supply support rods which extend from said structure [with back rod supports] to form an X, Y coordinate system, with each supply support rod and medicine package [therein] thereon having a unique X and Y coordinate, said picking means disposed [adjacent] to have access to said structure such that a given medicine package on an associated supply support rod can be picked by the picking means to fill a patient's prescription; or a given medicine package in the [supplying means] supply structure can be picked by the picking means to restock [the] an associated rod in the holding means.

In claim 26, line 1, change "claim 25" to -- claim 24 --.



27. (Amended)  A system as described in claim [26] 24 wherein the picking means includes at least one gripper that picks the medicine packages; and a tooling support structure having at least one column [to support] supporting the column such that the [tooling]

picking means moves along the column as the column moves along the row to pick a given

medicine package hanging from a corresponding support rod, or restock a given medicine

package on a corresponding support rod; and means for moving the column with respect to the

 row, said moving means controlled by the computer.

4 28. (Amended)  A system as described in claim 27 wherein the [tooling] picking

means is comprised of:

a housing;

means for storing a plurality of medicine packages attached to the housing;

means for obtaining a medicine package, said obtaining means slidingly attached

to the housing such that it can move in a Z direction, which is perpendicular to the X and Y

directions, to pick a medicine package from a support [structure] rod when the housing is

adjacent to and aligned with a support rod, and can move in the Z direction to place a picked

package on the storing means; and

[wherein the] identifying means [is part of] attached to the at least one gripper

such that it can identify a package to be picked by the obtaining means, each of said packages

having an identity disposed on them which can be read by the identifying means.

30. (Amended)  A system [as described in claim 29 wherein] for selecting and

delivering packages from a holding means to fill orders comprising:

 a)  holding means comprised of a frame having a plurality of support rods for

holding packages each support rod having a distinct X, Y coordinate location and holding a

plurality of packages, all of those packages on each support rod having similar contents;

-3-

b) picking means for picking packages from the support rods in accordance with instructions received from a computer, the picking means being able to access the holding means and having

a housing;

means for storing packages attached to the housing;

[the obtaining means includes] means for producing a suction;

a suction rod in fluid connection with the suction producing means, said suction rod slidingly attached with respect to the Y and Z directions to the housing and maintaining a suction therethrough when the suction producing means is activated[; a suction is connected to the suction rod through] by which a medicine package is picked with suction; and

means for sensing when a package is properly positioned [on the suction head] such that the package rod is then moved to the storing means and deposits the package thereon.

35. (Amended)  A system as claimed in claim 24 wherein the support rods extend from [the] back rod supports within the frame in sets of two, with a first rod and a second rod on each set pointing essentially in a Z direction, which is perpendicular to the X and Y directions, but approximately 180° apart from each other[, and wherein the picking means includes a first gripper and a second gripper that picks the medicine packages; and a first and second tooling support structure, each tooling support structure having at least one column and at least one row to support the column, such that the first and the second tooling moves along the respective column and the respective column moves along the respective row of the first and second tooling

-4-

support structure, respectively, to pick a given medicine package from a corresponding support

rod, or restock a support rod with an associated medicine package].

## REMARKS

This is in response to the Office Action dated August 21, 1995. Applicants

confirm that claims 1 thru 23 and 36 were cancelled when the application was filed.

The Section 112 Rejections

The Examiner rejected all pending claims under Section 112 citing specific

problems with claims 24, 27 and 25.  Claim 24, 27 and 35 have been amended to overcome the

stated problems.  Reconsideration of the claims as amended and withdrawal of the Section 112

rejections are, therefore, respectfully requested.

The Section 103 Rejections

The pending claims have been rejected under Section 103 as obvious from United

States Patent No. 4,896,024 to Morello et al. in combination with European Patent Application

304 and Buttarazzi United States Patent No. 4,546,901.  Applicants have amended claim 24 to

require that each support rod be able to hold a plurality of packages and that the picking means

be capable of holding a plurality of packages after those packages have been retrieved from the

holding means.

