IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-28-SLR/LPS |
| ) | |
| SWISSLOG ITALIA S.P.A. and ) | |
| TRANSLOGIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of November, 2008, having reviewed the Report and Recommendation issued August 29, 2008 (D.I. 357), as well as the submissions related thereto;

IT IS ORDERED that the case shall be stayed pending further order of the court, for the reasons that follow:

1. **Background.** Defendants have moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that plaintiff lacks standing because it does not own the patents-in-suit.[1] (D.I. 165) A Report and Recommendation issued on May 30, 2008, whereby it was recommended that defendants' motion to dismiss be granted based on an assignment of the patents-in-suit[2] from plaintiff's predecessor in interest to

---

[1] U.S. Patent Nos. 5,468,110 and 5,593,267.

[2] The actual rights assigned at the time were to patent application no. 07/469,217, which later resulted in the issuance of the two patents-in-suit.

certain of its investors ("the Assignment"). (D.I. 310) Plaintiff moved for reconsideration based on its production of additional documents. Judge Stark, upon consideration of these documents, concluded that

> the underlying financial transactions were intended by the parties to create a short-term "bridge financing" security interest in the patents-in-suit and not an outright assignment of those patents. This security interest was extinguished by operation of law upon the repayment of the debts they secured; no physical reassignment was necessary. Consequently, plaintiff holds 100% of the interests in the patents-in-suit. . . .

(D.I. 357 at 2)

2. **Legal standard.** Plaintiff bears the burden of establishing that it has standing to bring an action for patent infringement. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). "Only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit[.]" *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008) (citing *Sicom*, 427 F.3d at 976); *see also Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001) (only patentee or successor in title is a proper plaintiff in a patent infringement case).

3. To substantiate a claim of patent ownership, a putative patentee "must produce a written instrument documenting the transfer of [ownership]." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1259 (Fed. Cir. 2000). Where more than one party owns rights in a patent, "a co-owner acting alone will lack standing." *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1265 (Fed. Cir. 2007). This requirement aims to ensure that accused infringers are not "subjected to multiple suits

and duplicate liability" from other parties who might also assert rights in the same patent. *IpVenture, Inc. v. ProStar Computer, Inc.*, 503 F.3d 1324, 1325 (Fed. Cir. 2007).

4. **Analysis.** Although plaintiff has produced evidence of ownership, there is sufficient competing evidence to give me pause. This record presents a very different situation from the typical jurisdictional dispute in patent cases, where the court is required to determine whether a licensee has sufficient rights to bring suit on its own (based on a review of the license) or where the determination of ownership apparently does not affect the rights of others who may have a competing ownership interest.[3] In short, I am not satisfied that, in the interests of fairness and judicial economy, this litigation should go forward without plaintiff's resolving the question of ownership, either through agreement or in a court having proper jurisdiction over the non-party investors.

5. **Conclusion.** I, therefore, decline to adopt the Report and Recommendation. (D.I. 357) All proceedings in this case are stayed for six months[4] or until plaintiff has resolved the issue of ownership of the patents-in-suit, whichever comes first. If plaintiff has not resolved the issue of ownership within six months, defendants' motion to dismiss shall be granted.

IT IS FURTHER ORDERED that all pending motions, save for the motion to dismiss (D.I. 165), are denied without prejudice to renew. Likewise, all deadlines are

---

[3]Where, for example, the absent parties have either disavowed rights in the patents-in-suit or indicated a willingness not to enforce these rights. *See, e.g., IpVenture, Inc.*, 503 F.3d at 1327.

[4]*See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings[.]") (citations omitted).

cancelled.

                                                                                    /s/ Sue L. Robinson
                                                                                    United States District Judge