IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON AUTOMATION, INC.<br>a Delaware corporation<br><br>        Plaintiff,<br><br>v.<br><br>TRANSLOGIC CORPORATION<br>a Delaware corporation,<br>and SWISSLOG ITALIA S.P.A.<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:    C.A. No. 06-028-SLR/LPS<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MCKESSON'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE A REPLY IN FURTHER OPPOSITION TO MAGISTRATE
STARK'S REPORT AND RECOMMENDATION**

Neal C. Belgam (#2721)
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE 19801
(302) 472-7300
nbelgam@proctorheyman.com

Blair M. Jacobs
Christina A. Ondrick
Christopher L. May
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel:  (202) 756-8000

Dated:  January 6, 2010

*Counsel for Plaintiff McKesson Automation, Inc.*

Pursuant to Fed. R. Civ. P. 72 and the Court's November 16, 2009 Standing Order in Non-*Pro Se* Matters for Objections Filed Under Federal Rule of Civil Procedure 72 ("Standing Order"), McKesson Automation, Inc. ("McKesson") opposes Defendants Swisslog Italia S.p.A. and Translogic Corporation's (collectively "Swisslog") motion for leave to file a reply in further opposition to Magistrate Stark's Report and Recommendation ("Report").

Facts, not opinions, have the power to convince others. Swisslog's motion for leave to file a reply ignores this simple precept, instead seeking to file an unnecessary "reply" brief that constitutes nothing more than unsupported attorney argument and inadmissible opinions. Swisslog's proposed "reply" is nothing more than an additional ten (10) pages of baseless *ad hominen* attacks on McKesson and attorney argument regurgitating positions put before this Court on numerous prior occasions, including those in its twenty (20) pages of objections. The Court should deny Swisslog's motion for leave to file a reply as it adds nothing of substance to the voluminous materials already in front of the Court and is not contemplated by Rule 72. Swisslog has presented no good cause for permitting the filing of a reply.

Swisslog's motion for leave to file a reply seeks yet another bite at the apple to argue about the rejection of their proposed construction of "x, y coordinate," the denial of their non-infringement motion with respect to the "reader limitations," and the rejection of their *Daubert* motion relating to Dr. Book's testimony. There is no dispute that every one of these issues was previously raised and discussed extensively in Swisslog's objections and in the extensive briefing papers filed and fully considered by the Court. Rule 72 does not generally allow for a reply brief when objecting to portions of a magistrate's report and recommendation. *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D 247, 250 (N.D. Cal. 2003). This is quite logical; by the time a reply brief would otherwise be proper, any issues will have been briefed *ad*

*nauseum* by the parties, in the initial objection papers, in the oppositions thereto, and in the underlying claim construction and other motion papers fully considered by the Magistrate before any report and recommendation is issued. *Shaw v. 500516 N.B. Ltd.*, 2009 U.S. Dist. LEXIS 99115 at *27-28 (D. Me. Oct. 23, 2009).

Such is the case here. To date, the parties have filed over 700 pages of argument and over 7000 pages of exhibits concerning the issues addressed in the Report. D.I. 166, 221-223, 239-241, 247, 249, 262, 267-268, 302, 305, 310, 312, 314, 319, 325-326, 328, 333, 349-351, 357, 360-362, 364, 375, 377-378, 380, 382, 384, 386-387, 389-391, 393, 405-407, 409-410, 421, 427, 429-434, 436-440, 442-443, 452-456, 464-465, 472-475, 477-480, 484-485, 487, 491, 496, 519, 527-529, 534-535, 537-538, 548-5545, 557, 559-561, 563. On July 14, 2009, Magistrate Stark held a full day hearing at which he heard comprehensive argument on these same issues. D.I. 547. On October 30, 2009, Judge Stark issued a thorough 83-page Report addressing these issues in great detail. D.I. 551.

Subsequently, Swisslog requested and McKesson agreed not to oppose Swisslog's request for an extension of page limits (from 10 to 20 pages) for its opposition papers. D.I. 552. Swisslog then filed its objection papers challenging, in detail, virtually every finding in the Report. Now, Swisslog, under the guise of "correcting the record," seeks to inject <u>another</u> ten pages of attorney argument and inadmissible opinions into these proceedings. This request should be rejected, however, because neither Swisslog's motion nor its proposed "reply" provide good cause for altering the normal procedure. In fact, Swisslog's proposed "reply" does not "correct the record," it merely repeats the same arguments that Swisslog has made for over a year, with the addition of baseless *ad hominen* attacks on McKesson's interpretation of the issues. Enough is enough – close to 8000 pages of information and argument has been submitted

on these issues and Swisslog's Hail-Mary motion and proposed reply do nothing to advance consideration of the substantive issues.

Moreover, permitting Swisslog to file a reply would generate needless delay, a fact that undoubtedly plays into Swisslog's strategy. This case was originally filed and assigned to Judge Jordan almost four years ago and is still awaiting a trial date. Swisslog's baseless motion to file a reply brief is nothing more than yet another attempt to stall a trial date. Beyond that, Swisslog's motion to file a reply has also forced McKesson to spend time and money responding to a meritless brief.

Finally, even if the Court were inclined to permit Swisslog to file a reply brief, nothing in Swisslog's proposed "reply" addresses the multiple disputed issues of fact raised in McKesson's opposition to Swisslog's objections. *See* D.I. 559. In fact, Swisslog's proposed reply constitutes little more than a litany of disputes between the parties and how they interpret the patents-in-suit and the accused PillPick system.

In sum, Swisslog's motion to file a redundant "reply" brief finds no support in the Rules, offers no additional facts or law in support of its position, and is an unnecessary waste of judicial and party resources. The motion states on its face that it is based on a "belief" that McKesson's objections contain mischaracterizations of the Magistrate's Report, a contention that is false on its face. As such, Swisslog has failed to provide good cause warranting filing of a reply. Accordingly, McKesson requests that the Court deny Swisslog's motion to file a reply in further opposition to the Magistrate's Report.

In the event the Court grants Swisslog's motion, McKesson respectfully requests in the alternative that it be permitted a brief period of time to prepare and file a sur-reply brief.

Dated: January 6, 2010

PROCTOR HEYMAN LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (#2721)
1116 West Street
Wilmington, DE 19801
(302) 472-7300
nbelgam@proctorheyman.com

Blair M. Jacobs
Christina A. Ondrick
Christopher L. May
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 756-8000

*Counsel for Plaintiff*
*McKesson Automation, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2010, I caused a true and correct copy of MCKESSON'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN FURTHER OPPOSITION TO MAGISTRATE STARK'S REPORT AND RECOMMENDATION to be served upon counsel of record as indicated:

Via E-Mail:

Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Lawrence C. Drucker, Esq.
Richard LaCava, Esq.
Bryan N. DeMatteo, Esq.
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036

/s/ Neal C. Belgam
Neal C. Belgam