IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON AUTOMATION INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-028-SLR |
| | ) | |
| TRANSLOGIC CORPORATION and | ) | |
| SWISSLOG ITALIA S.P.A., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 10th day of March, 2011, having considered the question of whether plaintiff properly vetted through discovery its claim of indirect infringement;

IT IS ORDERED that plaintiff may not pursue any such claim at trial, for the reasons that follow:

1. In its proffer of evidence relating to its allegations of indirect infringement (specifically, inducement), plaintiff submitted a five page letter accompanied by 37 exhibits. My law clerk downloaded each exhibit contained in the submission, compiled them into a 615-page pdf, and searched for the keywords "indirect infringement," "inducement" and "contributory infringement." The only place these words appear in plaintiff's submission is in the proposed pretrial order, in the statement of facts that remain to be litigated.

2. I recognize that evidence sought during discovery may be relevant to multiple claims, e.g., direct infringement, indirect infringement, secondary considerations of

obviousness, willfulness. Nevertheless, when a party broadly states a claim in its complaint,[1] and does not thereafter refer to it,[2] I have held in the past that the purpose of discovery - to fairly and efficiently vet the issues identified by the parties - has not been served. I so hold in this case, based on the record presented.

_____
United States District Judge

---

[1] Count I and II of the complaint generally assert that defendants are "directly infringing, contributing to the infringement of, or inducing others to infringe the [patents in suit] by making, using, importing, offering to sell, or selling the accused products in the United States." (D.I. 1)

[2] Because plaintiff did not identify such in its 615-page submission, I can only assume that there were no specific discovery requests, deposition questions, or arguments made in any of the various motion practices engaged in by the parties relating to indirect infringement.