-5-

Morello et al. discloses an apparatus for dispensing and accepting the return of reusable articles such as videotapes  The apparatus has a housing containing a plurality of stationary locations each location being capable of holding a single reusable article therein and having its own location code.  A transfer assembly is utilized to remove individual articles from selected locations and return articles to selected locations.  As shown in Figures 3, 7, 8 and 9 and described at column 9, line 50 thru column 10, line 37, the Morello system includes a picker assembly having a platen suitable for receiving one selected article. The platen contains two, generally parallel, spaced apart plates mounted to a base plate.  The plates define the location into which the selected article is positioned.  The teaching of Morello et al. is that the transfer assembly be sent to a specific location to select one directed article stored in that location.  The article is removed from the location into the picker assembly.  There the identification code of the article is read.  The picker assembly then delivers the article to a pick-up location.  The picker assembly can also receive individual articles which have been placed at the gate mechanism 22.  As disclosed, the picker assembly and the gate mechanism can handle only a single article at any given point in time.  Similarly each location can accommodate a single article at any given point in time.  Storage of many articles at a single location as well as selecting multiple packages before delivery is not taught or suggested by Morello.  The Examiner has recognized that Morello also does not teach or suggest the use of support rods to hold the videotape packages.

The Examiner argues that those skilled in the art would use the rods of the cited European patent in the Morello system.  However, if such a combination were made one would have a system that stored single packages at distinct locations on rods.  Yet, the amended claims

require a plurality of packages be held on each rod and also that the picking means be capable of

holding a plurality of packages. This combination is not taught or suggested by the cited

combination. Furthermore, these references do not teach or suggest storing similar packages of

medicine on a single rod in an automated system. Since none of the other references teach or

suggest the system of amended claim 24, the claimed system is patentable over the prior art.

Claims 25 thru 29 depend directly or indirectly from claim 24 and, therefore, are also patentable.

Claim 30 has been rewritten in independent form. The Examiner did not cite any

art against this claim. Hence, it is patentable over the prior art. Claims 31 thru 34 depend from

patentable claim 30 and are, therefore, patentable.

Reconsideration and allowance of the claims as amended are respectfully

requested.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _____
Lynn J. Alstadt
Registration No. 29,362

Attorney for Applicants

(412) 562-1632

-7-

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107                          :                PATENT

Examiner F. Werner                           :

In re application of                         :    AN AUTOMATED SYSTEM FOR
                                                  SELECTING AND DELIVERING
SEAN C. McDONALD et al.                      :    PACKAGES FROM A STORAGE
                                                  AREA
Serial No. 08/452,646                        :

Filed May 25, 1995                           :


## L E T T E R


Pittsburgh, Pennsylvania 15219

November 22, 1995

Hon. Commissioner of Patents and Trademarks

    Washington, D.C.  20231

Sir:

    An Amendment was mailed to the Patent and Trademark Office on November 21,

1995, for the above-identified patent application.  Unfortunately, the serial number listed in the

identification of the application was incorrect.  We are, therefore, enclosing a revised page

bearing the correct Serial No. 08/452,646.

I hereby certify that this correspondence is being
deposited with the United States Postal Service as first
class mail in an envelope addressed to: Commissioner
of Patents and Trademarks, Washington, D.C.  20231,
on 11-22-95

Buchanan Ingersoll

It is respectfully requested that this revised page be substituted for the page
bearing the incorrect Serial No. 08/452,656.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _Lynn J. Alstadt_

Lynn J. Alstadt
Registration No. 29,362

Attorney for Applicants

(412) 562-l632



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sn 08/4526

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

yV

08/452,646    05/25/95    MCDONALD    S    950441

| | EXAMINER |
|---|---|

WERNER.F

F1M1/0318

| ART UNIT | PAPER NUMBER |
|---|---|

BUCHANAN INGERSOLL P.C.
ONE OXFORD CENTRE
20TH FLOOR
301 GRANT STREET
PITTSBURGH, PA. 15219-1410

3107    7

DATE MAILED:

03/18/96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined ☑ Responsive to communication filed on _Nov. 24, 1995_ ☑ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ~~days~~ from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.  2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.  4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _24 ~ 35_ _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _1-23 and 36_ _____ have been cancelled.

3. ☑ Claims _30-34_ _____ are allowed.

4. ☑ Claims _24, 35_ _26-29 and_ _____ are rejected.

5. ☑ Claims _25_ _15 are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial Number: 08/452,646                                      Page 2
Art Unit: 3107

-Part III-

1.    Claims 24-35 are rejected under 35 U.S.C. § 103 as being

unpatentable over .

      Re at least base claim 24, it is not clear whether the picking

means holds the packages at the same time or at a different time.

2.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

      A patent may not be obtained though the invention is not
      identically disclosed or described as set forth in section 102
      of this title, if the differences between the subject matter
      sought to be patented and the prior art are such that the
      subject matter as a whole would have been obvious at the time
      the invention was made to a person having ordinary skill in
      the art to which said subject matter pertains. Patentability
      shall not be negatived by the manner in which the invention
      was made.

      Subject matter developed by another person, which qualifies as
      prior art only under subsection (f) or (g) of section 102 of
      this title, shall not preclude patentability under this
      section where the subject matter and the claimed invention
      were, at the time the invention was made, owned by the same
      person or subject to an obligation of assignment to the same
      person.

3.    This application currently names joint inventors.    In
considering patentability of the claims under 35 U.S.C. § 103, the
examiner presumes that the subject matter of the various claims was
commonly owned at the time any inventions covered therein were made
absent any evidence to the contrary.  Applicant is advised of the
obligation under 37 C.F.R. § 1.56 to point out the inventor and
invention dates of each claim that was not commonly owned at the
time a later invention was made in order for the examiner to
consider the applicability of potential 35 U.S.C. § 102(f) or (g)
prior art under 35 U.S.C. § 103.

4.    Claims 24, and 35 are rejected under 35 U.S.C. § 103 as being

unpatentable over Morello et al in view of the European Patent,

(,304).

      Morello et al disclose storage areas 40, automated picking

Serial Number: 08/452,646                                          Page 3
Art Unit: 3107

means 20, 63, etc. on tracks 98 (99), supplying means 22 and
computer means 26 to assign the package to X-Y coordinates (column
11, lines 11-17) and to control the picking means, but do not
disclose support rods which is disclosed by the European Patent
(,304) (15, etc.) and in view of the same, it would have been
obvious to have substituted holding means as taught by the European
Patent (,304) as this would have been the substitution of
equivalent holding means productive of no unexpected result. When
storing articles on a rod, it would have been obvious to have
collected a plurality of articles by the picking means as taught by
the European Patent (,304) (15, 20, 21, etc.). The handling of
conventional medicine packages (as claimed) would have been obvious
to one skilled in the art. Re claim 35, it would have been obvious
to have conventionally formed the rods and gripper (as claimed)
depending on the intended application.

4~· Claims 26 to 29 are rejected under 35 U.S.C. § 103 as being
unpatentable over Morello et al in view of the European Patent
(,304) as applied to claims 24, and 35 above, and further in view
of Buttarazzi.

Buttarazzi (42, 21, 88, etc.) teaches and renders obvious the
alternate use of containers (filled by picking means) placed one ω
conveyor. The use of conventional plural containers (as claimed)
would have been obvious. Re claims 28 and 29, the use of
conventional identifying means (such as a bar code in claim 29)
would have been obvious.

Serial Number: 08/452,646                                    Page 4
Art Unit: 3107

5.   Claim 25 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

6.   Applicant's arguments filed Nov. 24, 1995 have been fully considered but they are not deemed to be persuasive.

     Re applicants' "Remarks" on pages 6 and 7, please note the above rejections.

7.   **THIS ACTION IS MADE FINAL.**   Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Serial Number: 08/452,646                                    Page 5
Art Unit: 3107

8.    Any inquiry concerning this communication should be directed

to F. E. Werner at telephone number (703) 308-1140.

Summary:

        Claims 24, 26-29 and 35 are rejected.

        Claims 30-34 are allowed.

        Claims 25 is objected to

        Final Rejection-SSP 3mos.

Werner/oc
March 04, 1996

                                              FRANK E. WERNER
                                              PRIMARY EXAMINER 3|96
                                                  GROUP 3100

3/07



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit 3107                    :            PATENT

Examiner F. Werner                     :

In re application of                   :   AN AUTOMATED SYSTEM FOR
                                           SELECTING AND DELIVERING
SEAN C. McDONALD et al.                :   PACKAGES FROM A STORAGE
                                           AREA
Serial No. 08/452,646                  :

Filed May 25, 1995                     :

I hereby certify that this correspondence is being
deposited with the United States Postal Service as first
class mail in an envelope addressed to: Commissioner
of Patents and Trademarks, Washington, D.C. 20231,
on

May 20 1996
Buchanan Ingersoll

## A M E N D M E N T

Pittsburgh, Pennsylvania 15219

May 20, 1996

Hon. Commissioner of Patents and Trademarks

    Washington, D.C.  20231

Sir:

         Please amend the claims as follows:

         24. (Twice Amended)  A system for selecting and delivering medicine packages

from a holding means to fill orders comprising:

         a) a holding means comprised of a frame having a plurality of support rods each

support rod sized for holding a plurality of medicine packages, each rod associated with a given

medicine and holding medicine packages with only the same medicine each support rod having a

distinct X, Y coordinate location;

40

b)  means for picking medicine packages from the support rods in accordance with instructions received from a computer, said picking means being able to access the holding means; the picking means capable of holding a plurality of medicine packages which have been picked from the holding means; [and]

c) a computer having a database containing an X, Y coordinate location for all packages in the holding means, the computer able to receive orders for packages and able to direct the means for picking packages; and

d)  a supply structure having a plurality of supply support rods which extend from said structure to form an X, Y coordinate system, with each supply support rod and medicine package thereon having a unique X and Y coordinate, said picking means disposed to have access to said structure such that a given medicine package on an associated supply support rod can be picked by the picking means to fill a patient's prescription, or a given medicine package in the supply structure can be picked by the picking means to restock an associated rod in the holding means.

Cancel claim 25.

REMARKS

This is in response to the Office Action dated March 18, 1996.  By this Amendment applicants have amended claim 24 to include the subject matter of claim 25 and cancelled claim 25.

-2-

     In the Office Action the Examiner allowed claims 30 thru 34 and said claim 25 would be allowable if rewritten in independent form. The present amendment does this. Therefore, claim 24 as amended is allowable. Claims 26, 27, 28, 29 and 35 depend directly or indirectly from claim 24. Consequently, these claims are allowable.

     Reconsideration and allowance of the claims as amended are respectfully requested.

Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _____
Lynn J. Alstadt
Registration No. 29,362

Attorney for Applicants

(412) 562-1632

-3-



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office    Sn 08/452646
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | MCDONALD            8 | 950441 |

31M1/0606

WERNER, F    EXAMINER

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | 9 |

DATE MAILED:    06/06/96

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☑ This communication is responsive to *the amendment of May 22, 1996*

2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS ~~(OR REMAINS)~~ CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☑ The allowed claims are *24 and 26-35*

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [_] been filed in parent application Serial No. _____ filed on _____

6. ☐ Note the attached Examiner's Amendment.

7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

11. ☑ *The claims have been allowed because the prior art does not disclose or teach the application thereof to arrive at the claimed combination of the claimed holding means, picking means, computer and supply structure (claim 24) and holding means, picking means, sensing means (claim 30) the whole operating according to the claim.*

**PART II.**
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☑ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached ~~hereto or~~ to Paper No. _3_. CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☑ Formal drawings are now REQUIRED.

---

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

**Attachments:**

_ Examiner's Amendment
_ Examiner Interview Summary Record, PTOL-413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

FRANK E. WERNER
PRIMARY EXAMINER    6/96
GROUP 3100

PTOL-37 (REV. 4-89) ∗



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

**NOTICE OF ALLOWANCE**
**AND ISSUE FEE DUE**

BUCHANAN INGERSOLL P.C.
ONE OXFORD CENTER
20TH FLOOR
301 GRANT STREET
PITTSBURGH PA 15219-1410

☐ Note attached communication from the Examiner
☐ This notice is issued in view of applicant's communication filed _____

| | SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|---|
| First Named Applicant | | | | WERNER, F. | |

TITLE OF INVENTION: MCDONNELL, ALAN J.
AUTOMATED SYSTEM FOR SELECTING AND DELIVERING PACKAGES FROM A STORAGE AREA

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| | | | | UTILITY | YES | | |

**THE APPLICATION IDENTIFIES ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**_PROSECUTION ON THE MERITS IS CLOSED._**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY Status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the patent and Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with, pay of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communication prior to issuance to Box ISSUE FEE unless advised to contrary.

**_IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees.  It is patentee's responsibility to ensure timely payment of maintenance fees when due._**

PTOL-85 (REV. 12-93) (0651-0033)

4. PATENT AND TRADEMARK OFFICE COPY

242-62500

**PART B—ISSUE FEE TRANSMITTAL**

**ING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate.
All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to addressee
entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate
"FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. **See reverse for Certificate of Mailing.**

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| RTC | INVENTOR'S NAME  **RECEIVED** ~ |
| | Street Address  **Publishing Division** |
| 01M1/0606 | City, State and ZIP Code  SEP 9 1996 |
| | CO-INVENTOR'S NAME |
| 2119-1410 | Street Address  **GP** |
| M | City, State and ZIP Code |
| | ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08-452-646 | 011 | | WERNER, E.    3107 | 06/06/96 |

First Named
Applicant

TITLE OF
INVENTION
AU... ... ...R SELECTING AND DELIVERING PACKAGES FROM A STORAGE
AR...

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 | ...75-000 | A72 | UTILITY | YES | $625.00 | 09/06/96 |

| 3. Correspondence address change (Complete only if there is a change) | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. | 1 Buchanan Ingersoll, P. |
|---|---|---|
| | | 2 Lynn J. Alstadt |
| | | 3 |

| DO NOT USE THIS SPACE | 010 BL 09/18/95 08452646 |
|---|---|
| | 1 243    625.00 CK |

5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type)

(1) NAME OF ASSIGNEE:
Automated Healthcare, Inc.

(2) ADDRESS: (CITY & STATE OR COUNTRY)
Pittsburgh, PA

A. ☐ This application is NOT assigned.
☒ Assignment previously submitted to the Patent and Trademark Office.
☐ Assignment is being submitted under separate cover. Assignments should be
directed to Box ASSIGNMENTS.

*PLEASE NOTE:* Unless an assignee is identified in Block 5, no assignee data will appear on the patent.
Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the
PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing
an assignment.

| 6a. The following fees are enclosed: |
|---|
| ☒ Issue Fee    ☐ Advance Order - # of Copies |
| 6b. The following fees should be charged to: |
| DEPOSIT ACCOUNT NUMBER  02-4553 |
| (ENCLOSE PART C) |
| ☐ Issue Fee    ☐ Advance Order - # of Copies |
| ☒ Any Deficiencies in Enclosed Fees |

THE COMMISSIONER OF PATENTS AND TRADEMARKS is
requested to apply the Issue Fee to the application identified above.

(Authorized Signature) _Lynn J Alstadt_    (Date) 9/5/96

*NOTE: The Issue Fee will not be accepted from anyone other than the
applicant, a registered attorney or agent; or the assignee or other party
in interest as shown by the records of the Patent and Trademark Office.*

**1. TRANSMIT THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE**

PTOL-85B (REV.12-93)(0651-0033)

## Certificate of Mailing

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to:

Box ISSUE FEE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

on _____ September 5, 1996 _____

(Date)

Vicki Cremonese

(Name of person making deposit)

_Vicki Cremonese_

(Signature)

_September 5, 1996_

(Date)

Note: If this certificate of mailing is used, it can only be used to transmit the Issue Fee. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

Burden Hour Statement: This form is estimated to take .2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Office of Information Systems, Patent and Trademark Office, Washington, D.C. 20231, and to the Office of Information and Regulatory Affairs, Office of Management and Budget, (Project 0651-0033), Washington, D.C. 20503. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner of Patents and Trademarks, Box Issue Fee, Washington, DC 20231.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Group Art Unit 3107 | : | PATENT |
| Examiner F. Werner | : | |
| In re application of | : | **AN AUTOMATED SYSTEM** |
| | | **FOR SELECTING AND** |
| Sean C. McDonald | : | **DELIVERING PACKAGES** |
| | | **FROM A STORAGE AREA** |
| Serial No. 08/452,646 | : | |
| Filed May 25, 1995 | : | |
| Allowed June 6, 1996 | : | |

**L E T T E R**

Pittsburgh, Pennsylvania  15219

September 5, 1996

Hon. Commissioner of Patents and Trademarks

    Washington, D.C.  20231

Sir:

    Please substitute the enclosed ten (10) sheets of drawings for those originally filed

with the application.  Entry of these drawings overcomes the objections to Figures 1 thru 3, 5, 6,

7, 10, 11, 15 and 19.  The remaining drawings were approved.

    A copy of the Draftsman's Rejection Sheet is enclosed.  Entry of these drawings

overcomes all of the objections there listed.

                    Respectfully submitted,

                    BUCHANAN INGERSOLL, P.C.

                    By _Lynn J. Alstadt_
                        Lynn J. Alstadt
                        Registration No. 29,362

(412) 562-1632



*Fig.1.*

5593267



FIGURE 2



FIGURE 3



Figure 5



*Figure 6*



FIGURE 7



FIGURE 10



*Figure 11*

80 PSI
Air Line



Figure 15



FIGURE 19



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/452,646 | 05/25/95 | MCDONALD | S | 950441 |

```
                                        4102/0911
    BUCHANAN INGERSOLL P.C.
    ONE OXFORD CENTRE
    20TH FLOOR
    301 GRANT STREET
    PITTSBURGH, PA. 15219-1410
```

| EXAMINER |
|---|
| WERNER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3107 | |

DATE MAILED:    09/11/96

## NOTICE OF DRAWING REQUIREMENTS

☑ Corrected/substituted drawings for the above-identified application, received in the PTO on ___9-6-96___, are still considered informal for the reason(s) identified on the attached Form PTO-948.

☐ Applicant has the time remaining in the response period set in the Notice of Allowability or Notice of Drawing Requirements mailed _____ to overcome the objections raised in the attached Form PTO-948. This response period may be extended under the provisions of 37 CFR 1.136 (a) by filing the appropriate request and fee before the end of the six month statutory period for response.

☑ The PTO delayed in reviewing the corrected drawings. Applicant is given ONE month time limit from the date of this letter to provide corrected drawings. NO EXTENSION OF THIS TIME LIMIT MAY BE GRANTED UNDER EITHER 37 CFR 1.136(a) or (b). See MPEP 714.03. However, the response period set in the Notice of Allowability or Notice of Drawing Requirements mailed ___6-6-96___ may be extended under the provisions of 37 CFR 1.136(a) by filing the appropriate request and fee before the end of the six month statutory period for response.

☐ The PTO delayed in reviewing the corrected drawings. Applicant is given ONE month time limit from the date of this letter to provide corrected drawings. NO EXTENSION OF THIS TIME LIMIT MAY BE GRANTED UNDER EITHER 37 CFR 1.136(a) or (b). See MPEP 714.03

☑ ATTACHMENT: PTO-948

_Joshua Chase_   9-11-96

PATENT AND TRADEMARK OFFICE     DATE

FORM PTOL-455 (REV. 8-95)

Form PTO 948 (Rev. 10-94)     U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office     Application No. 08/452646

# NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) 9-6-96 are
A. ____ not objected to by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ____ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color:
   ____ Not black solid lines. Fig(s)_____
   ____ Color drawings are not acceptable until petition is granted.
       Fig(s)
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   ____ Photographs are not acceptable until petition is granted.
       Fig(s)
   ____ Photographs not properly mounted (must use bristol board or
       photographic double-weight paper). Fig(s)_____
   ____ Poor quality (half-tone). Fig(s)
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   ____ Chemical or mathematical formula not labeled as separate figure.
       Fig(s)
   ____ Group of waveforms not presented as a single figure, using
       common vertical axis with time extending along horizontal axis.
       Fig(s)
   ____ Individuals waveform not identified with a separate letter
       designation adjacent to the vertical axis. Fig(s)_____
4. TYPE OF PAPER. 37 CFR 1.84(c)
   ____ Paper not flexible, strong, white, smooth, nonshiny, and durable.
       Sheet(s)
   ____ Erasures, alterations, overwritings, interlineations, cracks, creases,
       and folds copy machine marks not accepted. Fig(s)_____
   ____ Mylar, velum paper is not acceptable (too thin). Fig(s) _____
5. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   ____ 21.6 cm. by 35.6 cm. (8 1/2 by 14 inches)
   ____ 21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   ____ 21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   ____ 21.0 cm. by 29.7 cm. (DIN size A4)
   ____ All drawing sheets not the same size. Sheet(s)_____
   ____ Drawing sheet not an acceptable size. Sheet(s)_____
6. MARGINS. 37 CFR 1.84(g): Acceptable margins:

   Paper size

   | | 21.6 cm. X 35.6 cm. (8 1/2 X 14 inches) | 21.6 cm. X 33.1 cm. (8 1/2 X 13 inches) | 21.6 cm. X 27.9 cm. (8 1/2 X 11 inches) | 21.0 cm. X 29.7 cm. (DIN Size A4) |
   |---|---|---|---|---|
   | T | 5.1 cm. (2") | 2.5 cm. (1") | 2.5 cm. (1") | 2.5 cm. |
   | L | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. |
   | R | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.5 cm. |
   | B | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.0 cm. |

   Margins do not conform to chart above.
   ____ Sheet(s) ____ FIG 1D, 16-18
   ____ Top (T) ____ Left (L) ____ Right (R) ____ Bottom (B)
7. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to
   drawing changes.
   ____ All views not grouped together. Fig(s)_____
   ____ Views connected by projection lines or lead lines.
       Fig(s)
   ____ Partial views. 37 CFR 1.84(h) 2

____ View and enlarged view not labled separately or properly.
    Fig(s)
____ Sectional views. 37 CFR 1.84 (h) 3
____ Hatching not indicated for sectional portions of an object.
    Fig(s)
____ Cross section not drawn same as view with parts in cross section
    with regularly spaced parallel oblique strokes. Fig(s)_____
8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ____ Words do not appear on a horizontal, left-to-right fashion when
       page is either upright or turned so that the top becomes the right
       side, except for graphs. Fig(s)_____
9. SCALE. 37 CFR 1.84(k)
   ____ Scale not large enough to show mechanism with crowding
       when drawing is reduced in size to two-thirds in reproduction.
       Fig(s)
   ____ Indication such as "actual size" or scale 1/2" not permitted.
       Fig(s)
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR
    1.84(l)
    ____ Lines, numbers & letters not uniformly thick and well defined,
        clean, durable, and black (except for color drawings).
        Fig(s)
11. SHADING. 37 CFR 1.84(m)
    ____ Solid black shading areas not permitted.
        Fig(s)
    ____ Shade lines, pale, rough and blurred. Fig(s)_____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR
    1.84(p)
    ____ Numbers and reference characters not plain and legible. 37 CFR
        1.84(p)(l) Fig(s)_____
    ____ Numbers and reference characters not oriented in same direction
        as the view. 37 CFR 1.84(p)(l) Fig(s)_____
    ____ English alphabet not used. 37 CFR 1.84(p)(2)
        Fig(s)
    ____ Numbers, letters, and reference characters do not measure at least
        .32 cm. (1/8 inch) in height. 37 CFR(p)(3)
        Fig(s) 2
13. LEAD LINES. 37 CFR 1.84(q)
    ____ Lead lines cross each other. Fig(s)_____
    ____ Lead lines missing. Fig(s)_____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    ____ Sheets not numbered consecutively, and in Arabic numerals,
        beginning with number 1. Sheet(s)_____
15. NUMBER OF VIEWS. 37 CFR 1.84(u)
    ____ Views not numbered consecutively, and in Arabic numerals,
        beginning with number 1. Fig(s)_____
    ____ View numbers not preceded by the abbreviation Fig.
        Fig(s)
16. CORRECTIONS. 37 CFR 1.84(w)
    ____ Corrections not made from prior PTO-948.
        Fig(s) 16-18
17. DESIGN DRAWING. 37 CFR 1.152
    ____ Surface shading shown not appropriate. Fig(s)_____
    ____ Solid black shading not used for color contrast.
        Fig(s)

COMMENTS:

ATTACHMENT TO PAPER NO._____     REVIEWER J. CHASE     DATE 9-11-96
PTO

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Group Art Unit 3107 | : | PATENT |
| Examiner F. Werner | : | |
| In re application of | : | **AN AUTOMATED SYSTEM** |
| | | **FOR SELECTING AND** |
| Sean C. McDonald | : | **DELIVERING PACKAGES** |
| | | **FROM A STORAGE AREA** |
| Serial No. 08/452,646 | : | |
| Filed May 25, 1995 | : | |
| Allowed June 6, 1996 | : | |

**L E T T E R**

Pittsburgh, Pennsylvania  15219

October 4, 1996

Hon. Commissioner of Patents and Trademarks

    Washington, D.C.  20231

Sir:

      Please substitute the enclosed six (6) sheets of drawings containing Figures 2, 10, 16, 17, 18 and 19 for those filed on September 9, 1996.  These drawings are believed to overcome the objections raised by the Official Draftsman to the figures previously submitted.

      A copy of the Draftsman's Objections is also enclosed.

      Respectfully submitted,

BUCHANAN INGERSOLL, P.C.

By _____

Lynn J. Alstadt

Registration No. 29,362

(412) 562-1632

FIGURE 2





FIGURE 10



FIGURE 16



FIGURE 17



FIGURE 18



FIGURE 19



PTO UTILITY GRANT

Paper Number ___13___

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

### United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

Bruce Lehman

*Commissioner of Patents and Trademarks*

Margie v. Turner

*Attest*

The
United
States
of
America



Form **PTO-1584** (Rev. 5/96)

(RIGHT INSIDE)

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1994

Application or Docket Number

452646

### CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 365.00 | OR | | 730.00 |
| TOTAL CLAIMS | 12 minus 20 = | * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 1 minus 3 = | * | x38= | | OR | x76= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +120= | | OR | +240= | |
| | | | TOTAL | 365 | OR | TOTAL | |

\* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +120= | | OR | +240= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +120= | | OR | +240= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT C** Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x38= | | OR | x76= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +120= | | OR | +240= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 10/94)    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

## MULTIPLE DEPENDENT CLAIM
## FEE CALCULATION SHEET
*(FOR USE WITH FORM PTO-875)*

| SERIAL NO. | | FILING DATE |
|---|---|---|
| APPLICANT(S) | | |

### CLAIMS

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | | | * | | * | | * | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. | | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | | | | | | | 51 | | | | | | |
| 2 | | | | | | | 52 | | | | | | |
| 3 | | | | | | | 53 | | | | | | |
| 4 | | | | | | | 54 | | | | | | |
| 5 | | | | | | | 55 | | | | | | |
| 6 | | | | | | | 56 | | | | | | |
| 7 | | | | | | | 57 | | | | | | |
| 8 | | | | | | | 58 | | | | | | |
| 9 | | | | | | | 59 | | | | | | |
| 10 | | | | | | | 60 | | | | | | |
| 11 | | | | | | | 61 | | | | | | |
| 12 | | | | | | | 62 | | | | | | |
| 13 | | | | | | | 63 | | | | | | |
| 14 | | | | | | | 64 | | | | | | |
| 15 | | | | | | | 65 | | | | | | |
| 16 | | | | | | | 66 | | | | | | |
| 17 | | | | | | | 67 | | | | | | |
| 18 | | | | | | | 68 | | | | | | |
| 19 | | | | | | | 69 | | | | | | |
| 20 | | | | | | | 70 | | | | | | |
| 21 | | | | | | | 71 | | | | | | |
| 22 | | | | | | | 72 | | | | | | |
| 23 | | | | | | | 73 | | | | | | |
| 24 | | | | | | | 74 | | | | | | |
| 25 | | | | | | | 75 | | | | | | |
| 26 | | | | | | | 76 | | | | | | |
| 27 | | | | | | | 77 | | | | | | |
| 28 | | | | | | | 78 | | | | | | |
| 29 | | | | | | | 79 | | | | | | |
| 30 | | | | | | | 80 | | | | | | |
| 31 | | | | | | | 81 | | | | | | |
| 32 | | | | | | | 82 | | | | | | |
| 33 | | | | | | | 83 | | | | | | |
| 34 | | | | | | | 84 | | | | | | |
| 35 | | | | | | | 85 | | | | | | |
| 36 | | | | | | | 86 | | | | | | |
| 37 | | | | | | | 87 | | | | | | |
| 38 | | | | | | | 88 | | | | | | |
| 39 | | | | | | | 89 | | | | | | |
| 40 | | | | | | | 90 | | | | | | |
| 41 | | | | | | | 91 | | | | | | |
| 42 | | | | | | | 92 | | | | | | |
| 43 | | | | | | | 93 | | | | | | |
| 44 | | | | | | | 94 | | | | | | |
| 45 | | | | | | | 95 | | | | | | |
| 46 | | | | | | | 96 | | | | | | |
| 47 | | | | | | | 97 | | | | | | |
| 48 | | | | | | | 98 | | | | | | |
| 49 | | | | | | | 99 | | | | | | |
| 50 | | | | | | | 100 | | | | | | |
| TOTAL IND. | | | | | | | TOTAL IND. | | | | | | |
| TOTAL DEP. | | | | | | | TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | | | | | | | TOTAL CLAIMS | | | | | | |

PTO-1360 (3-78)          *MAY BE USED FOR ADDITIONAL CLAIMS OR AMENDMENTS          U.S. DEPARTMENT of COMMERCE
Patent and Trademark Office

Form PTO-1130
(REV 2-94)

**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office

# PACE DATA ENTRY CODING SHEET

| 1ST EXAMINER | RANGLEY |
| 2ND EXAMINER | |
| DATE | 6·24·95 |

**APPLICATION NUMBER**

08/452646

| TOTAL CLAIMS | INDEPENDENT CLAIMS | TYPE APPL | SMALL ENTITY? |
|---|---|---|---|
| 1 2 | 1 | 1 | 2 |

**FILING DATE**

| MONTH | DAY | YEAR |
|---|---|---|
| 4 5 | 2 5 | 9 5 |

| FILING FEE | FOREIGN LICENSE | SPECIAL HANDLING |
|---|---|---|
| 3 6 5 | Y | 2 |

| GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|
| 3 1 8 7 | 4 1 4 | 1 9 |

**ATTORNEY DOCKET NUMBER**

## CONTINUITY DATA

**CONT STATUS CODE CODE**

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER |
|---|---|---|
| 1 | 2 | 0 8 2 7 6 9 5 1 7 |
| 2 | 3 | 0 7 0 7 1 8 3 9 |
| 3 | 3 | 0 8 4 6 2 1 5 |

**PCT APPLICATION SERIAL NUMBER**

| | |
|---|---|
| P C T / | / |
| P C T / | / |
| P C T / | / |
| P C T / | / |

**PARENT PATENT NUMBER**

**PARENT FILING DATE**

| MONTH | DAY | YEAR |
|---|---|---|
| 0 8 | 2 1 | 9 2 |
| 0 9 | 2 4 | 9 4 |
| 0 6 | 2 | 9 2 |

## FOREIGN PRIORITY CLAIMED

COUNTRY CODE

## PCT/FOREIGN APPLICATION DATA

PCT/FOREIGN APPLICATION SERIAL NUMBER

**FOREIGN FILING DATE**

| MONTH | DAY | YEAR |
|---|---|---|

☆ U.S.G.P.O. 1994 384-